1  Anton N. Handal, Esq. (Bar No. 113812)
   tony.handal@gmlaw.com
2  GREENSPOON MARDER, LLP
   750 B Street, Suite 2510
3  San Diego, California 92101
   Telephone:  619.544.6400
4  Facsimile:   619.696.0323

5  Garry W. O'Donnell, Esq. (Florida Bar No. 0478148)
   (admitted *pro hac vice*)
6  garry.odonnell@gmlaw.com
   GREENSPOON MARDER, P.A.
7  2255 Glades Road, Suite 400-E
   Boca Raton, Florida 33431
8  Telephone:  561.994.2212
   Facsimile:   561.807.7527
9
   *Attorneys for Defendant*
10 HEALTH INSURANCE INNOVATIONS, INC.

11

12              **IN THE UNITED STATES DISTRICT COURT**

13           **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

14                      **SAN DIEGO DIVISION**

15

16 KENNETH J. MOSER, individually
   and on Behalf of All Others Similarly      Case No.: 3:17-cv-01127-WQH-KSC
17 Situated,
                                              **DEFENDANT HEALTH**
18              Plaintiff,                     **INSURANCE INNOVATIONS,**
                                              **INC.'S MEMORANDUM OF**
19 v.                                         **SUPPORTING POINTS AND**
                                              **AUTHORITIES**
20 HEALTH INSURANCE
   INNOVATIONS, INC., *et al.*,               **[Fed. R. Civ. P. 12(b)(6), 12(f), and**
21                                            **23(a)]**
                Defendants.
22                                            Date:    August 28, 2017
                                              *(No oral argument unless requested by*
23                                            *the Court.)*

24                                            First Amended Class Action Complaint
                                              Filed: June 7, 2017
25                                            Trial Date:   None Set

26

27

28

                                   -1-
   _____
   *MOTION TO DISMISS AND STRIKE; MEMORANDUM*
   *OF POINTS AND AUTHORITIES IN SUPPORT*        CASE NO. 3:17-CV-01127-WQH-KSC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF CONTENTS</u>

**Page**

MEMORANDUM OF SUPPORTING POINTS AND AUTHORITIES ..................... 1

I.    INTRODUCTION:................................................................................. 1

II.   THE DEFECTIVE ALLEGATIONS IN THE FIRST AMENDED
      CLASS ACTION COMPLAINT:.......................................................... 1

III.  ARGUMENT: ....................................................................................... 3

      A.    The First Amended Class Action Complaint does not
            sufficiently distinguish between Defendants and fails to meet
            the pleading requirements of Rule 8(a) to support a concise
            and plausible claim against HII. ...................................................... 3

      B.    Immaterial and impertinent allegations directed to HII
            should be stricken from the First Amended Class Action
            Complaint. ......................................................................................... 6

      C.    The improper fail-safe allegations defining the putative
            classes should be stricken from the First Amended Class
            Action Complaint. ............................................................................. 7

IV.   CONCLUSION: .................................................................................... 9

*MOTION TO DISMISS, MEMORANDUM OF*
*POINTS AND AUTHORITIES IN SUPPORT*          CASE NO. 3:17-CV-01127-WQH-KSC

1

## **TABLE OF AUTHORITIES**

2

3

**Page(s)**

4

### Cases

5   *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...........................................................4

6   *Beckwith v. Bellsouth Telecomms. Inc.*, 146 Fed.Appx. 368 (11th Cir. 2005)..............7

7   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...........................................3, 4, 6

8   *Brown v. Hain Celestial Group, Inc.*, 913 F. Supp. 2d 881 (N.D. Cal. 2012)...............8

9   *California Coal. for Families & Children, Lexevia, PC v. San Diego County Bar Ass'n*, 2013 WL 12184146 (S.D. Cal. Dec. 23, 2013) .........................4

10

11  *California ex rel. State Lands Comm'n v. United States*, 512 F. Supp. 36 (N.D. Cal. 1981) ................................................................................8

12  *Davidson v. Kimberly-Clark Corp.*, 2014 U.S. Dist. LEXIS 110055 (N.D. Cal. Aug. 8, 2014) ................................................................................9

13

14  *Dixon v. Monterey Fin. Servs., Inc.*, 2016 WL 4426908 (N.D. Cal. Aug. 22, 2016) ................................................................................10, 11, 12

15  *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990 (9th Cir. 2014) ................................................................................3

16

17  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993) .......................................7, 9

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).................................................8

18

19  *Gannon v. Network. Tel. Servs., Inc.*, 2013 WL 2450199 (C.D. Cal. June 5, 2013)................................................................................11

20  *Grant v. Capital Mgmt. Servs., L.P.*, 449 Fed. Appx. 598 (9th Cir. 2011)..................11

21  *Hernandez v. State Farm Fire & Cas. Co.*, 2017 U.S. Dist. LEXIS 34174 (S.D. Cal. Mar. 9, 2017) ................................................................................10

22

23  *In re Sagent Tech, Inc. Derivative Litig.*, 278 F. Supp. 2d 1079 (N.D. Cal. 2003)................................................................................6

24  *In re UTStarcom, Inc. Sec. Litig.*, 617 F. Supp. 2d 964 (N.D. Cal. 2009)....................8

25  *Jamison v. Royal Caribbean Cruises, Ltd.*, 2009 WL 559722 *4 (S.D. Cal. Mar. 4, 2009) ................................................................................6

26

27  *Kamar v. RadioShack Corp.*, 375 Fed. Appx. 734 (9th Cir. 2010) ...........................11

*Lane v. Capital Acquisitions and Mgmt. Co.*, 2006 WL 4590705 (S.D. Fla. April 14, 2006) ................................................................................6

28

-ii-

*McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1995) ............................................. 5

*Pepka v. Kohl's Dep't Stores, Inc.*, 2016 WL 8919460 (C.D. Cal. Dec. 21, 2016) ...................................................................... 10, 11, 12

*Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347 (6th Cir. 2011) .................. 11

*Rasidescu v. Midland Credit Mgmt., Inc.*, 435 F. Supp. 2d 1090 (S.D. Cal. 2006) ......................................................................... 6

*Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026 (N.D. Cal. 2005) ...................................................................... 5

*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880 (9th Cir. 1983) ...................... 7

*Somers v. Apple, Inc.*, 729 F.3d 953 (9th Cir. 2013) ....................................... 3

*Tietsworth v. Sears*, 720 F. Supp. 2d 1123 (N.D. Cal. 2010) .......................... 10

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010) .................. 7

**Statutes**

47 U.S.C. § 227 ............................................................................... 1

**Other Authorities**

5 Wright & Miller, *Federal Practice and Procedure* § 1382 ......................... 6

**Rules**

Fed. R. Civ. P. 12(f) ...................................................................... 6, 8

Fed. R. Civ. P. 23(b) ........................................................................ 8

Fed. R. Civ. P. 23(c)(1)(A) ................................................................. 7

Fed. R. Civ. P. 23(d)(1)(D) ................................................................. 7

Fed. R. Civ. P. 8 ............................................................................. 3

Fed. R. Civ. P. 8(a) ......................................................................... 4

Fed. R. Civ. P. 8(a)(2) ...................................................................... 4

-iii-

1

## MEMORANDUM OF SUPPORTING POINTS AND AUTHORITIES

2

## I.   INTRODUCTION:

3

4

In the First Amended Class Action Complaint ("Complaint") (ECF No. 3)

5

filed on June 7, 2017, Plaintiff asserts two class claims for relief under the

6

Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 *et seq*. The

7

focus of the Complaint is 82 telephone calls allegedly made to Plaintiff who purports

to be a member of two putative sub-classes.

8

The Complaint should be dismissed for three compelling reasons. First, the

9

allegations in the Complaint fall woefully shy of meeting the requirement that a

10

pleader state a short and plain statement of a plausible claim for relief. Instead, the

11

Complaint is replete with confusing, rambling, convoluted and formalistic

12

recitations that fail to differentiate the challenged conduct among ten separate

13

Defendants. Consequently, HII is left without fair notice of Plaintiff's claims and the

14

grounds upon which they rest and the prolix allegations unduly burden the parties

15

and this Court. Second, the Complaint also contains improper, immaterial and

16

impertinent matters that should be stricken so that the litigation is not needlessly

17

complicated and costly. Third, the "fail-safe" class allegations should be stricken as

18

legally defective because the putative classes cannot be certified.

19

## II.   THE DEFECTIVE ALLEGATIONS IN THE FIRST AMENDED CLASS

20

ACTION COMPLAINT:

21

There are two claims asserted in the Complaint by two putative sub-classes for

22

negligent and willful violations of the TCPA. Despite the concise statutory

23

requirement for pleading a short and plain statement of the claims, the Complaint

24

contains 123 paragraphs and 32 pages of rambling and immaterial allegations, and

25

includes an additional 30 pages of 8 exhibits, of which only the alleged log of

26

telephone calls has any bearing on the issues.

27

28

*MOTION TO DISMISS AND STRIKE; MEMORANDUM*
*OF POINTS AND AUTHORITIES IN SUPPORT*          CASE NO. 3:17-CV-01127-WQH-KSC

1     While the gravamen of the allegations in the Complaint are telephone calls

2 allegedly made in violation of the TCPA, Plaintiff meanders through generalized and

3 immaterial grievances, including a press release, an email addressed to someone

4 named "Kent Rivers," three state agency inquiries, and the allegations and settlement

5 in another lawsuit. Plaintiff's convoluted pleading style of lumping all ten

6 Defendants together makes it impossible to discern the relationship between specific

7 allegations under the TCPA and any conduct by HII.

8     Of the few allegations that are directed specifically to HII, each one is so

9 imbedded in pages of irrelevant assertions that it is difficult to sift through the

10 recitations of conclusory and formalistic statements and address those allegations of

11 fact that may support a plausible claim. Plaintiff's shotgun style of pleading and

12 failure to meet the plausibility pleading standard require a dismissal of the

13 Complaint.

14     In addition, the Complaint contains allegations directed to extraneous matters

15 with no logical connection to any of the TCPA claims against HII. These immaterial

16 matters and exhibits (Compl. ¶¶21-26 and 68-86; Exh. 2-8) should be stricken so

17 that this litigation is not unreasonably protracted and complicated.

18     Finally, paragraphs 19 and 105 in the Complaint contain the following flawed

19 class allegations:

20 Sub-Class No. 1:

21 *All persons and entities located within the United States of America to whose mobile phone Defendants and/its agents transmitted a call using an automatic*

22 *telephone dialing system or prerecorded voice without prior express written consent from the called party at anytime from January 28, 2015 to the*

23 *present, including up to and through trial; and*

24 Sub-Class No. 2:

25 *All persons and entities located within the United States of America to whose residential telephone line Defendants and/or its agents transmitted a call*

26 *using a prerecorded voice without prior express written consent from the called party at anytime from January 28, 2015 to the present, including up to and through trial.*

27

28

*MOTION TO DISMISS AND STRIKE; MEMORANDUM*
*OF POINTS AND AUTHORITIES IN SUPPORT*    CASE NO. 3:17-CV-01127-WQH-KSC

1  Each putative sub-class is "fail-safe," which will require a trial on liability under the
2  TCPA before any class members can be determined. Thus, the class action
3  allegations should be stricken as no putative class is ascertainable or can be certified
4  based upon that definition.

5  **III.   ARGUMENT:**

6      **A.   The First Amended Class Action Complaint does not sufficiently
7  distinguish between Defendants and fails to meet the pleading
    requirements of Rule 8(a) to support a concise and plausible claim
8  against HII.**

9      To state a claim that will survive a motion to dismiss, especially in complex
10 commercial cases which consume significant resources of the parties in the judicial
11 system, the pleader must allege "enough facts to state a claim to relief that is
12 plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See*
13 *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir.
14 2014). Simply stated, it is incumbent upon the pleader to cross the "line between the
15 conclusory and the factual" and "between the factually neutral and the factually
16 suggestive." *Twombly*, 550 U.S. at 557 n.5. Unless the pleader has "nudged" the
17 claims "across the line from conceivable to plausible," the complaint must be
18 dismissed. *Id.* at 570. *See Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir.
19 2013).

20     A complaint that contains no more than "[t]hreadbare recitals of the elements
21 of a cause of action, supported by mere conclusory statements," or that fails to allege
22 "more than the mere possibility of misconduct" fails to meet Fed. R. Civ. P. 8's
23 liberal pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Assessing
24 whether a complaint meets the plausibility standard is a "context-specific task that
25 requires the reviewing court to draw on its judicial experience and common sense."
26 *Id.* at 679.

27     There are strong policy and fairness considerations underlying the
28 "plausibility" pleading standard. *See Twombly*, 550 U.S. at 559-60. In commercial

-3-

litigation, the "sprawling, costly, and hugely time-consuming undertaking" of discovery "will push cost-conscious defendants to settle even anemic cases." *Id.* at 559 and 560 n.6. Without adherence to the "plausibility standard," there is no assurance that "a claim just shy of plausible entitlement to relief" would "be weeded out early in the discovery process through 'careful case management'" procedures. *Id.* at 559.

In satisfying the plausibility standard under Rule 8(a), the Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that is confusing, conclusory and covers over factual allegations with pages of generalized grievances is unduly prejudicial to defendants. *California Coal. for Families & Children, Lexevia, PC v. San Diego County Bar Ass'n*, 2013 WL 12184146, *4 (S.D. Cal. Dec. 23, 2013). As explained by the Ninth Circuit, in *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1995):

> Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with someone new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected.

In this same vein, Rule 8(a) requires that the Complaint set forth the role each Defendant played in the factual context supporting Plaintiff's claim. *Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1037 (N.D. Cal. 2005). Where a complaint lumps multiple defendants together in sweeping allegations, the notice requirement of Rule 8(a)(2) is not satisfied and defendants are without sufficient notice to respond to the claims being asserted. *Id.*

Except for a few general references, the Complaint is barren of any material allegations directed specifically to HII's conduct pertinent to a TCPA claim. Plaintiff alleges without any factual basis material to this TCPA action that HII "was a

-4-

1    partner, agent and employee of other Defendants, each acting as the agent" of the
2    others. Few specific factual allegations pertaining to Plaintiff's TCPA claims are
3    directed to HII's conduct.

4        Yet, HII is lumped with the other Defendants into each of the two separate
5    counts. Indiscriminately lumping all Defendants together in this fashion violates the
6    pleading standard in Rule 8(a) requiring "a short and plain statement of the claim,"
7    and fails to provide HII the requisite "fair notice" and "grounds" upon which the
8    claim rests. *Twombly*, 550 U.S. at 555 n.3.

9        Contrary to the obligations under Rule 8(a), Plaintiffs treat all Defendants as
10   one and do not "allege, with at least some degree of particularity, overt acts taken by
11   each Defendant." *Rasidescu v. Midland Credit Mgmt., Inc.*, 435 F. Supp. 2d 1090,
12   1099 (S.D. Cal. 2006). Standing alone, this pleading defect in failing to differentiate
13   between Defendants is grounds for dismissal. *Id.*; *In re Sagent Tech, Inc. Derivative*
14   *Litig.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003). Conclusory references such as
15   "partner" and "agent" are insufficient to survive a motion to dismiss. *Jamison v.*
16   *Royal Caribbean Cruises, Ltd.*, 2009 WL 559722 *4 (S.D. Cal. Mar. 4, 2009)
17   (formulaic recitation of the elements of alter ego law is insufficient to satisfy
18   Rule 8(a)'s pleading standard). It is impossible to discern from the Complaint which
19   acts or omissions Plaintiff seeks to hold HII accountable. *See Lane v. Capital*
20   *Acquisitions and Mgmt. Co.*, 2006 WL 4590705 *5 (S.D. Fla. April 14, 2006).

21       Beyond the lack of fair notice, the needlessly long and inflammatory
22   Complaint will unfairly increase the costs of this litigation. Neither this Court nor
23   Defendants should be required to "sift through the facts presented and decide for
24   [itself] which were material to the particular cause of action asserted." *Beckwith v.*
25   *Bellsouth Telecomms. Inc.*, 146 Fed.Appx. 368, 372 (11th Cir. 2005). Instead of
26   pleading a short and plain statement of a claim, Plaintiff improperly uses the
27   Complaint as a platform for political and business grievances with healthcare
28

-5-

1  insurance. Plaintiff's prolix pleading style unfairly burdens the parties and the
2  judicial system.

3         Both counts suffer from the same fatal pleading defects, and the Complaint
4  should be dismissed.

5       **B.**    **Immaterial and impertinent allegations directed to HII should be**
6           **stricken from the First Amended Class Action Complaint.**

7         "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of
8  time and money that must arise from litigating spurious issues by dispensing with
9  those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885
10  (9th Cir. 1983). Rule 12(f) "states that a district court 'may strike from a pleading an
11  insufficient defense or any redundant, immaterial, impertinent, or scandalous
12  matter.'" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)
13  (quoting Fed. R. Civ. P. 12(f)). "'Immaterial' matter is that which has no essential or
14  important relationship to the claim for relief or the defenses being pleaded."
15  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other
16  grounds by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) (quoting 5 Wright &
17  Miller, *Federal Practice and Procedure* § 1382, at 706-07 (1990)) (internal
18  quotation marks omitted). Similarly, "'[i]mpertinent' matter consists of statements
19  that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc.*,
20  984 F.2d at 1527 (quoting 5 Wright & Miller, *Federal Practice and Procedure*
21  § 1382, at 711).

22         Thus, although "[m]otions to strike are generally regarded with disfavor,"
23  courts should strike any "matter [that] has no logical connection to the controversy at
24  issue and may prejudice one or more of the parties to the suit." *In re UTStarcom, Inc.*
25  *Sec. Litig.*, 617 F. Supp. 2d 964, 969 (N.D. Cal. 2009). Further, "where the motion
26  may have the effect of making the trial of the action less complicated, or have the
27  effect of otherwise streamlining the ultimate resolution of the action, [a] motion to
28  strike will be well taken." *California ex rel. State Lands Comm'n v. United States*,

*MOTION TO DISMISS AND STRIKE; MEMORANDUM*
*OF POINTS AND AUTHORITIES IN SUPPORT*      CASE NO. 3:17-CV-01127-WQH-KSC

512 F. Supp. 36, 38 (N.D. Cal. 1981); *accord Brown v. Hain Celestial Group, Inc.*, 913 F. Supp. 2d 881, 888 (N.D. Cal. 2012). "Superfluous historical allegations," for example, "are a proper subject of a motion to strike." *Fantasy, Inc.*, 984 F.2d at 1527. In the consumer protection context specifically, courts have stricken matters that does not relate to the named plaintiffs or the specific conduct at issue. *See, e.g.*, *Davidson v. Kimberly-Clark Corp.*, 2014 U.S. Dist. LEXIS 110055, at *38-40 (N.D. Cal. Aug. 8, 2014) (striking "allegations citing on-line articles/reports and websites" that did not relate to defendant's specific conduct or to the named plaintiffs).

Plaintiff purports to be representative of two putative classes with members received telephone calls allegedly in violation of the TCPA. (Compl. ¶¶19, 105, 115, and 121.) Consequently, there is no essential or important relationship between Plaintiff's TCPA claims in the Complaint and general grievances about the politics and availability of health insurance, emails to third parties, unrelated state inquiries, and the settlement of another lawsuit. There can be no logical connection between such extraneous matters and the conduct which Plaintiff challenges under the TCPA in this action.

So that spurious issues do not needlessly complicate this litigation, this Court should strike the immaterial and impertinent allegations in paragraphs 21-36 and 68-86 of the Complaint, and exhibits 2 through 8.

**C.    The improper fail-safe allegations defining the putative classes should be stricken from the First Amended Class Action Complaint.**

Rules 12(f), 23(c)(1)(A), and 23(d)(1)(D) permit the Court to strike class allegations where it is clear from the pleadings that a class cannot be certified and numerous courts in the Ninth Circuit have done so. *E.g.*, *Hernandez v. State Farm Fire & Cas. Co.*, 2017 U.S. Dist. LEXIS 34174, at *7-8 (S.D. Cal. Mar. 9, 2017) ("sometimes the issues are plain enough from the pleadings" that a motion to strike is "an appropriate means of testing class claims") (citations omitted); *Ramirez v. Baxter Credit Union*, 2017 U.S. Dist. LEXIS 40810, at *21 (N.D. Cal.

-7-

Mar. 21, 2017) (class allegations may be stricken "[w]here the complaint demonstrates that a class action cannot be maintained on the facts alleged"); *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965 (N.D. Cal. 2014) (class allegations may be stricken where the complaint "shows conclusively" that the claims at issue are not subject to certification under Rule 23); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1145-56 (N.D. Cal. 2010) (a court may "strike class action allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained.")

More to the point, the underlying goal of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Tietsworth*, 720 F. Supp. 2d at 1145-46. Allegations of "fail-safe" classes in TCPA litigation are appropriately stricken because the Complaint shows conclusively that Plaintiff cannot satisfy Rule 23(b) and no class cannot possibly be maintained. *See Pepka v. Kohl's Dep't Stores, Inc.*, 2016 WL 8919460 (C.D. Cal. Dec. 21, 2016); *Dixon v. Monterey Fin. Servs., Inc.*, 2016 WL 4426908 (N.D. Cal. Aug. 22, 2016); *Gannon v. Network. Tel. Servs., Inc.*, 2013 WL 2450199 (C.D. Cal. June 5, 2013).

A "fail-safe" class "is simply a way of labeling the obvious problems that exist when the class itself is defined in a way that precludes membership unless the liability of the defendant is established." *Kamar v. RadioShack Corp.*, 375 Fed. Appx. 734, 736 (9th Cir. 2010). This class definition is "palpably unfair to the defendant" and "unmanageable" for the Court. *Id*. The "fail-safe" class is manifestly unfair because "[e]ither the class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment." *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011). It is unmanageable because the "scope of the class" can only be ascertained "once it is decided that a class member was actually wronged." *Kamar*, 375 Fed. Appx. at 736.

*Pepka* and *Dixon* are two recent district court decisions in California granting motions to strike class definition identical to the ones in the Complaint in this action.

-8-

Specifically, in those decisions and this action the proposed class includes persons who received telephone calls through the use of an automatic telephone dialing system or artificial pre-recorded voice without prior consent. Consent is an affirmative defense under the TCPA. *Grant v. Capital Mgmt. Servs., L.P.*, 449 Fed. Appx. 598, 600 n.1 (9th Cir. 2011). The "fail-safe" definition for a proposed class in the Complaint, as in *Pepka* and *Dixon*, cannot be certified regardless of what stage in the litigation it is challenged because it impermissibly requires a merit-based liability determination including individualized defenses.

The analysis and rationale in *Pepka* and *Dixon* are cogent and explain why the class action allegations should be stricken in this case. The "fail-safe" proposed class in these cases was stricken as not ascertainable or manageable. The requisite "individualized inquires" requiring mini trials on the merits of potential class members' claims render class certification "impossible." *Pepka*, 2016 WL 8919460 at *4. Thus, striking these "fail-safe" class allegations at the pleading stage is appropriate because the class allegations "involve highly individualized inquiries regarding consent and revocation of consent" and such a class can never be certified "because discovery would not cure this defect." *Id.*

## IV.   CONCLUSION:

The Complaint should be dismissed and the immaterial allegations and exhibits stricken. Instead of a concise and plain statement of plausible TCPA claims, Plaintiff's rambling Complaint is a platform for raising extraneous matters unrelated to this action. Consequently, HII cannot effectively discern and defend the acts and omissions for which Plaintiff seeks to hold HII accountable. Moreover, this improper and prolix pleading style is unduly burdensome and costly to the parties and the Court.

The "fail-safe" definition in the Complaint renders both putative classes fatally defective and uncertifiable. Thus, the class allegations should be stricken.

*MOTION TO DISMISS AND STRIKE; MEMORANDUM*
*OF POINTS AND AUTHORITIES IN SUPPORT*          CASE NO. 3:17-CV-01127-WQH-KSC

1    For all of the foregoing reasons, Defendant, Health Insurance Innovations,

2  Inc., respectfully requests this Court grant the Motion to Dismiss and to Strike.

3

4                          **GREENSPOON MARDER**

   DATED: July 21, 2017
5

6

7              By: */s/Anton. N. Handal*
                  Anton N. Handal
8                  Garry W. O'Donnell

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*MOTION TO DISMISS AND STRIKE; MEMORANDUM*
*OF POINTS AND AUTHORITIES IN SUPPORT*          CASE NO. 3:17-CV-01127-WQH-KSC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on this date to all current and/or opposing counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery upon their appearance in this matter.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed this 21st day of July, 2017, at San Diego, California.

/s/Anton. N. Handal
Anton N. Handal

-11-