Christopher J. Reichman SBN 250485
Justin Prato SBN 246968
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-683-7971
Email: chrisr@prato-reichman.com

Attorneys for Class and Named Plaintiff
KENNETH J. MOSER

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

KENNETH J. MOSER, individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

HEALTH INSURANCE INNOVATIONS, INC., et. al.

Defendants.

Case No.: 17-cv-1127-WQH-KSC

**PLAINTIFF'S OPPOSITION TO DEFENDANT UNIFIED LIFE INSURANCE COMPANY'S MOTION TO DISMISS**

**Hearing Date: August 28, 2017**
(No oral argument unless requested by the Court.)

**<u>PRELIMINARY NOTE</u>**

Defendant Unified Life Insurance has filed a separate motion to strike. The motion to strike appears to be the more primary and much of the material herein is duplicative of Plaintiff's opposition to the motion to strike, so it may be easier for the Court to review that document first.

## I. INTRODUCTION

This opposition is brought by Plaintiff, Kenneth Moser ("Plaintiff" or "Mr. Moser"), along with all others who are similarly situated, against the motion to dismiss and motion filed by UNIFIED LIFE INSURANCE COMPANY'S, INC. ("UNIFIED") to Plaintiff's First Amended Complaint ("FAC"). UNIFIED has brought this motion under Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6). However, UNIFIED provides little argument as to why it is entitled to relief under this rule and no authority other than two out-of-circuit district court cases, one of which has been effectively rendered moot by later decisions in another court and the other is off-point at best. In fact, even a cursory examination of the extremely detailed FAC reveals that they are not entitled to any relief under F.R.C.P. 12(b)(6). This opposition is based on all of the documents so far filed in this case as well as all documents submitted herewith.

## II. STATEMENT OF FACTS

This case was filed by Mr. Moser, on behalf of himself and all others similarly situated, against all of the defendants listed in the caption and a summons was issued on June 5, 2017. The Complaint alleges damages under the Telephone Consumer Protection Act ("TCPA") for illegal marketing telephone calls. An amended complaint was filed on June 7, 2017. After proper service, UNIFIED has responded to the FAC by filing separate motions to strike under F.R.C.P. 12(f) and a motion to dismiss under F.R.C.P. 12(b)(6). Plaintiff herein responds to the motion to dismiss and will respond to the motion to strike separately.

## III. STANDARD OF REVIEW

In reviewing a 12(b)(6), the Court must accept as true all material allegation in the complaint, as well as reasonable inferences to be drawn from such allegations. *Mendocino Environmental Center v. Mendocino County*, 14 F.3d 457,

460 (9th Circ. 1994). To be a material allegation, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. v. Twombley*, 550 U.S. 544, 555 (2007) ("*Twombley*"). "Asking for plausible grounds to infer [the key facts] does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal[ity]." *Id*., 550 U.S. at 556, 127 S.Ct. 1955, *see also*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("*Iqbal*")

## IV. ARGUMENT

### 1. UNIFIED's illegal marketing activities certainly do speak to their knowledge and awareness of what their agents were doing.

Under the TCPA the seller of a product that hired or was involved in the marketing, but did not physically make the illegal calls, can be liable for the illegal calls. *In re DISH Network, LLC*, 28 F.C.C. Rcd. 6574, 6584 (F.C.C. 2012); *see also*, *Gomez v. Campbell-Ewald Co.*, 768 F. 3d 871, 877-79 (9th Cir. 2014), *aff'd*, 136 S.Ct. 663 (2016). Many times this needs to be proven though circumstantial evidence. The allegations as to the methods used by UNIFIED to market and sell their products and the dubious quality of those products supports the argument that they are willing to engage in illegal telephone marketing or pay marketers to do so. The fact that UNIFIED is willing to deceive consumers as to the quality of their products lends support that UNIFIED would also be willing to pay third party marketers to make illegal telephone calls to push those low quality products. These allegations are not wildly pulled out of the air, but are in fact supported by the exhibits that are attached to the FAC. [FAC, Exhibits 2, 4, 5]. Not only are all material allegations in the complaint assumed to be true, further Plaintiff is entitled to any reasonable inferences to be drawn from such allegations. *Mendocino Environmental Center v. Mendocino County*, 14 F.3d 457, 460 (9th Circ. 1994).

The inference that a company that uses deception and illegal tactics to sell a low quality product would also use illegal telemarketing to do so is not just reasonable, it is obvious. While UNIFIED may not like this allegation, it certainly is relevant at the pleading stage and does not meet the standard under F.R.C.P. 12(f) of insufficient defense or any redundant, immaterial, impertinent or scandalous matter.

**2. The Plaintiff class is most certainly allowed to use the prior TCPA violation settlement between Mr. Moser and UNIFIED to show UNIFIED had been put on notice as to TCPA claims being made against their agents and them.**

UNIFIED argues that the previously settled TCPA lawsuit between themselves and Mr. Moser is irrelevant to this litigation. That is not the case. While settlement certainly does not imply liability, knowledge of the actions taken by sales agents making illegal telemarketing calls is highly relevant to agency liability in TCPA cases. *In re DISH Network, LLC*, 28 F.C.C. Rcd. 6574, 6584; *see also, Gomez v. Campbell-Ewald Co.*, 768 F. 3d 871, 877-79 (9th Cir. 2014), *aff'd*, 136 S.Ct. 663 (2016); *see also*, *Thomas v. Taco Bell Corp*., 582 Fed.Appx. 678, 679 (9th Cir. 2014)(unpublished); *see also*, *Krakauer v. Dish Network, LLC*, 2017 WL 2242952 (M.D. N.C. 2017). The fact that a prior suit was filed, that UNIFIED was aware of it, and knowingly settled those claims is directly relevant to UNIFIED's knowledge of what their marketing agents were and are doing. These facts put UNIFIED on notice that they should have been investigating what their sale agents were doing. As stated in the recent Dish Network TCPA case, "Dish's reckless decision to use anyone with a call center without any vetting or meaningful supervision demonstrates a disregard for the consuming public." *U.S. v. Dish Network LLC*, 2017 WL 2427297, *135 (C.D. Ill. 2017).

**3. The FAC more than adequately alleges the vicarious liability of UNIFIED.**

UNIFIED improperly tries to argue a "requisite" agency theory limitation based solely on a case from the Eastern District of New York that does not follow Ninth Circuit law, and whose result was ultimately contradicted. *Jackson v. Caribbean Cruise Line*, 88 F.supp.3d 129 (E.D.N.Y. 2015) ("*Jackson v. CCL*"). *Jackson v. CCL* tries to claim that the "power to give 'interim instructions' is the sole hallmark of agency, however the Federal Communications Commission and the Ninth Circuit very much disagree and look to a number of factors to determine agency. *In re DISH Network, LLC*, 28 F.C.C. Rcd. 6574, 6584 (F.C.C. 2012) (vicarious liability established by "a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification"); *see also, Gomez v. Campbell-Ewald Co.*, 768 F. 3d 871, 877-79 (9th Cir. 2014), *aff'd*, 136 S.Ct. 663 (2016). Furthermore the result of *Jackson v. CCL* is very much repudiated by Caribbean Cruise Line's similar motion practice losses and $76 million settlement just last year in *Birchmeier v. Caribbean Cruise Line, Inc.*, N.D. Ill. Case No. 1:12-cv-4069 (N.D. Ill. 2016), see also, "$76M Cruise Robocall Class Settlement Gets Final Approval" https://www.law360.com/articles/897756. So, Unified's reliance on *Jackson v. CCL*'s unnaturally narrowed notion of agency liability is seriously misplaced.

The FAC abundantly pleads normal agency allegations under governing Ninth Circuit law. The "Factual Details Re Named Plaintiff" section quite clearly identifies which particular Defendant took each action directed at the named plaintiff. The FAC clearly specifies that Defendants Nationwide and Helping Hand were the call centers making the calls in order to sell the products that Unified and the other Defendants had bundled together. [FAC, 9:7 – 13:12]. The FAC includes sections detailing the liability of each and every Defendant. [FAC 13:14 – 22:2]. The section labeled "Liability of Unified And Companion", alleges the aforementioned deceptive sales practices that various state insurance

commissioners have bindingly found that Unified was aware of and liable for as well as the prior suit which unquestionably put Unified on notice of the TCPA claims against its agents, which naturally infers knowledge of the illegal TCPA and ratification after the fact since they continue to use agents making illegal calls. [FAC 21:7 – 22:2]. The FAC's detailing of the prior settlement agreement between the named plaintiff and UNIFIED for the exact same type of illegal calling done through agents to show that there is no possible way UNIFIED could evade notice of the illegal conduct of its insurance sales agents. [FAC, 21:15-24, Ex. 6-7]. Finally, the FAC makes direct information and belief allegations regarding agency liability of UNIFIED and the Defendants behind the call centers. [FAC 22:4 – 23:11] The Ninth Circuit approves information and belief pleading where the facts are solely in the possession or knowledge of the Defendants. *Carolina Ca. Ins. Co. v. Team Equipment, Inc*., 741 F.3d 1082, 1086 (9th Cir. 2014), *see also*, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2nd Cir. 2010). And the facts of the interplay of the agency between Unified, its "master agent" HII and the calls centers in this case are clearly private facts in the sole possession of defendants. The FAC exceeds the mere plausibility pleading standard and the agency allegations meet clear on-point FCC and Ninth Circuit law.

**4. The FAC does not "lump together" Defendants.**

Unified tries to claim that Plaintiff "lumps together" all defendants in its pleadings. This is patently false. As discussed immediately above, the FAC section for "Factual Details Re Named Plaintiff" clearly specifies which defendants did what and never makes a single allegation against "Defendants" in the aggregate. [FAC, 9:7 – 13:12] **The FAC even includes sections detailing the liability of each and every Defendant.** [FAC, 13:14 – 22:2]. And the "Final Liability Allegations" details the Ninth-Circuit approved information and belief allegations as against each defendant individually. [FAC, 22:4 – 23:11]. The only

place where the aggregate "Defendant" allegations are used is in the brief and technical class action allegations and cause of action sections at the end all this wealth of detailed pleading. [FAC 25:5 – 32:5]. The two thirds of the FAC—the first twenty five pages—details out the allegations as against each defendant individually before any aggregate terminology is used. This is hugely different than using a brief five page complaint that only uses the aggregate throughout like in Unified's sole and merely persuasive case authority, *Bentley v. Bank of America*, 733 F.Supp.2d 1376 (S.D. Fla. 2011).

**5. The fact that the named plaintiff logged the calls to him but the class complaint has an allegation covering any additional calls to the entire class not known to them at the time of the FAC is not a contradiction.**

The FAC alleges in the "Factual Details Re Named Plaintiff" section that Mr. Moser's "made a log of all the HII-selling calls he received". [FAC 9:8-13]. The FAC later, after the class allegations and in the cause of action sections includes an allegation that, "These calls are the only calls known to Plaintiffs at this time and Plaintiffs state on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendants have made many more violative calls to Plaintiffs' residential telephone lines." [FAC, 31:13-21]. Defendants try to claim it is somehow inconsistent to include an allegation covering calls to the class whether known to them or not at the time of the FAC after stating Mr. Moser had detailed his calls. [See, FAC, 31:13-21]. The first allegation is clearly in reference only to the calls Mr. Moser received, while the cause of action section clearly states it refers to "Plaintiffs" and the cause of action is clearly labeled as being brought on behalf of the entire Plaintiff sub-class at issue. [FAC, 30:25-26]. There simply is no contradiction. Some of the class may not have made call logs like the named plaintiff did. Indeed, even the named

Plaintiff's call log may have unknowingly missed a call and need such a savings allegation.

The claim that the savings allegation for TCPA-violative calls unknown at the time of the FAC is some sweeping generalized complaint is not supported by the text or context. The text refers specifically only to TCPA-violative calls made to the well defined Plaintiff class since January 28, 2016 by referring directly to preceding first sentence in paragraph 123. [FAC, 31:13-21]. The context is rather obviously limited to the well defined TCPa-violative calls that are the subject of the second sub-class. So the savings clause is simply referring to the calls that would be part of the sub-class but may not be known to the plaintiffs in the sub-class at the time of the FAC.

Finally, Defendants contend that allegations made on information and belief are somehow not "factual" allegation. As discussed already, the Ninth Circuit approves information and belief pleading where the facts are solely in the possession or knowledge of the Defendants and does not indicate such pleadings should be given any less weight or support than any other type of pleading. *Carolina Ca. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014), *see also*, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2nd Cir. 2010).

## V. REQUEST FOR LEAVE TO AMEND

Should the Court decide to dismiss the FAC, Plaintiff requests leave to amend which should be granted liberally. Every subject of UNIFIED's motion is capable of resolution by amendment and they have not argued that amendment would be futile.

/ / /

/ / /

/ / /

## VI. CONCLUSION

Based on the above, Plaintiff requests that the Court deny UNIFIED's motion to dismiss in its entirety.

DATED: August 11, 2017

**PRATO & REICHMAN, APC**

/s/Christopher J. Reichman, Esq.
By: Christopher J. Reichman, Esq.
**Prato & Reichman, APC**
Attorneys for Plaintiff,
Kenneth J. Moser