NOSSAMAN LLP
Jennifer L. Meeker, SBN 260138
jmeeker@nossaman.com
777 South Figueroa Street, 34th Floor
Los Angeles, California 90017
Telephone: (213) 612-7800
Fax: (213) 612-7801

Attorneys for Defendants Donisi Jax, Inc., Charles Donisi
and Evan Jaxtheimer

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH J. MOSER, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>HEALTH INSURANCE INNOVATIONS, INC., a Delaware Corporation, NATIONAL CONGRESS OF EMPLOYERS, INC., a Delaware Corporation, UNIFIED LIFE INSURANCE COMPANY, a Texas Corporation, COMPANION LIFE INSURANCE COMPANY, a South Carolina Corporation, DONISI JAX, INC. a/k/a NATIONWIDE HEALTH ADVISORS, a Florida Corporation, CHARLES DONISI, an individual, EVAN JAXTHEIMER, an individual, HELPING HAND HEALTH GROUP, INC., a Florida Corporation, ANTHONY MARESCA, an individual, and MATTHEW HERMAN, an individual,<br><br>                    Defendants. | Case No. 17-cv-1127-WQH-KSC<br><br>**DEFENDANTS DONISI JAX, INC., CHARLES DONISI, EVAN JAXTHEIMER'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND MOTION TO STRIKE CLASS ALLEGATIONS**<br><br>[DECLARATIONS OF CHARLES DONISI AND EVAN JAXTHEIMER FILED CONCURRENTLY HEREWITH]<br><br>Date: October 2, 2017<br>Courtroom: 14B<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT<br><br>First Amended Class Action Complaint Filed: June 7, 2017<br>Trial Date: None Set |

Defendants Donisi Jax, Inc., Charles Donisi, and Evan Jaxtheimer's
Motion to Dismiss First Amended Class Action Complaint and Motion to Strike Class Allegations
56130068.v3

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION. ...........................................................................................................1

II. THE COURT LACKS PERSONAL JURISDICTION OVER THE NATIONWIDE DEFENDANTS. ................................................................................................................1

    A. Standard of Review. ............................................................................................1

    B. The FAC Should Be Dismissed For Lack Of Personal Jurisdiction Over Nationwide. ....2

        1) There is no basis for general jurisdiction over Nationwide. ..............................3

        2) There is no basis for specific jurisdiction over Nationwide. ............................5

    C. The FAC Should Be Dismissed For Lack Of Personal Jurisdiction Over Defendants Charles Donisi and Evan Jaxtheimer. ..............................................................7

III. THE CLASS ALLEGATIONS FAIL AND MUST BE STRICKEN. ........................10

IV. CONCLUSION ..............................................................................................................12

-i-

Defendants Donisi Jax, Inc., Charles Donisi, and Evan Jaxtheimer's
Motion to Dismiss First Amended Class Action Complaint and Motion to Strike Class Allegations

56130068.v3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*,
    223 F.3d 1082 (9th Cir. 2000) ...........................................................................................6

*Barkett v. Sentosa Properties LLC*,
    No. 1:14-CV-01698-LJO, 2015 WL 502319 (E.D. Cal. Feb. 5, 2015) ............................8, 9

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ...................................................9

*Bishop v. Saab Auto. A.B.*,
    No. CV 95-0721 ................................................................................................................10

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) .......................................................5

*China Technology Global Corp. v. Fuller, Tubb, Pomeroy & Stokes*,
    2005 WL 1513153 (N.D. Cal. June 27, 2005) ...................................................................2

*Core-Vent Corp. v. Nobel Indus. AB*,
    11 F.3d 1482 (9th Cir. 1993) ..............................................................................................6

*Daimler AG v. Bauman*,
    -- U.S. --, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) ................................................2, 3, 4

*Data Disc, Inc. v. Systems Technology Associates, Inc.*,
    557 F.2d 1280 (9th Cir. 1977) .......................................................................................3, 5

*Dixon v. Monterey Fin. Servs., Inc.*,
    2016 WL 4426908 (N.D. Cal. Aug. 22, 2016) ....................................................10, 11, 12

*Doe v. Unocal Corp.*,
    248 F.3d 915 (9th Cir.2001) ...............................................................................................7

*Gannon v. Network. Tel. Servs., Inc.*,
    2013 WL 2450199 (C.D. Cal. June 5, 2013) ...................................................................10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011) ........................................................................................................2, 3

*Int'l Shoe Co. v. State of Wash., Office of Unemployment*,
    326 U.S. 310 (1945) ............................................................................................................2

*Kamar v. RadioShack Corp.*,
    375 Fed. Appx. 734 (9th Cir. 2010) ..................................................................................10

-ii-
Defendants Donisi Jax, Inc., Charles Donisi, and Evan Jaxtheimer's
Motion to Dismiss First Amended Class Action Complaint and Motion to Strike Class Allegations
56130068.v3

*Lang v. Morris*,
    823 F.Supp.2d 966 (N.D. Cal. 2011) ...........................................................................4, 5, 7

*Lyons v. Bank of Am., NA*,
    No. C 11-1232 CW, 2011 WL 6303390 (N.D. Cal. Dec. 16, 2011)......................................10

*North American Lubricants Co. v. Terry*,
    2012 WL 1108918 (E.D.Cal. Apr. 2, 2012)...........................................................................1

*NuCal Foods, Inc. v. Quality Egg LLC*,
    887 F. Supp. 2d 977 (E.D. Cal. 2012)....................................................................................2

*Pebble Beach Company v. Caddy*,
    453 F.3d 1151 (9th Cir.2006) .............................................................................................1, 6

*Pepka v. Kohl's Dep't Stores, Inc.*,
    2016 WL 8919460 (C.D. Cal. Dec. 21, 2016) ........................................................10, 11, 12

*Roylance v. Carney*,
    No. 5:13-CV-04258-PSG, 2014 WL 1652440 (N.D. Cal. Apr. 23, 2014) ........................8, 9

*Shaffer v. Heitner*,
    433 U.S. 186 (1977)................................................................................................................6

*Sojka v. Loyalty Media LLC*,
    No. 14-CV-770, 2015 WL 2444506 (N.D. Ill. May 15, 2015) ..............................................6

*Tietsworth v. Sears*,
    720 F. Supp. 2d 1123 (N.D. Cal. 2010) ...............................................................................10

*Yahoo!, Inc. v. La Ligue Contre Le Racisme et L Ántisemitisme*,
    433 F.3d 1199 (9th Cir. 2006) ................................................................................................5

**Statutes and Rules**

Cal. Civ. Proc. Code Ann. § 410.10 (West 2004)...........................................................................2

47 U.S.C. § 227...............................................................................................................................1

47 C.F.R. § 64.1200........................................................................................................................1

Fed. Rule Civ. Proc. 4(k)(1)(A) ......................................................................................................2

Fed. Rule Civ. Proc. 12(b)(2)..........................................................................................................1

Fed. Rule Civ. Proc. 12(f)..............................................................................................................10

Fed. Rule Civ. Proc. 23(b) ............................................................................................................10

Fed. Rule Civ. Proc. 23(c)(1)(A) ..................................................................................................10

Fed. Rule Civ. Proc. 23(d)(1)(D) ..................................................................................................10

Defendants Donisi Jax, Inc., Charles Donisi, and Evan Jaxtheimer's
Motion to Dismiss First Amended Class Action Complaint and Motion to Strike Class Allegations

56130068.v3

**TO THE HONORABLE COURT, THE PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 2, 2017 or as soon thereafter as matter may be heard, in Courtroom 14B (14th Floor—Carter/Keep) of the above-captioned Court, located at 333 West Broadway, San Diego, California 92101, Defendants Donisi Jax, Inc., Charles Donisi, and Evan Jaxtheimer (collectively, "Nationwide Defendants") will and hereby do move to dismiss the claims asserted in the First Amended Complaint ("FAC") filed by Plaintiff Kenneth J. Moser in the above-entitled action on the following grounds:

1. Under Fed. R. Civ. P. 12(b)(2), Nationwide Defendants move to dismiss for lack of personal jurisdiction;
2. Under Fed. R. Civ. P. 12(f), Nationwide Defendants move to strike Plaintiff's class allegations as legally deficient.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the Declarations of Charles Donisi and Evan Jaxtheimer, the pleadings and papers filed herein and—should the Court request oral argument—upon such other matter presented at the hearing.

DATED: August 25, 2017             NOSSAMAN LLP

                                   By: *Jennifer L. Meeker*
                                       Jennifer L. Meeker

                                   Attorneys for Defendants Donisi Jax, Inc., Charles Donisi and Evan Jaxtheimer

-iv-
Defendants Donisi Jax, Inc., Charles Donisi, and Evan Jaxtheimer's
Motion to Dismiss First Amended Class Action Complaint and Motion to Strike Class Allegations
56130068.v3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

In his First Amended Class Action Complaint ("FAC") (ECF No. 3), Plaintiff Kenneth Moser asserts two claims against defendants Donisi Jax, Inc. d/b/a Nationwide Health Advisors (hereinafter, "Nationwide") and Donisi Jax Inc.'s President, Charles Donisi, and Vice-President, Evan Jaxtheimer (collectively, the "Nationwide Defendants") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and 47 C.F.R. § 64.1200, for alleged calls made to Plaintiff's multitude of cell phones and a residential phone.  Plaintiff seeks to bring claims as a class representative for two sub-classes of individuals who allegedly received calls from the Nationwide Defendants from January 28, 2015 to the present.  (FAC ¶19.)

Plaintiff's FAC should be dismissed because he has not made a prima facie showing of jurisdictional facts sufficient to withstand a motion to dismiss for lack of personal jurisdiction over the Nationwide Defendants.  Moreover, the putative sub-classes cannot be certified because they are legally defective.  Thus, the class allegations should be stricken.

## II. THE COURT LACKS PERSONAL JURISDICTION OVER THE NATIONWIDE DEFENDANTS.

### A. Standard of Review.

Under Federal Rule of Civil Procedure 12(b)(2), the party seeking to invoke the federal court's jurisdiction bears the burden of demonstrating jurisdiction. *Pebble Beach Company v. Caddy,* 453 F.3d 1151, 1154 (9th Cir.2006).  While the court reviews motions to dismiss for lack of personal jurisdiction in the light most favorable to the non-moving party, "when there is a conflict between the complaint and an affidavit, plaintiff cannot rely solely on the complaint to establish jurisdictional facts." *North American Lubricants Co. v. Terry*, 2012 WL 1108918, at *4 (E.D.Cal. Apr. 2, 2012) (citing *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977)).

-1-
Defendants Donisi Jax, Inc., Charles Donisi, and Evan Jaxtheimer's
Motion to Dismiss First Amended Class Action Complaint and Motion to Strike Class Allegations
56130068.v3

Moreover, the court need not consider merely conclusory claims, or legal conclusions in the complaint as establishing jurisdiction. *NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 988 (E.D. Cal. 2012) (citing *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)); see also *China Technology Global Corp. v. Fuller, Tubb, Pomeroy & Stokes*, 2005 WL 1513153, at *3 (N.D. Cal. June 27, 2005).

### B. The FAC Should Be Dismissed For Lack Of Personal Jurisdiction Over Nationwide.

Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons. *See* Fed. Rule Civ. Proc. 4(k)(1)(A). Under California's long-arm statute, California state courts may exercise personal jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code Ann. § 410.10 (West 2004). California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution. *Daimler AG v. Bauman,* -- U.S. --, 134 S. Ct. 746, 753, 187 L. Ed. 2d 624 (2014) (internal parentheticals omitted). Thus, Plaintiff must establish that jurisdiction over Nationwide that comports with "the limits imposed by federal due process." *Id.*

> [D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.

*Int'l Shoe Co. v. State of Wash., Office of Unemployment*, 326 U.S. 310, 315 (1945) (internal quotations omitted). Applying the 'minimum contacts' analysis, a court may obtain either general or specific jurisdiction over a defendant. *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 191 (2011) (internal citations omitted). Here, there is neither general nor specific jurisdiction over Nationwide.

Defendants Donisi Jax, Inc., Charles Donisi, and Evan Jaxtheimer's
Motion to Dismiss First Amended Class Action Complaint and Motion to Strike Class Allegations
56130068.v3

### 1)   There is no basis for general jurisdiction over Nationwide.

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear, supra,* 564 U.S. at 919 (citation omitted).  Notably, "[a] corporations' continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity'." *Id.* Indeed, the standard for general jurisdiction is exacting and is satisfied only by a showing of substantial operations in the state, marked by longevity, continuity, volume, economic impact, physical presence, and integration into the state's markets.  *Data Disc, supra*, 557 F.2d at 1287.

The Supreme Court's decision in *Daimler AG*, *supra*, 134 S.Ct. at 760, reaffirmed its 2011 *Goodyear* holding that "a court may assert jurisdiction over a foreign corporation 'to hear any and all claims against [it]' only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'"   But, importantly, the Court clarified that "continuous activity" by a corporation in the forum is not enough—general jurisdiction exists only where a corporation's activity in the forum state renders it "at home" there:

> For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home. With respect to a corporation, the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction. Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place— as well as easily ascertainable. These bases afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims.

-3-
Defendants Donisi Jax, Inc., Charles Donisi, and Evan Jaxtheimer's
Motion to Dismiss First Amended Class Action Complaint and Motion to Strike Class Allegations
56130068.v3

*Id.* at 760 (internal punctuation and citations omitted).  To be clear, the Supreme Court recognized there may be occasions in which "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State," but also emphasized that such occasions were for "exceptional" cases. *Id.* at 761 n.19.

This is not such an "exceptional" case.  Here, the FAC is devoid of *any allegations* that Nationwide had any form of "continuous or systematic" presence in California so as to render it "at home" in California.  The sole jurisdictional allegation against Nationwide states that it "is, and at all times herein mentioned was, a Florida corporation, doing business in the County of San Diego, State of California."  (FAC ¶ 6.)  This conclusory allegation is insufficient to establish general jurisdiction over Nationwide. *See Lang v. Morris*, 823 F.Supp.2d 966, 969–70 (N.D. Cal. 2011) (stating that mere bare bones assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden as to jurisdiction) (internal citations omitted).

Plaintiff also has not posited any activity by Nationwide so as to deem it "at home" in California.  Conspicuously lacking from the FAC are any allegations that, for example, Nationwide is registered to do business in California, maintains an office in California, pays taxes in California, owns or leases property in California, or in any other way has a regular presence in California. *See Daimler AG*, 134 S. Ct. at 755 (acknowledging corporation was "at home" where president moved to forum state "where he kept an office, maintained the company's files, and oversaw the company's activities") (citing to *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 448, 72 S. Ct. 413, 96 L. Ed. 485 (1952)).  Plaintiff's allegation that Nationwide made thirty-two calls to Plaintiff (FAC ¶ 44) does not meet the "exacting" standard for general jurisdiction, nor does such a fact (assuming *arguendo* that it is true) show substantial operations of Nationwide in the state, marked by longevity, continuity, volume, economic impact, physical presence, and

-4-
Defendants Donisi Jax, Inc., Charles Donisi, and Evan Jaxtheimer's
Motion to Dismiss First Amended Class Action Complaint and Motion to Strike Class Allegations
56130068.v3

integration into the state's markets. *Data Disc, supra*, 557 F.2d at 1287.  To the contrary, Nationwide does not have such constant and pervasive affiliations with California as to render it at home in California.  (Declaration of Charles Donisi on Behalf of Donisi Jax, Inc. d/b/a Nationwide Health Advisors (hereinafter, "Nationwide Decl."), ¶¶ 1-14.)

Plaintiff fails to plead a prima facie case for general jurisdiction over Nationwide.

### 2) There is no basis for specific jurisdiction over Nationwide.

Plaintiff also fails to plead a prima facie case for specific jurisdiction over Nationwide.  The "constitutional touchstone" of specific jurisdiction is "whether the defendant purposefully established 'minimum contacts' with forum state, so long as the plaintiff's claim arose out of those contacts.  *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).   The Ninth Circuit employs a three-part test to determine the propriety of exercising specific jurisdiction over a defendant, viz.:

> (1)   The nonresident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2)   The claim must be one which arises out of or results from the defendant's forum-related activities; ***and***
>
> (3)   Exercise of jurisdiction must be reasonable.

*Lang, supra,* 823 F.Supp.2d at 970 (emphasis added).

In tort cases, courts use the "effects test" to determine whether a party has "purposefully availed" itself of the forum jurisdiction. The effects test "focuses on the forum in which the defendant's actions were felt." *Yahoo!, Inc. v. La Ligue Contre Le Racisme et L Ántisemitisme,* 433 F.3d 1199, 1206 (9th Cir. 2006).  Plaintiff must show (1) Nationwide took intentional actions aimed at California; and (2) those actions caused Plaintiff's harm, "the brunt of which [were] suffered—and which [Nationwide] kn[ew]

-5-
Defendants Donisi Jax, Inc., Charles Donisi, and Evan Jaxtheimer's
Motion to Dismiss First Amended Class Action Complaint and Motion to Strike Class Allegations
56130068.v3

[were] likely to be suffered-in [California]." *Core-Vent Corp. v. Nobel Indus. AB,* 11 F.3d 1482, 1486 (9th Cir. 1993). Simply showing a foreseeable effect in California is not enough. Intent matters, and Plaintiff must show that Nationwide's conduct was directed at the state. *See Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1156-58 (9th Cir. 2006). Put another way, Nationwide must "have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Bancroft & Masters, Inc. v. Augusta Nat'l , Inc.,* 223 F.3d 1082, 1087 (9th Cir. 2000).

Here, Plaintiff fails to allege facts showing that Nationwide purposefully availed itself of the privilege of conducting activities in California. This is true even though Plaintiff alleges that Nationwide made thirty-two phone calls to Plaintiff's multiple phone numbers. (FAC ¶ 44.) Viewing the allegation in the light most favorable to Plaintiff as this Court must do, whether Nationwide made calls to phone numbers with a California-based area code (858) does not in and of itself demonstrate that Nationwide purposefully placed calls knowing it would likely reach a California resident located in California when the calls were allegedly made. *Sojka v. Loyalty Media LLC*, No. 14-CV-770, 2015 WL 2444506, at *3 (N.D. Ill. May 15, 2015). The law of personal jurisdiction responds flexibly to social and technological developments. *See*, *e.g*., *Shaffer v. Heitner*, 433 U.S. 186, 202 (1977) ("The advent of automobiles, with the concomitant increase in the incidence of individuals causing injury in States where they were not subject to in personam actions under *Pennoyer*, required further moderation of the territorial limits on jurisdictional power.").

Moreover, although Plaintiff alleges that some of the thirty-two calls purportedly made by Nationwide were to Plaintiff's residential land line, there are no facts alleged that Nationwide knew it was calling a landline instead of a cell phone that could support the inference that Nationwide intentionally directed its alleged activities at California. It simply cannot be said that Nationwide *purposefully* availed itself of the privileges of conducting activities in California simply by making the alleged calls to a California area

-6-

Defendants Donisi Jax, Inc., Charles Donisi, and Evan Jaxtheimer's
Motion to Dismiss First Amended Class Action Complaint and Motion to Strike Class Allegations
56130068.v3

code.[1]  Plaintiff has failed to allege a prima facie basis for personal jurisdiction over Nationwide.

### C. The FAC Should Be Dismissed For Lack Of Personal Jurisdiction Over Defendants Charles Donisi and Evan Jaxtheimer.

Plaintiff's claim that there is personal jurisdiction over Messrs. Donisi and Jaxtheimer is even more tenuous than his claim that there is personal jurisdiction over Nationwide.  Again, Plaintiff's only jurisdictional allegations regarding Messrs. Donisi and Jaxtheimer is that they "do[] business in the County of San Diego, State of California."  (FAC ¶¶ 7, 8.)  These bare bones, conclusory allegations are insufficient to permit a California court to assert general or specific jurisdiction over these individuals. *Lang, supra.* 823 F.Supp.2d at 969–70.  In fact, Messrs. Donisi and Jaxtheimer have no personal connections with the State of California that would provide a basis for this Court to exercise jurisdiction over them.  (Declaration of Charles Donisi (hereinafter "Donisi Decl."), ¶¶ 1-7; Declaration of Evan Jaxtheimer (hereinafter "Jaxtheimer Decl."), ¶¶ 1-7.) Plaintiff appears to acknowledge that Messrs. Donisi and Jaxtheimer are located in Florida since that is where Plaintiff served them.  (Donisi Decl., ¶ 3; Jaxtheimer Decl., ¶ 3.)  There is no evidence that Messrs. Donisi and Jaxtheimer have consented to California's jurisdiction.

Plaintiff appears to be basing his claim that there is personal jurisdiction over Messrs. Donisi and Jaxtheimer on their positions at Nationwide.  (FAC ¶¶ 9, 60-63.) This is improper.  First, as outlined above, this Court lacks personal jurisdiction over Nationwide.  But even if there was a basis to assert personal jurisdiction over the corporation (there is not), it does not follow that Nationwide's individual officers would also be subject to jurisdiction.

---

[1]  Because Plaintiff fails to assert factual allegations sufficient to demonstrate purposeful availment, the court "need not reach the [second or] third prong[s] of the specific jurisdiction test." *Doe v. Unocal Corp.,* 248 F.3d 915, 925 (9th Cir.2001).

-7-
Defendants Donisi Jax, Inc., Charles Donisi, and Evan Jaxtheimer's
Motion to Dismiss First Amended Class Action Complaint and Motion to Strike Class Allegations
56130068.v3

> The fiduciary shield doctrine protects individuals from being subject to jurisdiction solely on the basis of their employers' minimum contacts within a given jurisdiction. The mere fact that a corporation is subject to local jurisdiction does not necessarily mean its nonresident officers, directors, agents, and employees are suable locally as well.

*Roylance v. Carney*, No. 5:13-CV-04258-PSG, 2014 WL 1652440, at *3 (N.D. Cal. Apr. 23, 2014)(internal citations omitted); *see also Barkett v. Sentosa Properties LLC*, No. 1:14-CV-01698-LJO, 2015 WL 502319, at *12 (E.D. Cal. Feb. 5, 2015)("It is well-settled that jurisdiction over individual officers of a corporation does not automatically follow from jurisdiction over the corporate employer".)

Plaintiff may not summarily conclude that there is personal jurisdiction over Messrs. Donisi and Jaxtheimer simply because they are connected to Nationwide. "Each defendant's contacts with the forum State must be assessed individually." *Roylance, supra,* at *3. "For a court to exercise personal jurisdiction over an individual corporate officer, the requirements of the applicable long-arm statute and due process must still be met. To satisfy due process, an individual defendant must have sufficient 'minimum contacts,' in his or her *individual* capacity, with the litigation forum." *Barkett, supra,* 2015 WL 502319, at *12 (emphasis in original)(citing *Calder v. Jones,* 465 U.S. 783, 790 (1984)).

> Absent sufficient individual contacts, there must be a compelling reason for the court to exercise its equitable powers to 'pierce the corporate veil' and attribute the corporation's contacts to its officers in order for a court to assert jurisdiction over nonresident corporate officers. A court may do so when the officers, acting in their official capacities, personally engaged in allegedly tortious acts expressly aimed at the litigation forum.

*Id.* "[C]ases which have found personal liability on the part of corporate officers have typically involved instances where the defendant was the 'guiding spirit' behind the

-8-
Defendants Donisi Jax, Inc., Charles Donisi, and Evan Jaxtheimer's
Motion to Dismiss First Amended Class Action Complaint and Motion to Strike Class Allegations
56130068.v3

wrongful conduct or the 'central figure' in the challenged corporate activity." *Id.* at *13 (citing *Davis v. Metro Productions, Inc.*, 885 F.2d 515, 524 (9th Cir.1998)).

Plaintiff has not alleged—nor, as demonstrated by Messrs. Donisi's and Jaxtheimer's declarations, can he allege—facts showing that Messrs. Donisi and Jaxtheimer were "at home" in California or had direct, personal participation in or personally authorized the conduct alleged to have violated the statute in order to have sufficient contacts with the State of California such that this Court may exercise personal jurisdiction over these individuals. (Donisi Decl., ¶¶ 1-7; Jaxtheimer Decl., ¶¶ 1-7.) Indeed, Plaintiff's assertion that Messrs. Donisi and Jaxtheimer "made the violative calls, ordered them made, knew the calls described above were being made and did nothing, or were willfully and recklessly ignorant of the fact their company was making the calls described []" (FAC ¶ 63), are too conclusory to withstand a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).

In fact, neither Mr. Donisi nor Mr. Jaxtheimer made the at issue calls to plaintiff, neither have specific personal knowledge[2] that the calls at issue were being made to Plaintiff, nor did they direct the at issue calls to be made to Plaintiff. (Donisi Decl., ¶ 7; Jaxtheimer Decl., ¶ 7.) Simply put, neither Mr. Donisi nor Mr. Jaxtheimer had direct, personal participation in or personally authorized the conduct that allegedly violated the statute. More is required for the exercise of jurisdiction in this case and Plaintiff has failed to meet his burden. *Barkett, supra,* at *13 (rejecting unsupported implication that individual defendant was a controlling force in corporation and dismissing cause of action for lack of personal jurisdiction); *Roylance, supra,* at *4 (rejecting conclusory

---

[2] Knowledge of the calls alone does not support the exercise of jurisdiction. *Barkett, supra*, at *13 ("[M]ere knowledge of the tortious conduct is not enough to hold a director or officer personally liable—there must be other 'unreasonable participation' in the unlawful conduct by the individual." (citing *PMC, Inc. v. Kadisha,* 78 Cal.App.4th 1368, 1389 (2000).)

-9-
Defendants Donisi Jax, Inc., Charles Donisi, and Evan Jaxtheimer's
Motion to Dismiss First Amended Class Action Complaint and Motion to Strike Class Allegations
56130068.v3

allegation that individual defendants were corporate officers in control of the corporation as lacking factual support and dismissing cause of action for lack of personal jurisdiction). The FAC should be dismissed as against individual defendants Charles Donisi and Evan Jaxtheimer for lack of personal jurisdiction.

## III. THE CLASS ALLEGATIONS FAIL AND MUST BE STRICKEN.

Rules 12(f), 23(c)(1)(A), and 23(d)(1)(D) permit the Court to strike class allegations where it is clear from the pleadings that a class cannot be certified. *See, e.g.*, *Lyons v. Bank of Am., NA*, No. C 11-1232 CW, 2011 WL 6303390, at *7 (N.D. Cal. Dec. 16, 2011) (striking class allegations because the proposed class was not certifiable where it included many members who may not have been injured and lacked standing); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146–47 (N.D. Cal. 2010)(same); *Bishop v. Saab Auto. A.B.*, No. CV 95-0721 JGD(JRX), 1996 WL 33150020, at *5 (C.D. Cal. Feb. 16, 1996)(same). Here, Plaintiff's alleged classes are "fail-safe" classes which are not ascertainable, cannot satisfy Rule 23(b), and must be stricken. *See Pepka v. Kohl's Dep't Stores, Inc.*, 2016 WL 8919460 (C.D. Cal. Dec. 21, 2016); *Dixon v. Monterey Fin. Servs., Inc.*, 2016 WL 4426908 (N.D. Cal. Aug. 22, 2016); *Gannon v. Network. Tel. Servs., Inc.*, 2013 WL 2450199 (C.D. Cal. June 5, 2013).

A "fail-safe" class is one where "whether a person is a member of the class is dependent on whether he/she prevails on the merits of the TCPA claim alleged in the operative pleading." *Pepka v. Kohl's Dep't Stores, Inc.*, No. CV164293MWFFFMX, 2016 WL 8919460, at *3 (C.D. Cal. Dec. 21, 2016) (citing *Dixon v. Monterey Fin. Servs., Inc.*, 2016 WL 4426908, at *1 (N.D. Cal. Aug. 22, 2016)). In other words, a "fail-safe" class "is simply a way of labeling the obvious problems that exist when the class itself is defined in a way that precludes membership unless the liability of the defendant is established." *Kamar v. RadioShack Corp.*, 375 Fed. Appx. 734, 736 (9th Cir. 2010). Such a class definition is "palpably unfair to the defendant" and "unmanageable" for the Court. *Id.*

-10-
Defendants Donisi Jax, Inc., Charles Donisi, and Evan Jaxtheimer's
Motion to Dismiss First Amended Class Action Complaint and Motion to Strike Class Allegations
56130068.v3

*Pepka* and *Dixon* are two recent district court decisions in California that are instructive here. In *Pepka*, plaintiff sought to certify a class of

> All persons within the United States who received any telephone call from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice, which call was not made for emergency purposes or with the recipient's prior express consent, within the four years prior to the filing of the Complaint.

*Pepka,* 2016 WL 8919460 d. at *1. The court struck the allegations, finding that the proposed class was a "fail-safe" class which would "require the Court to engage in an improper merits evaluation to determine who is in the class." *Id*. at *4. Specifically, the court explained that the proposed class allegations involved "highly individualized inquiries regarding consent and revocation of consent" and, accordingly, the class could not be certified. *Id.*

Similarly, in *Dixon* the putative class was defined as:

> All persons within the United States who received any collection telephone calls from [d]efendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice after such person had revoked any prior express consent to receiving such calls, whether orally, in writing, or by any reasonable means, as demonstrated by [d]efendant's account notes, recordings of calls, and/or other collections files or records, within the four years prior to the filing of this Complaint.

*Dixon*, 2016 WL 4426908, at *2. The court struck these allegations because such language defined a fail-safe class, where "a determination of whether a person is a member of the class is dependent on whether he/she prevails on the merits of the TCPA claim alleged in the operative pleading." *Id*.

Here, Plaintiff's proposed classes mirror the putative classes allegations in *Pepka* and *Dixon* which were stricken as "fail-safe":

Sub-Class No. 1:

-11-
Defendants Donisi Jax, Inc., Charles Donisi, and Evan Jaxtheimer's
Motion to Dismiss First Amended Class Action Complaint and Motion to Strike Class Allegations
56130068.v3

> *All persons and entities located within the United States of America to whose mobile phone Defendants and/its agents transmitted a call using an automatic telephone dialing system or prerecorded voice without prior express written consent from the called party at anytime from January 28, 2015 to the present, including up to and through trial; and*
>
> Sub-Class No. 2:
> *All persons and entities located within the United States of America to whose residential telephone line Defendants and/or its agents transmitted a call using a prerecorded voice without prior express written consent from the called party at anytime from January 28, 2015 to the present, including up to and through trial.*

(FAC ¶ 19.)  As in *Pepka* and *Dixon*, Plaintiff's proposed class will require "highly individualized inquiries regarding consent and revocation of consent." *Pepka,* 2016 WL 8919460 *d.* at *4.  Accordingly, the class is not ascertainable and the class allegations must be stricken.

## IV. CONCLUSION

For the foregoing reasons, the Nationwide Defendants respectfully request that the Court grant its motion to dismiss and motion to strike the class allegations.

DATED:  August 25, 2017              NOSSAMAN LLP


                              By: */s/Jennifer L. Meeker*
                                      Jennifer L. Meeker

                              Attorneys for Defendants Donisi Jax, Inc., Charles Donisi and Evan Jaxtheimer

-12-
Defendants Donisi Jax, Inc., Charles Donisi, and Evan Jaxtheimer's
Motion to Dismiss First Amended Class Action Complaint and Motion to Strike Class Allegations
56130068.v3