UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH J. MOSER, individually and on behalf of all others similarly situated, | Case No.: 17-cv-1127-WQH-KSC |
| | **ORDER** |
| Plaintiff, | |
| v. | |
| HEALTH INSURANCE INNOVATIONS, INC., a Delaware corporation; NATIONAL CONGRESS OF EMPLOYERS, INC., a Delaware corporation; UNIFIED LIFE INSURANCE COMPANY, INC., a Texas corporation; COMPANION LIFE INSURANCE COMPANY, a South Carolina corporation; DONISI JAX, INC., a Florida corporation; CHARLES DONISI, an individual; EVAN JAXTHEIMER, an individual; HELPING HAND HEALTH GROUP, INC., a Florida corporation; ANTHONY MARESCA, an individual; and MATTHEW HERMAN, an individual;, | |
| Defendants. | |

1

HAYES, Judge:

The matter before the Court is the Ex Parte Application to Serve Defendants Anthony Maresca and Matthew Herman by Publication filed by Plaintiff Kenneth J. Moser. (ECF No. 44).

## I. Background

On June 5, 2017, Plaintiff Kenneth J. Moser initiated this action by filing a Complaint against Anthony Maresca, Matthew Herman, and eight other Defendants. (ECF No. 1). On June 6, 2017, a summons was issued. (ECF No. 2). On June 7, 2017, Moser filed a First Amended Complaint (ECF No. 3). The First Amended Complaint is the operative complaint in this matter. The First Amended Complaint brings claims under the Telephone Consumer Protection Act of 1991 against Maresca, Herman, and the eight other Defendants.

On December 14, 2017, Moser filed an Ex Parte Application to Serve Maresca and Herman by Publication. (ECF No. 44). Moser asserts that he has attempted to serve Maresca and Herman numerous times, but has been unable to do so. *Id.*

## II. Discussion

Rule 4(e)(1) of the Federal Rules of Civil Procedure allows service of a defendant by any means permitted by the law of the state in which the case is pending or the law of the state in which the defendant resides. *See* Fed. R. Civ. P. 4(e)(1). Under California law,

> [a] summons may be served by publication if upon affidavit it appears . . . that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either:
>
> > (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.
> >
> > (2) The party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court or the relief demanded in the action consists wholly or in part in excluding the party from any interest in the property.

Cal. Civ. Proc. Code § 415.50(a).

2

California courts impose a high standard of diligence before approving service by publication. *See Olvera v. Olvera*, 232 Cal. App. 3d 32, 41 (1991) ("When substituted or constructive service is attempted, strict compliance with the letter and spirit of the statutes is required."). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts v. Crawford*, 896 P.2d 807, 811 n.5 (Cal. 1995). "The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1137 (1996). Because of due process concerns, service by publication is permissible "only as a last resort." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 332 (1978) (emphasis added).

Christopher Reichman, Moser's counsel, submitted a Declaration in Support of the Application to Serve by Publication. (ECF No. 3-1). In the Declaration, Reichman states

> Helping Hand's Florida Department of Corporations listing, both then and now, lists their corporate address as 110 E. Broward Blvd, Suite 1700, Fort Lauderdale, FL, 33301, and lists Mr. Maresca as its registered agent giving the same address. The same listing shows an amendment to these corporate filings was made on January 4, 2017 which removed Matthew Herman as President and Registered Agent and replaced him with Mr. Maresca. Matthew Herman's former address for the company and himself was 3800 Inverrary Blvd., Suite 203, Lauderhill, FL 33319.

*Id.* at ¶¶ 4-6.

> Service attempts on Helping Hand and Mr. Maresca were made jointly at the 110 E. Broward Blvd, Suite 1700, Fort Lauderdale, FL, 33301 address on June 27, 2017, however the [sic] were unsuccessful because it was a virtual office and the person in charge informed the process server that Helping Hand and Mr. Maresca no longer held an office at that location.

*Id.* at ¶ 11.

> Four service attempts were made on Mr. Herman at his 3800 Inverrary Blvd., Suite 203, Lauderhill, FL 33319 address between June 26, 2017 and July 8, 2017, however all were unsuccessful since the office was never open during

business hours and a maintenance worker there stated that no one ever goes in to this office, and though there was a light one [sic] one time nobody every answered the door.

*Id.* at ¶ 13.

After these service attempts failed, Reichman "hired California Licensed Private Investigator Greg Long," "discovered Mr. Maresca's social security number[,] and obtained a comprehensive skip trace report on Mr. Maresca." *Id*. at ¶¶ 15, 23. "The report gave a most recent California address as 5717 Laurel Canyon Blvd, Apt. 315, Valley Village, CA 91607 for Helping Hands, Mr. Maresca[,] and Mr. Herman." *Id*. at ¶ 26.

Jo Ann Garner made a service attempt on October 13, 2017 but received no answer to the call box and was unable to gain entry. She made a further attempt on October 17, 2017 which also went unanswered, however she spoke with the office manager who confirmed that Mr. Maresca and Mr. Herman still occupied the apartment but indicated they were out of town for a few weeks. To accommodate the delay, she waited to make a third attempt on November 7, 2017 but it also went unanswered.

*Id*. at ¶ 28.

The Court concludes that Moser has not exhausted the avenues by which he could further attempt service of process. *See Donel*, 87 Cal. App. 3d. at 333. The Court finds that Moser has not demonstrated that Maresca and Herman cannot be served at 5717 Laurel Canyon Blvd, Apt. 315, Valley Village, CA 91607. *Id*. The Court finds that Moser has not satisfied the high standard of diligence required for service by publication.

## III. Conclusion

IT IS HEREBY ORDERED that Plaintiff's Ex Parte Application to Serve Defendants Anthony Maresca and Matthew Herman by Publication (ECF No. 44) is denied without prejudice.

Dated: January 10, 2018

Hon. William Q. Hayes
United States District Court