Anton N. Handal, Esq. (Bar No. 113812)
tony.handal@gmlaw.com
GREENSPOON MARDER LLP
750 B Street, Suite 2510
San Diego, California 92101
Telephone:  619.544.6400
Facsimile:   619.696.0323

Garry W. O'Donnell, Esq. (Florida Bar No. 0478148)
(admitted *pro hac vice*)
garry.odonnell@gmlaw.com
GREENSPOON MARDER LLP
2255 Glades Road, Suite 400-E
Boca Raton, Florida 33431
Telephone:  561.994.2212
Facsimile:   561.807.7527

*Attorneys for Defendant*
HEALTH INSURANCE INNOVATIONS, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

# SAN DIEGO DIVISION

| | |
|---|---|
| KENNETH J. MOSER, individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>v.<br><br>HEALTH INSURANCE INNOVATIONS, INC., *et al.*,<br><br>                Defendants. | Case No.: 3:17-cv-01127-WQH-KSC<br><br>**DEFENDANT HEALTH INSURANCE INNOVATIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>First Amended Class Action Complaint<br>Filed: June 7, 2017<br>Trial Date:   None Set |

Defendant, Health Insurance Innovations, Inc. ("HII"), hereby files this Answer and Affirmative Defenses in response to the First Amended Class Action Complaint (ECF No. 3) filed by Plaintiff, Kenneth J. Moser, individually and on behalf of other allegedly similarly situated, and says and alleges as follows:

-1-

## <u>ANSWER</u>

### Jurisdictional Allegations

1.      Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 1 of the First Amended Class Action Complaint.

2.      Admits that HII is a Delaware corporation, but denies each and every other allegation set forth in paragraph 2 of the First Amended Class Action Complaint.

3.      Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 3 of the First Amended Class Action Complaint.

4.      Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 4 of the First Amended Class Action Complaint.

5.      Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 5 of the First Amended Class Action Complaint.

6.      Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 6 of the First Amended Class Action Complaint.

7.      Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 7 of the First Amended Class Action Complaint.

8.      Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 8 of the First Amended Class Action Complaint.

9.      Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 9 of the First Amended Class Action Complaint.

*ANSWER AND AFFIRMATIVE DEFENSES*                    CASE NO. 3:17-CV-01127-WQH-KSC

10.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 10 of the First Amended Class Action Complaint.

11.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 11 of the First Amended Class Action Complaint.

12.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 12 of the First Amended Class Action Complaint.

13.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 13 of the First Amended Class Action Complaint.

14.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 14 of the First Amended Class Action Complaint.

15.     States that no response is required with respect to the allegations set forth in paragraph 15 of the First Amended Class Action Complaint, and that it is improper pleading practice to collectively refer to all of these separate and distinct parties as "Defendants."

16.     States that no response to the legal conclusions is required, admits that this Court has federal question subject matter jurisdiction to the extent the First Amended Class Action Complaint states a claim upon which relief can be granted under the Telephone Consumer Protection Act of 1991, and denies each and every other allegation set forth in paragraph 16 of the First Amended Class Action Complaint.

17.     Denies each and every allegation directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each

*ANSWER AND AFFIRMATIVE DEFENSES*                    CASE NO. 3:17-CV-01127-WQH-KSC

and every other allegation set forth in paragraph 17 of the First Amended Class Action Complaint.

18.     Denies each and every allegation directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 18 of the First Amended Class Action Complaint.

### Nature Of The Action

19.     Denies that Plaintiff has pled any claim upon which relief can be granted to Plaintiff or to any other members of a proposed putative class.

20.     Denies the allegations set forth in paragraph 20 of the First Amended Class Action Complaint.

21.     Denies the allegations set forth in paragraph 21 of the First Amended Class Action Complaint.

22.     Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 22 of the First Amended Class Action Complaint.

23.     Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 23 of the First Amended Class Action Complaint.

24.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 24 of the First Amended Class Action Complaint.

25.     Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 25 of the First Amended Class Action Complaint.

*ANSWER AND AFFIRMATIVE DEFENSES*                    CASE NO. 3:17-CV-01127-WQH-KSC

26.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 26 of the First Amended Class Action Complaint.

27.     Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 27 of the First Amended Class Action Complaint.

28.     Denies each and every allegation set forth in paragraph 28 of the First Amended Class Action Complaint.

29.     Admits that HII forwards welcoming information to certain policyholders, but denies each and every other allegation set forth in paragraph 29 of the First Amended Class Action Complaint.

30.     Denies the allegations set forth in paragraph 30 of the First Amended Class Action Complaint.

31.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 31 of the First Amended Class Action Complaint.

32.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 32 of the First Amended Class Action Complaint.

33.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 33 of the First Amended Class Action Complaint.

34.     Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 34 of the First Amended Class Action Complaint.

*ANSWER AND AFFIRMATIVE DEFENSES*                    CASE NO. 3:17-CV-01127-WQH-KSC

35.     States that no response to the legal conclusions is required, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 35 of the First Amended Class Action Complaint.

36.     Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 36 of the First Amended Class Action Complaint.

### Factual Details Re Named Plaintiff

37.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 37 of the First Amended Class Action Complaint.

38.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 38 of the First Amended Class Action Complaint.

39.     Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 39 of the First Amended Class Action Complaint.

40.     Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 40 of the First Amended Class Action Complaint.

41.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 41 of the First Amended Class Action Complaint.

42.     Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every

other allegation set forth in paragraph 42 of the First Amended Class Action Complaint.

43.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 43 of the First Amended Class Action Complaint.

44.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 44 of the First Amended Class Action Complaint.

45.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 45 of the First Amended Class Action Complaint.

46.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 46 of the First Amended Class Action Complaint.

47.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 47 of the First Amended Class Action Complaint.

48.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 48 of the First Amended Class Action Complaint.

49.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 49 of the First Amended Class Action Complaint.

50.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 50 of the First Amended Class Action Complaint.

*ANSWER AND AFFIRMATIVE DEFENSES*                    CASE NO. 3:17-CV-01127-WQH-KSC

51.     Admits that HII emails certain information to policyholders, but denies each and every other allegation set forth in paragraph 51 of the First Amended Class Action Complaint.

52.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 52 of the First Amended Class Action Complaint.

53.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 53 of the First Amended Class Action Complaint.

54.     Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 54 of the First Amended Class Action Complaint.

### Liability Of Helping Hand And Nationwide

55.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 55 of the First Amended Class Action Complaint.

56.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 56 of the First Amended Class Action Complaint.

57.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 57 of the First Amended Class Action Complaint.

58.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 58 of the First Amended Class Action Complaint.

*ANSWER AND AFFIRMATIVE DEFENSES*                    CASE NO. 3:17-CV-01127-WQH-KSC

59.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 59 of the First Amended Class Action Complaint.

### Liability Of Donisi, Jaxtheimer, Meresca And Herman

60.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 60 of the First Amended Class Action Complaint.

61.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 61 of the First Amended Class Action Complaint.

62.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 62 of the First Amended Class Action Complaint.

63.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 63 of the First Amended Class Action Complaint.

64.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 64 of the First Amended Class Action Complaint.

65.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 65 of the First Amended Class Action Complaint.

66.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 66 of the First Amended Class Action Complaint.

67.     Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 67 of the First Amended Class Action Complaint.

*ANSWER AND AFFIRMATIVE DEFENSES*                    CASE NO. 3:17-CV-01127-WQH-KSC

**Liability Of HII**

68.    States that HII operates in a highly regulated business sector which requires interaction with various governmental agencies exercising regulatory oversight, but denies each and every other allegation set forth in paragraph 68 of the First Amended Class Action Complaint.

69.    Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 69 of the First Amended Class Action Complaint.

70.    States that the content of the document is contained in Exhibit 3, but denies each and every other allegation set forth in paragraph 70 of the First Amended Class Action Complaint.

71.    States that the content of the document is contained in Exhibit 4, but denies each and every other allegation set forth in paragraph 71 of the First Amended Class Action Complaint.

72.    Denies the allegations set forth in paragraph 72 of the First Amended Class Action Complaint.

73.    States that the content of the document is contained in Exhibit 5, but denies each and every other allegation set forth in paragraph 73 of the First Amended Class Action Complaint.

74.    States that the content of the document is contained in Exhibit 5, but denies each and every other allegation set forth in paragraph 74 of the First Amended Class Action Complaint.

75.    Denies the allegations set forth in paragraph 75 of the First Amended Class Action Complaint.

76.    Denies the allegations set forth in paragraph 76 of the First Amended Class Action Complaint.

*ANSWER AND AFFIRMATIVE DEFENSES*                    CASE NO. 3:17-CV-01127-WQH-KSC

77.     Admits that Exhibit 6 purports to be a copy of an email to Kent Rivers, but denies each and every other allegation set forth in paragraph 77 of the First Amended Class Action Complaint.

78.     Denies the allegations set forth in paragraph 78 of the First Amended Class Action Complaint.

79.     Admits a lawsuit was filed, but denies each and every other allegation set forth in paragraph 79 of the First Amended Class Action Complaint.

80.     Admits that a complaint purports to be attached as Exhibit 7, but denies each and every other allegation set forth in paragraph 80 of the First Amended Class Action Complaint.

81.     Admits a release purports to be attached as Exhibit 8, but denies each and every other allegation set forth in paragraph 81 of the First Amended Class Action Complaint.

82.     Denies the allegations set forth in paragraph 82 of the First Amended Class Action Complaint.

83.     Denies the allegations set forth in paragraph 83 of the First Amended Class Action Complaint.

84.     Denies the allegations set forth in paragraph 84 of the First Amended Class Action Complaint.

85.     Denies the allegations set forth in paragraph 85 of the First Amended Class Action Complaint.

86.     Denies the allegations set forth in paragraph 86 of the First Amended Class Action Complaint.

### Liability Of NCE, Unified And Companion

87.     Denies the allegations directed to HII, and denies for want of knowledge and information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 87 of the First Amended Class Action Complaint.

*ANSWER AND AFFIRMATIVE DEFENSES*                    CASE NO. 3:17-CV-01127-WQH-KSC

88. Admits the filing of a prior lawsuit, but denies each and every other allegation set forth in paragraph 88 of the First Amended Class Action Complaint.

89. Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 89 of the First Amended Class Action Complaint.

90. Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 90 of the First Amended Class Action Complaint.

**Final Liability Allegations**

91. Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 91 of the First Amended Class Action Complaint.

92. Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 92 of the First Amended Class Action Complaint.

93. Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 93 of the First Amended Class Action Complaint.

94. Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 94 of the First Amended Class Action Complaint.

*ANSWER AND AFFIRMATIVE DEFENSES*                    CASE NO. 3:17-CV-01127-WQH-KSC

95.     Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 95 of the First Amended Class Action Complaint.

96.     Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 96 of the First Amended Class Action Complaint.

### Actual Harm & Wilful *[sic]* And Knowing Conduct

97.     States that no response to the legal conclusions is required, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 97 of the First Amended Class Action Complaint.

98.     Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 98 of the First Amended Class Action Complaint.

99.     Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 99 of the First Amended Class Action Complaint.

100.    Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 100 of the First Amended Class Action Complaint.

101.    Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every

other allegation set forth in paragraph 101 of the First Amended Class Action Complaint.

102.   Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 102 of the First Amended Class Action Complaint.

103.   Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 103 of the First Amended Class Action Complaint.

104.   Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 104 of the First Amended Class Action Complaint.

## Class Action Allegations

105.   Denies the allegations set forth in paragraph 105 of the First Amended Class Action Complaint.

106.   Denies the allegations set forth in paragraph 106 of the First Amended Class Action Complaint.

107.   Denies the allegations set forth in paragraph 107 of the First Amended Class Action Complaint.

108.   Denies the allegations set forth in paragraph 108 of the First Amended Class Action Complaint.

109.   Denies the allegations set forth in paragraph 109 of the First Amended Class Action Complaint.

110.   Denies the allegations set forth in paragraph 110 of the First Amended Class Action Complaint.

111.  Denies the allegations set forth in paragraph 111 of the First Amended Class Action Complaint.

112.  Denies the allegations set forth in paragraph 112 of the First Amended Class Action Complaint.

113.  Denies the allegations set forth in paragraph 113 of the First Amended Class Action Complaint.

### Causes Of Action

### First Cause Of Action: TCPA Violation
### Autodialed/Prerecorded Call To Wireless Numbers
### (On Behalf of the First Plaintiff Sub-Class)

114.  HII incorporates the responses to all of the paragraphs set forth above, as realleged in paragraph 114 of the First Amended Class Action Complaint.

115.  Denies the legal conclusions asserted, denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 115 of the First Amended Class Action Complaint.

116.  Denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 116 of the First Amended Class Action Complaint.

117.  Denies the legal conclusions asserted, denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 117 of the First Amended Class Action Complaint.

118.  Denies the legal conclusions asserted, denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 118 of the First Amended Class Action Complaint.

*ANSWER AND AFFIRMATIVE DEFENSES*            CASE NO. 3:17-CV-01127-WQH-KSC

119.   Denies the legal conclusions asserted, denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 119 of the First Amended Class Action Complaint.

### Second Cause Of Action: TCPA Violation
### Prerecorded Marketing Calls To Residential Numbers
### (On Behalf of the Second Plaintiff Sub-Class)

120.   HII incorporates the responses to all of the paragraphs set forth above, as realleged in paragraph 120 of the First Amended Class Action Complaint.

121.   Denies the legal conclusions asserted, denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 121 of the First Amended Class Action Complaint.

122.   Denies the legal conclusions asserted, denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 122 of the First Amended Class Action Complaint.

123.   Denies the legal conclusions asserted, denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 123 of the First Amended Class Action Complaint.

124.   Denies the legal conclusions asserted, denies the allegations directed to HII, and denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of each and every other allegation set forth in paragraph 124 of the First Amended Class Action Complaint.

125.   Denies each and every allegation in the First Amended Class Action Complaint not specifically admitted, denied, controverted or otherwise addressed above.

**AFFIRMATIVE DEFENSES**

HII asserts the following affirmative defenses without altering Plaintiff's burden of proof on any of the issues in this action.

**First Affirmative Defense**

The First Amended Class Action Complaint, in whole and material part, fails to state any plausible claim upon which relief may be granted for reasons which include: (i) HII did not make or initiate telephone calls to Plaintiff or to the putative class members; (ii) Plaintiff, as a professional plaintiff and serial filer of lawsuits purely for economic gain, lacks constitutional, statutory, and prudential standing; (iii) Plaintiff and each of the putative class members lack standing and did not suffer any actual concrete injury in fact and are not the owners, registrants or authorized users of the telephones allegedly receiving the calls; and (iv) the statutory penalties sought are prohibited by law including the Due Process Clauses of the California and U.S. Constitutions.

**Second Affirmative Defense**

No act or omission by HII caused any compensable injury, and any compensable injury sustained was caused by the acts and omissions of others, including third parties over which HII had and has no control over, and/or by the acts or omissions of Plaintiff.

**Third Affirmative Defense**

The claims asserted in the First Amended Class Action Complaint are barred, in whole and material part, by the statute of limitations.

**Fourth Affirmative Defense**

HII's actions, practices and procedures were reasonable and taken in good faith and with the well-founded belief that such conduct was at all times in compliance with applicable laws, rules and regulations. To the extent that any conduct alleged in the First Amended Class Action Complaint may be actionable, such conduct was unintentional and occurred despite HII's reasonable good-faith efforts to be compliant.

*ANSWER AND AFFIRMATIVE DEFENSES*                    CASE NO. 3:17-CV-01127-WQH-KSC

**Fifth Affirmative Defense**

The telephone calls that are the subject of the First Amended Class Action Complaint were encouraged, invited, and initiated by consent, and/or made in the context of an established business relationship.

**Sixth Affirmative Defense**

The claims for damages, including treble damages, in the First Amended Class Action Complaint are barred as HII did not knowingly or willfully make the alleged telephone calls in violation of the TCPA.

**Seventh Affirmative Defense**

The First Amended Class Action Complaint fails to join necessary and indispensable parties.

**Eighth Affirmative Defense**

Any acts or omissions by persons other than HII, which form the basis of the claims asserted in the First Amended Class Action Complaint, occurred without HII's knowledge, authorization, consent, ratification or approval.

**Ninth Affirmative Defense**

Any damages sought can only be predicated upon the intervening and superseding conduct or omissions of third parties and persons other than HII.

**Tenth Affirmative Defense**

The failure to exercise reasonable care and diligence caused or contributed to any alleged injury or damages, and any recovery must therefore be eliminated or reduced proportionately.

**Eleventh Affirmative Defense**

There has been a failure to take reasonable measures to mitigate and compensable injury sustained.

**Twelfth Affirmative Defense**

For all telephone calls that are the subject of the First Amended Class Action Complaint, consent was received.

**Thirteenth Affirmative Defense**

The claims asserted in the First Amended Class Action Complaint are barred, in whole and material part, by the doctrines of waiver, estoppel, ratification, laches, and release.

**Fourteenth Affirmative Defense**

Any legal duties owed based upon the allegations in the First Amended Class Action Complaint have been fully performed, satisfied or waived.

**Fifteenth Affirmative Defense**

Plaintiff's claims are barred, in whole or material part, by the doctrine of unclean hands as Plaintiff has acted unethically and in bad faith with respect to the claims asserted in the First Amended Class Action Complaint, as Plaintiff operates a telemarketing enterprise to invite engagements, through deceptive methods, with telemarketers for the sole purpose of manufacturing false TCPA claims to extort money.

**Sixteenth Affirmative Defense**

Plaintiff's claims are barred, in whole or material part, by the doctrine of *in pari delicto*.

**Seventeenth Affirmative Defense**

Any claim for damages must be set off by Plaintiff's inequitable and wrongful conduct.

**Eighteenth Affirmative Defense**

Plaintiff fails to state a plausible cause of action for class relief pursuant to Federal Rule of Civil Procedure 23 in that, among other things, the claims Plaintiff seeks to assert cannot be common or typical of the claims of the putative class as Plaintiff operates a telemarketing enterprise to invite the telephone calls for the purpose of manufacturing TCPA claims, nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff attempts to assert.

1

### **Nineteenth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of unclean hands as Plaintiff is pursuing this litigation as a class action, not to seek compensation for damages allegedly suffered, as contemplated by statute, but to enrich himself by seeking disproportionate payments from HII.

### **Twentieth Affirmative Defense**

Plaintiff did not sustain any damages. To the extent Plaintiff sustained any damages, such damages are *de minimus* and non-actionable, and any such damages are not representative and/or the same as the putative class members Plaintiff seeks to represent.

### **PRAYER FOR RELIEF**

WHEREFORE, having fully answered or otherwise responded to the allegations set forth in the First Amended Class Action Complaint, Defendant, Health Insurance Innovations, Inc., hereby demands judgment in favor of Defendant, Health Insurance Innovations, Inc., that: (i) Plaintiff take nothing by way of the claims asserted in the First Amended Class Action Complaint; (ii) this action be dismissed in its entirety, with prejudice; (iii) attorneys' fees and costs incurred in this action should be awarded to Defendant, Health Insurance Innovations, Inc., and; (iv) other and further relief be awarded as the Court may deem just and proper.

*ANSWER AND AFFIRMATIVE DEFENSES*                    CASE NO. 3:17-CV-01127-WQH-KSC

**RESERVATION OF RIGHTS**

Defendant, Health Insurance Innovations, Inc., reserves the right, upon further investigation and discovery, to assert such additional defenses as may be just and appropriate.

DATED: February 5, 2018        **GREENSPOON MARDER LLP**

By: _s/Garry W. O'Donnell_____
Garry W. O'Donnell

**GREENSPOON MARDER LLP**
Anton N. Handal

Attorneys for Defendant
HEALTH INSURANCE INNOVATIONS, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on this date to all current and/or opposing counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery upon their appearance in this matter.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed this 5th day of February, 2018, at Boca Raton, Florida.

_s/Garry W. O'Donnell_____
Garry W. O'Donnell

*ANSWER AND AFFIRMATIVE DEFENSES*        CASE NO. 3:17-CV-01127-WQH-KSC