Christopher J. Reichman SBN 250485
chrisr@prato-reichman.com
Justin Prato SBN 246968
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-683-7971

Matt Malone (SBN 221545)
mjm@rocklawcal.com
Jeffrey Cereghino (SBN 099480)
jbc@rocklawcal.com
ROCK LAW LLP
101 Montgomery Street, Suite 1800
San Francisco, California 94104
Telephone: (415) 433-4949
Facsimile: (415) 520-0308

*Attorneys for Plaintiff Kenneth J. Moser*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH J. MOSER,<br><br>individually and on Behalf of All Others Similarly Situated<br><br>Plaintiff,<br><br>vs.<br><br>HEALTH INSURANCE INNOVATIONS, INC., et al., a Delaware Corporation, et al.,<br><br>Defendants. | Case No.: 17cv1127-WQH(KSC)<br><br>**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTES** |

Pursuant to this Court's Chamber Rules – Civil Pretrial Procedures Section V(D), Plaintiff KENNETH J. MOSER and Defendant DONISI JAX, INC., submit the following Joint Motion for Determination of Discovery Disputes. The parties have met-and-conferred as required by the Rules, and Plaintiff submitted this motion to Defendant five business days prior to its filing.

## I. DEFENDANT DONISI JAX'S PRELIMINARY STATEMENT:

In this action, Plaintiff is asserting a claim on behalf of himself and a putative class under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") against multiple Defendants, including Defendant Donisi Jax ("Donisi Jax" or "Defendant"). The parties are currently engaged in class discovery. Plaintiff served Requests for Production and Interrogatories on Defendant seeking, among other things, information relating to Donisi Jax's call history and relationship with all third party lead vendors. Donisi Jax timely served written responses and objections.

As relevant to this discovery dispute, Defendant Donisi Jax is an insurance agency that contracts with third party lead vendors to develop leads to sell health insurance policies. Defendant receives leads from these third party lead vendors in two ways. The first way Defendant receives leads is through a direct sale. A direct sale is when a vendor transfers phone numbers of consumers who have expressed interest in purchasing an insurance policy and then Defendant's agents make live phone calls to the consumers. In our case, Plaintiff was **<u>not</u>** contacted by Defendant through a direct sale lead.

The second way Defendant receives leads is through a live transfer. A live transfer is when the third party lead vendor calls the consumer itself. If the consumer expresses interest in buying an insurance policy that fits the type of policy sold by Donisi Jax, the customer can be transferred live by the third party

lead vendor to an agent working for Defendant.[1]  Here, Plaintiff was transferred to Defendant by a third party lead vendor through a live transfer.

The parties met on August 21, 2018 at 3:00 p.m. via telephonic conference to try to resolve the disputed discovery issues. Once the meet and confer was underway, it was clear that both parties would need more time to confer with their clients in order to resolve the dispute or any part of it.  With Plaintiff's deadline to file this Joint Motion looming, the parties agreed to file a joint stipulation/motion requesting that the Court extend the parties' deadline to file a joint motion so that they could continue to try to resolve their discovery dispute. The joint stipulation was filed on August 21, 2018. As of the date of this filing, the joint stipulation/motion has not been ruled on.  The parties therefore submit this Joint Motion for Determination of Discovery Disputes. That said, the parties are continuing to work together to resolve their discovery dispute and will inform the Court immediately if they are able to reach an agreement as to any or all the disputed issues.

For the sake of efficiency, Defendant offers cumulative responses to Interrogatories Nos. 3 and 4 and Request for Production Nos. 10, 11, 19, 20, and 26 because they all involve Defendant's call histories and lead vendor information. With respect to the other disputed items, Donisi Jax responds to each one separately.

## II. PLAINTIFF AND DEFENDANT'S POSITIONS:

**1. Interrogatory No. 3 [sic – erroneously numbered as the "second" Interrogatory No. 3]**

---

[1]    The lead transfer vendors are not captive agents of Donisi Jax.  Thus, the lead transfer vendor that transferred Plaintiff Moser to Donisi Jax could just as easily have sent Plaintiff Moser to a <u>different and wholly unrelated</u> insurance agency that the lead transfer vendor also does business with.

**Interrogatory No. 3:** IDENTIFY any PERSON OR entity to which YOU transmit, receive, OR distribute any leads OR lead information for the period of January 28, 2014 to present.

**Response to Interrogatory No. 3:** Defendant incorporates its general objections. Defendant objects that the Interrogatory is overly broad, unduly burdensome, oppressive, and not proportionate to the needs of this case. Defendant objects that this Interrogatory seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the term "transfer," "receive," "distribute, "leads," and "lead information" and the phrase "for the purpose of selling" as vague and ambiguous. Defendant further objects that the term "any PERSON" is overbroad, vague, ambiguous, and undefined. Defendant further objects to the Interrogatory as compound. Defendant further objects to the extent this Interrogatory seeks information that is confidential, proprietary, and/ or trade secrets. Defendant further objects to the extent that the Interrogatory seeks disclosure of information violating a third party's right to privacy. Defendant further objects to the extent this Interrogatory seeks the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Plaintiff was transferred to Defendant via the third party live transfer vendor, HIC Lead Network Inc. Defendant will thus produce the agreements with the third party lead vendors that provide live transfer leads to Defendant upon the entry of a protective order by the Court.

**Disputed Issue and Plaintiff's Statement:** A protective order is not required to fully identify the live transfer vendor including as that term is defined, providing address and contact information. Vendor names and addresses are not

confidential. That information is needed immediately given the short class

discovery window.

### 2. Interrogatory No. 4

**Interrogatory No. 4:** IDENTIFY all "call centers" to which YOU transfer

or receive transfers from concerning any phone calls about sales, telemarketing,

lead generation or any other service associated with selling insurance products.

[For the purpose of this Interrogatory "call centers" means any third party

PERSON or entity whose primary function involves making more than 1,000

outbound calls per month whether it be for sales purposes, telemarketing, or any

other purpose typically involving the making of outbound calls.]

**Response to Interrogatory No. 4:** Defendant incorporates its general

objections. Defendant objects that the Interrogatory is overly broad, unduly

burdensome, oppressive, and is not proportionate to the needs of this case.

Defendant objects that this Interrogatory seeks information that is irrelevant and

is not reasonably calculated to lead to the discovery of admissible evidence.

Defendant further objects that the Interrogatory is vague, ambiguous, and

incomprehensible, including but not limited to the phrases "transfer to or receive

transfers from," "sales, telemarketing, lead generator" and "selling insurance

products." Defendant further objects that the Interrogatory is compound.

Defendant further objects to the extent this Interrogatory seeks information that is

confidential, proprietary, and/ or trade secrets. Defendant further objects to the

extent that the Interrogatory seeks disclosure of information violating a third

party's right to privacy. Defendant further objects to the extent this Interrogatory

seeks the disclosure of information protected by the attorney-client privilege

and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Plaintiff was transferred to Defendant via the third party live transfer vendor, HIC Lead Network Inc. Defendant will thus produce the agreements with the third party lead vendors that provide live transfer leads to Defendant upon the entry of a protective order by the Court.

**Disputed Issue and Plaintiff's Statement:** Similar to the last interrogatory, the identity of any such call center is not confidential or otherwise the kind of information that would be subject to a protective order. The response does not provide the full amount of information to satisfy the definition of "IDENTIFY," which includes contact information.

**3. Request for Production No. 10**

**Request No. 10:** All DOCUMENTS evidencing any transfer of any leads or lead information to or from any PERSON or entity that is not a direct employee of YOU for the period of January 28, 2014 until present.

**Response to Request No. 10:** Defendant incorporates its general objections. Defendant objects that the Request is overly broad, unduly burdensome, oppressive, and is not proportional to the needs of this case. Defendant objects that this Request seeks certain documents that are irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that the Request is vague, ambiguous, and incomprehensible, including but not limited to the terms "evidencing," "transfer," "leads," "lead information," and "direct." Defendant further objects that the term "any PERSON" is overbroad, vague, ambiguous, and undefined. Defendant further objects to the extent this Request seeks documents that are confidential, proprietary, and/ or trade secrets. Defendant further objects to the extent that the Request seeks disclosure of documents containing information violating a third

party's right to privacy. Defendant further objects to the extent this Request seeks the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff was transferred to Defendant via the third party live transfer vendor, HIC Lead Network Inc. Defendant will thus produce the agreements with the third party lead vendors that provide live transfer leads to Defendant upon the entry of a protective order by the Court.

**Disputed Issue and Plaintiff's Statement:** Defendant has unilaterally narrowed the inspection demand to "agreements." Request No. 10 demands all documents evidencing the transfer of leads or lead information for the entirety of the class the period. Defendant now admits that that it uses outside parties like XenCALL who transfer "warm leads" to it—a euphemism for HIC Lead Network telemarketing in cold calling campaigns then transferring the minority who show any interest to Donisi-Jax. Regardless of the attempts to pre-argue agency, the demand seeks documents evidencing all the telemarketing "warm leads" Defendant received, not just the one involving the named plaintiff. The request is central to all class certification factors, most especially numerosity. A full response must be made, which would include all documents evidencing the lead transfers and all phone records showing the "warm transfer" telemarketing calls.

**4. Request for Production No. 11**

**Request No. 11:**

All DOCUMENTS evidencing any transfer or receipt of more than 1,000 telephone numbers to any PERSON OR entity that is not a direct employee of YOU for the period of January 28, 2014 until present.

**Response to Request No. 11:**

Defendant incorporates its general objections. Defendant objects that the Request is overly broad, unduly burdensome, oppressive, and is not proportional to the needs of this case. Defendant objects that this Request seeks certain documents that are irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that the Request is vague, ambiguous, and incomprehensible, including but not limited to the terms "evidencing," "transfer," "receipt," and "direct." Defendant further objects that the term "any PERSON" is overbroad, vague, ambiguous, and undefined. Defendant further objects to the extent this Request seeks documents that are confidential, proprietary, and/ or trade secrets. Defendant further objects to the extent that the Request seeks disclosure of documents containing information violating a third party's right to privacy. Defendant further objects to the extent this Request seeks the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Defendant responds. See Response to Request No. 10.

**Disputed Issue and Plaintiff's Statement:** In referring back to its Response to Request No. 10, Defendant fails to properly respond for the same reason. Responses must be complete in and of themselves. The requests are not limited to the named plaintiff and would include documents evidencing the lead transfers, not just agreements with a single vendor, and would include correspondence relative to those lead transfers.

**5. Request for Production No. 19**

**Request No. 19:** ALL DOCUMENTS All DOCUMENTS which evidence any agreements, contracts, terms of service or other services between YOU AND

any "call centers" for the period of January 28, 2014 until present. [For the purpose of this Request "call centers" means any third party PERSON or entity whose primary function involves making more than 1,000 outbound calls per month whether it be for sales purposes, telemarketing, or any other purpose typically involving the making of outbound calls.]

**Response to Request No. 19:** Defendant incorporates its general objections. Defendant objects that the Request is overly broad, unduly burdensome, oppressive, duplicative of Request Nos. 10-12, and not proportional to the needs of this case. Defendant objects that this Request seeks certain documents that are irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that the term "evidence" is vague and ambiguous. Defendant further objects to the definition of "call centers" as overly broad and confusing. Defendant further objects to the extent this Request seeks documents that are confidential, proprietary, and/ or trade secrets. Defendant further objects to the extent that the Request seeks disclosure of documents containing information violating a third party's right to privacy. Defendant further objects to the extent this Request seeks the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Defendant responds: See Responses to Request Nos. 10.

**Disputed Issue and Plaintiff's Statement:** In referring back to its Response to Request No. 10, Defendant fails to properly respond for the same reason. Responses must be complete in and of themselves. The requests are not limited to the named plaintiff and would include documents evidencing

1  agreements and contracts, not just agreements with a single vendor, and would

2  also include correspondence relative to those agreements that evidence them.

3  **6. Request for Production No. 20**

4  **Request No. 20:** ALL DOCUMENTS All DOCUMENTS [sic] which

5  evidence any agreements, contracts, terms of service or other services between

6  YOU AND any lead generator for the period of January 28, 2014 until present.

7  **Response to Request No. 20:** Defendant incorporates its general

8  objections. Defendant objects that the Request is overly broad, unduly

9  burdensome, oppressive, duplicative of Request Nos. 10-12, and not proportional

10  to the needs of this case. Defendant objects that this Request seeks certain

11  documents that are irrelevant and is not reasonably calculated to lead to the

12  discovery of admissible evidence. Defendant further objects that the Request is

13  vague, ambiguous, and incomprehensible, including but not limited to the terms

14  "evidence" and "lead generator." Defendant further objects to the extent this

15  Request seeks documents that are confidential, proprietary, and/ or trade secrets.

16  Defendant further objects to the extent that the Request seeks disclosure of

17  documents containing information violating a third party's right to privacy.

18  Defendant further objects to the extent this Request seeks the disclosure of

19  information protected by the attorney-client privilege and/or the attorney work

20  product doctrine.

21  Subject to and without waiving the foregoing objections, Defendant

22  responds: See Responses to Request No. 10.

23  **Disputed Issue and Plaintiff's Statement:** In referring back to its

24  Response to Request No. 10, Defendant fails to properly respond for the same

25  reason. Responses must be complete in and of themselves. The requests are not

26  limited to the named plaintiff and would include documents evidencing

27

agreements and contracts, not just agreements with a single vendor, and would also include correspondence relative to those agreements that evidence them.

**7. Request for Production No. 26**

**Request No. 26**: All DOCUMENTS evidencing all YOUR telephonic activity for the period of January 28, 2014 until present. [For the purpose of this REQUEST "telephonic activity" includes all outbound AND inbound calls.]

**Response to Request No. 26:** Defendant incorporates its general objections. Defendant objects that the Request is overly broad, unduly burdensome, oppressive, and is not proportionate to the needs of this case. Defendant objects that this Request seeks certain documents that are irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the term "evidencing" and definition of "telephonic activity" as vague and ambiguous. Defendant further objects to the extent this Request seeks documents that are confidential, proprietary, and/ or trade secrets. Defendant further objects to the extent that the Request seeks disclosure of documents containing information violating a third party's right to privacy. Defendant further objects to the extent this Request seeks the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine.

Based upon the foregoing objections, and in particular, the objection based on proportionality, Defendant will not respond to this request as presently stated. Defendant is an insurance agency incorporated on September 14, 2015. Its business is to sell insurance. Defendant contracts with third party lead vendors to provide leads to Defendants of persons who have requested to be contacted by insurance agents. For instance, Plaintiff was transferred to Defendant live by the third party live transfer lead generator, HIC Lead Network Inc. Defendant's

agreements with third party lead generators require the third parties generate leads in compliance with the Telephone Consumer Protection Act. All outbound calls made by Defendant are made to customers who have requested that a live agent call them to discuss insurance. There is thus human interaction in every outbound call by Defendant.

**Disputed Issue and Plaintiff's Statement:** The boilerplate objections are meritless. This case concerns improper telephone calls, so call records are relevant. Nor is the request for such records vague. Phone numbers are not confidential. The request seeks no privileged document and, in any event, Defendant has not provided any log supporting the privilege assertion.

Though the request is not vague or ambiguous, Plaintiff clarified that he seeks phone records like the typical monthly bills and call detail reports as well as sales lead tracking reports such as call logs kept in lead tracking databases like most sales operations use. These are neither difficult nor burdensome to produce. Defendant claims that it uses XenCALL as its cloud-based predictive dialer. According to its own advertising (https://www.xencall.com/company): "The XenCALL predictive dialer CRM delivers a rich feature list, including extensive reporting, analytics, and API-integration options, to provide you the freedom to customize a complete and modern call center solution that works best for you." Additionally, phone bills and call details sheets are prepared in normal course by a company's phone carrier and transmitted to them periodically—usually monthly. Turning over such basic records kept in the normal course of business is no major burden, and the same goes for any sales lead management information which is equally a normally kept and maintained record. In any event, since this case is case entirely about telemarketing and the records requests are the

documents showing the telephonic activity of the Defendant, any possible disproportion in effort is justified.

**Defendant's Cumulative Response to Interrogatories Nos. 3 and 4 and Request for Production Nos. 10, 11, 19, 20, and 26:**

Interrogatories Nos. 3 and 4 and Request for Production Nos. 10, 11, 19, 20, and 26 seek information concerning of <u>all</u> of Donisi Jax's incoming and outgoing calls, plus information involving any type of lead Donisi Jax has received from any lead vendor from January 28, 2014 to the present, including leads through live transfers and direct sales. Plaintiff's discovery requests are vastly overbroad and disproportionate to the needs of this case. Indeed, the requests, in essence and reality, implicate Defendant's <u>entire</u> business.

Plaintiff requests information that is also irrelevant. As the party bringing the motion to compel, Plaintiff bears the burden of demonstrating the relevancy of information he seeks. *Henderson v. United Student Aid Funds, Inc.*, No. 13cv1845-JLS (BLM), 2015 U.S. Dist. LEXIS 107342, at *7 (S.D. Cal., July 28, 2015); Fed. R. Civ. P. 26(b)(1). Plaintiff summarily claims that the information is relevant because they involve calls, and this is a TCPA case. Plaintiff fails to meet his burden.

Plaintiff was transferred to Donisi Jax <u>live</u> by one particular lead vendor, yet asks for information relating to all other lead vendors, regardless of whether those lead vendors transfer live leads, provide direct sale leads, or are even considered under the law to be agents of Donisi Jax.[2] Rule 23, which requires that

---

[2] Donisi Jax vehemently denies that any of its lead vendors are its agents. Donisi Jax's relationship with each and every one of its lead vendors are the result of arms-length business transactions, and Donisi Jax does not assert any control over the vendors. Indeed, with respect to the lead vendor that transferred Plaintiff to Donisi Jax, the contract between the parties specifically states that each party will comply with law and Donisi Jax has no right to audit the vendor.

"there are questions of law or fact common to the class" and that "the claims or defenses of the representative parties are typical of the claims or defenses of the class," supports limiting Plaintiff's requests. (Fed. R. Civ. P. 23(a)(2)-(3)). As Plaintiff was not originally contacted by Defendant, information concerning leads made through direct sale is irrelevant to Plaintiff's claim. Claims regarding calls that are transferred live to Donisi Jax involve different questions of fact than direct sales calls, and Plaintiff Moser's claim that he was called by a third party lead vendor that transferred him live to Donisi Jax are not typical to the claims involving direct sales calls. Indeed, because Plaintiff Moser was transferred live to Donisi Jax by one particular lead vendor, it is highly questionable whether information relating to transfers from any other lead vendor can be used to support a class in this case at all. The determination of whether the lead vendor that transferred Plaintiff Moser to Donisi Jax is an agent of Donisi Jax by law, will depend on entirely different questions of fact than whether any other lead vendor – live or otherwise – are agents of Donisi Jax. See *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 446 (9th Cir. 2018).

In summary, Defendant does not dispute that <u>some</u> information is properly discoverable during this class discovery period, but requests that the information be limited in light of the facts of this case and in consideration of proportionality. Discovery concerning leads made through direct sales or from any lead vendor other than the lead vendor that transferred Plaintiff Moser to Donisi Jax will not provide Plaintiff with necessary factual information he needs to prepare his motion for class certification. Any response to Interrogatories Nos. 3 and 4 and Request for Production Nos. 10, 11, 19, 20, and 26 should be accordingly limited to information concerning live leads from the same vendor that transferred

Plaintiff to Donisi Jax.[3] *See Gusman v. Compcast Corp.*, No. 13-cv-1049-GPC (DHB), 298, F.R.D. 592, at **7-11 (S.D.Cal., April 2, 2014) (denying plaintiff's request to produce all documents relating to marketing calls when the plaintiff had received collection calls); *see also Gains v. Law Office of Patenaude & Felx, A.P.C.*, No. 13cv1556-JLS (DHB), 2014 U.S. Dist. LEXIS 110162, at *12-13 (S.D.Cal., June 12, 2014) (finding plaintiff's request for production of all documents exchanged between defendant and any person relating to the procurement of telephone numbers to be overly broad and should be limited).

### 8. Request for Production No. 12

**Request No. 12:** All DOCUMENTS which evidence any payments made to any third party "call centers" for the period of January 28, 2014 until present. [For the purpose of this Request "call centers" means any third party PERSON or entity whose primary function involves making more than 1,000 outbound calls per month whether it be for sales purposes, telemarketing, or any other purpose typically involving the making of outbound calls.]

**Response to Request No. 12:** Defendant incorporates its general objections. Defendant objects that the Request is overly broad, unduly burdensome, oppressive, and is not proportional to the needs of this case. Defendant objects that this Request seeks certain documents that are irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the term "evidence" as vague and ambiguous. Defendant further objects that the term "any PERSON" is overbroad, vague, ambiguous, and undefined. Defendant further objects to the definition of "call

---

[3]   Defendant is determining what kinds of reports can be run from its subscription-based Customer Relationship Management platform (CRM) software that it uses.  If the reports cannot be created, then the requests for Defendant's call history become much more complicated.

centers" as overly broad and confusing. Defendant further objects to the extent this Request seeks documents that are confidential, proprietary, and/ or trade secrets. Defendant further objects to the extent that the Request seeks disclosure of documents containing information violating a third party's right to privacy. Defendant further objects to the extent this Request seeks the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Defendant responds: See Response to Request No. 10.

**Disputed Issue and Plaintiff's Statement:** In referring back to its Response to Request No. 10, Defendant fails to properly respond for the same reason. Responses must be complete in and of themselves. The requests are not limited to the named plaintiff and would include documents relative to any payments to third party call centers, not just agreements with a single vendor, and would include correspondence relative to those payments.

**Defendant's Response:** Defendant questions – and Plaintiff has not shown – how this information is relevant at all to establishing the issues of numerosity, commonality, typicality, and adequacy under Federal Rule of Civil Procedure 23(a). The Request should not be responded to for this reason alone.

But, as conveyed during the parties' meet and confer, the Request is not proportional to the needs of this case. Retrieving information regarding when and how payment was made and which vendor/call center was paid would extremely difficult for Defendant. Defendant transmits payment to vendors and call centers in many different ways. For example, payment may be made through direct deposit, Defendant may receive an invoice, or payment may not even be transmitted to the vendor or call center if the consumer does not ultimately

purchase an insurance policy. Defendant would need to dig through thousands of pages of bank statements and records to respond to this Request.  This burden and time-consuming exercise is exacerbated by the fact that any payments for leads that are not relevant to this issues or proposed class in this case will need to be identified and segregated out of any production.  Defendant requests that the Court not order it to respond to this Request at all on the grounds of irrelevancy and proportionality.

**9.  Request for Production No. 18**

**Request No. 18:**  All DOCUMENTS relating to YOUR internal "Do Not Call" list.

**Response to Request No. 18:** Defendant incorporates its general objections. Defendant objects that this Request seeks certain documents that are irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this Request seeks documents that are confidential, proprietary, and/ or trade secrets. Defendant further objects to the extent that the Request seeks disclosure of documents containing information violating a third party's right to privacy. Defendant further objects to the extent this Request seeks the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing objections, Defendant responds that it will produce its internal "Do Not Call" list upon the entry of a protective order by this Court.

**Disputed Issue and Plaintiff's Statement:**  The response is incomplete. The demand seeks all documents relating to this list, not merely the list itself. These would include any documents evidencing Defendant's policies and procedures for creating, maintaining, or altering the list itself.  There is no privacy

interest in phone numbers or in the list itself, which is relevant to the question of whether Defendant properly maintained a list to avoid violations of the TCPA.

**Defendant's Response:** Defendant conducts all of its training in person; internal communication is done is verbally instead of in writing; and Defendant's employees do not have work email accounts.  No responsive documents—other than the "Do Not Call" list itself—exists.

**10.Request for Production No. 24**

**Request No. 24:** All DOCUMENTS evidencing all "telephonic activity" of Michael Cugini on April 27, 2017.

**Response to Request No. 24**:  Defendant incorporates its general objections. Defendant objects that this Request seeks certain documents that are irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the term "evidencing" and definition of "telephonic activity" as vague and ambiguous. Defendant further objects to the extent this Request seeks documents that are confidential, proprietary, and/ or trade secrets. Defendant further objects to the extent that the Request seeks disclosure of documents containing information violating a third party's right to privacy. Defendant further objects to the extent this Request seeks the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Defendant responds: See Response to Special Interrogatory No. 8.

**Disputed Issues and Plaintiff's Statement**: Responses must be full and complete in and of themselves and may not reference other responses.   The response to Interrogatory No. 8 is a list of calls, and does not include documents evidencing the activity.  Further, it only includes the calls with Mr. Moser, and no

other telephonic activity of Mr. Cugini/Miller on April 27, 2017.  A full response is required, including all documents evidencing any lead transfers and, without limitation, all phone records showing the "warm transfer" telemarketing calls fielded by Mr. Cugini/Miller on that date.  Defendant must either produce the documents requested or state under oath that no such documents exist.

**Defendant's Response:** Defendant previously provided Plaintiff with details regarding telephone activity involving Plaintiff on April 27, 2017.  This information included telephone activity between Plaintiff and Michael Cugini on April 27, 2017. In addition to this information, Plaintiff is requesting that Defendant produce Michael Cugini's complete telephone activity on April 27, 2017. The requested limitation discussed above with respect to Interrogatories Nos. 3 and 4 and Request for Production Nos. 10, 11, 19, 20, and 26, if ordered, will encompass responsive information to Request No. 24.

**11.Failure To Comply With F.R.C.P. 34(b)(2)(B)(C)  –  All Requests**

**Plaintiff's Statement and Disputed Issue:**  Federal Rule of Civil Procedure 34(b)(2)(C) orders that: "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."   The Committee Notes on Rules for the 2015 Amendment state that this is the purpose for the rule: "This amendment should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections." Thus, the purpose of the rule is, of course, to discourage boilerplate privilege objections.  HII's responses repeatedly interpose objections concerning privilege, attorney work product, and privacy, but none of the responses state whether or not

any documents have been withheld based on the objections or not. Without knowing if any documents have been withheld, Plaintiff cannot assess the validity of the privilege claim. Absent the required statement whether documents have been withheld, Plaintiff cannot analyze the validity of the objection or determine whether a motion to compel is appropriate. The Responses must be supplemented to state whether any documents have been withheld and the particular objection relied upon.

**Defendant's Response:** In Defendant's Responses to Plaintiff's Request for Production, Defendant requested that Plaintiff clarify the documents he is seeking in Requests for Production Nos. 1, 3, 7, and 8. Defendant cannot definitively state whether it has any documents that are responsive to these Requests without further clarification from Plaintiff as to the specific documents he is seeking.

As to Request for Production Nos. 2 and 16, Defendant previously produced the documents Defendant has in its possession. As to Request for Production Nos. 5, 9, 10, 11, 12,13, 14, 15, 16, 17, 19, 20 and 22, Defendant previously stated that it has documents responsive to these Requests and agreed to produce these documents upon entry of a protective order by the Court.

Defendant previously stated that it does not have documents that are responsive to Request for Production Nos. 6 and 21. Request for Production No. 4 seeks documents that Defendant either does not have in its possession or has requested from a co-defendant in this case. Finally, Defendant has agreed to produce documents responsive to Request for Production Nos. 24 through 26, if Plaintiff agrees to narrow the scope of his requests to information concerning live lead transfers. Plaintiff's hyper-technical reading of Defendant's responses

should be rejected.  Defendant has satisfied its obligations under the Federal
Rules of Civil Procedure.


Dated:  August 27, 2018          By: _____*/s/ Matt Malone*_____
                                     Matt Malone
                                     mjm@rocklawcal.com
                                     Jeffrey Cereghino (SBN 099480)
                                     jbc@rocklawcal.com
                                     ROCK LAW LLP
                                     101 Montgomery Street, Suite 1800
                                     San Francisco, California  94104
                                     Telephone:  (415) 433-4949
                                     Facsimile:  (415) 520-0308

                                     Christopher J. Reichman SBN 250485
                                     chrisr@prato-reichman.com
                                     Justin Prato SBN 246968
                                     PRATO & REICHMAN, APC
                                     8555 Aero Drive, Suite 303
                                     San Diego, CA 92123
                                     Telephone: 619-683-7971

                                     *Attorneys for Plaintiff and the Proposed
                                     Class*



                                 By: __*/s/Jennifer L. Meeker*__

                                 Jennifer L. Meeker (SBN 260138)

                                 jmeeker@nossaman.com

                                 777 South Figueroa Street, 34th Floor

                                 Los Angeles, California  90017

                                 Telephone:  (213) 612-7800

                                 Fax:  (213) 612-7801

                                 *Attorneys for Defendant*

                                 *DONISI JAX, INC.*