NOSSAMAN LLP
STEPHEN P. WIMAN (SBN 54825)
swiman@nossaman.com
JENNIFER L. MEEKER (SBN 260138)
jmeeker@nossaman.com
MAYA G. HAMOUIE (SBN 321537)
mhamouie@nossaman.com
777 S. Figueroa Street, 34th Floor
Los Angeles, CA 90017
Telephone:  213.612.7800
Facsimile:    213.612.7801

Attorneys for Defendant Donisi Jax, Inc.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH J. MOSER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTH INSURANCE INNOVATIONS, INC., a Delaware Corporation, NATIONAL CONGRESS OF EMPLOYERS, INC., a Delaware Corporation, UNIFIED LIFE INSURANCE COMPANY, a Texas Corporation, COMPANION LIFE INSURANCE COMPANY, a South Carolina Corporation, DONISI JAX, INC. a/k/a NATIONWIDE HEALTH ADVISORS, a Florida Corporation, CHARLES DONISI, an individual, EVAN JAXTHEIMER, an individual, HELPING HAND HEALTH GROUP, INC., a Florida Corporation, ANTHONY MARESCA, an individual, and MATTHEW HERMAN, an individual,<br><br>Defendants. | Case No:  17-cv-1127-WQH-KSC<br><br>**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF KENNETH J. MOSER** |

## MEET AND CONFER

Pursuant to this Court's Chamber rules – Civil Procedures Section VD, and Local Rule 26.1(a), the Putative Class represented by Plaintiff Kenneth J. Moser ("Plaintiffs" or "Putative Class")[1] and Defendant Donisi Jax, Inc. ("DJI") submit the following Joint Motion For Determination of Discovery Dispute to compel further responses and production of documents to Defendant DJI's first set of requests for production of documents propounded to Putative Class representative Mr. Moser.  The parties have met and conferred on October 2, 2018, as required and defendant DJI presented its proposed Joint Motion to Plaintiffs five business days prior to its filing.

## DEFENDANT DONISI JAX, INC.'S INTRODUCTION

Defendant DJI initiated this motion to compel Plaintiff's further responses and documents to Defendant's first set of requests for production of documents directed to class certification. Plaintiff provided very little by way of substantive responses and documents, interposing boilerplate objections. As described in greater detail below, the requests seek information and documents relevant to Plaintiff's prospective motion for class certification. Defendant DJI also addresses below Plaintiff's myriad of boilerplate objections.  For the reasons set forth herein, Defendant DJI respectfully requests that the Court grant the motion and compel further responses and documents to the requests for production of documents.[2]

---

[1]     Defendant DJI's arguments in this Motion are directed towards the person responsible for responding to Defendant DJI's Request for Production. Accordingly, Defendant DJI uses the singular form of Plaintiff throughout DJI's portion of the Motion.

[2]     Defendant DJI's first set of request for production of documents and Plaintiff's response thereto are attached to the Meeker Declaration, as Exhibits "1" and "2," respectively.

- 2 -     Case No. 17-cv-1127-WQH-KSC

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.

56683946.v1

# THE PUTATIVE CLASS' INTRODUCTION

The Putative Class representative Mr. Moser, a private individual, produced around 1000 pages of documents including detailed notes on each of the 232 calls Defendants made to Mr. Moser as well as 39 call recordings and one video of an HII employee singing the praises of using of autodialers.   In comparison, Donisi Jax, Inc., a corporate enterprise with over 50 employees has, to date, produced a grand total of 22 pages of documents but has characterized Plaintiffs production as being skimpy and Plaintiffs' detailed paragraphs-long objections as boilerplate.   Mr. Moser's responses have been thorough and the only major bone of contention here is Defendant's attempts to go fishing through Mr. Moser's small claims cases seeking protected details about other TCPA cases completely unrelated to the illegal calls at issue in this case.

Defendant claims this fishing expedition that must inevitably upset contractual privacy obligations in private settlement agreements is relevant and proportional to class typicality.   Typicality asks whether the claims and defenses applicable to the representative are similarly applicable to the class.  The problem here is that the Defendant wants to evade stating which particular claim or defense they think is applicable to Moser but not any other class member, and instead to paint him as "professional plaintiff".   Defendant evades stating the defense with particularity because there is no "professional plaintiff" defense and no legitimate legally recognized TCPA defense for doing exactly what Congress encouraged with a $500 statutory damages award, suing junk callers.

In addition, due to the length of Defendant's brief and the complexity of the arguments advanced by both parties, Mr. Moser requests that the Court permit oral argument or at least a in person meeting to discuss these issues prior to any ruling.

///

Case No. 17-cv-1127-WQH-KSC

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.

56683946.v1

# REQUESTS FOR DOCUMENTS
# AND THINGS AND RESPONSES AT ISSUE
# AND RESPECTIVE ARGUMENTS OF THE PARTIES

**REQUEST FOR PRODUCTION NO. 1:**

All complaints in any LAWSUIT in which MOSER claimed a violation of the TCPA from 2008-2018.

**RESPONSE TO REQUEST NO. 1:**

Responding Party objects that the Request is vague and ambiguous, overbroad, irrelevant, unduly burdensome, and not proportional. The request is vague and ambiguous in its terminology which is compounded by the improper attempt to define terms past their ordinary plain meaning. The Request is overbroad as to time and scope not being limited to the class period. The Request seeks information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. The request is unduly burdensome in seeking information that is equally available, irrelevant or of little relevance at significant cost to Responding Party in money and/or time. The Request seeks information whose relevance is not proportional to the cost and effort of obtaining it.

Plaintiff stands on all objections above and cannot answer the request as asked because, for just one example, it is seeks information not relevant to the TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. Documents are withheld on the basis of these objections.

*DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:*

There are a number of deficiencies with respect to Plaintiff's response. Defendant DJI addresses them as follows:

**1.    The information that the request seeks is within the zone of discovery relevance.** Request for Production No. 1 and Request for Production 2 through 58, are each relevant to class certification and proportional to the needs of the case.    Fed. R. Civ. P. 26(b)(1).    In this particular respect, the court possesses broad discretion when determining relevancy for discovery purposes. *See Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).    Those opposing discovery are "required to carry a heavy burden of showing" why discovery should be denied.    *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975).

Plaintiff admitted at his deposition that he had filed **in excess of 100 lawsuits** involving claims under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA"):

> Q. [By Mr. O'Donnell, counsel for defendant Health Insurance Innovations, Inc.] Now lawsuits, whether you filed them on your behalf or on -- or with the help of an attorney how many TCPA related cases have you been involved in?
>
> MR. REICHMAN: Relevance. Objection relevance and asked and answered. Go ahead and answer.
>
> THE WITNESS: Including this case, two in federal court dating back to approximately 10 years.  I know I've filed five fax cases and two robodial cases in superior court some of which I had co-plaintiffs with.  And then numerous small claims actions.
>
> BY MR. O'DONNELL:

Case No. 17-cv-1127-WQH-KSC

1        Q.  So 50 or more?

2        MR. REICHMAN:  Objection; relevance.   Go ahead and

3    answer.

4        THE WITNESS:  I believe including the small claims actions,

5    it's over a hundred.

6    (See Meeker Decl., Exhibit "4" (Plaintiff's Deposition Transcript, pp. 154-155)).

7        The fact that Plaintiff filed in excess of 100 TCPA lawsuits is relevant to

8    his ability to represent a putative class of TCPA claimants.  In *Nghiem v. Dick's*

9    *Sporting Goods, Inc.*, 318 F.R.D. 375 (C.D. Cal. 2016), the district court denied

10   the plaintiff's motion to certify a TCPA class because (a) the plaintiff's claims

11   were not typical and (b) the plaintiff would not fairly and adequately protect the

12   interests of the class. *Id.* at 381-84.

13       As to typicality, the court held that the plaintiff is no ordinary class

14   representative for a TCPA action.   The plaintiff was a plaintiffs' attorney

15   specializing in consumer and debtor disputes.   *Id.* at 381.   He represented

16   plaintiffs in TCPA cases on at least six occasions.  *Id.*  He opted into a number of

17   mobile alerts and text messaging promotional campaigns.   The plaintiff's law

18   firm employer transmitted five demand letters to the defendants on behalf of four

19   different clients. *Id.* at 382.  Following these demand letters, the plaintiff opted

20   out of the defendants' text message program. *Id.*

21       On these facts, it appeared to the district court that one of the key issues

22   will be whether the plaintiff opted in and out of the defendants' mobile alerts

23   program in good faith and whether he suffered any invasion of privacy

24   whatsoever. *Id.* at 382.  Most significant to the court was the purpose and history

25   of the TCPA.  Quoting *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954

26   (9th Cir. 2009), the court observed that such purpose and history "indicate that

27

28

1  Congress was trying to prohibit the use of [automatic telephone dialing systems] .

2  . . in a manner that would be an *invasion of privacy*." *Nghiem*, 318 F.R.D. at 382.

3      On this point, the court was concerned that the *Nghiem* plaintiff could not

4  "in fact have suffered an invasion of privacy if he signed up for DSG's mobile

5  alerts program for the specific purpose of finding a TCPA violation that could

6  support a lawsuit." *Id.* As the court noted, "Defendants will continue to dispute

7  whether Nghiem opted in and out of [the defendant's] mobile alert program in

8  good faith and if he suffered any invasion of privacy whatsoever." *Id.* According

9  to the court, the major focus of the litigation would be on issues unique to the

10  plaintiff and not on the claims of the class. *Id.* at 382-83. "Consequently, the

11  Court finds that [the plaintiff's] claims are not typical of the class as is required

12  by Rule 23(a)." *Id.* at 383.

13      Concerning the adequacy of the plaintiff protecting the interests of the

14  putative class members, the court ruled that "[the plaintiff] cannot fairly and

15  adequately protect the interests of the class as is required by Rule 23(a)." *Id.* at

16  383.  In the view of the court, the plaintiff and his counsel "will have to devote

17  most of their time and resources trying to refute Defendants' attacks on his

18  character and his motivations for filing and litigating [the] lawsuit." *Id.*; *see also*

19  *Telephone Science Corp. v. Asset Recovery Solutions, LLC*, No. 15-CV-5182,

20  2016 U.S. Dist. LEXIS 104234, at *46-*53 (N.D. Ill. Aug. 8, 2016) (holding that

21  professional plaintiffs do not have standing to sue under the TCPA); *CE Design*

22  *v. King Architecture Metals, Inc.*, 637 F.3d 721, 723, 727-28 (7th Cir. 2011)

23  (finding plaintiff's status as a serial litigant (150 TCPA cases) could be relevant

24  to his ability to serve as a class representative); *Sherman v. Yahoo, Inc.*, Case No.

25  13cv0041-GPC-WVG, 2015 U.S. Dist. LEXIS 127809 (S.D. Cal. Sep 23, 2015)

26  (finding that the plaintiff did not meet the adequacy and typicality requirements

27

28

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

1  when he had a history of settling putative class action lawsuits, including TCPA

2  cases, prior to certification).

3      *Stoops v. Wells Fargo Bank, N.A.*, 197 F.Supp.3d 782 is also instructive.

4  In *Stoops*, the court viewed the plaintiff as a professional TCPA complainant who

5  had filed nine TCPA lawsuits and acquired over 35 to 40 cell phone numbers to

6  facilitate her suits. *Id.* at 787-89, 798-800. On these facts, the court held that the

7  plaintiff had no standing to sue on TCPA claims. First, she had no constitutional

8  standing because her concocted suits did not demonstrate injury-in-fact. *Id* at

9  803. Second, the plaintiff lacked prudential standing because she did not have

10  the sort of interest in privacy, peace and quiet that Congress intended to protect

11  under the TCPA. *Id.* at 805-06.

12      With regard to *Stoops* and the issue of standing, standing is relevant to

13  class certification. It is black-letter law that a court will not certify a class if the

14  representative plaintiff lacks standing to sue in his or her own name. *Lee v.*

15  *Oregon*, 107 F.3d 1382, 1390 (9th Cir. 1997) ("If the litigant fails to establish

16  standing, he may not seek relief on behalf of himself or any other member of the

17  class." (citation omitted)).

18      Here, the source and amount of Plaintiff's income from TCPA suits, the

19  number of TCPA suits and information regarding them all relate to class

20  certification issues, namely, whether he has standing to pursue them, whether his

21  claims are typical of putative class members and whether he can adequately

22  represent and protect putative class member interests. Over and above, Request

23  for Production No. 1 and Request for Production Nos. 2 through 12, 17 through

24  22, 27 through 32, 36 through 46, and 51 through 57 seek information concerning

25  Plaintiff's involvement in TCPA litigation, success in TCPA litigation, income

26  from TCPA litigation, phone numbers involved in TCPA litigation, information

27  regarding his service providers, efforts logging phone calls, text messages, and

28

- 8 -

                  Case No. 17-cv-1127-WQH-KSC

faxes subject to TCPA litigation, motive for purchasing a fake health insurance policy, motive for determining the relationship between Defendants, and internet browsing history related to anything subject to TCPA litigation. In short, the requested information is relevant to the questions of whether Plaintiff is a professional plaintiff whose claims are typical of a putative class and whether Plaintiff can be an adequate representative to protect the interests of the putative class.

Additionally, Request for Production No. 47 seeks information regarding whether Plaintiff granted consent to any of the Defendants for calls or text messages and whether Plaintiff ever revoked that consent. Whether Plaintiff consented and/or revoked consent is also relevant to whether his claims are typical of a putative class. Consent in a TCPA case is a matter of affirmative defense. *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017). *See also Saulsberry v. Meridian Financial Services Inc.*, Case No. CV 14-6256 JGB (JPRx), 2016 WL 3456939 (C.D. Cal. Apr. 14, 2016) (finding that the plaintiff was not typical of the class and no longer fell within the TCPA class definition, because he provided prior consent to receive calls from the defendant). If Defendants possess an affirmative defense to Plaintiff's claim, that presents a serious argument against certification of a putative class containing members who are not subject to such a defense. More specifically, one is not an adequate class representative if he is subject to defenses that do not apply to the rest of the class. *Ngheim*, 318 F.R.D. at 383. Consent is thus very much a relevant issue to class certification.

In papers filed in connection with a pending joint motion on discovery filed on September 25, 2018 by Defendant Health Insurance Innovations ("HII") and Plaintiff, Plaintiff argued that *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037 (9th Cir. 2017) allegedly "superseded" *Ngheim*. However, *Van*

- 9 -

1   *Patten* nowhere refers to *Ngheim*. Furthermore, *Ngheim* involved a motion for

2   class certification, while *Van Patten* did not. More directly, *Van Patten*, a

3   standing case, did not involve a professional or habitual TCPA litigant,

4   particularly in the context of a motion for class certification. There was no

5   discussion in *Van Patten* whether a professional or habitual TCPA litigant's

6   claims were typical of a putative class or whether such a litigant could adequately

7   represent and protect the interests of the putative class.

8          In that same September 25, 2018 filing, Plaintiff referred to *Stoops v. Wells*

9   *Fargo Bank, N.A.*, 197 F.Supp.3d 782, which Defendant DJI discussed above.

10  Plaintiff simply states that *Stoops* is "just off point" because, unlike the plaintiff

11  in *Stoops*, he (Moser) did not want any calls. Thus, it appears that Plaintiff

12  concedes (as least in some contexts as in *Stoops*) a professional or habitual TCPA

13  litigant will not be able to pursue TCPA claims – which was the result in *Stoops*.

14  With such a concession, it is apparent that discovery into the issue of whether

15  Plaintiff here is a professional or habitual TCPA litigant (having filed over 100

16  TCPA actions) is appropriate and relevant. Defendant DJI is not obliged to take

17  at face value Plaintiff's statement that he did not want to receive telephone calls.

18  Surely, Defendant is entitled to test - through discovery - the veracity of that

19  assertion – such as exploring in detail Plaintiff having filed in excess of 100

20  TCPA lawsuits.

21         Plaintiff argued in the September 25, 2018 filing that the cases of *Murray*

22  *v. GMAC Mortgage Corp.*, 434 F.3d 948 (7th Cir. 2006) and *Cunningham v.*

23  *Rapid Response Monitoring Services, Inc.*, 251 F.Supp.3d 1187 (M.D. Tenn.

24  2017) undercut the holdings of *Nghiem* and *Stoops* above, that a serial TCPA

25  litigant such as Plaintiff here could not represent a class or have standing that

26  would allow him to represent a putative class of TCPA complainants. *Murray*,

27  however, is not a TCPA case. It was a claim under the Fair Credit Reporting Act,

28

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

15 U.S.C. § 1681 et seq. and is inapposite to an analysis under the TCPA. More specifically, unlike *Nghiem,* there was no analysis in the class certification context comparing any purported lack of privacy interest on the part of the *Murray* plaintiff to the privacy interests of putative *Murray* class members.

Like *Stoops,* the *Cunningham* case is a TCPA standing case. *Cunningham* declined to follow the approach of *Stoops* and held that the plaintiff there possessed standing. *Cunningham* did not involve a motion to certify a putative class and did not discuss whether the plaintiff's claim was typical of the class and whether the plaintiff would be an adequate representative. Nothing in the *Cunningham* opinion suggests that plaintiff filed the suit as a class action. It is one thing to rule that a plaintiff may pursue his TCPA claims regardless of being a serial TCPA litigant; it is quite another to conclude that such a plaintiff has claims typical of a putative class and could adequately represent and protect the class. As noted above, that a plaintiff does not have individual standing is a reason to deny class certification. However, the obverse is not true. That a plaintiff has individual standing does not ipso facto mean that his claims meet the standard for class certification, i.e., that they are typical or that the plaintiff can adequately represent and protect putative class members. In sum, neither *Murray* nor *Cunningham* provide any justification for Plaintiff refusing to respond to discovery related to his 100 plus TCPA lawsuits and monies derived therefrom.

**2.     Plaintiff's objection that the requests are overbroad as to time and scope not being limited to the class period is not well founded.** In his first amended complaint, Plaintiff attempts to allege two subclasses each receiving calls from January 28, 2015 to the present. He has inserted an objection that Defendant DJI's requests are "not limited the class period." What Plaintiff means by this objection is unclear. If he is asserting that Defendant DJI may only inquire into facts **occurring during** this time period, the Court should reject his

1   objection.  As set forth in section 1, above, Plaintiff's conduct in filing in excess

2   of 100 TCPA lawsuits is relevant to issues related to class certification.   The

3   relevance of the filing of such lawsuits and Plaintiff's compensation through such

4   lawsuits is in no way logically limited to Plaintiff's defined "class period."  Each

5   of those suits is fair game for inquiry.

6          **3.       The Court should reject Plaintiff's boiler-plate objections.**  Here,

7   the responses to this request and each of the other requests are boilerplate.  In this

8   regard, where "the responding party provides a boilerplate or generalized

9   objection [to discovery], the 'objections are inadequate and tantamount to not

10  making any objection at all.'"  *Makaeff v. Trump University, LLC* No. 10-CV-

11  0940-GPC (WVG)), 2013 U.S. Dist. LEXIS 34974, at *19 (S.D. Cal. March 12,

12  2013) (citing *Walker v. Lakewood Condominium Owners Associations*, 186

13  F.R.D. 584, 587 (C.D. Cal. 1999)); *see also Lofton v. Verizon Wireless (VAS)*

14  *LLC* 308 F.R.D. 276, 280 (N.D. Cal. 2015) ("all grounds for objections to

15  [discovery] must be stated with specificity . . . .").  As the court stated in *Walker*

16  *v. Lakewood Condominium Owners Association*, "[b]oilerplate, generalized

17  objections are inadequate and tantamount to not making any objection at all." 186

18  F.R.D. at 586-87. *See also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*,

19  894 F.2d 1482, 1485 (5th Cir. 1990) (finding that objections to document

20  discovery requests were overly broad, burdensome, oppressive, and irrelevant

21  were insufficient to meet objecting party's burden of explaining why discovery

22  requests were objectionable); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108,

23  1121 (3d Cir. 1986) (stating that an objecting party's required showing of a

24  particularized harm is likely to occur if the requesting party obtains the

25  information that is the subject of the particular objections; generalized objections

26  are insufficient).

27

28

**4.     The Court should reject Plaintiff's objection that the requests are "equally available" to Defendant.** Plaintiff objects to this request as unduly burdensome because the information is "equally available" to Defendant. Plaintiff's "equally available" objection is without merit. *See Brill v. Napolitano*, No. CV 09-0421-PSG(RCx), 2010 WL 11512400 (C.D. Cal. 2010) (ordering plaintiff to produce documents in her possession, custody, or control, regardless of whether she believed that defendant already had the documents).

Furthermore, Plaintiff fails to identify which documents he is withholding in his responses pursuant to Rule 34(b)(2)(C) of the Federal Rules of Civil procedure. *See* Fed. R. Civ. P. 34(b)(2)(c) ("An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."). *See also Tyler v. City of San Diego*, No. 14-cv-01179-GPC-JLB, 2015 U.S. Dist. LEXIS 56309 (S.D. Cal. Apr. 29, 2015) (denying defendant's objection that documents were "equally available" to plaintiff when defendant failed to identify which documents were being withheld and did not set forth how production of the documents that were within the defendant's custody and control were burdensome and oppressive). Plaintiff's objection that the documents are "equally available" to Defendant should accordingly be disregarded.

**5.     The Court should reject Plaintiff's objection/complaint regarding use of definitions in the requests for production. Plaintiff interjected the following objection to each of the fifty-eight requests for production:** "The request is vague and ambiguous in its terminology which is compounded by the improper attempt to define terms past their ordinary plain meaning." However, a review of the definitions Defendant DJI uses in the request for production reveals that they are not lengthy or unusual. Defining "YOU" and "YOUR," "RELATING TO," and "DEFENDANT" is common

- 13 -

1  practice.  Additional definitions specifically tailored to the particular case such as

2  defining "TCPA" as the "Telephone Consumer Protection Act of 1991,

3  "LAWSUIT,"  "MOSER  BUSINESSES,"  "OPERATED,"

4  "TELECOMMUNICATIONS  SERVICE,"  AND  "INTERNET  SERVICE

5  PROVIDER" are hardly burdensome and in fact assist in making it clear what the

6  request for production seek by way of information. It is noteworthy, as set forth

7  in Exhibit "3" to the Meeker Declaration, that Plaintiff in his request for

8  production propounded to Defendant DJI included numerous definitions.

9  Plaintiff's crying over Defendant DJI's definitions is nothing more than shedding

10  crocodile tears.

11

12  ***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO***

13  ***COMPEL A FURTHER RESPONSE AND PRODUCTION:***

14

15  **1. The evidence sought is not relevant to any recognized claim or defense.**

16       Defendant breathlessly reports Mr. Moser filed over 100 TCPA lawsuits.

17  Mr. Moser confirms he has sued over 100 junk callers just like the Defendants in

18  this case.  Mr. Moser sincerely hopes it has helped curb the plague of illegal junk

19  telemarketing that has run so rampant in America.  Telemarketing complaints to

20  the FTC and FCC are the number one and two complaints to all federal

21  government agencies by a long, long margin with an average of 375,000

22  complaints to the FTC and 185,000 to the FCC **every single month** in 2017. *See,*

23  FTC Biennial Report to Congress Re Do Not Call Registry, December 2017,

24  available at https://www.ftc.gov/reports/biennial-report-congress-under-do-not-

25  call-registry-fee-extension-act-2007-operation. In comparison to the 4.5 million

26  junk telemarketing complaints sent directly to the FTC in 2017, the FTC

27  Consumer Sentinel report records only 2.7 other consumer complaints across all

28

- 14 -                    Case No. 17-cv-1127-WQH-KSC

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

categories and that includes reports filed with all other federal, state, and local agencies.   FTC Consumer Sentinel Data Book 2017, available at https://www.ftc.gov/policy/reports/policy-reports/commission-staff-reports/consumer-sentinel-network-data-book-2017/main.

Defendant much more quietly fails to identify which particular element or affirmative defense makes the prior lawsuits and confidential settlements relevant.  It is not relevant to any TCPA element at issue: 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer.  It is not relevant to the lone statutory defense, whether the sender had "prior express written consent".  47 C.F.R. § 64.1200(f)(8).  Prior lawsuits and settlements cannot be relevant to Article III standing since the Ninth Circuit has ruled calls that violate the TCPA de facto invade the privacy interest the law was enacted to protect.  *Van Patten v. Vertical Fitness*, 847 F.3d 1037 (9th Cir. 2017) ("*Van Patten*").

a) *Van Patten* is binding Circuit Court authority, *Ngiehm* is based on a poor analogy to a different law with different statutory defenses.

Defendant, still without identifying any particular defense, cites to a pair of outlier District Court decisions in *Ngiehm v. Dicks Sporting Goods, Inc.*, 318 F.R.D. 375, 378 (C.D. Cal. 2016) ("*Ngieham*") and *Stoops v. Wells Fargo Bank, N.A.* 197 F.Supp.3d 782 (W.D. Penn. 2016) ("*Stoops*").  Both of these lower court cases were decided without the benefit of later Ninth Circuit binding authority directly on point in *Van Patten*.  The Ninth Circuit has held and repeatedly re-affirmed that a TCPA violation creates standing, without need to show any other injury other than the inherent privacy intrusion in the unwanted call.  "Unsolicited telemarketing phone calls or text messages, **by their nature**, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging

1    a violation under the TCPA "need not allege any *additional* harm beyond the one
2    Congress has identified." *Van Patten*, 847 F.3d at 1043 (emphasis added).  "The
3    district court erred in concluding that Romero lacked standing under Article III to
4    bring a TCPA claim. The district court did not have the benefit of *Van Patten v.*
5    *Vertical Fitness Group,* [], in which we held that 'a violation of the TCPA is a
6    concrete, *de facto* injury.'"   *Romero v. Department Stores Nat'l Bank*, ___
7    F.Appx ____, 2018 WL 1079728 (2018) (nonpublished).         The
8    Ninth Circuit across various different panels has consistently reminded lower
9    courts that the TCPA standing issue was "conclusively resolved" by *Van Patten*.
10   *See, e.g.*, *Silver v. Pennsylvania Higher Ed. Assist. Agency*, 706 Fed.Appx 369,
11   371 FN1 (2017) (nonpublished).

12         In a lower court ruling before *Van Patten* was decided and reinforced
13   repeatedly, *Ngieham* declined to certify a class on typicality grounds because the
14   class representative had filed other suits and the court feared that the defensive
15   claims that he was money-motivated to receive calls would overwhelm class
16   issues.  *Ngieham* relied on 9th Circuit securities case "strike suit" law now shown
17   to be inapplicable since the Ninth Circuit has held that the economics are
18   irrelevant to TCPA standing where only privacy intrusion matters.   Also, the
19   logic of *Ngieham* is based on analogy to securities lawsuits, which have special
20   statutory defenses that were enacted in the Private Securities Litigation Reform
21   Act, and there is no analog statute or such defenses in TCPA law.   Finally,
22   *Ngieham* court also did not address 7th Circuit's *Murray v. GMAC Mortg. Corp.*,
23   434 F.3d 948 (7th Cir. 2006) nor *Cunningham v. Rapid Response Monitoring*
24   *Services, Inc.*, 251 F.Supp.3d 1187, 1195-96 (M.D. Tenn. 2017), which both
25   expressly reject the validity of the so-called 'professional plaintiff' attack, with
26   the latter even saying, "Litigation is not college athletics: there is no 'amateurs
27   only' rule".   Where the holding of *Ngieham* has been since superseded by the
28

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

1   Ninth Circuit and the argument by analogy therein is questionable at best and has
2   been repudiated by other circuits, this single offbeat district court ruling cannot
3   justify the sweeping and disproportional discovery requested.

4           In *Stoops*, the district court held that where the plaintiff admitted in
5   deposition that she wanted the violative calls, she lacked a concrete injury for
6   standing.  Mr. Moser has already alleged in the FAC and stated under oath in his
7   deposition that he did not want any of the HII calls, so this case is just off point,
8   and in this circuit where privacy intrusion is the sole requirement for standing,
9   cannot justify any further discovery.  Furthermore *Stoops* is notable for the large
10  and diverse number of district Courts which have declined to follow or
11  distinguished it in the short time since it was published.  *See, c.f., Cunningham v.*
12  *Rapid Response Monitoring Services, Inc.*, supra; *Mey v. Venture Data, LLC*,
13  245 F.Supp.3d 771, (N.D.W.V. 2017); *Glasser v. Hilton Grand Vacations*
14  *Company, LLC*, 2017 WL 34823 (M.D.Fla. 2017); *JT's Frames, Inc. v. Casares*,
15  2018 WL 835225 (N.D.Ill. 2018); *Jones v. Experian Information Solutions*, 2016
16  WL 8679218 (D.Mass. 2016); *Morris v. Unitedhealthcare Insurance Company*,
17  2016 WL 7115973 (E.D.Tex. 2016); *Sandusky Wellness Center, LLC v. MedTox*
18  *Scientific, Inc.*, 250 F.Supp.3d 354 (D.Minn. 2017); *Greenley v. Laborers' Int'l*
19  *Union of North America*, 271 F.Supp.3d 1128 (D.Minn 2017); *Zondlo v. Allied*
20  *Interstate, LLC*, 290 F.Supp.3d 296 (M.D.Pa. 2018); *Abramson v. Oasis Power*
21  *LLC*, 2018 WL 4101857 (W.D.Pa. 2018).

22          Finally, even if it were not binding authority in and of itself *Van Patten*
23  follows a long line of established Supreme Court authority.  In the seminal *Lujan*
24  *v. Defenders of Wildlife*, 504 U.S. 555, 561-562 (1992), the Court held that where
25  "plaintiff is himself an object of the action (or forgone action) at issue" then
26  "there is ordinarily little question that the action or inaction has caused him
27  injury. . . "  The *Van Patten* decision is just another in a long line since then
28

Case No. 17-cv-1127-WQH-KSC

holding that standing is easily established in regular cases where the plaintiff is the object of defendant's alleged action.  Standing really only comes into play as a disputed issue when the plaintiff is not the direct object of the defendant's misconduct.  *See*, *e.g.*, *Spokeo v. Robbins*, 136 S.Ct. 1540 (2016) (plaintiff claiming report to third party credit agency harmed him); *U.S. v. Hays*, 515 U.S. 737, 745 (1995) (plaintiffs who did not live in the district at issue in case about redistricting).

*Van Patten* is clear that invasion of privacy is the only harm that Moser must show for standing.  Evidence of economic harm is not required nor relevant.  Defendant's claim that they wish to attack invasion of privacy by showing that Mr. Moser took statutory damages is patently ridiculous when the incentive Congress created to encourage private citizen enforcement is statutory damages,  By their logic, every member of the class who takes the money Congress authorized would be disqualified to represent the class because they took the money.  Whether Mr. Moser profits in the exact way Congress incentivized him to do has no bearing on whether junk calls annoy, thousands of litigants every day across all forms of lawsuits happily take damages after suffering the damages at issue in the lawsuit.


b.) No relevant defense means no typicality/adequacy issue.

Defendant has the benefit of reading the Putative Class' argument on essentially the same issue in a discovery dispute filed by their Co-Defendant HII and tries to argue around the binding authority disfavoring Defendant's lower court decisions.  Defendant argues that the *Van Patten* decision that standing is "de facto" in TCPA cases and the Seventh Circuit *Murray v. GMAC Mortg. Corp.* decision that there is no such thing as a "professional plaintiff defense" were decisions on the merits of defenses, not on class certification.  Defendant is

1   trying to slip past the fatal problem that typicality and adequacy cannot be

2   attacked by claiming that there is an individualized defense if that defense does

3   not actually exist.  The Ninth and other circuits have authoritatively held that the

4   so-called "professional plaintiff" standing defense does not exist.

5        Typicality requires that the "the claims or defenses of the representative

6   parties are typical of the claims or defenses of the class." F.R.C.P. 23(a)(3).  It

7   does not say arguments about defenses that have been disavowed by higher

8   courts  must be typical across the class.  Adequacy is off-point here, and is really

9   only in raised because the *Ngieham* reiterated its typicality holding in the

10  adequacy section of that decision.  While commonality, typicality and adequacy

11  requirements "tend to merge", the standard analysis of adequacy focuses on

12  ensuring the representative has no conflicts of interest with the class and is

13  competent to oversee the class counsel.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S.

14  338 FN5 (2011) ("tend to merge"); *Amchem Prods., Inc. v. Windsor*, 521 U.S.

15  591, 625 (1997) (adequacy serves to uncover conflicts of interest);  *Berger v.*

16  *Compaq Computer Corp.*, 257 F.3d 475 (5th Cir.) (adequacy requires

17  representative to possess sufficient level of knowledge to be capable of

18  "controlling" and "prosecuting" case).   These inquiries are off-point to the

19  analysis of the typicality of the claims and defenses, which is yet another problem

20  with *Ngieham*, which is the Defendant's sole non-binding case for its argument.

21  Regardless of *Ngieham* slightly misstating the prong, the analysis is unchanged—

22  since the alleged underlying defenses do not actually exist, they cannot support

23  an attack on typicality nor any other class factors.

24

25  **2. Defendant's Request Is Not Proportional To The Needs Of The Case.**

26        As discussed above at length, the evidence sought is not relevant to any

27  defense recognized by any authoritative higher court, and therefore the need is

28

- 19 -                    Case No. 17-cv-1127-WQH-KSC

not proportional to any effort. Collecting the information would require many work-hours of clerical effort just to gather the documents, far more to review all these documents for lawyer privilege issues, more still to review for problems with confidentiality clauses in private settlements, and even more hours of professional review to determine how to comport with the notice requirements of confidentiality clauses if the Court were to require such disclosure. This extraordinary effort and cost would not even be justified if there were such a defense since the number of cases is a matter of public record as are most of the documents in these cases, and Defendant can try to paint Mr. Moser as greedy for justifiably suing after receiving hundreds of time sucking junk calls with these numbers and documents just like they have done in this motion.

And the same is doubly true as to private settlements that involve the rights of third parties uninvolved in this case. Since it is possible Defendant may be making a good faith argument for a change in controlling law, we argue that such a burdensome production is not proportional to such a low probability argument.

Defendant's argument in their section 4 is mistaken, the equal availability of documents speaks squarely to the proportion of the production burden to the needs of the case. The third proportionality factor listed in Rule 26(b)(1) is "the parties' relative access to relevant information". Defendant's case citation saying there is no independent 'equally available' objection was decided five years prior to the inclusion of proportionality into Federal Rule of Civil Procedure 26. *See also*, F.R.C.P. 26(b)(2)(C)(i) ("the must limit the [] extent of discovery otherwise allowed by these rules [] if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"). Proportionality places the relative access to the information squarely in issue. There is no good reason for the Court to order Mr. Moser to search for and

- 20 -

Case No. 17-cv-1127-WQH-KSC

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

1    produce at his considerable expense documents which are equally available to

2    Defendant or anybody else on the San Diego Superior Court website.

3              Furthermore, in this case the current discovery phase is for issues related to

4    class-certification.  Defendant in its arguments admits they have ample evidence

5    of Mr. Moser's actions in pursuing multiple TCPA actions and the number of

6    such actions already.  If any Court had accepted the "professional plaintiff"

7    defense, the evidence they have used here about 100 small claims cases is

8    sufficient to argue Mr. Moser files many cases at the class certification phase.

9    This is not trial and complete evidence is not needed by any party to carry its

10   class certification burdens. Defendant has not provided any useful argument or

11   information as to why they need the specific case documents for class-

12   certification at this time and why that need is greater than the immense burden

13   this production will have on Mr. Moser to produce public documents.

14

15   **3. The request is overbroad generally and overbroad as to time.**

16              The request facially seeks every litigation document over a ten year period

17   without any limitation for privilege or settlement agreement confidentiality,

18   which are obvious issues.  And the ten year period is untethered to the class

19   period or any rational reason why it relates to the class period other than being a

20   round number.

21              Furthermore, even if Defendants were entitled to such discovery, the

22   burden of production would almost certainly be ameliorated by common-sense

23   limitations.  While Defendant makes hay as to the number of lawsuits in which

24   Mr. Moser successfully prosecuted claims against junk telemarketers just like

25   Defendant here, they ignore the fact that where large numbers are involved

26   Courts commonly to use aggregate numbers, reports, and/or sampling to reduce

27   evidentiary burdens, especially where attorney privilege and third party

28

- 21 -                     Case No. 17-cv-1127-WQH-KSC

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

confidentiality issues are obvious and apparent.   Not only is the request irrelevant, overbroad generally and overbroad as to time, it is far afield from logical narrowing and should not serve as the basis for any production.   Once attorney-client communications, work product, and third party documents covered by contractual confidentiality are excluded, all that is left is the publicly filed documents, which are equally available to Defendants from court websites as discussed above.

### 4.  The request cannot use special definitions to twist plain meaning.

Defendant has attempted to include a list of special definitions.   These definitions are overbroad, and unduly burdensome and in many cases would make the request they are used in massively compound, rendering any simple response impossible.  *Mitchell v. National R.R. Passenger Corp.,* 208 FRD 455, 458, fn. 4 (DC Dist., 2002).  For example, the proposed special definition of "MOSER BUSINESS(ES)" would cover any entity in which Mr. Moser ever owned any interest including through 401(k) plans and the like which falls far outside the usual definition of a business owned by a person.  And the proposed definition of "RELATING TO" includes a laundry list of 22 thesaurus entries, which by the time they are concluded would make literally anything "relate to" anything else, and thus render the request meaninglessly unbounded.

Defendant tries to make a false equivalence claiming Plaintiffs' also used "numerous" special definitions.   Apparently three very short explanations for YOU, AND/OR, and DOCUMENT—specifically referencing the F.R.C.P 34 definition and not trying to expand it—in "numerous" in Defendant's mind. There is no equivalence, Plaintiffs are not trying to define 15 special terms and expand them past any rational plain meaning understanding of the words.

While Defendant here is not the most egregious abuser of defined terms

and Plaintiffs are far from "shedding tears" of any sort, any order from this Court requiring further production should state that no special definitions apply and the words are to be given plain ordinary meaning.

**5. The Objections Are Far From Boilerplate.**

While it has become vogue for every litigant to characterize any objection used more than once as boilerplate, this ignores the facts of the cases they cite. The prime citation in claiming "boilerplate" is *Cipillone v. Liggett Group*, 785 F.2d 1108 (3rd Cir.), which does not make a lot of sense given that the focus of that decision concerns the burden of persuasion on parties seeking protective orders, and it gives no objection text nor mentions 'boilerplate'. And *Walker v. Lakewood Condominium Owner's Ass'n*, 186 F.R.D. 584 (C.D. Cal. 1999), is deciding a dispute about whether unanswered interrogatories count towards the limit, not anything to do with any specific objection. And in *McLeod, Alexander, Powell & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484 (5th Cir. 1990), the decision was that literal one word objections were insufficient: "Defendant's *most* complete explanation of any of his individual objections was, 'Objected to. Overbroad; irrelevant; privileged. Propounded with the intent to harass, delay and abuse.'" (emphasis in original).

In contrast, Mr. Moser is not seeking to unilaterally interpose a protective order nor carrying the high burden to do so and the objections presented are far more than one word with at least a full sentence devoted to each explaining the reason and a second paragraph giving specific examples to illustrate the issues. Rather obviously some objections are re-used since the requests are repetitive and overlapping. This is no slight, it is the nature of competent to discovery to be repetitive and overlapping to ensure no evidence is missed due to minor distinctions in terms. However, it is more than a little facile to claim that

1   repetitive responses to repetitive requests are somehow improper.

2       The issue with boilerplate is not that language is re-used but that it is re-

3   used mindlessly without analysis and due regard paid to the question.  That is not

4   the case in Mr. Moser's responses.  For example, while Mr. Moser does not

5   object to Request No 8 for dismissals in various lawsuits on privilege grounds, he

6   does make that objection to Request No. 9, which tries to seek settlement

7   documents from those lawsuits.  And in another example, Mr. Moser made no

8   objections to and answered Request No. 34 asking for all drafts of his personal

9   log of calls in this case because it was in fact relevant to the TCPA element of

10  whether the autodialed calls were transmitted to a cell phone, as opposed to the

11  many requests to go fishing for a "professional plaintiff" plaintiff defense that

12  does not exist.  Each request was examined and analyzed and the responses to

13  them vary as the subject matter they seek varies.

14

15  **REQUEST FOR PRODUCTION NO. 2:**

16      All complaints in any LAWSUIT in which a MOSER BUSINESS claimed a

17  violation of the TCPA from 2008-2018.

18  **RESPONSE TO REQUEST NO. 2:**

19      Responding Party objects that the Request is vague and ambiguous,

20  overbroad, irrelevant, unduly burdensome, and not proportional. The request is

21  vague and ambiguous in its terminology which is compounded by the improper

22  attempt to define terms past their ordinary plain meaning. The Request is

23  overbroad as to time and scope not being limited to the class period. The Request

24  seeks information not relevant to TCPA autodialed call elements 1) whether the

25  calls were transmitted to a cell phone—received is not an element—and, 2)

26  whether they were transmitted by autodialer, or the sole legally recognized

27  affirmative defense, whether the sender had prior express written consent. The

28

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

1  request is unduly burdensome in seeking information that is equally available,

2  irrelevant or of little relevance at significant cost to Responding Party in money

3  and/or time. The Request seeks information whose relevance is not proportional to

4  the cost and effort of obtaining it.

5      Plaintiff stands on all objections above and cannot answer the request as

6  asked because, for just one example, it is seeks information not relevant to the

7  TCPA autodialed call elements 1) whether the calls were transmitted to a cell

8  phone—received is not an element—and, 2) whether they were transmitted by

9  autodialer, or the sole legally recognized affirmative defense, whether the sender

10  had prior express written consent. Documents are withheld on the basis of these

11  objections.

12

13  ***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A***

14  ***FURTHER RESPONSE AND PRODUCTION:***

15      Defendant DJI refers the Court to its argument as to Request for

16  Production No. 1 above and incorporates that argument herein by this reference.

17

18  ***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO***

19  ***COMPEL A FURTHER RESPONSE AND PRODUCTION:***

20      The Putative Class refers the Court to its argument as to Request for

21  Production No. 1 above and incorporates that argument herein by this reference.

22

23  **REQUEST FOR PRODUCTION NO. 3:**

24      All deposition transcripts from any LAWSUIT in which MOSER claimed a

25  violation of the TCPA from 2008-2018.

26  **RESPONSE TO REQUEST NO. 3:**

27      Responding Party objects that the Request is vague and ambiguous,

28

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged information. The request is vague and ambiguous in its terminology which is compounded by the improper attempt to define terms past their ordinary plain meaning. The Request is overbroad as to time and scope not being limited to the class period. The Request seeks information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. The request is unduly burdensome in seeking information that is equally available, irrelevant or of little relevance at significant cost to Responding Party in money and/or time. The Request seeks information whose relevance is not proportional to the cost and effort of obtaining it. The Request seeks information protected by contractual privacy obligations and California Article I Constitutional privacy protections for Responding Party and third parties.

Plaintiff stands on all objections above and cannot answer the request as asked because, for just one example, it is seeks information not relevant to the TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. Documents are withheld on the basis of these objections.

### DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:

Defendant DJI refers the Court to its argument as to Request for Production No. 1 above and incorporates that argument herein by this reference.

Moreover, the requested information would not be subject to some

- 26 -                    Case No. 17-cv-1127-WQH-KSC

contractual privacy obligation for himself or unidentified third parties under the California Constitution. The failure to identify the purported third parties and what information is claimed to be private as to them should render the purported objection as to them a nullity.   As to Plaintiff himself, the right of privacy is qualified and not absolute.  *Hill v. National Collegiate Athletic Ass'n*, 7 Cal.4th 1, 26-27, 34-35 (1994). A court will balance the right of privacy against the need for discovery.  *Id.*

Plaintiff initiated this action. He put his status as a professional, habitual TCPA litigant at issue in this matter.  The Court should not allow him to hide behind a claim of privacy.  There is also pending a proposed confidentiality order.  Plaintiff's supposed concern with privacy may be addressed under that order.

### *THE PUTATIVE CLASS' ARGUMENT IN OPPOSITION TO MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:*

The Putative Class refers the Court to its argument as to Request for Production No. 1 above and incorporates that argument herein by this reference.

The requested information would most definitely implicate the privacy rights of any litigants who deposed Mr. Moser and then chose to settle his claims confidentially.  Confidentiality clauses limit what Mr. Moser can say publicly about a resolved dispute and his words on private deposition transcripts not part of the public record in those cases are part of the confidentiality those other litigants in unrelated cases sought.  The assertion that these parties are not identified is spurious at best since identifying them would itself violate the confidentiality they sought in settlement.  There is no need to identify exemplars where it is beyond obvious that well over 90% of cases settle and confidentiality provisions are *de riguer* in modern settlement agreements.  The request facially

- 27 -

Case No. 17-cv-1127-WQH-KSC

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.

56683946.v1

1   intrudes on the privacy rights and contractual obligations Mr. Moser has to third

2   parties and Defendant gives no statement of why the need for the information is

3   proportional to the burden to these third parties.

4        Equally, there is no statement of why the need for the information is

5   proportional to the burden to Mr. Moser's privacy other than a conclusory claim

6   that his status as a "professional plaintiff" is somehow in issue even though the

7   conservative Seventh Circuit has said there is no such defense and the liberal

8   Ninth Circuit has said there is no such standing attack.

9        As argued previously, Defendant already has evidence that Mr. Moser has

10   filed many small claims actions, he has stated as much on the record.  Since this

11   phase of discovery is tightly focused on class certification, Defendant has more

12   than enough information to advance a good faith argument that the black letter

13   circuit court law of *Van Patten* and *Murray v. GMAC Mortgage Corp* were

14   wrongly decided and that there should be a "professional plaintiff" defense even

15   though there is none now.  Defendant has not expounded what additional

16   necessary information the actual settlement agreements would provide over the

17   information they already have in light of the huge burden to Mr. Moser in

18   providing these documents.

19        Finally, the pending proposed confidentiality order is irrelevant since it

20   does not protect the rights of third parties who are not signatories to it.

21

22   **REQUEST FOR PRODUCTION NO. 4:**

23        All deposition transcripts from any LAWSUIT in which a MOSER

24   BUSINESS claimed a violation of the TCPA from 2008-2018.

25   **RESPONSE TO REQUEST NO. 4:**

26        Responding Party objects that the Request is vague and ambiguous,

27   overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged

28

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.

56683946.v1

1    information. The request is vague and ambiguous in its terminology which is
2    compounded by the improper attempt to define terms past their ordinary plain
3    meaning. The Request is overbroad as to time and scope not being limited to the
4    class period. The Request seeks information not relevant to TCPA autodialed call
5    elements 1) whether the calls were transmitted to a cell phone—received is not an
6    element—and, 2) whether they were transmitted by autodialer, or the sole legally
7    recognized affirmative defense, whether the sender had prior express written
8    consent. The request is unduly burdensome in seeking information that is equally
9    available, irrelevant or of little relevance at significant cost to Responding Party in
10   money and/or time. The Request seeks information whose relevance is not
11   proportional to the cost and effort of obtaining it. The Request seeks information
12   protected by contractual privacy obligations and California Article I Constitutional
13   privacy protections for Responding Party and third parties.

14       Plaintiff stands on all objections above and cannot answer the request as
15   asked because, for just one example, it is seeks information not relevant to the
16   TCPA autodialed call elements 1) whether the calls were transmitted to a cell
17   phone—received is not an element—and, 2) whether they were transmitted by
18   autodialer, or the sole legally recognized affirmative defense, whether the sender
19   had prior express written consent. Documents are withheld on the basis of these
20   objections.

21

22   **_DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A_**
23   **_FURTHER RESPONSE AND PRODUCTION:_**

24       Defendant DJI refers the Court to its argument as to Request for
25   Production No. 1 above and incorporates that argument herein by this reference.

26       In addition to such incorporated material, Defendant DJI submits that the
27   requested information would not be subject to some contractual privacy

28

                                                        - 29 -                    Case No. 17-cv-1127-WQH-KSC

1   obligation.  Plaintiff should be obligated to identify and explain with some detail

2   any contractual obligation he claims is applicable. Contractual confidentiality

3   provisions (assuming arguendo they even exist here) contain various exceptions

4   including the need to respond "as required by law."

5

6   ***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO***

7   ***COMPEL A FURTHER RESPONSE AND PRODUCTION:***

8            The Putative Class refers the Court to its argument as to Requests for

9   Production No. 1 and No. 3 above and incorporates that argument herein by this

10  reference.

11

12  **REQUEST FOR PRODUCTION NO. 5**:

13  All judgments in any LAWSUIT in which MOSER claimed a violation of the

14  TCPA from 2008-2018.

15  **RESPONSE TO REQUEST NO. 5**

16           Responding Party objects that the Request is vague and ambiguous,

17  overbroad, irrelevant, unduly burdensome, and not proportional. The request is

18  vague and ambiguous in its terminology which is compounded by the improper

19  attempt to define terms past their ordinary plain meaning. The Request is

20  overbroad as to time and scope not being limited to the class period. The Request

21  seeks information not relevant to TCPA autodialed call elements 1) whether the

22  calls were transmitted to a cell phone—received is not an element—and, 2)

23  whether they were transmitted by autodialer, or the sole legally recognized

24  affirmative defense, whether the sender had prior express written consent. The

25  request is unduly burdensome in seeking information that is equally available,

26  irrelevant or of little relevance at significant cost to Responding Party in money

27  and/or time. The Request seeks information whose relevance is not proportional to

28

1    the cost and effort of obtaining it.

2       Plaintiff stands on all objections above and cannot answer the request as

3    asked because, for just one example, it is seeks information not relevant to the

4    TCPA autodialed call elements 1) whether the calls were transmitted to a cell

5    phone—received is not an element—and, 2) whether they were transmitted by

6    autodialer, or the sole legally recognized affirmative defense, whether the sender

7    had prior express written consent. Documents are withheld on the basis of these

8    objections.

9

10   ***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A***

11   ***FURTHER RESPONSE AND PRODUCTION:***

12      Defendant DJI refers the Court to its argument as to Request for

13   Production No. 1 above and incorporates that argument herein by this reference.

14   Plaintiff's prior involvement in TCPA litigation is relevant to whether he is a

15   professional plaintiff.

16

17   ***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO***

18   ***COMPEL A FURTHER RESPONSE AND PRODUCTION:***

19      The Putative Class refers the Court to its argument as to Request for

20   Production No. 1 above and incorporates that argument herein by this reference.

21      The request seeks only judgments which are the quintessence of freely

22   available public documents and proportionality does not require Mr. Moser to do

23   Defendant's work for them when "the parties' relative access to relevant

24   information" is equal.

25

26   **REQUEST FOR PRODUCTION NO. 6**:

27      All judgments in any LAWSUIT in which a MOSER BUSINESS claimed a

28

1    violation of the TCPA from 2008-2018.

2    **RESPONSE TO REQUEST NO. 6:**

3       Responding Party objects that the Request is vague and ambiguous,

4    overbroad, irrelevant, unduly burdensome, and not proportional. The request is

5    vague and ambiguous in its terminology which is compounded by the improper

6    attempt to define terms past their ordinary plain meaning. The Request is

7    overbroad as to time and scope not being limited to the class period. The Request

8    seeks information not relevant to TCPA autodialed call elements 1) whether the

9    calls were transmitted to a cell phone—received is not an element—and, 2)

10   whether they were transmitted by autodialer, or the sole legally recognized

11   affirmative defense, whether the sender had prior express written consent. The

12   request is unduly burdensome in seeking information that is equally available,

13   irrelevant or of little relevance at significant cost to Responding Party in money

14   and/or time. The Request seeks information whose relevance is not proportional to

15   the cost and effort of obtaining it.

16      Plaintiff stands on all objections above and cannot answer the request as

17   asked because, for just one example, it is seeks information not relevant to the

18   TCPA autodialed call elements 1) whether the calls were transmitted to a cell

19   phone—received is not an element—and, 2) whether they were transmitted by

20   autodialer, or the sole legally recognized affirmative defense, whether the sender

21   had prior express written consent. Documents are withheld on the basis of these

22   objections.

23

24   ***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A***

25   ***FURTHER RESPONSE AND PRODUCTION:***

26      Defendant DJI refers the Court to its argument as to Request for

27   Production No. 1 above and incorporates that argument herein by this reference.

28

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

*THE PUTATIVE CLASS' ARGUMENT IN OPPOSITION TO MOTION TO*
*COMPEL A FURTHER RESPONSE AND PRODUCTION:*

The Putative Class refers the Court to its argument as to Request for Production No.'s 1 and 6 above and incorporates that argument herein by this reference.

**REQUEST FOR PRODUCTION NO. 7:**

All dismissals in any LAWSUIT in which MOSER claimed a violation of the TCPA from 2008-2018.

**RESPONSE TO REQUEST NO. 7:**

Responding Party objects that the Request is vague and ambiguous, overbroad, irrelevant, unduly burdensome, and not proportional. The request is vague and ambiguous in its terminology which is compounded by the improper attempt to define terms past their ordinary plain meaning. The Request is overbroad as to time and scope not being limited to the class period. The Request seeks information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. The request is unduly burdensome in seeking information that is equally available, irrelevant or of little relevance at significant cost to Responding Party in money and/or time. The Request seeks information whose relevance is not proportional to the cost and effort of obtaining it.

Plaintiff stands on all objections above and cannot answer the request as asked because, for just one example, it is seeks information not relevant to the TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by

autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. Documents are withheld on the basis of these objections.

### DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:

Defendant DJI refers the Court to its argument as to Request for Production No. 1 above and incorporates that argument herein by this reference.

### THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:

The Putative Class refers the Court to its argument as to Request for Production No.'s 1 and 6 above and incorporates that argument herein by this reference.

### REQUEST FOR PRODUCTION NO. 8:

All dismissals in any LAWSUIT in which a MOSER BUSINESS claimed a violation of the TCPA from 2008-2018.

### RESPONSE TO REQUEST NO. 8:

Responding Party objects that the Request is vague and ambiguous, overbroad, irrelevant, unduly burdensome, and not proportional. The request is vague and ambiguous in its terminology which is compounded by the improper attempt to define terms past their ordinary plain meaning. The Request is overbroad as to time and scope not being limited to the class period. The Request seeks information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

1  affirmative defense, whether the sender had prior express written consent. The
2  request is unduly burdensome in seeking information that is equally available,
3  irrelevant or of little relevance at significant cost to Responding Party in money
4  and/or time. The Request seeks information whose relevance is not proportional to
5  the cost and effort of obtaining it.

6      Plaintiff stands on all objections above and cannot answer the request as
7  asked because, for just one example, it is seeks information not relevant to the
8  TCPA autodialed call elements 1) whether the calls were transmitted to a cell
9  phone—received is not an element—and, 2) whether they were transmitted by
10 autodialer, or the sole legally recognized affirmative defense, whether the sender
11 had prior express written consent. Documents are withheld on the basis of these
12 objections.

13

14 ***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A***
15 ***FURTHER RESPONSE AND PRODUCTION:***

16     Defendant DJI refers the Court to its argument as to Request for
17 Production No. 1 above and incorporates that argument herein by this reference.

18

19 ***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO***
20 ***COMPEL A FURTHER RESPONSE AND PRODUCTION:***

21     The Putative Class refers the Court to its argument as to Request for
22 Production No.'s 1 and 6 above and incorporates that argument herein by this
23 reference.

24

25 **REQUEST FOR PRODUCTION NO. 9:**

26     All DOCUMENTS evidencing any settlement of any LAWSUIT in which
27 MOSER claimed a violation of the TCPA from 2008-2018.

28

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

**RESPONSE TO REQUEST NO. 9:**

Responding Party objects that the Request is vague and ambiguous, overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged information. The request is vague and ambiguous in its terminology which is compounded by the improper attempt to define terms past their ordinary plain meaning. The Request is overbroad as to time and scope not being limited to the class period. The Request seeks information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. The request is unduly burdensome in seeking information that is equally available, irrelevant or of little relevance at significant cost to Responding Party in money and/or time. The Request seeks information whose relevance is not proportional to the cost and effort of obtaining it. The Request seeks information protected by attorney-client communication privilege and attorney work product doctrine. And some of the items sought are also protected by contractual privacy obligations and California Article I Constitutional privacy protections for Responding Party and third parties.

Plaintiff stands on all objections above and cannot answer the request as asked because, for just one example, it is seeks information not relevant to the TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. Documents are withheld on the basis of these objections.

///

///

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

1  ### _DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A_
2  ### _FURTHER RESPONSE AND PRODUCTION:_

3   Defendant DJI refers the Court to its argument as to Request for
4  Production No. 1 above and incorporates that argument herein by this reference.

5   In addition to such incorporated material, Defendant DJI submits that the
6  requested information is not private and is not subject to the attorney-client
7  privilege or the attorney work product doctrine. Defendant DJI notes that in
8  responses to many subsequent requests, Plaintiff objected on the grounds of the
9  attorney-client privilege and the attorney work product doctrine. To be clear, in
10 its requests, Defendant DJI is not seeking attorney-client privileged information
11 or information that is within the attorney work product doctrine.

12  Moreover, the requested information would not be subject to some
13 contractual privacy obligation. At the very least, if by Plaintiff's own account, it
14 is only "some" of the information that is subject to some contractual
15 confidentiality provision, then the remaining information should unquestionably
16 be provided. Plaintiff should also be obligated to identify and explain with some
17 detail any contractual obligation he claims is applicable.

18

19 ### _THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO_
20 ### _COMPEL A FURTHER RESPONSE AND PRODUCTION:_

21  The Putative Class refers the Court to its argument as to Request for
22 Production No.'s 1 and 3 above and incorporates that argument herein by this
23 reference.

24

25 ### REQUEST FOR PRODUCTION NO. 10:

26  All DOCUMENTS evidencing any settlement of any LAWSUIT in which a
27 MOSER BUSINESS claimed a violation of the TCPA from 2008-2018.

28

**RESPONSE TO REQUEST NO. 10:**

Responding Party objects that the Request is vague and ambiguous, overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged information. The request is vague and ambiguous in its terminology which is compounded by the improper attempt to define terms past their ordinary plain meaning. The Request is overbroad as to time and scope not being limited to the class period. The Request seeks information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. The request is unduly burdensome in seeking information that is equally available, irrelevant or of little relevance at significant cost to Responding Party in money and/or time. The Request seeks information whose relevance is not proportional to the cost and effort of obtaining it. The Request seeks information protected by attorney-client communication privilege and attorney work product doctrine. And some of the items sought are also protected by contractual privacy obligations and California Article I Constitutional privacy protections for Responding Party and third parties.

Plaintiff stands on all objections above and cannot answer the request as asked because, for just one example, it is seeks information not relevant to the TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. Documents are withheld on the basis of these objections.

///

///

Case No. 17-cv-1127-WQH-KSC

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.

56683946.v1

***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:***

Defendant DJI refers the Court to its argument as to Request for Production No. 1 above and incorporates that argument herein by this reference. In addition to such incorporated material, Defendant DJI submits that the requested information is not private and is not subject to the attorney-client privilege or the attorney work product doctrine.

Moreover, the requested information would not be subject to some contractual privacy obligation. At the very least, if by Plaintiff's own account, it is only "some" of the information that is subject to some contractual confidentiality provision, then the remaining information should unquestionably be provided. Plaintiff should also be obligated to identify and explain with some detail any contractual obligation he claims is applicable.

***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:***

The Putative Class refers the Court to its argument as to Request for Production No.'s 1 and 3 above and incorporates that argument herein by this reference.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS containing any COMMUNICATION between YOU and any PERSON RELATED TO any LAWSUIT in which MOSER claimed a violation of the TCPA from 2008-2018.

**RESPONSE TO REQUEST NO. 11:**

Responding Party objects that the Request is vague and ambiguous, overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged

information. The request is vague and ambiguous in its terminology which is compounded by the improper attempt to define terms past their ordinary plain meaning. The Request is overbroad as to time and scope not being limited to the class period. The Request seeks information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. The request is unduly burdensome in seeking information that is equally available, irrelevant or of little relevance at significant cost to Responding Party in money and/or time. The Request seeks information whose relevance is not proportional to the cost and effort of obtaining it. The Request seeks information protected by attorney-client communication privilege and attorney work product doctrine. And some of the items sought are also protected by contractual privacy obligations and California Article I Constitutional privacy protections for Responding Party and third parties.

Plaintiff stands on all objections above and cannot answer the request as asked because, for just one example, it is seeks information not relevant to the TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. Documents are withheld on the basis of these objections.

### DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:

Defendant DJI refers the Court to its argument as to Request for Production No. 1 above and incorporates that argument herein by this reference.

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

In addition to such incorporated material, Defendant DJI submits that the requested information is not private and is not subject to the attorney-client privilege or the attorney work product doctrine as Defendant DJI is not seeking emails or correspondence transmitted to and from Plaintiff's attorneys.

Moreover, the requested information would not be subject to some contractual privacy obligation. At the very least, if by Plaintiff's own account, it is only "some" of the information that is subject to some contractual confidentiality provision, then the remaining information should unquestionably be provided. Plaintiff should also be obligated to identify and explain with some detail any contractual obligation he claims is applicable.

***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:***

The Putative Class refers the Court to its argument as to Request for Production No.'s 1 and 3 above and incorporates that argument herein by this reference.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS containing any COMMUNICATION between YOU and any PERSON RELATED TO any LAWSUIT in which a MOSER BUSINESS claimed a violation of the TCPA from 2008-2018.

**RESPONSE TO REQUEST NO. 12:**

Responding Party objects that the Request is vague and ambiguous, overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged information. The request is vague and ambiguous in its terminology which is compounded by the improper attempt to define terms past their ordinary plain meaning. The Request is overbroad as to time and scope not being limited to the

class period. The Request seeks information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. The request is unduly burdensome in seeking information that is equally available, irrelevant or of little relevance at significant cost to Responding Party in money and/or time. The Request seeks information whose relevance is not proportional to the cost and effort of obtaining it. The Request seeks information protected by attorney-client communication privilege and attorney work product doctrine. And some of the items sought are also protected by contractual privacy obligations and California Article I Constitutional privacy protections for Responding Party and third parties.

Plaintiff stands on all objections above and cannot answer the request as asked because, for just one example, it is seeks information not relevant to the TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. Documents are withheld on the basis of these objections.

**_DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:_**

Defendant DJI refers the Court to its argument as to Request for Production No. 1 above and incorporates that argument herein by this reference. In addition to such incorporated material, Defendant DJI submits that the requested information is not private and is not subject to the attorney-client privilege or the attorney work product doctrine as this request does not include

1    any correspondence sent to or received from Plaintiff's attorneys.

2         Moreover, the requested information would not be subject to some

3    contractual privacy obligation.  At the very least, if by Plaintiff's own account, it

4    is only "some" of the information that is subject to some contractual

5    confidentiality provision, then the remaining information should unquestionably

6    be provided.  Plaintiff should also be obligated to identify and explain with some

7    detail any contractual obligation he claims is applicable.

8         The requested communication is relevant to determine whether Plaintiff is

9    a professional or habitual TCPA litigant.

10

11   ***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO***

12   ***COMPEL A FURTHER RESPONSE AND PRODUCTION:***

13        The Putative Class refers the Court to its argument as to Request for

14   Production No.'s 1 and 3 above and incorporates that argument herein by this

15   reference.

16

17   **REQUEST FOR PRODUCTION NO. 13**:

18        The organizational documents, LP 1 s, articles of incorporation, bylaws,

19   directors minutes and shareholder minutes of any MOSER BUSINESS(ES) for the

20   period 2008-2018.

21   **RESPONSE TO REQUEST NO. 13:**

22        Responding Party objects that the Request is vague and ambiguous,

23   overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged

24   information. The request is vague and ambiguous in its terminology which is

25   compounded by the improper attempt to define terms past their ordinary plain

26   meaning. The Request is overbroad as to time and scope not being limited to the

27   class period. The Request seeks information not relevant to TCPA autodialed call

28

1  elements 1) whether the calls were transmitted to a cell phone—received is not an
2  element—and, 2) whether they were transmitted by autodialer, or the sole legally
3  recognized affirmative defense, whether the sender had prior express written
4  consent. The request is unduly burdensome in seeking information that is equally
5  available, irrelevant or of little relevance at significant cost to Responding Party in
6  money and/or time. The Request seeks information whose relevance is not
7  proportional to the cost and effort of obtaining it. The Request seeks information
8  protected by contractual privacy obligations and California Article I Constitutional
9  privacy protections for Responding Party and third parties.

10  Plaintiff stands on all objections above and cannot answer the request as
11  asked because, for just one example, it is seeks information not relevant to the
12  TCPA autodialed call elements 1) whether the calls were transmitted to a cell
13  phone—received is not an element—and, 2) whether they were transmitted by
14  autodialer, or the sole legally recognized affirmative defense, whether the sender
15  had prior express written consent. Documents are withheld on the basis of these
16  objections.

17

18  ***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A***
19  ***FURTHER RESPONSE AND PRODUCTION:***

20  Defendant DJI refers the Court to its argument as to Request for
21  Production No. 1 above and incorporates that argument herein by this reference.
22  In addition to such incorporated material, Defendant DJI submits that the
23  requested information is not private and is not subject to the attorney-client
24  privilege or the attorney work product doctrine.

25  Moreover, the requested information would not be subject to some
26  contractual privacy obligation. Plaintiff should also be obligated to identify and
27  explain with some detail any contractual obligation he claims is applicable.

28

Documents related to Plaintiff's businesses are relevant as Defendants have information that show that a phone number (858-414-6170) belonging to Plaintiff was submitted to the Real Yellow Pages with the name "Market Support Solutions," and Plaintiff has alleged violation of the TCPA related to calls he received to this phone number.

### THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:

The Putative Class refers the Court to its argument as to Request for Production No.'s 1 and 3 above and incorporates that argument herein by this reference.

### REQUEST FOR PRODUCTION NO. 14:

Banking records of any MOSER BUSINESS(ES) for the period 2008-2018.

### RESPONSE TO REQUEST NO. 14:

Responding Party objects that the Request is vague and ambiguous, overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged information. The request is vague and ambiguous in its terminology which is compounded by the improper attempt to define terms past their ordinary plain meaning. The Request is overbroad as to time and scope not being limited to the class period. The Request seeks information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. The request is unduly burdensome in seeking information that is equally available, irrelevant or of little relevance at significant cost to Responding Party in money and/or time. The Request seeks information whose relevance is not

1  proportional to the cost and effort of obtaining it. The Request seeks information

2  protected by contractual privacy obligations and California Article I Constitutional

3  privacy protections for Responding Party and third parties.

4      Plaintiff stands on all objections above and cannot answer the request as

5  asked because, for just one example, it is seeks information not relevant to the

6  TCPA autodialed call elements 1) whether the calls were transmitted to a cell

7  phone—received is not an element—and, 2) whether they were transmitted by

8  autodialer, or the sole legally recognized affirmative defense, whether the sender

9  had prior express written consent. Documents are withheld on the basis of these

10  objections.

11

12  ***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A***

13  ***FURTHER RESPONSE AND PRODUCTION:***

14      Defendant DJI has narrowed the request to bank records for amounts

15  received from TCPA related settlements, lawsuits, judgments, and demands.

16  During the parties' meet and confer discussion, Plaintiff's counsel stated that he

17  would consider producing these records. As of the date that Defendant DJI

18  exchanged its portion of this joint motion, counsel for Plaintiff had not told us

19  whether he would produce or withhold the requested documents.

20      The bank records are relevant for the reasons set forth in Defendant DJI's

21  argument as to Request for Production No. 1 above, and Defendant DJI refers to

22  its argument as to Request for Production No. 1 above and incorporates that

23  argument herein by this reference. In addition to such incorporated material,

24  Defendant DJI submits that the requested information is not private and is not

25  subject to the attorney-client privilege or the attorney work product doctrine.

26      Moreover, the requested information would not be subject to some

27  contractual privacy obligation. The source and amount of Plaintiff's income from

28

- 46 -    Case No. 17-cv-1127-WQH-KSC

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.

56683946.v1

1    TCPA suits is relevant to whether Plaintiff is a professional or habitual TCPA
2    litigant.

3

4    ### *THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO*
5    ### *COMPEL A FURTHER RESPONSE AND PRODUCTION:*

6         Plaintiffs analyzed whether Mr. Moser's banking records covered the
7    entire time frame sought and whether they would tend to indicate the identity of
8    third parties who chose to settle claims confidentially.  Mr. Moser does not have
9    access to records going back over ten years since banks rarely make such records
10   available going back that far and we also do not see any way the original
11   documents can be produced without involving the privacy rights of third parties.
12   Since the information sought could only be relevant to the non-existent
13   "professional plaintiff" defense, the safest course is to stand on the objections.

14         The Putative Class refers the Court to its argument as to Request for
15   Production No.'s 1 and 3 above and incorporates that argument herein by this
16   reference.

17         Finally, while Defendant has claimed that they have narrowed their
18   request, they have yet to provide an amended request to the Plaintiff providing
19   the exact scope of the narrowing.

20

21   **REQUEST FOR PRODUCTION N0.15:**
22        All DOCUMENTS evidencing MOSER's sources of income from 2008-
23   2018.

24   **RESPONSE TO REQUEST NO. 15:**
25        Responding Party objects that the Request is vague and ambiguous,
26   overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged
27   information. The request is vague and ambiguous in its terminology which is

28                                            - 47 -            Case No. 17-cv-1127-WQH-KSC

1   compounded by the improper attempt to define terms past their ordinary plain
2   meaning. The Request is overbroad as to time and scope not being limited to the
3   class period. The Request seeks information not relevant to TCPA autodialed call
4   elements 1) whether the calls were transmitted to a cell phone—received is not an
5   element—and, 2) whether they were transmitted by autodialer, or the sole legally
6   recognized affirmative defense, whether the sender had prior express written
7   consent. The request is unduly burdensome in seeking information that is equally
8   available, irrelevant or of little relevance at significant cost to Responding Party in
9   money and/or time. The Request seeks information whose relevance is not
10  proportional to the cost and effort of obtaining it. The Request seeks information
11  protected by contractual privacy obligations and California Article I Constitutional
12  privacy protections for Responding Party and third parties.

13      Plaintiff stands on all objections above and cannot answer the request as
14  asked because, for just one example, it is seeks information not relevant to the
15  TCPA autodialed call elements 1) whether the calls were transmitted to a cell
16  phone—received is not an element—and, 2) whether they were transmitted by
17  autodialer, or the sole legally recognized affirmative defense, whether the sender
18  had prior express written consent. Documents are withheld on the basis of these
19  objections.

20

21  ***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A***
22  ***FURTHER RESPONSE AND PRODUCTION:***

23      Plaintiff's sources of income are relevant to determining how much of his
24  income is derived from TCPA and other forms of litigation. This is relevant to
25  whether Plaintiff is a professional plaintiff.

26      Defendant DJI refers the Court to its argument as to Request for
27  Production No. 1 above and incorporates that argument herein by this reference.

28

1  In addition to such incorporated material, Defendant DJI submits that the

2  requested information is not subject to the attorney-client privilege or the

3  attorney work product doctrine.

4      Moreover, the requested information would not be subject to some

5  contractual privacy obligation.

6

7  ***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO***

8  ***COMPEL A FURTHER RESPONSE AND PRODUCTION:***

9      Sources of income are irrelevant since there is no "professional plaintiff"

10 defense.

11     The Putative Class refers the Court to its argument as to Request for

12 Production No.'s 1 and 3 above and incorporates that argument herein by this

13 reference.

14

15 **REQUEST FOR PRODUCTION NO. 16:**

16     All DOCUMENTS evidencing sources of income from 2008-2018 for

17 MOSER BUSINESS(ES).

18 **RESPONSE TO REQUEST NO. 16:**

19     Responding Party objects that the Request is vague and ambiguous,

20 overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged

21 information. The request is vague and ambiguous in its terminology which is

22 compounded by the improper attempt to define terms past their ordinary plain

23 meaning. The Request is overbroad as to time and scope not being limited to the

24 class period. The Request seeks information not relevant to TCPA autodialed call

25 elements 1) whether the calls were transmitted to a cell phone—received is not an

26 element—and, 2) whether they were transmitted by autodialer, or the sole legally

27 recognized affirmative defense, whether the sender had prior express written

28

1  consent. The request is unduly burdensome in seeking information that is equally

2  available, irrelevant or of little relevance at significant cost to Responding Party in

3  money and/or time. The Request seeks information whose relevance is not

4  proportional to the cost and effort of obtaining it. The Request seeks information

5  protected by contractual privacy obligations and California Article I Constitutional

6  privacy protections for Responding Party and third parties.

7      Plaintiff stands on all objections above and cannot answer the request as

8  asked because, for just one example, it is seeks information not relevant to the

9  TCPA autodialed call elements 1) whether the calls were transmitted to a cell

10  phone—received is not an element—and, 2) whether they were transmitted by

11  autodialer, or the sole legally recognized affirmative defense, whether the sender

12  had prior express written consent. Documents are withheld on the basis of these

13  objections.

14

15  **_DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A_**

16  **_FURTHER RESPONSE AND PRODUCTION:_**

17      Plaintiff's sources of income are relevant to determining how much of his

18  income is derived from TCPA and other forms of litigation. This is relevant to

19  whether Plaintiff is a professional plaintiff.

20      Defendant DJI refers the Court to its argument as to Request for

21  Production No. 1 above and incorporates that argument herein by this reference.

22  In addition to such incorporated material, Defendant DJI submits that the

23  requested information is not subject to the attorney-client privilege or the

24  attorney work product doctrine.

25      Moreover, the requested information would not be subject to some

26  contractual privacy obligation.

27  ///

28

- 50 -                    Case No. 17-cv-1127-WQH-KSC

1  ***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO***

2  ***COMPEL A FURTHER RESPONSE AND PRODUCTION:***

3     Sources of income are irrelevant since there is no "professional plaintiff"

4  defense.

5     The Putative Class refers the Court to its argument as to Request for

6  Production No.'s 1 and 3 above and incorporates that argument herein by this

7  reference.

8

9  **REQUEST FOR PRODUCTION NO. 17:**

10    All DOCUMENTS evidencing monies paid from judgments resulting from

11 any LAWSUIT in which MOSER was a party and alleged any TCPA claim from

12 2008-2018.

13 **RESPONSE TO REQUEST NO. 17:**

14    Responding Party objects that the Request is vague and ambiguous,

15 overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged

16 information. The request is vague and ambiguous in its terminology which is

17 compounded by the improper attempt to define terms past their ordinary plain

18 meaning. The Request is overbroad as to time and scope not being limited to the

19 class period. The Request seeks information not relevant to TCPA autodialed call

20 elements 1) whether the calls were transmitted to a cell phone—received is not an

21 element—and, 2) whether they were transmitted by autodialer, or the sole legally

22 recognized affirmative defense, whether the sender had prior express written

23 consent. The request is unduly burdensome in seeking information that is equally

24 available, irrelevant or of little relevance at significant cost to Responding Party in

25 money and/or time. The Request seeks information whose relevance is not

26 proportional to the cost and effort of obtaining it. The Request seeks information

27 protected by attorney-client communication privilege and attorney work product

28

1  doctrine. And some of the items sought are also protected by contractual privacy

2  obligations and California Article I Constitutional privacy protections for

3  Responding Party and third parties.

4        Plaintiff stands on all objections above and cannot answer the request as

5  asked because, for just one example, it is seeks information not relevant to the

6  TCPA autodialed call elements 1) whether the calls were transmitted to a cell

7  phone—received is not an element—and, 2) whether they were transmitted by

8  autodialer, or the sole legally recognized affirmative defense, whether the sender

9  had prior express written consent. Documents are withheld on the basis of these

10  objections.

11

12  **_DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A_**

13  **_FURTHER RESPONSE AND PRODUCTION:_**

14        Defendant DJI refers the Court to its argument as to Request for

15  Production No. 1 above and incorporates that argument herein by this reference.

16  In addition to such incorporated material, Defendant DJI submits that the

17  requested information is not private and is not subject to the attorney-client

18  privilege or the attorney work product doctrine.

19        Moreover, the requested information would not be subject to some

20  contractual privacy obligation. At the very least, if by Plaintiff's own account, it

21  is only "some" of the information that is subject to some contractual

22  confidentiality provision, then the remaining information should unquestionably

23  be provided. Plaintiff should also be obligated to identify and explain with some

24  detail any contractual obligation he claims is applicable.

25  ///

26  ///

27  ///

28

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

*THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:*

Sources of income are irrelevant since there is no "professional plaintiff" defense.

The Putative Class refers the Court to its argument as to Request for Production No.'s 1 and 3 above and incorporates that argument herein by this reference.

**REQUEST FOR PRODUCTION NO. 18**:

All DOCUMENTS evidencing monies paid from judgments resulting from any LAWSUIT in which a MOSER BUSINESS was a party and alleged any TCPA claim from 2008-2018.

**RESPONSE TO REQUEST NO. 18:**

Responding Party objects that the Request is vague and ambiguous, overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged information. The request is vague and ambiguous in its terminology which is compounded by the improper attempt to define terms past their ordinary plain meaning. The Request is overbroad as to time and scope not being limited to the class period. The Request seeks information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. The request is unduly burdensome in seeking information that is equally available, irrelevant or of little relevance at significant cost to Responding Party in money and/or time. The Request seeks information whose relevance is not proportional to the cost and effort of obtaining it. The Request seeks information protected by attorney-client communication privilege and attorney work product

1   doctrine. And some of the items sought are also protected by contractual privacy

2   obligations and California Article I Constitutional privacy protections for

3   Responding Party and third parties.

4       Plaintiff stands on all objections above and cannot answer the request as

5   asked because, for just one example, it is seeks information not relevant to the

6   TCPA autodialed call elements 1) whether the calls were transmitted to a cell

7   phone—received is not an element—and, 2) whether they were transmitted by

8   autodialer, or the sole legally recognized affirmative defense, whether the sender

9   had prior express written consent. Documents are withheld on the basis of these

10  objections.

11

12  ***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A***

13  ***FURTHER RESPONSE AND PRODUCTION:***

14      Defendant DJI refers the Court to its argument as to Request for

15  Production No. 1 above and incorporates that argument herein by this reference.

16  In addition to such incorporated material, Defendant DJI submits that the

17  requested information is not private and is not subject to the attorney-client

18  privilege or the attorney work product doctrine.

19      Moreover, the requested information would not be subject to some

20  contractual privacy obligation. At the very least, if by Plaintiff's own account, it

21  is only "some" of the information that is subject to some contractual

22  confidentiality provision, then the remaining information should unquestionably

23  be provided. Plaintiff should also be obligated to identify and explain with some

24  detail any contractual obligation he claims is applicable.

25  ///

26  ///

27  ///

28

- 54 -    Case No. 17-cv-1127-WQH-KSC

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

*THE PUTATIVE CLASS' ARGUMENT IN OPPOSITION TO MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:*

Sources of income are irrelevant since there is no "professional plaintiff" defense.

The Putative Class refers the Court to its argument as to Request for Production No.'s 1 and 3 above and incorporates that argument herein by this reference.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS evidencing court awarded attorney's fees paid in connection with any LAWSUIT in which MOSER was a party and alleged any TCPA claim from 2008-2018.

**RESPONSE TO REQUEST NO. 19:**

Responding Party objects that the Request is vague and ambiguous, overbroad, irrelevant, unduly burdensome, not .proportional, and seeks privileged information. The request is vague and ambiguous in its terminology which is compounded by the improper attempt to define terms past their ordinary plain meaning. The Request is overbroad as to time and scope not being limited to the class period. The Request seeks information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. The request is unduly burdensome in seeking information that is equally available, irrelevant or of little relevance at significant cost to Responding Party in money and/or time. The Request seeks information whose relevance is not proportional to the cost and effort of obtaining it. The Request seeks information protected by attorney-client communication privilege and attorney work product

1   'doctrine. And some of the items sought are also protected by contractual privacy

2   obligations and California Article I Constitutional privacy protections for

3   Responding Party and third parties.

4      Plaintiff stands on all objections above and cannot answer the request as

5   asked because, for just one example, it is seeks information not relevant to the

6   TCPA autodialed call elements 1) whether the calls were transmitted to a cell

7   phone—received is not an element—and, 2) whether they were transmitted by

8   autodialer, or the sole legally recognized affirmative defense, whether the sender

9   had prior express written consent. Documents are withheld on the basis of these

10   objections.

11

## DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:

14   Defendant DJI refers the Court to its argument as to Request for

15   Production No. 1 above and incorporates that argument herein by this reference.

16   In addition to such incorporated material, Defendant DJI submits that the

17   requested information is not private and is not subject to the attorney-client

18   privilege or the attorney work product doctrine.

19      Moreover, the requested information would not be subject to some

20   contractual privacy obligation. At the very least, if by Plaintiff's own account, it

21   is only "some" of the information that is subject to some contractual

22   confidentiality provision, then the remaining information should unquestionably

23   be provided. Plaintiff should also be obligated to identify and explain with some

24   detail any contractual obligation he claims is applicable.

25   ///

26   ///

27   ///

28

***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:***

Sources of income are irrelevant since there is no "professional plaintiff" defense.

The Putative Class refers the Court to its argument as to Request for Production No.'s 1 and 3 above and incorporates that argument herein by this reference.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS evidencing court awarded attorney's fees paid in connection with any LAWSUIT in which a MOSER BUSINESS was a party and alleged any TCPA claim from 2008-2018.

**RESPONSE TO REQUEST NO. 20:**

Responding Party objects that the Request is vague and ambiguous, overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged information. The request is vague and ambiguous in its terminology which is compounded by the improper attempt to define terms past their ordinary plain meaning. The Request is overbroad as to time and scope not being limited to the class period. The Request seeks information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. The request is unduly burdensome in seeking information that is equally available, irrelevant or of little relevance at significant cost to Responding Party in money and/or time. The Request seeks information whose relevance is not proportional to the cost and effort of obtaining it. The Request seeks information protected by attorney-client communication privilege and attorney work product

- 57 -                    Case No. 17-cv-1127-WQH-KSC

doctrine. And some of the items sought are also protected by contractual privacy obligations and California Article I Constitutional privacy protections for Responding Party and third parties.

Plaintiff stands on all objections above and cannot answer the request as asked because, for just one example, it is seeks information not relevant to the TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. Documents are withheld on the basis of these objections.

### ***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:***

Defendant DJI refers the Court to its argument as to Request for Production No. 1 above and incorporates that argument herein by this reference. In addition to such incorporated material, Defendant DJI submits that the requested information is not private and is not subject to the attorney-client privilege or the attorney work product doctrine.

Moreover, the requested information would not be subject to some contractual privacy obligation. At the very least, if by Plaintiff's own account, it is only "some" of the information that is subject to some contractual confidentiality provision, then the remaining information should unquestionably be provided. Plaintiff should also be obligated to identify and explain with some detail any contractual obligation he claims is applicable.

///

///

///

- 58 -                Case No. 17-cv-1127-WQH-KSC

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

1 | ***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO***
2 | ***COMPEL A FURTHER RESPONSE AND PRODUCTION:***

3 | Sources of income are irrelevant since there is no "professional plaintiff"
4 | defense.

5 | The Putative Class refers the Court to its argument as to Request for
6 | Production No.'s 1 and 3 above and incorporates that argument herein by this
7 | reference.

8 |

9 | **REQUEST FOR PRODUCTION NO. 21:**

10 | All DOCUMENTS evidencing monies paid pursuant to any settlement
11 | resulting from any LAWSUIT in which MOSER was a party and alleged any
12 | TCPA claim from 2008-2018.

13 | **RESPONSE TO REQUEST NO. 21:**

14 | Responding Party objects that the Request is vague and ambiguous,
15 | overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged
16 | information. The request is vague and ambiguous in its terminology which is
17 | compounded by the improper attempt to define terms past their ordinary plain
18 | meaning. The Request is overbroad as to time and scope not being limited to the
19 | class period. The Request seeks information not relevant to TCPA autodialed call
20 | elements 1) whether the calls were transmitted to a cell phone—received is not an
21 | element—and, 2) whether they were transmitted by autodialer, or the sole legally
22 | recognized affirmative defense, whether the sender had prior express written
23 | consent. The request is unduly burdensome in seeking information that is equally
24 | available, irrelevant or of little relevance at significant cost to Responding Party in
25 | money and/or time. The Request seeks information whose relevance is not
26 | proportional to the cost and effort of obtaining it. The Request seeks information
27 | protected by attorney-client communication privilege and attorney work product

28 |

- 59 -                        Case No. 17-cv-1127-WQH-KSC

1  doctrine. And some of the items sought are also protected by contractual privacy

2  obligations and California Article I Constitutional privacy protections for

3  Responding Party and third parties.

4      Plaintiff stands on all objections above and cannot answer the request as

5  asked because, for just one example, it is seeks information not relevant to the

6  TCPA autodialed call elements 1) whether the calls were transmitted to a cell

7  phone—received is not an element—and, 2) whether they were transmitted by

8  autodialer, or the sole legally recognized affirmative defense, whether the sender

9  had prior express written consent. Documents are withheld on the basis of these

10 objections.

11

12 ***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A***

13 ***FURTHER RESPONSE AND PRODUCTION:***

14     Defendant DJI refers the Court to its argument as to Request for

15 Production No. 1 above and incorporates that argument herein by this reference.

16 In addition to such incorporated material, Defendant DJI submits that the

17 requested information is not private and is not subject to the attorney-client

18 privilege or the attorney work product doctrine.

19     Moreover, the requested information would not be subject to some

20 contractual privacy obligation. At the very least, if by Plaintiff's own account, it

21 is only "some" of the information that is subject to some contractual

22 confidentiality provision, then the remaining information should unquestionably

23 be provided. Plaintiff should also be obligated to identify and explain with some

24 detail any contractual obligation he claims is applicable.

25 ///

26 ///

27 ///

28

- 60 -                    Case No. 17-cv-1127-WQH-KSC

1  ___THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO___

2  ___COMPEL A FURTHER RESPONSE AND PRODUCTION:___

3     Sources of income are irrelevant since there is no "professional plaintiff"

4  defense.

5     The Putative Class refers the Court to its argument as to Request for

6  Production No.'s 1 and 3 above and incorporates that argument herein by this

7  reference.

8

9  **REQUEST FOR PRODUCTION NO. 22:**

10    All DOCUMENTS evidencing monies paid pursuant to any settlement

11  resulting from any LAWSUIT in which a MOSER BUSINESS was a party and

12  alleged any TCPA claim from 2008-2018.

13  **RESPONSE TO REQUEST NO. 22:**

14    Responding Party objects that the Request is vague and ambiguous,

15  overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged

16  information. The request is vague and ambiguous in its terminology which is

17  compounded by the improper attempt to define terms past their ordinary plain

18  meaning. The Request is overbroad as to time and scope not being limited to the

19  class period. The Request seeks information not relevant to TCPA autodialed call

20  elements 1) whether the calls were transmitted to a cell phone—received is not an

21  element—and, 2) whether they were transmitted by autodialer, or the sole legally

22  recognized affirmative defense, whether the sender had prior express written

23  consent. The request is unduly burdensome in seeking information that is equally

24  available, irrelevant or of little relevance at significant cost to Responding Party in

25  money and/or time. The Request seeks information whose relevance is not

26  proportional to the cost and effort of obtaining it. The Request seeks information

27  protected by attorney-client communication privilege and attorney work product

28

- 61 -                    Case No. 17-cv-1127-WQH-KSC

1   doctrine. And some of the items sought are also protected by contractual privacy

2   obligations and California Article I Constitutional privacy protections for

3   Responding Party and third parties.

4       Plaintiff stands on all objections above and cannot answer the request as

5   asked because, for just one example, it is seeks information not relevant to the

6   TCPA autodialed call elements 1) whether the calls were transmitted to a cell

7   phone—received is not an element—and, 2) whether they were transmitted by

8   autodialer, or the sole legally recognized affirmative defense, whether the sender

9   had prior express written consent. Documents are withheld on the basis of these

10   objections.

11

12   ***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A***

13   ***FURTHER RESPONSE AND PRODUCTION:***

14       Defendant DJI refers the Court to its argument as to Request for

15   Production No. 1 above and incorporates that argument herein by this reference.

16   In addition to such incorporated material, Defendant DJI submits that the

17   requested information is not private and is not subject to the attorney-client

18   privilege or the attorney work product doctrine.

19       Moreover, the requested information would not be subject to some

20   contractual privacy obligation. At the very least, if by Plaintiff's own account, it

21   is only "some" of the information that is subject to some contractual

22   confidentiality provision, then the remaining information should unquestionably

23   be provided. Plaintiff should also be obligated to identify and explain with some

24   detail any contractual obligation he claims is applicable.

25   ///

26   ///

27   ///

28

- 62 -    Case No. 17-cv-1127-WQH-KSC

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

1  ***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO***

2  ***COMPEL A FURTHER RESPONSE AND PRODUCTION:***

3         Sources of income are irrelevant since there is no "professional plaintiff"

4  defense.

5         The Putative Class refers the Court to its argument as to Request for

6  Production No.'s 1 and 3 above and incorporates that argument herein by this

7  reference.

8

9  **REQUEST FOR PRODUCTION NO. 23:**

10        All personal federal tax returns filed by MOSER from 2008-2018.

11  **RESPONSE TO REQUEST NO. 23:**

12        Responding Party objects that the Request is vague and ambiguous,

13  overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged

14  information. The request is vague and ambiguous in its terminology which is

15  compounded by the improper attempt to define terms past their ordinary plain

16  meaning. The Request is overbroad as to time and scope not being limited to the

17  class period. The Request seeks information not relevant to TCPA autodialed call

18  elements 1) whether the calls were transmitted to a cell phone—received is not an

19  element—and, 2) whether they were transmitted by autodialer, or the sole legally

20  recognized affirmative defense, whether the sender had prior express written

21  consent. The request is unduly burdensome in seeking information that is equally

22  available, irrelevant or of little relevance at significant cost to Responding Party in

23  money and/or time. The Request seeks information whose relevance is not

24  proportional to the cost and effort of obtaining it. The Request seeks information

25  protected by contractual privacy obligations and California Article I Constitutional

26  privacy protections for Responding Party and third parties.

27        Plaintiff stands on all objections above and cannot answer the request as

28

- 63 -                    Case No. 17-cv-1127-WQH-KSC

1   asked because, for just one example, it is seeks information not relevant to the
2   TCPA autodialed call elements 1) whether the calls were transmitted to a cell
3   phone—received is not an element—and, 2) whether they were transmitted by
4   autodialer, or the sole legally recognized affirmative defense, whether the sender
5   had prior express written consent. Documents are withheld on the basis of these
6   objections.

7

8   ***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A***
9   ***FURTHER RESPONSE AND PRODUCTION:***

10        Defendant DJI refers the Court to its argument as to Request for
11   Production No. 1 above and incorporates that argument herein by this reference.
12   In addition to such incorporated material, Defendant DJI submits that the
13   requested information is not private and is not subject to the attorney-client
14   privilege or the attorney work product doctrine.

15        Moreover, the requested information would not be subject to some
16   contractual privacy obligation. Plaintiff's tax returns are relevant to determine
17   how much of his income derives from TCPA litigation, which is relevant to
18   determine his motive for filing this TCPA claim.

19

20   ***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO***
21   ***COMPEL A FURTHER RESPONSE AND PRODUCTION:***

22        Sources of income are irrelevant since there is no "professional plaintiff"
23   defense.

24        The Putative Class refers the Court to its argument as to Request for
25   Production No.'s 1 and 3 above and incorporates that argument herein by this
26   reference.

27

28

Case No. 17-cv-1127-WQH-KSC

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

**REQUEST FOR PRODUCTION NO. 24:**

All personal state tax returns filed by MOSER from 2008-2018.

**RESPONSE TO REQUEST NO. 24:**

Responding Party objects that the Request is vague and ambiguous, overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged information. The request is vague and ambiguous in its terminology which is compounded by the improper attempt to define terms past their ordinary plain meaning. The Request is overbroad as to time and scope not being limited to the class period. The Request seeks information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. The request is unduly burdensome in seeking information that is equally available, irrelevant or of little relevance at significant cost to Responding Party in money and/or time. The Request seeks information whose relevance is not proportional to the cost and effort of obtaining it. The Request seeks information protected by contractual privacy obligations and California Article I Constitutional privacy protections for Responding Party and third parties.

Plaintiff stands on all objections above and cannot answer the request as asked because, for just one example, it is seeks information not relevant to the TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. Documents are withheld on the basis of these objections.

///

///

***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:***

Defendant DJI refers the Court to its argument as to Request for Production No. 1 above and incorporates that argument herein by this reference. In addition to such incorporated material, Defendant DJI submits that the requested information is not private and is not subject to the attorney-client privilege or the attorney work product doctrine.

Moreover, the requested information would not be subject to some contractual privacy obligation. Plaintiff should be obligated to identify and explain with some detail any contractual obligation he claims is applicable. Plaintiff's tax returns are relevant to determine how much of his income derives from TCPA litigation, which is relevant to determine his motive for filing this TCPA claim.

***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:***

Sources of income are irrelevant since there is no "professional plaintiff" defense.

The Putative Class refers the Court to its argument as to Request for Production No.'s 1 and 3 above and incorporates that argument herein by this reference.

**REQUEST FOR PRODUCTION NO. 25:**

All federal tax returns filed for each MOSER BUSINESS from 2008-2018.

**RESPONSE TO REQUEST NO. 25:**

Responding Party objects that the Request is vague and ambiguous, overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged

- 66 -
Case No. 17-cv-1127-WQH-KSC

information. The request is vague and ambiguous in its terminology which is compounded by the improper attempt to define terms past their ordinary plain meaning. The Request is overbroad as to time and scope not being limited to the class period. The Request seeks information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. The request is unduly burdensome in seeking information that is equally available, irrelevant or of little relevance at significant cost to Responding Party in money and/or time. The Request seeks information whose relevance is not proportional to the cost and effort of obtaining it. The Request seeks information protected by contractual privacy obligations and California Article I Constitutional privacy protections for Responding Party and third parties.

Plaintiff stands on all objections above and cannot answer the request as asked because, for just one example, it is seeks information not relevant to the TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. Documents are withheld on the basis of these objections.

### DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:

Defendant DJI refers the Court to its argument as to Request for Production No. 1 above and incorporates that argument herein by this reference. In addition to such incorporated material, Defendant DJI submits that the

1  requested information is not private and is not subject to the attorney-client

2  privilege or the attorney work product doctrine.

3      Moreover, the requested information would not be subject to some

4  contractual privacy obligation. Plaintiff should be obligated to identify and

5  explain with some detail any contractual obligation he claims is applicable.

6  Plaintiff's tax returns are relevant to determine how much of his income derives

7  TCPA litigation, which is relevant to determine his motive for filing this TCPA

8  claim.

9

10  ***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO***

11  ***COMPEL A FURTHER RESPONSE AND PRODUCTION:***

12      Sources of income are irrelevant since there is no "professional plaintiff"

13  defense.

14      The Putative Class refers the Court to its argument as to Request for

15  Production No.'s 1 and 3 above and incorporates that argument herein by this

16  reference.

17

18  **REQUEST FOR PRODUCTION NO. 26:**

19      All state tax returns filed for any each MOSER BUSINESS from 2008-2018.

20  **RESPONSE TO REQUEST NO. 26:**

21      Responding Party objects that the Request is vague and ambiguous,

22  overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged

23  information. The request is vague and ambiguous in its terminology which is

24  compounded by the improper attempt to define terms past their ordinary plain

25  meaning. The Request is overbroad as to time and scope not being limited to the

26  class period. The Request seeks information not relevant to TCPA autodialed call

27  elements 1) whether the calls were transmitted to a cell phone—received is not an

28

1   element—and, 2) whether they were transmitted by autodialer, or the sole legally

2   recognized affirmative defense, whether the sender had prior express written

3   consent. The request is unduly burdensome in seeking information that is equally

4   available, irrelevant or of little relevance at significant cost to Responding Party in

5   money and/or time. The Request seeks information whose relevance is not

6   proportional to the cost and effort of obtaining it. The Request seeks information

7   protected by contractual privacy obligations and California Article I Constitutional

8   privacy protections for Responding Party and third parties.

9          Plaintiff stands on all objections above and cannot answer the request as

10   asked because, for just one example, it is seeks information not relevant to the

11   TCPA autodialed call elements 1) whether the calls were transmitted to a cell

12   phone—received is not an element—and, 2) whether they were transmitted by

13   autodialer, or the sole legally recognized affirmative defense, whether the sender

14   had prior express written consent. Documents are withheld on the basis of these

15   objections.

16

17   **_DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A_**

18   **_FURTHER RESPONSE AND PRODUCTION:_**

19          Defendant DJI refers the Court to its argument as to Request for

20   Production No. 1 above and incorporates that argument herein by this reference.

21   In addition to such incorporated material, Defendant DJI submits that the

22   requested information is not private and is not subject to the attorney-client

23   privilege or the attorney work product doctrine.

24          Moreover, the requested information would not be subject to some

25   contractual privacy obligation. Moreover, the requested information would not be

26   subject to some contractual privacy obligation. Plaintiff should be obligated to

27   identify and explain with some detail any contractual obligation he claims is

28

- 69 -                         Case No. 17-cv-1127-WQH-KSC

1   applicable. Plaintiff's tax returns are relevant to determine how much of his

2   income derives from TCPA litigation, which is relevant to determine his motive

3   for filing this class action lawsuit.

4

5   ***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO***

6   ***COMPEL A FURTHER RESPONSE AND PRODUCTION:***

7        Sources of income are irrelevant since there is no "professional plaintiff"

8   defense.

9        The Putative Class refers the Court to its argument as to Request for

10  Production No.'s 1 and 3 above and incorporates that argument herein by this

11  reference.

12

13  **REQUEST FOR PRODUCTION NO. 27:**

14       DOCUMENTS evidencing any phone numbers which MOSER used at any

15  time from 2008-2018.

16  **RESPONSE TO REQUEST NO. 27:**

17       Responding Party objects that the Request is vague and ambiguous,

18  overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged

19  information. The request is vague and ambiguous in its terminology, i.e., "used"

20  which is compounded by the improper attempt to define terms past their ordinary

21  plain meaning. The Request is overbroad as to time and scope not being limited to

22  the class period. The Request seeks information not relevant to TCPA autodialed

23  call elements 1) whether the calls were transmitted to a cell phone—received is not

24  an element—and, 2) whether they were transmitted by autodialer, or the sole

25  legally recognized affirmative defense, whether the sender had prior express

26  written consent. The request is unduly burdensome in seeking information that is

27  equally available, irrelevant or of little relevance at significant cost to Responding

28

1   Party in money and/or time. The Request seeks information whose relevance is not
2   proportional to the cost and effort of obtaining it. The Request seeks information
3   protected by California Article I Constitutional privacy protections for Responding
4   Party and third parties.

5        Plaintiff stands on all objections above and cannot answer the request as
6   asked because, for just one example, it seeks every document evidencing every
7   phone number a person "used" within the last ten years including without
8   meaningful limitation any pay phones he may have used, cell phones he may have
9   borrowed, office lines he used only once, etc. Plaintiff is willing to answer the
10   request if common sense limitations are applied, for example phone bills for
11   relevant numbers assigned to Mr. Moser, but he like anybody else cannot answer
12   as to any number ever "used" in 10 years, let alone every document which might
13   evidence that. In fact, Plaintiff has already offered to produce the relevant phone
14   bills in his possession under "attorney's eyes only" designation once a protective
15   order is decided.

16

17   **_DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A_**
18   **_FURTHER RESPONSE AND PRODUCTION:_**

19        During the parties' meet and confer discussions, Defendant DJI agreed to
20   narrow this request to phone bills and call detail reports for each phone number
21   owned by or assigned to Plaintiff over the past 5 years, including burner and
22   temporary phones. After the meet and confer took place, Plaintiff provided
23   Defendant DJI with a copy of his phone bills from March 2017 through April
24   2018, which he obtained online. However, Defendant DJI now seeks Plaintiff's
25   phone bills for all phone numbers used by Plaintiff from 2013 to 2016 and from
26   May 2018 to the present and call detail reports for all phone numbers from 2013
27   to the present.

28

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

The information and documents sought are relevant for the reasons set forth in Defendant DJI's argument as to Request for Production No. 1 above, and Defendant DJI refers to its argument as to Request for Production No. 1 above and incorporates that argument herein by this reference. In addition to such incorporated material, Defendant DJI submits that the requested information is not subject to the attorney-client privilege or the attorney work product doctrine.

Moreover, the requested information would not be subject to some contractual privacy obligation. Plaintiff is obligated to make a reasonable effort to obtain the documents, which includes calling his provider(s) on the phone to request the documents and following up with his provider(s) to obtain the documents.

### *THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:*

At various points in this motion Defendant has included brief statements and/or argument sections on requests where the parties reached agreement to narrow and respond.  We presume this is done out of an overabundance of caution to preserve any dispute in the unlikely event the parties' agreements break down.  We are slightly concerned however at the phrasing which makes it seem as if the Putative Class has not performed its obligations.  All of these agreements were entirely reciprocal with Defendant agreeing to a narrowing of the request and Mr. Moser agreeing to a production or answer based on that narrowing.  Defendant has not yet sent amended requests to which Mr. Moser can send amended responses.  We do not presume this is bad faith or that there is any problem with these agreements at this time.  Defendant has been diligently busy on this lengthy motion and other work and we presume we will see the amended requests in a reasonable time and we will likewise make our amended responses

1   in a reasonable time.  We include argument below out of the same abundance of

2   caution we assume Defendant was using.

3       Plaintiffs must politely disagree with how Defendant has phrased the

4   parties' agreement to narrow the request to relevant information.  Mr. Moser did

5   agree to immediately produce phone bills—but not call detail reports—for each

6   phone number owned by or assigned to Plaintiff over the past 5 years, and Mr.

7   Moser has produced all such bills he had in his possession or could obtain via his

8   phone company's online portal.

9       Plaintiffs agreed to produce call detail reports based on the same narrowing

10  only after a protective order was in place and on the agreement that they would

11  be designated attorney's eyes only.  Defendants are sophisticated mass volume

12  telemarketers responsible for literally tens if not hundreds of millions of illegal

13  telemarketing calls, and Plaintiff will not agree to give them unredacted lists of

14  phone numbers belonging to unrelated third parties that could easily end up in

15  junk calling campaigns without protection.  This was a specific condition of the

16  narrowing agreement and if this express condition is now being questioned, then

17  Plaintiff must stand on the objections above.

18      Defendant's claim that the phone records sought here are relevant because

19  of their professional plaintiff arguments in Request No. 1 is nonsensical and off

20  point.  Phone records for the phones at issue during the class period are relevant

21  and Plaintiff's objection was to request seeking phone bills for phones not

22  involved in this case and for the irrelevant and excessive ten year time line.  As

23  we said in the response, "Plaintiff is willing to answer the request if common

24  sense limitations are applied", and we proved good to our word.  We provided the

25  bills we had in our possession or control and offered to produce the call detail

26  reports once we had some protection in place to assure that the numbers of

27  private persons who just appear in a call detail report are not handed over to

28

1   telemarketers without redaction to the calls relevant to this case.   Plaintiffs

2   continue to be willing to produce the documents sought in Mr. Moser's

3   possession or control with these common sense limits.   Any motion on the

4   request as written seeks irrelevant information about phone numbers Defendants

5   are not alleged to have called, is overbroad as to time, and seeks privileged

6   confidential information without meeting the burden to balance the request with

7   the privacy rights and for all these reasons is not proportional to the needs of the

8   case.

9

10   **REQUEST FOR PRODUCTION NO. 28:**

11   DOCUMENTS evidencing any phone numbers which each MOSER

12   BUSINESS used at any time from 2008-2018.

13   **RESPONSE TO REQUEST NO. 28:**

14   Responding Party objects that the Request is vague arid ambiguous,

15   overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged

16   information. The request is vague and ambiguous in its terminology which is

17   compounded by the improper attempt to define terms past their ordinary plain

18   meaning. The Request is overbroad as to time and scope not being limited to the

19   class period. The Request seeks information not relevant to TCPA autodialed call

20   elements 1) whether the calls were transmitted to a cell phone—received is not an

21   element—and, 2) whether they were transmitted by autodialer, or the sole legally

22   recognized affirmative defense, whether the sender had prior express written

23   consent. The request is unduly burdensome in seeking information that is equally

24   available, irrelevant or of little relevance at significant cost to Responding Party in

25   money and/or time. The Request seeks information whose relevance is not

26   proportional to the cost and effort of obtaining it. The Request seeks information

27   protected by attorney-client communication privilege and attorney work product

28

- 74 -                  Case No. 17-cv-1127-WQH-KSC

doctrine. And some of the items sought are also protected by contractual privacy obligations and California Article I Constitutional privacy protections for Responding Party and third parties.

Plaintiff stands on all objections above and cannot answer the request as asked because, for just one example, it is seeks information not relevant to the TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. Documents are withheld on the basis of these objections.

### DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:

During the parties' meet and confer discussions, Defendant DJI agreed to narrow this request to phone bills and call detail reports for each phone number owned by or assigned to Plaintiff over the past 5 years, including burner and temporary phones. After the meet and confer took place, Plaintiff provided Defendant DJI with a copy of his phone bills from March 2017 through April 2018, which he obtained online. However, Defendant DJI now seeks Plaintiff's phone bills for all phone numbers used by Plaintiff from 2013 to 2016 and from May 2018 to the present and call detail reports for all phone numbers from 2013 to the present.

The information and documents sought are relevant for the reasons set forth in Defendant DJI's argument as to Request for Production No. 1 above, and Defendant DJI refers to its argument as to Request for Production No. 1 above and incorporates that argument herein by this reference. In addition to such incorporated material, Defendant DJI submits that the requested information is

1    not subject to the attorney-client privilege or the attorney work product doctrine.

2    Moreover, the requested information would not be subject to some

3    contractual privacy obligation. Plaintiff is obligated to make a reasonable effort

4    to obtain the documents, which includes calling his provider(s) on the phone to

5    request the documents and following up with his provider(s) to obtain the

6    documents.

7

8    ***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO***

9    ***COMPEL A FURTHER RESPONSE AND PRODUCTION:***

10   The Putative Class refers the Court to its argument as to Request for

11   Production No. 27 above and incorporates that argument herein by this reference.

12

13   **REQUEST FOR PRODUCT1ON NO. 29:**

14   All      DOCUMENTS      received      by      MOSER      from      any

15   TELECOMMUNICATIONS SERVICE PROVIDER, including without limitation,

16   invoices and incoming/outgoing call summaries, from 2008-2018.

17   **RESPONSE TO REQUEST NO. 29:**

18   Responding Party objects that the Request is vague and ambiguous,

19   overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged

20   information. The request is vague and ambiguous in its terminology, i.e., "used"

21   which is compounded by the improper attempt to define terms past their ordinary

22   plain meaning. The Request is overbroad as to time and scope not being limited to

23   the class period. The Request seeks information not relevant to TCPA autodialed

24   call elements 1) whether the calls were transmitted to a cell phone—received is not

25   an element—and, 2) whether they were transmitted by autodialer, or the sole

26   legally recognized affirmative defense, whether the sender had prior express

27   written consent. The request is unduly burdensome in seeking information that is

28

- 76 -                    Case No. 17-cv-1127-WQH-KSC

1 equally available, irrelevant or of little relevance at significant cost to Responding

2 Party in money and/or time. The Request seeks information whose relevance is not

3 proportional to the cost and effort of obtaining it. The Request seeks information

4 protected by California Article I Constitutional privacy protections for Responding

5 Party and third parties.

6 Plaintiff stands on all objections above and cannot answer the request as

7 asked because, for just one example, it seeks every document evidencing every

8 phone number a person "used" within the last ten years including without

9 meaningful limitation any pay phones he may have used, cell phones he may have

10 borrowed, office lines he used only once, etc. Plaintiff is willing to answer the

11 request if common sense limitations are applied, for example phone bills for

12 relevant numbers assigned to Mr. Moser, but he like 'anybody else cannot answer

13 as to any number ever "used" in 10 years, let alone every document which might

14 evidence that. In fact, Plaintiff has already offered to produce the relevant phone

15 bills in his possession under "attorney's eyes only" designation once a protective

16 order is decided.

17

18 ***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A***

19 ***FURTHER RESPONSE AND PRODUCTION:***

20 Defendant DJI agreed to narrow the request to phone numbers owned by or

21 assigned to Plaintiff over the past 5 years, including burner and temporary

22 phones. Defendant DJI also agreed to narrow the requested documents to phone

23 bills and call detail reports.

24 The information and documents sought are relevant for the reasons set

25 forth in Request for Production No. 1 above, and Defendant DJI refers to its

26 argument as to Request for Production No. 1 above and incorporates that

27 argument herein by this reference. The information and documents concerning

28

- 77 -                    Case No. 17-cv-1127-WQH-KSC

TELECOMMUNICATIONS SERVICE PROVIDERs are relevant to learn of, and confirm, the phone numbers which Plaintiff used and which formed a basis for any TCPA action, as well as any calls Plaintiff received or made related to his TCPA claim. This current request does not remotely seek any attorney-client communication or attorney work product.

Additionally, and continuing the boilerplate content of his objections, Plaintiff asserts that the information sought is also protected by contractual privacy obligations. What do these purported contractual provisions say? Contractual confidentiality provisions (assuming arguendo they even exist here) contain various exceptions including the need to respond "as required by law." Plaintiff should be obligated to obtain these documents and produce them to Defendant DJI as they are clearly relevant to Plaintiff's claim.

### THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:

The Putative Class refers the Court to its argument as to Request for Production No. 27 above and incorporates that argument herein by this reference.

### REQUEST FOR PRODUCTION NO. 30:

All DOCUMENTS received by any MOSER BUSINESS from any TELECOMMUNICATIONS SERVICE PROVIDER, including without limitation, invoices and incoming/outgoing call summaries, from 2008-2018.

### RESPONSE TO REQUEST NO. 30:

Responding Party objects that the Request is vague and ambiguous, overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged information. The request is vague and ambiguous in its terminology which is compounded by the improper attempt to define terms past their ordinary plain

meaning. The Request is overbroad as to time and scope not being limited to the class period. The Request seeks information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. The request is unduly burdensome in seeking information that is equally available, irrelevant or of little relevance at significant cost to Responding Party in money and/or time. The Request seeks information whose relevance is not proportional to the cost and effort of obtaining it. The Request seeks information protected by attorney-client communication privilege and attorney work product doctrine. And some of the items sought are also protected by contractual privacy obligations and California Article I Constitutional privacy protections for Responding Party and third parties.

Plaintiff stands on all objections above and cannot answer the request as asked because, for just one example, it is seeks information not relevant to the TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. Documents are withheld on the basis of these objections.

### *DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:*

Defendant DJI agreed to narrow the request to phone numbers owned by or assigned to Plaintiff over the past 5 years, including burner and temporary phones. Defendant DJI also agreed to narrow the requested documents to phone bills and call detail reports.

1    The information and documents sought are relevant for the reasons set

2 forth in Request for Production No. 1 above, and Defendant DJI refers to its

3 argument as to Request for Production No. 1 above and incorporates that

4 argument herein by this reference. The information and documents concerning

5 TELECOMMUNICATIONS SERVICE PROVIDERs are relevant to learn of,

6 and confirm, the phone numbers which Plaintiff used and which formed a basis

7 for any TCPA action, as well as any calls Plaintiff received or made related to his

8 TCPA claim. This current request does not remotely seek any attorney-client

9 communication or attorney work product.

10    Additionally, and continuing the boilerplate content of his objections,

11 Plaintiff asserts that the information sought is also protected by contractual

12 privacy obligations. What do these purported contractual provisions say?

13 Contractual confidentiality provisions (assuming arguendo they even exist here)

14 contain various exceptions including the need to respond "as required by law."

15 Plaintiff should be obligated to obtain these documents and produce them to

16 Defendant DJI as these documents are clearly relevant to his claim.

17

18 ### *THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO*

19 ### *COMPEL A FURTHER RESPONSE AND PRODUCTION:*

20    The Putative Class refers the Court to its argument as to Request for

21 Production No. 27 above and incorporates that argument herein by this reference.

22

23 ### REQUEST FOR PRODUCTION NO. 31:

24    All DOCUMENTS received by MOSER from any INTERNET SERVICE

25 PROVIDER, including without limitation, invoices, from 2008-2018.

26 ### RESPONSE  TO REQUEST NO. 31:

27    Responding Party objects that the Request is vague and ambiguous,

28

1   overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged

2   information. The request is vague and ambiguous in its terminology which is

3   compounded by the improper attempt to define terms past their ordinary plain

4   meaning. The Request is overbroad as to time and scope not being limited to the

5   class period. The Request seeks information not relevant to TCPA autodialed call

6   elements 1) whether the calls were transmitted to a cell phone—received is not an

7   element—and, 2) whether they were transmitted by autodialer, or the sole legally

8   recognized affirmative defense, whether the sender had prior express written

9   consent. The request is unduly burdensome in seeking information that is equally

10   available, irrelevant or of little relevance at significant cost to Responding Party in

11   money and/or time. The Request seeks information whose relevance is not

12   proportional to the cost and effort of obtaining it. The Request seeks information

13   protected by California Article I Constitutional privacy protections for Responding

14   Party and third parties.

15       Plaintiff stands on all objections above and cannot answer the request as

16   asked because, for just one example, it is seeks information not relevant to the

17   TCPA autodialed call elements 1) whether the calls were transmitted to a cell

18   phone—received is not an element—and, 2) whether they were transmitted by

19   autodialer, or the sole legally recognized affirmative defense, whether the sender

20   had prior express written consent. Documents are withheld on the basis of these

21   objections.

22

23   ***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A***

24   ***FURTHER RESPONSE AND PRODUCTION:***

25       Defendant DJI refers the Court to its argument as to Request for

26   Production No. 1 above and incorporates that argument herein by this reference.

27   The information and documents concerning Plaintiff's INTERNET SERVICE

28

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

1    PROVIDERs are relevant to learn of, and confirm, any internet service provider

2    he used to search for products or services which formed a basis for any TCPA

3    action. The information and documents concerning Plaintiff's INTERNET

4    SERVICE PROVIDERs are also relevant to determine whether he actively

5    searched, for example, for health insurance or entered information into landing

6    pages for health insurance in order to consent to or invite calls so that he could

7    concoct his TCPA violations.   Plaintiff also testified that his other 99 TCPA

8    lawsuits involved a host of different products/services, and not just health

9    insurance:

10            Q:    You've filed a number of TCPA lawsuits that we've

11       talked about earlier; correct?

12            A.·  Correct.

13            Q.·  They don't -- do they all relate to calls relating to insurance

14       or selling insurance?

15            A.·  No.·  The vast majority of the initial ones I've filed were

16       junk fax advertisements for mortgages, typically.·  Refinancing of your

17       home was a big one when they really started to irritate me, where I'd

18       be getting three, four junk faxes a day sometimes.

19            Q.·  With respect to the lawsuits alleging robocalls, have they

20       been only relating to insurance products?

21            A.·  No.·  They've also been relating to Google engine search

22       services, toner, other business products. But health insurance and

23       Google search engine optimization are the two typical ones.

24    (Meeker Decl., Ex. "4" (Plaintiff's Deposition Transcript, pp. 154-155)).

25    ///

26    ///

27    ///

28

- 82 -                     Case No. 17-cv-1127-WQH-KSC

The identification of Plaintiff's INTERNET SERVICE PROVIDERs is unquestionably relevant to the issues of consent and whether Plaintiff is a professional plaintiff.

Moreover, Plaintiff asserts that the information sought is also protected by contractual privacy obligations.  What do these purported contractual provisions say?  Contractual confidentiality provisions (assuming arguendo they even exist here) contain various exceptions including the need to respond "as required by law."

## *THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:*

The Putative Class refers the Court to its argument as to Request for Production No.'s 1 and 3 above and incorporates that argument herein by this reference.

Defendant expands its argument to say the information sought concerns "whether he actively searched, for example, for health insurance or entered information into landing pages for health insurance in order to consent to or invite calls so that he could concoct his TCPA violations."  Defendant is again trying to evade identifying defenses accurately.

There is no generalized common law consent defense because there is no federal common law.  *Erie v. Tompkins*, 304 U.S. 64, 78 (1938).   The sole applicable defense in the TCPA statute is 'prior express written consent' and its precise terms and requirements are carefully defined.  48 C.F.R. § 64.1200(f)(8). It requires that for consent to be valid, it be in writing and expressly state that it is consent to be called by autodialer or prerecorded message, and the burden to prove it lies with defendants since they would logically have any such prior express written consent.  Mr. Moser has already testified at deposition that he did

1   not "invite" or common law "consent" to any insurance calls other than from his

2   actual health insurance company, but even if he did it would be irrelevant if it

3   was not prior express written consent as defined by the Code of Federal

4   Regulations.  Plaintiff in discussions prior to this motion offered to respond to a

5   request narrowed to documents providing 'prior express written consent' or some

6   reasonably tailored request seeking information close to this actual defense.

7         The request for literally every document received from and internet service

8   provider—especially with the specially defined "DOCUMENTS" encompassing

9   any and all data communicated to Mr. Moser would have to include literally any

10  internet information he looked at over the last ten years.  This is far beyond any

11  permissible scope of relevancy, cannot possibly be proportional to the needs of

12  the case given its extreme burden and privacy intrusion into matter unrelated, and

13  can be fairly characterized as a fishing expedition for salacious irrelevant

14  information.

15        The proportionality analysis is exceptionally poor for Defendant.

16  Defendant's own President Evan Jaxtheimer has stated under oath during his

17  deposition that he can "easily" obtain call information and purported consents on

18  all the calls it was involved in.  Plaintiff has already produced his own call notes

19  with the time and date of each call and the Caller Id information it transmitted.

20  This information is more than sufficient to allow Mr. Jaxtheimer to "easily"

21  obtain any consent it wants to claim Mr. Moser provided.

22

23  **REQUEST FOR PRODUCTION NO. 32:**

24        All DOCUMENTS received by any MOSER BUSINESS from any

25  INTERNET SERVICE PROVIDER, including without limitation, invoices, from

26  2008-2018.

27

28

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

**RESPONSE TO REQUEST NO. 32:**

Responding Party objects that the Request is vague and ambiguous, overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged information. The request is vague and ambiguous in its terminology which is compounded by the improper attempt to define terms past their ordinary plain meaning. The Request is overbroad as to time and scope not being limited to the class period. The Request seeks information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. The request is unduly burdensome in seeking information that is equally available, irrelevant or of little relevance at significant cost to Responding Party in money and/or time. The Request seeks information whose relevance is not proportional to the cost and effort of obtaining it. The Request seeks information protected by California Article I Constitutional privacy protections for Responding Party and third parties.

Plaintiff stands on all objections above and cannot answer the request as asked because, for just one example, it is seeks information not relevant to the TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. Documents are withheld on the basis of these objections.

///

///

///

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

1    ***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A***

2    ***FURTHER RESPONSE AND PRODUCTION:***

3    Defendant DJI refers the Court to its argument as to Request for

4    Production No. 1 above and incorporates that argument herein by this reference.

5    The information and documents concerning Plaintiff's INTERNET SERVICE

6    PROVIDERs

7    Defendant DJI refers the Court to its argument as to Request for

8    Production No. 1 above and incorporates that argument herein by this reference.

9    The information and documents concerning Plaintiff's INTERNET SERVICE

10   PROVIDERs are also relevant to determine whether he actively searched, for

11   example, for health insurance or entered information into landing pages for health

12   insurance in order to consent to or invite calls so that he could concoct his TCPA

13   violations. Plaintiff also testified that his other 99 TCPA lawsuits involved a host

14   of different products/services, and not just health insurance:

15   Q:    You've filed a number of TCPA lawsuits that we've

16   talked about earlier; correct?

17   A.·  Correct.

18   Q.·  They don't -- do they all relate to calls relating to insurance

19   or selling insurance?

20   A.·  No.· The vast majority of the initial ones I've filed were

21   junk fax advertisements for mortgages, typically.· Refinancing of your

22   home was a big one when they really started to irritate me, where I'd

23   be getting three, four junk faxes a day sometimes.

24   Q.·  With respect to the lawsuits alleging robocalls, have they

25   been only relating to insurance products?

26

27

28

A.  No.  They've also been relating to Google engine search services, toner, other business products. But health insurance and Google search engine optimization are the two typical ones.

The identification of Plaintiff's INTERNET SERVICE PROVIDERs is unquestionably relevant to the issues of consent and whether Plaintiff is a professional plaintiff.

(Meeker Decl., Ex. "4" (Plaintiff's Deposition Transcript, pp. 154-155)).

Moreover, Plaintiff asserts that the information sought is also protected by contractual privacy obligations.  What do these purported contractual provisions say?  Contractual confidentiality provisions (assuming arguendo they even exist here) contain various exceptions including the need to respond "as required by law."

### *THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:*

The Putative Class refers the Court to its argument as to Request for Production No. 31 above and incorporates that argument herein by this reference.

### REQUEST FOR PRODUCTION NO. 33:

DOCUMENTS evidencing any telephone call from MOSER to DONISI JAX from 2015-2018.

### RESPONSE TO REQUEST NO. 33:

Responding Party objects that the Request is vague and ambiguous, overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged information. The request is vague and ambiguous in its terminology which is compounded by the improper attempt to define terms past their ordinary plain meaning. The Request is overbroad as to time and scope not being limited to the

- 87 -     Case No. 17-cv-1127-WQH-KSC

class period. The Request seeks information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent (written could not be obtained during a call). The request is unduly burdensome in seeking information that is equally available, irrelevant or of little relevance at significant cost to Responding Party in money and/or time. The Request seeks information whose relevance is not proportional to the cost and effort of obtaining it.

Responding Party has made a diligent search and reasonable inquiry and is unable to comply with the request because Plaintiff does not believe the documents: requested exist. Responding Party is informed and believes that if any such calls were made they would be reflected in the records of, Responding Party's telephone carriers.

Responding Party will produce copies of the phone bill and associated phone company call detail reports documents for the phone numbers alleged in the FAC upon the Court implementing a protective order in the now-pending motion to the Magistrate Judge, and the documents produced will be designated and marked "Confidential" and "Attorneys Eyes Only".

### *DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:*

Plaintiff provided Defendant DJI with a copy of his phone bills from March 2017 through April 2018, which he obtained online. However, Defendant DJI now seeks Plaintiff's phone bills for all phone numbers used by Plaintiff from 2013 to 2016 and from May 2018 to the present, as well as Plaintiff's call detail reports for all phone numbers from 2013 to the present.

- 88 -                    Case No. 17-cv-1127-WQH-KSC

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

The information and documents sought are relevant for the reasons set forth in Defendant DJI's argument as to Request for Production No. 1 above, and Defendant DJI refers to its argument as to Request for Production No. 1 above and incorporates that argument herein by this reference. In addition to such incorporated material, Defendant DJI submits that the requested information is not subject to the attorney-client privilege or the attorney work product doctrine.

Moreover, the requested information would not be subject to some contractual privacy obligation. Plaintiff is obligated to make a reasonable effort to obtain the documents, which includes calling his provider(s) on the phone to request the documents and following up with his provider(s) to obtain the documents.

## *THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:*

The Putative Class refers the Court to its argument as to Request for Production No. 27 above and incorporates that argument herein by this reference.

## REQUEST FOR PRODUCTION NO. 34:

All drafts of the spreadsheet attached as Exhibit 1 to the FAC.

## RESPONSE TO REQUEST NO. 34:

Responding Party has made a diligent search and reasonable inquiry and is unable to comply with the request because the only "draft" of the spreadsheet is the one attached to the FAC.  In the interest of full disclosure, Responding Party makes call notes for each individual call, a copy of the latest compilation of which is produced herewith. Also, Responding Party will produce copies of the audio recordings and other H11 sales related documents previously produced to Health Insurance Innovations, Inc. herewith since they speak directly to the calls at issue

1    in this case.

2

3    ***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A***

4    ***FURTHER RESPONSE AND PRODUCTION:***

5         During the parties' meet and confer discussions, Plaintiff's counsel agreed

6    to provide Defendant DJI with a copy of the spreadsheet that was attached an

7    Exhibit to Plaintiff's First Amended Complaint with metadata. As of the date that

8    Defendant DJI exchanged its portion of this joint motion, counsel for Plaintiff has

9    not produced the document.

10        The information sought is relevant for the reasons set forth in Defendant

11   DJI's argument as to Request for Production No. 1 above, and Defendant DJI

12   refers to its argument as to Request for Production No. 1 above and incorporates

13   that argument herein by this reference.

14

15   ***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO***

16   ***COMPEL A FURTHER RESPONSE AND PRODUCTION:***

17        At various points in this motion Defendant has included brief statements

18   and/or argument sections on requests where the parties reached agreement to

19   narrow and respond.  We presume this is done out of an overabundance of

20   caution to preserve any dispute in the highly unlikely event the parties'

21   agreements break down.  We are slightly concerned however at the phrasing

22   which makes it seem as if the Putative Class has not performed its obligations.

23   All of these agreements were entirely reciprocal with Defendant agreeing to a

24   narrowing of the request and Mr. Moser agreeing to a production or answer based

25   on that narrowing.  Defendant has not yet sent amended requests to which Mr.

26   Moser can send amended responses.  We do not presume this is bad faith or that

27   there is any problem with these agreements at this time.  Defendant has been

28

1  diligently busy on this lengthy motion and other work in this case and we

2  presume we will see the amended requests in a reasonable time and we will

3  likewise make our amended responses in a reasonable time.   We include

4  argument below out of the same abundance of caution we assume Defendant was

5  using.

6      As to the unamended request, Plaintiff stands on its original response

7  stating plainly that there are no other drafts of the document.

8

9  **REQUEST FOR PRODUCTION NO. 35:**

10     All DOCUMENTS RELATING TO the spreadsheet attached as Exhibit 1 to

11  the FAC.

12  **RESPONSE TO REQUEST NO. 35:**

13     Responding Party objects that the Request is vague and ambiguous,

14  overbroad, irrelevant in parts, unduly burdensome, not proportional, and seeks

15  privileged information. The request is vague and ambiguous in its terminology

16  which is compounded by the improper attempt to define terms past their ordinary

17  plain meaning. The Request is overbroad as to time and scope not being limited to

18  the class period. The Request for all documents related to a demonstrative

19  spreadsheet seeks whole swaths of information not relevant to TCPA autodialed

20  call elements 1) whether the calls were transmitted to a cell phone—received is not

21  an element—and, 2) whether they were transmitted by autodialer, or the sole

22  legally recognized affirmative defense, whether the sender had prior express

23  written consent. The request is unduly burdensome in seeking information that is

24  equally available, irrelevant or of little relevance at significant cost to Responding

25  Party in money and/or time. The Request seeks information whose relevance is not

26  proportional to the cost and effort of obtaining it. The Request seeks information

27  protected by attorney-client communication privilege and attorney work product

28

- 91 -

Case No. 17-cv-1127-WQH-KSC

1   doctrine. And some of the items sought are also protected by contractual privacy

2   obligations and California Article I Constitutional privacy protections for

3   Responding Party and third parties.

4        To the extent the request seeks information protected by privileges, Plaintiff

5   stands on the privilege objections and cannot answer the request as stated. To the

6   best of Responding Party's ability to determine the meaning of all documents

7   "related to" the spreadsheet, at least some documents would be withheld based on

8   privilege, for example the e-mail in which Responding Party sent his attorneys the

9   spreadsheet is clearly protected by communication privilege.

10  Responding Party answers over all other objections to the best of Responding

11  Party's ability to determine the meaning of all documents "related to" the

12  spreadsheet.

13       Responding Party makes call notes for each individual call, a copy of the

14  latest compilation of which is produced herewith. Also, Responding Party will

15  produce copies of the audio recordings and other HII sales related documents

16  previously produced to Health Insurance Innovations, Inc. herewith since they

17  speak directly to the calls at issue in this case and therefore theoretically "relate to"

18  the spreadsheet.

19       Responding Party will produce copies of the phone bill and associated phone

20  company call detail reports documents sought upon the Court implementing a

21  protective order in the now-pending motion to the Magistrate Judge, and the

22  documents produced will be designated and marked "Confidential" and "Attorneys

23  Eyes Only".

24

25  ***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A***

26  ***FURTHER RESPONSE AND PRODUCTION:***

27       During the parties' meet and confer discussions, Plaintiff's counsels that

28

- 92 -    Case No. 17-cv-1127-WQH-KSC

1  Plaintiff does not have any documents responsive to this request. Defendant DJI

2  requests that the Court order Plaintiff to supplement or amend his response to

3  state that no such documents exist.

4

5  ***PLAINTIFF'S ARGUMENT IN OPPOSTION TO MOTION TO COMPEL A***

6  ***FURTHER RESPONSE AND PRODUCTION:***

7      Defendants appear to be claiming there was an agreement, and this is not

8  accurate to Plaintiffs' recollection.   The request as asked with the specially

9  defined "RELATED TO" encompassing 22 thesaurus entry synonyms makes the

10  request incomprehensible since literally anything might be RELATED TO

11  Plaintiffs call log with his notes for each call at issue in this case.  For example,

12  Defendant's corporate filing paperwork with the State of Florida is arguably

13  RELATED to the call log since it "supports" or "concerns" or "comments on"

14  some information in the log, namely the legal name and trademarks Defendant

15  uses.

16      During the meet and confer Plaintiff's and Defense counsel had a frank and

17  informative discussion about the call log and how it was generated and used.  As

18  noted in the discussion of Request 34, above, Defendants offered to narrow and

19  Plaintiffs reciprocally offered to produce the sole call log document in original

20  format with whatever metadata it contains. As stated in Request 34 discussion,

21  Plaintiff believes the agreement of the parties' is intact has diligently worked to

22  obtain the evidence and will produce it and an amended response when the

23  request is amended.   The parties agreed that this production would satisfy

24  Defendant for Requests No. 34 and 35.

25      Plaintiff can state that there are no other drafts of versions of the document

26  at issue, however Plaintiff cannot respond to Request No 35 by stating that there

27  are no documents RELATED TO the call log in the extraordinarily broad sense

28

1   of that defined term since literally every document in the case would relate to a

2   log of the calls at issue in the case in the broadest sense. For any further analysis,

3   the Putative Class refers the Court to its argument as to Request for Production

4   No. 34 above and incorporates that argument herein by this reference.

5

6   **REQUEST FOR PRODUCTION NO. 36:**

7         All DOCUMENTS RELATING TO MOSER's efforts to log telephone calls,

8   faxes or text messages that may be used by MOSER in future LAWSUITS against

9   anyone.

10  **RESPONSE TO REQUEST NO. 36:**

11        Responding Party objects that the Request is vague and ambiguous,

12  overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged

13  information. The request is vague and ambiguous in its terminology which is

14  compounded by the improper attempt to define terms past their ordinary plain

15  meaning. The Request is overbroad as to time and scope not being limited to the

16  class period, and in fact calling for speculation about "future LAWSUITS". The

17  Request seeks information not relevant to TCPA autodialed call elements 1)

18  whether the calls were transmitted to a cell phone—received is not an element—

19  and, 2) whether they were transmitted by autodialer, or the sole legally recognized

20  affirmative defense, whether the sender had prior express written consent. The

21  request is unduly burdensome in seeking information that is equally available,

22  irrelevant or of little relevance at significant cost to Responding Party in money

23  and/or time. The Request seeks information whose relevance is not proportional to

24  the cost and effort of obtaining it. The Request seeks information protected by

25  attorney-client communication privilege and attorney work product doctrine. And

26  some of the items sought are also protected by contractual privacy obligations and

27  California Article I Constitutional privacy protections for Responding Party and

28

1    third parties.

2       Plaintiff stands on all objections above and cannot answer the request as

3    asked because, for just one example, it is seeks information not relevant to the

4    TCPA autodialed call elements 1) whether the calls were transmitted to a cell

5    phone—received is not an element—and, 2) whether they were transmitted by

6    autodialer, or the sole legally recognized affirmative defense, whether the sender

7    had prior express written consent. Documents are withheld on the basis of these

8    objections. Plaintiff is willing to discuss producing documents to a request

9    properly narrowed to the subject matter of this case and what efforts were made to

10   log the calls at issue therein.

11

12   ***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A***

13   ***FURTHER RESPONSE AND PRODUCTION:***

14       During the parties' meet and confer, Plaintiff's counsel indicated that he

15   would not produce any logging by Plaintiff concerning phone calls, texts, or

16   faxes he received and subject to TCPA litigation, outside of this case.

17       Plaintiff's logging efforts are unquestionably relevant to whether Plaintiff

18   is a professional or habitual TCPA litigant. Plaintiff's logging efforts are also

19   relevant for the reasons set forth in Defendant DJI's argument as to Request for

20   Production No. 1 above, and Defendant DJI refers to its argument as to Request

21   for Production No. 1 above and incorporates that argument herein by this

22   reference. Plaintiff is to produce the responsive documents.

23       In addition to such incorporated material, Defendant DJI submits that the

24   requested information is not private and does not remotely seek any attorney-

25   client communication or attorney work product.

26       Moreover, the requested information and documents would not be subject

27   to some contractual privacy obligation. Plaintiff should be obligated to identify

28

- 95 -      Case No. 17-cv-1127-WQH-KSC

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

1   and explain with some detail any contractual obligation he claims is applicable.

2

3   ***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO***

4   ***COMPEL A FURTHER RESPONSE AND PRODUCTION:***

5       The Putative Class refers the Court to its argument as to Request for

6   Production No.'s 1 and 3 above and incorporates that argument herein by this

7   reference.  The Putative Class refers the Court to its argument as to Request for

8   Production No. 34 above as to the use of the exceptionally overbroad defined

9   term "RELATED TO" and incorporates that argument herein by this reference.

10      The Putative Class notes that it did during meet and confer offer to produce

11  documents related to the logging of the calls alleged in this case to the extent

12  there are any documents outside of the detailed call log already produced if the

13  request was similarly narrowed.  The offer was not accepted.  The Putative Class

14  remains willing to do so since these case-related documents if there are any are

15  unquestionably relevant to the claims and legally recognized defenses in this

16  case.

17

18  **REQUEST FOR PRODUCTION NO. 37:**

19      All DOCUMENTS created or used by MOSER to log telephone calls, faxes

20  or text messages that are the subject of any LAWSUIT in which MOSER claimed

21  a violation of the TCPA from 2008-2018.

22  **RESPONSE TO REQUEST NO. 37:**

23      Responding Party objects that the Request is vague and ambiguous,

24  overbroad,' irrelevant, unduly burdensome, not proportional, and seeks privileged

25  information. The request is vague and ambiguous in its terminology which is

26  compounded by the improper attempt to define terms past their ordinary plain

27  meaning. The Request is overbroad as to time and scope not being limited to the

28

class period. The Request seeks information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. The request is unduly burdensome in seeking information that is equally available, irrelevant or of little relevance at significant cost to Responding Party in money and/or time. The Request seeks information whose relevance is not proportional to the cost and effort of obtaining it. The Request seeks information protected by attorney-client communication privilege and attorney work product doctrine. And some of the items sought are also protected by contractual privacy obligations and California Article I Constitutional privacy protections for Responding Party and third parties.

Plaintiff stands on all objections above and cannot answer the request as asked because, for just one example, it is seeks information not relevant to the TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. Documents are withheld on the basis of these objections. Plaintiff is willing to discuss producing documents to a request properly narrowed to the subject matter of this case and what efforts were made to log the calls at issue therein.

### DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:

During the parties' meet and confer, Plaintiff's counsel indicated that he would not produce any logging by Plaintiff concerning phone calls, texts, or faxes he received and subject to TCPA litigation, outside of this case.

Plaintiff's logging efforts are unquestionably relevant to whether Plaintiff is a professional or habitual TCPA litigant. Plaintiff's logging efforts are also relevant for the reasons set forth in Defendant DJI's argument as to Request for Production No. 1 above, and Defendant DJI refers to its argument as to Request for Production No. 1 above and incorporates that argument herein by this reference. Plaintiff is to produce the responsive documents.

In addition to such incorporated material, Defendant DJI submits that the requested information is not private and does not remotely seek any attorney-client communication or attorney work product.

Moreover, the requested information and documents would not be subject to some contractual privacy obligation. Plaintiff should be obligated to identify and explain with some detail any contractual obligation he claims is applicable.

### THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:

The Putative Class refers the Court to its argument as to Request for Production No. 36 above and incorporates that argument herein by this reference.

### REQUEST FOR PRODUCTION NO. 38:

All DOCUMENTS created or used by MOSER to log telephone calls, faxes or text messages that are the subject of any LAWSUIT in which a MOSER BUSINESS claimed a violation of the TCPA from 2008-2018.

### RESPONSE TO REQUEST NO. 38:

Responding Party objects that the Request is vague and ambiguous, overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged information. The request is vague and ambiguous 'in its terminology which is compounded by the improper attempt to define terms past their ordinary plain

meaning. The Request is overbroad as to time and scope not being limited to the class period. The Request seeks information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. The request is unduly burdensome in seeking information that is equally available, irrelevant or of little relevance at significant cost to Responding Party in money and/or time. The Request seeks information whose relevance is not proportional to the cost and effort of obtaining it. The Request seeks information protected by attorney-client communication privilege and attorney work product doctrine. And some of the items sought are also protected by contractual privacy obligations and California Article I Constitutional privacy protections for Responding Party and third parties.

Plaintiff stands on all objections above and cannot answer the request as asked because, for just one example, it is seeks information not relevant to the TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. Documents are withheld on the basis of these objections. Plaintiff is willing to discuss producing documents to a request properly narrowed to the subject matter of this case and what efforts were made to log the calls at issue therein.

### *DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:*

During the parties' meet and confer, Plaintiff's counsel indicated that he would not produce any logging by Plaintiff concerning phone calls, texts, or

- 99 -                    Case No. 17-cv-1127-WQH-KSC

1    faxes he received and subject to TCPA litigation, outside of this case.

2        Plaintiff's logging efforts are unquestionably relevant to whether Plaintiff

3    is a professional or habitual TCPA litigant. Plaintiff's logging efforts are also

4    relevant for the reasons set forth in Defendant DJI's argument as to Request for

5    Production No. 1 above, and Defendant DJI refers to its argument as to Request

6    for Production No. 1 above and incorporates that argument herein by this

7    reference. Plaintiff is to produce the responsive documents.

8        In addition to such incorporated material, Defendant DJI submits that the

9    requested information is not private and does not remotely seek any attorney-

10   client communication or attorney work product.

11       Moreover, the requested information and documents would not be subject

12   to some contractual privacy obligation. Plaintiff should be obligated to identify

13   and explain with some detail any contractual obligation he claims is applicable.

14

15   ***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO***

16   ***COMPEL A FURTHER RESPONSE AND PRODUCTION:***

17       The Putative Class refers the Court to its argument as to Request for

18   Production No. 36 above and incorporates that argument herein by this reference

19

20   **REQUEST FOR PRODUCTION NO. 39:**

21       All DOCUMENTS RELATING TO the allegation in paragraph 42 of the

22   FAC that MOSER "feigned interest to determine the true identity of the caller and

23   relationship of Defendants and faked buying a policy."

24   **RESPONSE TO REQUEST NO. 39:**

25       Responding Party objects that the Request is vague and ambiguous,

26   overbroad, irrelevant in parts, unduly burdensome, not proportional, and seeks

27   privileged information. The request is vague and ambiguous in its terminology

28

which is compounded by the improper attempt to define terms past their ordinary plain meaning. The Request is overbroad as to time and scope not being limited to the class period. The Request for all documents related to a demonstrative spreadsheet seeks whole swaths of information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. The request is unduly burdensome in seeking information that is equally available, irrelevant or of little relevance at significant cost to Responding Party in money and/or time. The Request seeks information whose relevance is not proportional to the cost and effort of obtaining it. The Request seeks information protected by attorney-client communication privilege and attorney work product doctrine. And some of the items sought are also protected by contractual privacy obligations and California Article I Constitutional privacy protections for Responding Party and third parties.

To the extent the request seeks information protected by privileges, Plaintiff stands on the privilege objections and cannot answer the request as stated. To the best of Responding Party's ability to determine the meaning of all documents "related to" the allegation, at least some documents would be withheld based on privilege, for example any written communications with his attorneys related to the allegation is clearly protected by communication privilege.

Responding Party answers over all other objections to the best of Responding Party's ability to determine the meaning of all documents "related to" the allegation.

Responding Party makes call notes for each individual call, a copy of the latest compilation of which is produced herewith. Also, Responding Party will produce copies of the audio recordings and other HII sales related documents

previously produced to Health Insurance Innovations, Inc. herewith since they speak directly to the calls at issue in this case and therefore theoretically "relate to" the allegation.

Responding Party will produce copies of the phone bill and associated phone company call detail reports documents sought upon the Court implementing a protective order in the now-pending motion to the Magistrate Judge, and the documents produced will be designated and marked "Confidential" and "Attorneys Eyes Only".

### DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:

During the parties' meet and confer discussions, Plaintiff's counsel stated that Plaintiff had produced all documents responsive of this request, other than copies of the phone bill and associated phone company call detail reports documents, which Plaintiff will be produce upon entry of a protective order by the Court. Defendant DJI accordingly requests that the Court order Plaintiff to produce a supplemental or amended response to this request stating that other than the phone bills and call details reports, there are no documents responsive to this request.

### THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:

The Response already states exactly what Defendant asks to be stated in a supplemental or amended response.  There is no need to supplement or amend.

### REQUEST FOR PRODUCTION NO. 40:

All DOCUMENTS RELATING TO the allegation in paragraph 45 of the

1  FAC that MOSER "feigned interest to determine the true identity of the caller and

2  relationship of Defendants . . . .:"

4  **RESPONSE TO REQUEST NO. 40:**

5       Responding Party objects that the Request is vague and ambiguous,

6  overbroad, irrelevant in parts, unduly burdensome, not proportional, and seeks

7  privileged information. The request is vague and ambiguous in its terminology

8  which is compounded by the improper attempt to define terms past their ordinary

9  plain meaning. The Request is overbroad as to time and scope not being limited to

10  the class period. The Request for all documents related to a demonstrative

11  spreadsheet seeks whole swaths of information not relevant to TCPA autodialed

12  call elements 1) whether the calls were transmitted to a cell phone—received is not

13  an element—and, 2) whether they were transmitted by autodialer, or the sole

14  legally recognized affirmative defense, whether the sender had prior express

15  written consent. The request is unduly burdensome in seeking information that is

16  equally available, irrelevant or of little relevance at significant cost to Responding

17  Party in money and/or time. The Request seeks information whose relevance is not

18  proportional to the cost and effort of obtaining it. The Request seeks information

19  protected by attorney-client communication privilege and attorney work product

20  doctrine. And some of the items sought are also protected by contractual privacy

21  obligations and California Article I Constitutional privacy protections for

22  Responding Party and third parties.

23       To the extent the request seeks information protected by privileges, Plaintiff

24  stands on the privilege objections and cannot answer the request as stated. To the

25  best of Responding Party's ability to determine the meaning of all documents

26  "related to" the allegation, at least some documents would be withheld based on

27  privilege, for example any written communications with his attorneys related to the

28

Case No. 17-cv-1127-WQH-KSC

1   allegation is clearly protected by communication privilege.

2       Responding Party answers over all other objections to the best of

3   Responding Party's ability to determine the meaning of all documents "related to"

4   the allegation.

5       Responding Party makes call notes for each individual call, a copy of the

6   latest compilation of which is produced herewith. Also, Responding Party will

7   produce copies of the audio recordings and other I-III sales related documents

8   previously produced to Health Insurance Innovations, Inc. herewith since they

9   speak directly to the calls at issue in this case and therefore theoretically "relate to"

10   the allegation.

11       Responding Party will produce copies of the phone bill and associated phone

12   company call detail reports documents sought upon the Court implementing a

13   protective order in the now-pending motion to the Magistrate Judge, and the

14   documents produced will be designated and marked "Confidential" and "Attorneys

15   Eyes Only".

16

17   ***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A***

18   ***FURTHER RESPONSE AND PRODUCTION:***

19       During the parties' meet and confer discussions, Plaintiff's counsel stated

20   that Plaintiff had produced all documents responsive of this request, other than

21   copies of the phone bill and associated phone company call detail reports

22   documents, which Plaintiff will be produce upon entry of a protective order by

23   the Court. Defendant DJI accordingly requests that the Court order Plaintiff to

24   produce a supplemental or amended response to this request stating that other

25   than the phone bills and call details reports, there are no documents responsive to

26   this request.

27

28

- 104 -                    Case No. 17-cv-1127-WQH-KSC

1   ***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO***

2   ***COMPEL A FURTHER RESPONSE AND PRODUCTION:***

3      The Response already states exactly what Defendant asks to be stated in a

4   supplemental or amended response.  There is no need to supplement or amend.

5

6   **REQUEST TOR PRODUCTION NO. 41**:

7      All DOCUMENTS RELATING TO the allegation in paragraph 47 of the

8   FAC that MOSER "had to fake buying a policy since the caller would never

9   identify his company and no person named Michael G. Miller had a license to sell

10  insurance on record with the California Department of Insurance."

11  **RESPONSE TO REQUEST NO. 41:**

12     Responding Party objects that the Request is vague and ambiguous,

13  overbroad, irrelevant in parts, unduly burdensome, not proportional, and seeks

14  privileged information. The request is vague and ambiguous in its terminology

15  which is compounded by the improper attempt to define terms past their ordinary

16  plain meaning. The Request is overbroad as to time and scope not being limited to

17  the class period. The Request for all documents related to a demonstrative

18  spreadsheet seeks whole swaths of information not relevant to TCPA autodialed

19  call elements 1) whether the calls were transmitted to a cell phone---received is not

20  an element—and, 2) whether they were transmitted by autodialer, or the sole

21  legally recognized affirmative defense, whether the sender had prior express

22  written consent. The request is unduly burdensome in seeking information that is

23  equally available, irrelevant or of little relevance at significant cost to Responding

24  Party in money and/or time. The Request seeks information whose relevance is not

25  proportional to the cost and effort of obtaining it. The Request seeks information

26  protected by attorney-client communication privilege and attorney work product

27  doctrine. And some of the items sought are also protected by contractual privacy

28

1    obligations and California Article I Constitutional privacy protections for

2    Responding Party and third parties.

3         To the extent the request seeks information protected by privileges, Plaintiff

4    stands on the privilege objections and cannot answer the request as stated. To the

5    best of Responding Party's ability to determine the meaning of all documents

6    "related to" the allegation, at least some documents would be withheld based on

7    privilege, for example any written communications with his attorneys related to the

8    allegation is clearly protected by communication privilege.

9    Responding Party answers over all other objections to the best of Responding

10   Party's ability to determine the meaning of all documents "related to" the

11   allegation.

12        Responding Party makes call notes for each individual call, a copy of the

13   latest compilation of which.is produced herewith. Also, Responding Party will

14   produce copies of the audio recordings and other HII sales related documents

15   previously produced to Health Insurance Innovations, Inc. herewith since they

16   speak directly to the calls at issue in this case and therefore theoretically "relate to"

17   the allegation.

18        Responding Party will produce copies of the phone bill and associated phone

19   company call detail reports documents sought upon the Court implementing a

20   protective order in the now-pending motion to the Magistrate Judge, and the

21   documents produced will be designated and marked "Confidential" and "Attorneys

22   Eyes Only".

23

24   ### ***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A***

25   ### ***FURTHER RESPONSE AND PRODUCTION:***

26        During the parties' meet and confer discussions, Plaintiff's counsel stated

27   that Plaintiff had produced all documents responsive of this request, other than

28

- 106 -                          Case No. 17-cv-1127-WQH-KSC

copies of the phone bill and associated phone company call detail reports documents, which Plaintiff will be produce upon entry of a protective order by the Court. Defendant DJI accordingly requests that the Court order Plaintiff to produce a supplemental or amended response to this request stating that other than the phone bills and call details reports, there are no documents responsive to this request.

## *THE PUTATIVE CLASS' ARGUMENT IN OPPOSITION TO MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:*

The Response already states exactly what Defendant asks to be stated in a supplemental or amended response.  There is no need to supplement or amend.

## REQUEST FOR PRODUCTION NO. 42:

All DOCUMENTS RELATING TO "plans" MOSER "signed up for" as alleged in the FAC (see, e.g. FAC ¶ 77).

## RESPONSE TO REQUEST NO. 42:

Responding Party objects that the Request is vague and ambiguous, overbroad, irrelevant in parts, unduly burdensome, not proportional, and seeks privileged information. The request is vague and ambiguous in its terminology which is compounded by the improper attempt to define terms past their ordinary plain meaning. The Request is overbroad as to time and scope not being limited to the class period. The Request for all documents related to a demonstrative spreadsheet seeks whole swaths of information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. The request is unduly burdensome in seeking information that is

1   equally available, irrelevant or of little relevance at significant cost to Responding

2   Party in money and/or time. The Request seeks information whose relevance is not

3   proportional to the cost and effort of obtaining it. The Request seeks information

4   protected by attorney-client communication privilege and attorney work product

5   doctrine. And some of the items sought are also protected by contractual privacy

6   obligations and California Article I Constitutional privacy protections for

7   Responding Party and third parties.

8        To the extent the request seeks information protected by privileges, Plaintiff

9   stands on the privilege objections and cannot answer the request as stated. To the

10  best of Responding Party's ability to determine the meaning of all documents

11  "related to" the allegation, at least some documents would be withheld based on

12  privilege, for example any written communications with his attorneys related to the

13  allegation is clearly protected by communication privilege.

14       Responding Party answers over all other objections to the best of

15  Responding Party's ability to determine the meaning of all documents "related to"

16  the allegation.

17       Responding Party makes call notes for each individual call, a copy of the

18  latest compilation of which is produced herewith. Also, Responding Party will

19  produce copies of the audio recordings and other HII sales related documents

20  previously produced to Health Insurance Innovations, Inc. herewith since they

21  speak directly to the calls at issue in this case and therefore theoretically "relate to"

22  the allegation.

23       Responding Party will produce copies of the phone bill and associated phone

24  company call detail reports documents sought upon the Court implementing a

25  protective order in the now-pending motion to the Magistrate Judge, and the

26  documents produced will be designated and marked "Confidential" and "Attorneys

27  Eyes Only".

28
                                        - 108 -            Case No. 17-cv-1127-WQH-KSC

_**DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:**_

During the parties' meet and confer discussions, Plaintiff's counsel stated that Plaintiff had produced all documents responsive of this request, other than copies of the phone bill and associated phone company call detail reports documents, which Plaintiff will be produce upon entry of a protective order by the Court. Defendant DJI accordingly requests that the Court order Plaintiff to produce a supplemental or amended response to this request stating that other than the phone bills and call details reports, there are no documents responsive to this request.

_**THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:**_

The Response already states exactly what Defendant asks to be stated in a supplemental or amended response.  There is no need to supplement or amend.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS RELATING TO any products MOSER has signed up for and/or purchased that are part of any LAWSUIT in which MOSER was a party from 2008-2018.

**RESPONSE TO REQUEST NO. 43:**

Responding Party objects that the Request is vague and ambiguous, overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged information. The request is vague and ambiguous in its terminology, i.e., "relating to" "products" and "part of any lawsuit", which is compounded by the improper attempt to define terms past their ordinary plain meaning. The Request is overbroad as to time and scope not being limited to the class period. The Request

1   seeks information not relevant to TCPA autodialed call elements 1) whether the
2   calls were transmitted to a cell phone—received is not an element—and, 2)
3   whether they were transmitted by autodialer, or the sole legally recognized
4   affirmative defense, whether the sender had prior express written consent. The
5   request is unduly burdensome in seeking information that is equally available,
6   irrelevant or of little relevance at significant cost to Responding Party in money
7   and/or time. The Request seeks information whose relevance is not proportional to
8   the cost and effort of obtaining it. The Request seeks information protected by
9   attorney-client communication privilege and attorney work product doctrine. And
10  some of the items sought are also protected by contractual privacy obligations and
11  California Article I Constitutional privacy protections for Responding Party and
12  third parties.

13        Plaintiff stands on all objections above and cannot answer the request as
14  asked because, for just one example, it is seeks information not relevant to the
15  TCPA autodialed call elements 1) whether the calls were transmitted to a cell
16  phone—received is not an element—and, 2) whether they were transmitted by
17  autodialer, or the sole legally recognized affirmative defense, whether the sender
18  had prior express written consent. Documents are withheld on the basis of these
19  objections.

20

21  **_DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A_**
22  **_FURTHER RESPONSE AND PRODUCTION:_**

23        Plaintiff's counsel confirmed during the parties' meet and confer
24  discussions that he would not produce any documents responsive to this request if
25  the documents did not concern this lawsuit.

26        Defendant DJI refers the Court to its argument as to Request for
27  Production No. 1 above and incorporates that argument herein by this reference.

28

Plaintiff testified he has filed 99 TCPA lawsuits involving a host of different products/services, and not just health insurance:

> Q:    You've filed a number of TCPA lawsuits that we've talked about earlier; correct?
>
> A.·  Correct.
>
> Q.·  They don't -- do they all relate to calls relating to insurance or selling insurance?
>
> A.·  No.·  The vast majority of the initial ones I've filed were junk fax advertisements for mortgages, typically.·  Refinancing of your home was a big one when they really started to irritate me, where I'd be getting three, four junk faxes a day sometimes.
>
> Q.·  With respect to the lawsuits alleging robocalls, have they been only relating to insurance products?
>
> A.·  No.·  They've also been relating to Google engine search services, toner, other business products. But health insurance and Google search engine optimization are the two typical ones.

(Meeker Decl., Ex. "4" (Plaintiff's Deposition Transcript, pp. 154-155)).

The information and documents sought are unquestionably relevant to the issues of consent and whether Plaintiff is a professional plaintiff.

This current request also does not remotely seek any attorney-client communication or attorney work product.   Additionally, and continuing the boilerplate content of his objections, Plaintiff asserts that the information sought is also protected by contractual privacy obligations.   What do these purported contractual provisions say?   Contractual confidentiality provisions (assuming arguendo they even exist here) contain various exceptions including the need to respond "as required by law."

Case No. 17-cv-1127-WQH-KSC

*THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO*
*COMPEL A FURTHER RESPONSE AND PRODUCTION:*

The Putative Class refers the Court to its argument as to Request for Production No. 31 above and incorporates that argument herein by this reference. The Putative Class refers the Court to its argument as to Request for Production No. 34 above as to the use of the exceptionally overbroad defined term "RELATED TO" and incorporates that argument herein by this reference.

**REQUEST FOR PRODUCTION NO. 44:**

DOCUMENTS evidencing MOSER's internet browsing history from 2008-2018 RELATING TO health insurance plans.

**RESPONSE TO REQUEST NO. 44:**

Responding Party objects that the Request is vague and ambiguous, overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged information. The request is vague and ambiguous in its terminology which is compounded by the improper attempt to define terms past their ordinary plain meaning. The Request is overbroad as to time and scope not being limited to the class period. The Request seeks information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. The request is unduly burdensome in seeking information that is equally available, irrelevant or of little relevance at significant cost to Responding Party in money and/or time. The Request seeks information whose relevance is not proportional to the cost and effort of obtaining it. The Request seeks information protected by contractual privacy obligations and California Article I Constitutional privacy protections for Responding Party and third parties.

Case No. 17-cv-1127-WQH-KSC

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

1     Plaintiff stands on all objections above and cannot answer the request as
2 asked because, for just one example, it is seeks information not relevant to the
3 TCPA autodialed call elements 1) whether the calls were transmitted to a cell
4 phone—received is not an element—and, 2) whether they were transmitted by
5 autodialer, or the sole legally recognized affirmative defense, whether the sender
6 had prior express written consent. Documents are withheld on the basis of these
7 objections.

8

9 ***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A***
10 ***FURTHER RESPONSE AND PRODUCTION:***

11     Defendant DJI refers the Court to its argument as to Request for
12 Production No. 1 above and incorporates that argument herein by this reference.
13 The information and documents sought are relevant to determine whether
14 Plaintiff actively searched for health insurance or entered information into
15 landing pages for health insurance in order to consent to or invite calls so that he
16 could concoct his TCPA violations. Information concerning Plaintiff's internet
17 browsing history concerning health insurance plans is unquestionably relevant to
18 the issues of consent and whether Plaintiff is a professional plaintiff.

19     Additionally, and continuing the boilerplate content of his objection,
20 Plaintiff asserts that the information sought is protected by contractual privacy
21 obligations. Plaintiff should be obligated to identify and explain with some detail
22 any contractual obligation he claims is applicable. Contractual confidentiality
23 provisions (assuming arguendo they even exist) contain various exceptions
24 including the need to response "as required by law."

25 ///
26 ///
27 ///
28

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

*THE PUTATIVE CLASS' ARGUMENT IN OPPOSITION TO MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:*

The Putative Class refers the Court to its argument as to Request for Production No. 31 above and incorporates that argument herein by this reference. The Putative Class refers the Court to its argument as to Request for Production No. 34 above as to the use of the exceptionally overbroad defined term "RELATED TO" and incorporates that argument herein by this reference.

**REQUEST FOR PRODUCTION NO. 45:**

DOCUMENTS evidencing MOSER's internet browsing history from 2008-2018 RELATING TO any product(s) that are part of any LAWSUIT in which MOSER was a party from 2008-2018.

**RESPONSE TO REQUEST NO. 45:**

Responding Party objects that the Request is vague and ambiguous, overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged information. The request is vague and ambiguous in its terminology, i.e., "relating to" "products" and "part of any lawsuit", which is compounded by the improper attempt to define terms past their ordinary plain meaning. The Request is overbroad as to time and scope not being limited to the class period. The Request seeks information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. The request is unduly burdensome in seeking information that is equally available, irrelevant or of little relevance at significant cost to Responding Party in money and/or time. The Request seeks information whose relevance is not proportional to the cost and effort of obtaining it. The Request seeks information protected by

1   attorney-client communication privilege and attorney work product doctrine. And

2   some of the items sought are also protected by contractual privacy obligations and

3   California Article I Constitutional privacy protections for Responding Party and

4   third parties.

5       Plaintiff stands on all objections above and cannot answer the request as

6   asked because, for just one example, it is seeks information not relevant to the

7   TCPA autodialed call elements 1) whether the calls were transmitted to a cell

8   phone—received is not an element—and, 2) whether they were transmitted by

9   autodialer, or the sole legally recognized affirmative defense, whether the sender

10  had prior express written consent. Documents are withheld on the basis of these

11  objections.

12

13  **_DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A_**

14  **_FURTHER RESPONSE AND PRODUCTION:_**

15      Defendant DJI refers the Court to its argument as to Request for

16  Production No. 1 above and incorporates that argument herein by this reference.

17  Plaintiff testified that his other 99 TCPA lawsuits involved a host of different

18  products/services, and not just health insurance:

19          Q:   You've filed a number of TCPA lawsuits that we've

20      talked about earlier; correct?

21          A. Correct.

22          Q. They don't -- do they all relate to calls relating to insurance

23      or selling insurance?

24          A. No. The vast majority of the initial ones I've filed were

25      junk fax advertisements for mortgages, typically. Refinancing of your

26      home was a big one when they really started to irritate me, where I'd

27      be getting three, four junk faxes a day sometimes.

28

- 115 -                    Case No. 17-cv-1127-WQH-KSC

1        Q.·  With respect to the lawsuits alleging robocalls, have they

2     been only relating to insurance products?

3        A.·  No.·  They've also been relating to Google engine search

4     services,  toner,  other  business  products.  But  health  insurance  and

5     Google search engine optimization are the two typical ones.

6 (Meeker Decl., Ex. "4" (Plaintiff's Deposition Transcript, pp. 154-155)).

7     The information and documents sought are unquestionably relevant to the

8 issues of consent and whether Plaintiff is a professional plaintiff.

9     This  current  request  also  does  not  remotely  seek  any  attorney-client

10 communication  or  attorney  work  product.   Additionally,  and  continuing  the

11 boilerplate  content  of  his  objections,  Plaintiff  asserts  that  the  information  sought

12 is  also  protected  by  contractual  privacy  obligations.   What  do  these  purported

13 contractual  provisions  say?   Contractual  confidentiality  provisions  (assuming

14 arguendo they even exist here) contain various exceptions including the need to

15 respond "as required by law."

16

17 ***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO***

18 ***COMPEL A FURTHER RESPONSE AND PRODUCTION:***

19     The  Putative  Class  refers  the  Court  to  its  argument  as  to  Request  for

20 Production No. 31 above and incorporates that argument herein by this reference.

21 The Putative Class refers the Court to its argument as to Request for Production

22 No.  34  above  as  to  the  use  of  the  exceptionally  overbroad  defined  term

23 "RELATED TO" and incorporates that argument herein by this reference.

24

25 **REQUEST FOR PRODUCTION NO. 46:**

26     DOCUMENTS  evidencing  MOSER's  internet  browsing  history  from

27 2008¬2018 RELATING  TO  any  service(s)  that  are  part  of  any  LAWSUIT  in

28

- 116 -     Case No. 17-cv-1127-WQH-KSC

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

1  which MOSER was a party from 2008-2018.

2  **RESPONSE TO REQUEST NO. 46:**

3       Responding Party objects that the Request is vague and ambiguous,

4  overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged

5  information. The request is vague and ambiguous in its terminology, i.e., "relating

6  to" "services" and "part of any lawsuit", which is compounded by the improper

7  attempt to define terms past their ordinary plain meaning. The Request is

8  overbroad as to time and scope not being limited to the class period. The Request

9  seeks information not relevant to TCPA autodialed call elements 1) whether the

10  calls were transmitted to a cell phone—received is not an element—and, 2)

11  whether they were transmitted by autodialer, or the sole legally recognized

12  affirmative defense, whether the sender had prior express written consent. The

13  request is unduly burdensome in seeking information that is equally available,

14  irrelevant or of little relevance at significant cost to Responding Party in money

15  and/or time. The Request seeks information whose relevance is not proportional to

16  the cost and effort of obtaining it. The Request seeks information protected by

17  attorney-client communication privilege and attorney work product doctrine. And

18  some of the items sought are also protected by contractual privacy obligations and

19  California Article I Constitutional privacy protections for Responding Party and

20  third parties.

21       Plaintiff stands on all objections above and cannot answer the request as

22  asked because, for just one example, it is seeks information not relevant to the

23  TCPA autodialed call elements 1) whether the calls were transmitted to a cell

24  phone—received is not an element—and, 2) whether they were transmitted by

25  autodialer, or the sole legally recognized affirmative defense, whether the sender

26  had prior express written consent. Documents are withheld on the basis of these

27  objections.

28

**_DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A_**
**_FURTHER RESPONSE AND PRODUCTION:_**

Defendant DJI refers the Court to its argument as to Request for Production No. 1 above and incorporates that argument herein by this reference. Plaintiff testified that his other 99 TCPA lawsuits involved a host of different products/services, and not just health insurance:

> Q:     You've filed a number of TCPA lawsuits that we've talked about earlier; correct?
>
> A.·  Correct.
>
> Q.·  They don't -- do they all relate to calls relating to insurance or selling insurance?
>
> A.·  No.·  The vast majority of the initial ones I've filed were junk fax advertisements for mortgages, typically.·  Refinancing of your home was a big one when they really started to irritate me, where I'd be getting three, four junk faxes a day sometimes.
>
> Q.·  With respect to the lawsuits alleging robocalls, have they been only relating to insurance products?
>
> A.·  No.·  They've also been relating to Google engine search services, toner, other business products. But health insurance and Google search engine optimization are the two typical ones.

(Meeker Decl., Ex. "4" (Plaintiff's Deposition Transcript, pp. 154-155)).

The information and documents sought are unquestionably relevant to the issues of consent and whether Plaintiff is a professional plaintiff.

This current request also does not remotely seek any attorney-client communication or attorney work product.   Additionally, and continuing the boilerplate content of his objections, Plaintiff asserts that the information sought is also protected by contractual privacy obligations.   What do these purported

1  contractual provisions say?   Contractual confidentiality provisions (assuming

2  arguendo they even exist here) contain various exceptions including the need to

3  respond "as required by law."

4

5  ***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO***

6  ***COMPEL A FURTHER RESPONSE AND PRODUCTION:***

7  relating to any class certification motion in any case wherein Mr. Moser

8

9  **REQUEST FOR PRODUCTION NO. 47:**

10      All DOCUMENTS RELATING TO MOSER'S consent to receive telephone

11  calls from DEFENDANT, including without limitation, any alleged revocation of

12  consent to receive telephone calls from DEFENDANT.

13  **RESPONSE TO REQUEST NO. 47:**

14      Responding Party objects that the Request is vague and ambiguous,

15  overbroad, irrelevant, and not proportional. The request is vague and ambiguous in

16  its terminology, i.e., "consent" as opposed to the "prior express written consent"

17  required for the sole TCPA affirmative defense. The request's vagueness is

18  compounded by the improper attempt to define terms past their ordinary plain

19  meaning. The Request is overbroad as to time and scope not being limited to the

20  class period. The Request seeks information not relevant to TCPA autodialed call

21  elements 1) whether the calls were transmitted to a cell phone—received is not an

22  element—and, 2) whether they were transmitted by autodialer, or the sole legally

23  recognized affirmative defense, whether the sender had "prior express written

24  consent". The Request seeks information whose relevance is not proportional to the

25  cost and effort of obtaining it.

26      Plaintiff stands on all objections above and cannot answer the request as

27  asked because, in its vague standalone term "consent" it seeks information not

28

- 119 -      Case No. 17-cv-1127-WQH-KSC

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

meaning. The Request is overbroad as to time and scope not being limited to the class period. The Request seeks information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. The request is unduly burdensome in seeking information that is equally available, irrelevant or of little relevance at significant cost to Responding Party in money and/or time. The Request seeks information whose relevance is not proportional to the cost and effort of obtaining it.  The Request seeks information protected by attorney-client communication privilege and attorney work product doctrine. And some of the items sought are also protected by contractual privacy obligations and California Article I Constitutional privacy protections for Responding Party and third parties.

Plaintiff stands on all objections above and cannot answer the request as asked because, for just one example, it is seeks information not relevant to the TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. Documents are withheld on the basis of these objections.

**_DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:_**

The parties disagree regarding the definition of "consent." Defendant DJI defines consent as an assumption of permission to do something that is oral or written, whether express or inferred from an individual's actions or inactions. Defendant DJI seeks documents from Plaintiff using this definition of consent.

1    Plaintiff's definition of consent is narrower.

2        Defendant DJI refers the Court to its argument as to Request for

3    Production No. 1 above and incorporates that argument herein by this reference.

4        Defendant DJI is entitled to know whether Plaintiff consented to or

5    revoked any consent to telephone calls by any means, orally or in writing,

6    express or implied. Implied or oral consent or revocation of implied or oral

7    consent may raise issues of waiver and estoppel.[3] Implied or oral consent or

8    revocation of implied or oral consent may be intentionally misleading to concoct

9    a claim. Implied or oral consent or revocation of implied or oral consent may lead

10   to finding of documentation from Plaintiff that confirms the consent. Implied or

11   oral consent or revocation of implied or oral consent may indicate that Plaintiff is

12   inviting calls in order to concoct TCPA claims in his 100 or more TCPA lawsuits

13   as a professional plaintiff. Plaintiff should be ordered to provide any documents

14   relating to his consent or revocation of consent, whether he orally or impliedly

15   consented to or revoked consent to receive the at issue calls.

16

17   _____

[3]     In other papers filed in this action, Plaintiff has argued in a September 25,
18   2018 filing mentioned above, and citing *Erie Railroad Co. v. Tompkins*, "that
     there is no 'federal general common law' and no common law affirmative
19   defenses." 304 U.S. 64, 78 (1938). This is a non-sequitur; Plaintiff is incorrect.
     *Erie* stands for the proposition that in cases where state law is applicable, there is
20   no federal general common law that would supplant state law. *Erie* says nothing
     about the assertion of affirmative defenses in federal court. Where state law is
21   applicable, appropriate state law affirmative defenses could, and presumably
     would, be properly asserted. *See O'Melveny & Myers v. FDIC*, 512 U.S. 79, 83-
22   84 (1994) (noting with approval district court opinion in which the court
     "analyzed the potential affirmative defenses to the state-law claims by applying
23   the controlling legal principles (of state law)." (internal quotes omitted).

24       If federal substantive law is at issue, the federal court may apply federal
     common law. For example, the Ninth Circuit has asserted that "we can create a
25   new privilege as a matter of federal common law." *Agster v. Maricopa County*,
     422 F.3d 836, 839 (9th Cir. 2005) (addressing an issue under the Federal Health
26   Care Quality Improvement Act of 1986, 42 U.S.C. § 11101); *see also Alday v.
     Raytheon Co.*, 693 F.3d 772, 782 (9th Cir. 2012) (applying federal common law
27   to contract interpretation under "our national labor laws"); *In re HECI
     Exploration Co.*, 862 F.2d 513, 523 n.18 (5th Cir. 1988) (applying federal
28   common law waiver regarding ERISA).

- 121 -                          Case No. 17-cv-1127-WQH-KSC

1       Moreover, Defendant DJI submits that the requested information is not

2   private and is not subject to the attorney-client privilege or the attorney work

3   product doctrine.

4       Furthermore, the requested information would not be subject to some

5   contractual privacy obligation.  At the very least, if by Plaintiff's own account, it

6   is only "some" of the information that is subject to some contractual

7   confidentiality provision, then the remaining information should unquestionably

8   be provided.  Plaintiff should also be obligated to identify and explain with some

9   detail any contractual obligation he claims is applicable.

10

11   ***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO***

12   ***COMPEL A FURTHER RESPONSE AND PRODUCTION:***

13       The Putative Class refers the Court to its argument as to Request for

14   Production No. 31 above and incorporates that argument herein by this reference.

15   The Putative Class refers the Court to its argument as to Request for Production

16   No. 34 above as to the use of the exceptionally overbroad defined term

17   "RELATED TO" and incorporates that argument herein by this reference.

18       The Putative Class expands its response to the new footnote introduced at

19   this late point in a long document.  Federal courts may certainly interpret

20   ambiguous statutory constructions.  This does not create a free standing federal

21   common law applicable to any and all statutes.  They are interpretations specific

22   to statutes.  Defendant fails to cite to any decision which even vaguely hints at

23   creating some amorphous common-law consent to replace or subsume the precise

24   statutory 'prior express written consent' codified by the Federal Communications

25   Commission ("FCC") under express grant of authority by Congress.

26   Furthermore, Defendant also fails to consider what the consequences of such a

27   imaginary ruling would be where the Hobbs Act places exclusive jurisdiction to

28

- 122 -    Case No. 17-cv-1127-WQH-KSC

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

review FCC orders with the Circuit Courts and establishes a deadline after promulgation of such orders to do so.  In any event, the entire dialogue is off point since no authority has ever held there is any generalized "consent" defense to the TCPA, only the 'prior express written consent' defined in the rules.  Where Defendant is seeking evidence that goes far afield from the actual defense, 'prior express written consent', the information sought is irrelevant and cannot be proportional to the needs of the case.

**REQUEST TOR PRODUCTION NO. 48**

All DOCUMENTS used to respond to any interrogatories propounded by any DEFENDANT in this action.

**RESPONSE TO REQUEST NO. 48:**

Responding Party objects that the Request to the extent that it seeks privileged information. The Request appears to seek information protected by attorney-client communication privilege and attorney work product doctrine. And some of the items sought appear to be protected by contractual privacy obligations and California Article I Constitutional privacy protections for Responding Party and third parties.

To the extent the request seeks information protected by privileges, Plaintiff stands on the privilege objections and cannot answer the request as stated. To the best of Responding Party's ability to determine the meaning of all documents "used" to respond, at least some documents would be withheld based on privilege, for example any written communications with his attorneys used in refreshing recollection before responding are clearly protected by communication privilege.

Responding Party will produce copies of all non-privileged documents sought in this Request.

- 123 -                    Case No. 17-cv-1127-WQH-KSC

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

1    Responding Party makes call notes for each individual call, a copy of the
2    latest compilation of which is produced herewith. Responding Party will produce
3    copies of the audio recordings and other HII sales related documents previously
4    produced to Health Insurance Innovations, Inc. herewith since they may have
5    been "used" in answering some party's interrogatories.

6    Responding Party will produce copies of the phone bill and associated
7    phone company call detail reports documents sought upon the Court
8    implementing a protective order in the now-pending motion to the Magistrate
9    Judge, and the documents produced will be designated and marked
10   "Confidential" and "Attorneys Eyes Only".

11

12   ***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A***
13   ***FURTHER RESPONSE AND PRODUCTION:***

14   This request does not include any correspondence sent to or received from
15   Plaintiff's attorneys. Therefore, attorney-client and work product is not a proper
16   objection here. All documents used to respond to any interrogatory propounded
17   by any Defendant are relevant for the reasons set forth in Request for Production
18   No. 1 above, and Defendant DJI refers to its argument as to Request for
19   Production No. 1 above and incorporates that argument herein by this reference.

20   With respect to Plaintiff's objection regarding contractual privacy
21   obligations, Plaintiff should be obligated to identify and explain with some detail
22   any contractual obligation he claims is applicable.

23

24   ***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO***
25   ***COMPEL A FURTHER RESPONSE AND PRODUCTION:***

26   Defendant's assertion that the request does not ask for privileged
27   information is facially untrue.  The request language contains no carve-out or

28

exemption for attorney-client communications or work product, it asks for "all documents" without exception, let alone this reasonable exception. Defendant's claim is illogical. Attorney-client communications are often used to refresh memory in preparing discovery responses.

Defendant's assertion that all documents used in preparing responses are relevant is equally spurious. Documents withheld based on objections are reviewed before determining to withhold them. This does not by itself create relevance or waive the objection upon which they were withheld.

To the extent Defendant is claiming such documents may be relevant to its so-called "professional plaintiff" defense even though binding authority has ruled that there is no such defense, The Putative Class refers the Court to its argument as to Request for Production No.'s 1and 3 above and incorporates that argument herein by this reference.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS identified in MOSER's responses to any interrogatories propounded by any DEFENDANT in this action.

**RESPONSE TO REQUEST NO. 49:**

Responding Party objects that the Request to the extent that it seeking privileged information. The Request appears to seek information protected by attorney-client communication privilege and attorney work product doctrine. And some of the items sought appear to be protected by contractual privacy obligations and California Article I Constitutional privacy protections for Responding Party and third parties.

To the extent the request seeks information protected by privileges, Plaintiff stands on the privilege objections and cannot answer the request as stated. To the best of Responding Party's ability to determine the meaning of all

Case No. 17-cv-1127-WQH-KSC

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

1  documents "identified" in interrogatory responses, at least some documents

2  would be withheld based on privilege, for example any documents "identified" as

3  privileged in interrogatory objections are clearly protected by communication

4  privilege.

5      Responding Party will produce copies of all non-privileged documents

6  sought in this Request.  Responding Party makes call notes for each individual

7  call, a copy of the latest compilation of which is produced herewith. Responding

8  Party will produce copies of the audio recordings and other HII sales related

9  documents previously produced to Health Insurance Innovations, Inc. herewith

10  since they may have been "identified" in answering some party's interrogatories.

11

12  ### *DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A*

13  ### *FURTHER RESPONSE AND PRODUCTION:*

14      This request does not include any correspondence sent to or received from

15  Plaintiff's attorneys. Therefore, attorney-client and work product is not a proper

16  objection here. All documents identified in Plaintiff's responses to any

17  interrogatories propounded by any Defendant in this action are relevant for the

18  reasons set forth in Request for Production No. 1 above, and Defendant DJI

19  refers to its argument as to Request for Production No. 1 above and incorporates

20  that argument herein by this reference.

21      With respect to Plaintiff's objection regarding contractual privacy

22  obligations, Plaintiff should be obligated to identify and explain with some detail

23  any contractual obligation he claims is applicable.

24

25  ### *THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO*

26  ### *COMPEL A FURTHER RESPONSE AND PRODUCTION:*

27      The Putative Class refers the Court to its argument as to Request for

28

Production No. 48 above and incorporates that argument herein by this reference.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS containing any COMMUNICATION(S) transmitted to or from MOSER which mentions in any way this lawsuit.

**RESPONSE TO REQUEST NO. 50:**

Responding Party objects that the Request is vague and ambiguous, overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged information. The request is vague and ambiguous in its terminology which is compounded by the improper attempt to define terms past their ordinary plain meaning. The Request is overbroad as to time and scope not being limited to the class period. The Request seeks information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. The request is unduly burdensome in seeking information that is equally available, irrelevant or of little relevance at significant cost to Responding Party in money and/or time. The Request seeks information whose relevance is not proportional to the cost and effort of obtaining it. The Request seeks information protected by attorney-client communication privilege and attorney work product doctrine. And some of the items sought are also protected by contractual privacy obligations and California Article I Constitutional privacy protections for Responding Party and third parties. Plaintiff stands on all objections above and cannot answer the request as asked because, for just one example, it is seeks information not relevant to the TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized

affirmative defense, whether the sender had prior express written consent. Documents are withheld on the basis of these objections.

### *DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:*

During the parties' meet and confer discussions, Plaintiff's counsel agreed to produce three emails Plaintiff sent on the listserv discussed during Plaintiff's deposition concerning this lawsuit. Plaintiff's counsel also agreed to ask Plaintiff whether he has sent any emails or other correspondence to his friends, family, or anyone else (other than his attorneys) regarding this lawsuit, including the subject of this lawsuit. Defendant DJI is seeking any correspondence by Plaintiff with substantive information concerning this lawsuit (not simply a communication whereby Plaintiff generally mentions the lawsuit). As of the date that Defendant DJI exchanged its portion of this joint motion, Plaintiff's counsel did not confirm whether he will be producing the three emails and did not respond as to whether the other communication sent by Plaintiff exists and whether Plaintiff plans to produce them.

Defendant DJI refers the Court to its argument as to Request for Production No. 1 above and incorporates that argument herein by this reference. In addition to such incorporated material, Defendant DJI submits that the requested information is not private and is not subject to the attorney-client privilege or the attorney work product doctrine.

Moreover, the requested information would not be subject to some contractual privacy obligation. At the very least, if by Plaintiff's own account, it is only "some" of the information that is subject to some contractual confidentiality provision, then the remaining information should unquestionably be provided. Plaintiff should also be obligated to identify and explain with some

Case No. 17-cv-1127-WQH-KSC

1  detail any contractual obligation he claims is applicable.

2

3  ***PLAINTIFF'S ARGUMENT IN OPPOSITION TO MOTION TO COMPEL A***

4  ***FURTHER RESPONSE AND PRODUCTION:***

5  It is unclear if Defendant is misstating the agreement reached by the parties

6  during the meet and confer process. The parties agreed that the Request would

7  be satisfied if Plaintiffs produce three emails Mr. Moser sent on the listserv

8  discussed during Plaintiff's deposition concerning this lawsuit and Plaintiffs'

9  counsel also agreed to ask Mr. Moser whether he has sent any emails or other

10  correspondence to his friends, family, or anyone else other than his attorneys

11  regarding this lawsuit, including the calls in this lawsuit and produce those. The

12  understanding Plaintiff had is that DJI is was narrowing the request to any

13  correspondence by Plaintiff with substantive information concerning this lawsuit

14  (not simply a communication whereby Plaintiff generally mentions the lawsuit).

15  Plaintiffs stand ready to do so and are surprised to see this request in the

16  motion and phrased in such a way one could possibly interpret it as a unilateral

17  agreement to produce without a reciprocal agreement to narrow the request and

18  argument attempting to justify the non-narrowed request. If there is a deal on the

19  agreed narrowing and production Plaintiff will stand by it.

20  If Defendant is now repudiating the agreement reached or claiming its

21  understanding was materially different, The Putative Class refers the Court to its

22  argument as to Request for Production No.'s 1 and 3 above and incorporates that

23  argument herein by this reference.

24

25  **REQUEST FOR PRODUCTION NO. 51:**

26  All DOCUMENTS which mention in any way "Telephone Consumer

27  Protection Act," "TCPA," "robo-call, "robocall," "auto-dialer," auto-dial,"

28

- 129 -                    Case No. 17-cv-1127-WQH-KSC

1   "autodialer," "autodial," "automatic dialer," "automatic dial," "health insurance,"

2   "call center," "telemarketing," "telemarket," "telemarketer," "pre-record voice,"

3   "pre-recorded voice," "prerecord voice," "prerecorded voice," "FCC," and

4   "Federal Communications Commission," as YOU understand those terms to

5   mean.

6   **RESPONSE TO REQUEST NO. 51:**

7       Responding Party objects that the Request is vague and ambiguous,

8   overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged

9   information. The request is vague and ambiguous in its terminology which is

10  compounded by the improper attempt to define terms past their ordinary plain

11  meaning. The Request is overbroad as to time and scope not being limited to the

12  class period. The Request seeks information not relevant to TCPA autodialed call

13  elements 1) whether the calls were transmitted to a cell phone—received is not an

14  element—and, 2) whether they were transmitted by autodialer, or the sole legally

15  recognized affirmative defense, whether the sender had prior express written

16  consent. The request is unduly burdensome in seeking information that is equally

17  available, irrelevant or of little relevance at significant cost to Responding Party

18  in money and/or time. The Request seeks information whose relevance is not

19  proportional to the cost and effort of obtaining it. The Request seeks information

20  protected by attorney-client communication privilege and attorney work product

21  doctrine. And some of the items sought are also protected by contractual privacy

22  obligations and California Article I Constitutional privacy protections for

23  Responding Party and third parties.

24      Plaintiff stands on all objections above and cannot answer the request as

25  asked because, for just one example, it is seeks information not relevant to the

26  TCPA autodialed call elements 1) whether the calls were transmitted to a cell

27  phone—received is not an element—and, 2) whether they were transmitted by

28

1   autodialer, or the sole legally recognized affirmative defense, whether the sender

2   had prior express written consent. Documents are withheld on the basis of these

3   objections.

4

5   **_DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A_**

6   **_FURTHER RESPONSE AND PRODUCTION:_**

7       The requested documents are relevant for the reasons set forth in Request

8   for Production No. 1 above, and Defendant DJI refers to its argument as to

9   Request for Production No. 1 above and incorporates that argument herein by this

10  reference. This request does not include any correspondence sent to or received

11  from Plaintiff's attorneys. Therefore, attorney-client and work product is not a

12  proper objection as these documents are not privileged.

13      Additionally, and continuing the boilerplate content of his objections,

14  Plaintiff asserts that the information sought is also protected by contractual

15  privacy obligations. Plaintiff should also be obligated to identify and explain with

16  some detail any contractual obligation he claims is applicable. The documents

17  Defendant DJI requests are unquestionably relevant to the issue of whether

18  Plaintiff is a professional or habitual TCPA litigant.

19

20  **_THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO_**

21  **_COMPEL A FURTHER RESPONSE AND PRODUCTION:_**

22      The Putative Class refers the Court to its argument as to Request for

23  Production No.'s 1 and 3 above and incorporates that argument herein by this

24  reference.

25      The request does not mention electronically Stored Information or "ESI"

26  but is clearly intended to operate as electronic search terms.  Above and beyond

27  the arguments incorporated by reference above, the ESI sought is not

28

- 131 -                    Case No. 17-cv-1127-WQH-KSC

proportional because it is not reasonably accessible.  F.R.C.P. 26(b)(2)(B).  As stated during his deposition, Mr. Moser has a home computer with a disaster recovery backup drive and two e-mail accounts.  Mr. Moser is not a custodian or records, a computer expert, or any sort of expert in searching ESI and there is no evidence to indicate he has anything more than the common person's experience with computers generally and no experience with ESI.  The information in his computer is active data within the meaning of the notes to F.R.C.P. 26(b)(2)(B).  Defendant has not produced any evidence that technological developments have reduced the obstacles to obtaining and using ESI from active data.  The backup drive is a disaster recovery drive and the Notes to Rule 26 confirm that this is expensive and/or difficult to use for ESI purposes.  As with most personal computers, multiple programs on it are "legacy" software not constantly updated to the most recent versions and the Notes to Rule 26 confirm that this is often costly to restore and retrieve.  And as with most personal computers, Mr. Moser's has Information that may have been deleted in a way that makes it inaccessible without resort to expensive and uncertain forensic techniques even though technically capable of retrieval through extraordinary efforts.  Considering the lack of expertise of Mr. Moser, a lone individual without any special computer or record keeping skills, and the cost and uncertainty of retrieval performed by him as well as the potential for disclosure of privileged information if a defense expert is used, the ESI sought is not reasonably accessible.

Furthermore, Defendant has not addressed nor carried its burden to show the reasonableness of its proposed search terms.  *See*, F.R.C.P. 26(b)(2)(B), *see also*, *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 305 F.R.D. 251 (D. Md. 2008) (five prong test for establishing reasonableness of search terms).

///

///

- 132 -        Case No. 17-cv-1127-WQH-KSC

**REQUEST FOR PRODUCTION NO. 52:**

All COMMUNICATION(S) transmitted to or from MOSER which mentions in any way "Telephone Consumer Protection Act," "TCPA," "robo-call," "robocall," "auto-dialer," auto-dial," "autodialer," "autodial," "automatic dialer," "automatic dial," "health insurance," "call center," "telemarketing," "telemarket," "telemarketer," "pre-record voice," "pre-recorded voice," "prerecord voice," "prerecorded voice," "FCC," and "Federal Communications Commission," as YOU understand those terms to mean.

**RESPONSE TO REQUEST NO. 52:**

Responding Party objects that the Request is vague and ambiguous, overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged information. The request is vague and ambiguous in its terminology which is compounded by the improper attempt to define terms past their ordinary plain meaning. The Request is overbroad as to time and scope not being limited to the class period. The Request seeks information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. The request is unduly burdensome in seeking information that is equally available, irrelevant or of little relevance at significant cost to Responding Party in money and/or time. The Request seeks information whose relevance is not proportional to the cost and effort of obtaining it. The Request seeks information protected by attorney-client communication privilege and attorney work product doctrine. And some of the items sought are also protected by contractual privacy obligations and California Article I Constitutional privacy protections for Responding Party and third parties.

Plaintiff stands on all objections above and cannot answer the request as

- 133 -                                      Case No. 17-cv-1127-WQH-KSC

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

asked because, for just one example, it is seeks information not relevant to the TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. Documents are withheld on the basis of these objections.

### DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:

The requested documents are relevant for the reasons set forth in Request for Production No. 1 above, and Defendant DJI refers to its argument as to Request for Production No. 1 above and incorporates that argument herein by this reference. This request does not include any correspondence sent to or received from Plaintiff's attorneys. Therefore, attorney-client and work product is not a proper objection as these documents are not privileged.

Additionally, and continuing the boilerplate content of his objections, Plaintiff asserts that the information sought is also protected by contractual privacy obligations. Plaintiff should also be obligated to identify and explain with some detail any contractual obligation he claims is applicable. The documents Defendant DJI requests are unquestionably relevant to the issue of whether Plaintiff is a professional or habitual TCPA litigant.

### THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:

The Putative Class refers the Court to its argument as to Request for Production No. 51 above and incorporates that argument herein by this reference.

- 134 -                Case No. 17-cv-1127-WQH-KSC

**REQUEST FOR PRODUCTION NO. 53:**

All COMMUNICATION(S) transmitted to or from a MOSER BUSINESS which mentions in any way "Telephone Consumer Protection Act," "TCPA," "robo-call, "robocall," "auto-dialer," auto-dial," "autodialer," "autodial," "automatic dialer," "automatic dial," "health insurance," "call center," "telemarketing," "telemarket," "telemarketer," "pre-record voice," "pre-recorded voice," "prerecord voice," "prerecorded voice," "FCC," and "Federal Communications Commission," as YOU understand those terms to mean.

**RESPONSE TO REQUEST NO. 53:**

Responding Party objects that the Request is vague and ambiguous, overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged information. The request is vague and ambiguous in its terminology which is compounded by the improper attempt to define terms past their ordinary plain meaning. The Request is overbroad as to time and scope not being limited to the class period. The Request seeks information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. The request is unduly burdensome in seeking information that is equally available, irrelevant or of little relevance at significant cost to Responding Party in money and/or time. The Request seeks information whose relevance is not proportional to the cost and effort of obtaining it. The Request seeks information protected by attorney-client communication privilege and attorney work product doctrine. And some of the items sought are also protected by contractual privacy obligations and California Article I Constitutional privacy protections for Responding Party and third parties.

Plaintiff stands on all objections above and cannot answer the request as

- 135 -                         Case No. 17-cv-1127-WQH-KSC

1  asked because, for just one example, it is seeks information not relevant to the
2  TCPA autodialed call elements 1) whether the calls were transmitted to a cell
3  phone—received is not an element—and, 2) whether they were transmitted by
4  autodialer, or the sole legally recognized affirmative defense, whether the sender
5  had prior express written consent. Documents are withheld on the basis of these
6  objections.

7

8  **_DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A_**
9  **_FURTHER RESPONSE AND PRODUCTION:_**

10     The requested documents are relevant for the reasons set forth in Request
11  for Production No. 1 above, and Defendant DJI refers to its argument as to
12  Request for Production No. 1 above and incorporates that argument herein by this
13  reference. This request does not include any correspondence sent to or received
14  from Plaintiff's attorneys. Therefore, attorney-client and work product is not a
15  proper objection as these documents are not privileged.

16     Additionally, and continuing the boilerplate content of his objections,
17  Plaintiff asserts that the information sought is also protected by contractual
18  privacy obligations. Plaintiff should also be obligated to identify and explain with
19  some detail any contractual obligation he claims is applicable. The documents
20  Defendant DJI requests are unquestionably relevant to the issue of whether
21  Plaintiff is a professional or habitual TCPA litigant.

22

23  **_THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO_**
24  **_COMPEL A FURTHER RESPONSE AND PRODUCTION:_**

25     The Putative Class refers the Court to its argument as to Request for
26  Production No. 51 above and incorporates that argument herein by this reference.
27  ///

28

- 136 -                     Case No. 17-cv-1127-WQH-KSC

1   **REQUEST FOR PRODUCTION NO. 54:**

2       DOCUMENTS evidencing each phone number relevant to any TCPA claim

3   in any LAWSUIT in which MOSER was a party from 2008-2018.

4   **RESPONSE TO REQUEST NO. 54:**

5       Responding Party objects that the Request is vague and ambiguous,

6   overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged

7   information. The request is vague and ambiguous in its terminology which is

8   compounded by the improper attempt to define terms past their ordinary plain

9   meaning. The Request is overbroad as to time and scope not being limited to the

10   class period. The Request seeks information not relevant to TCPA autodialed call

11   elements 1) whether the calls were transmitted to a cell phone—received is not an

12   element—and, 2) whether they were transmitted by autodialer, or the sole legally

13   recognized affirmative defense, whether the sender had prior express written

14   consent. The request is unduly burdensome in seeking information that is equally

15   available, irrelevant or of little relevance at significant cost to Responding Party in

16   money and/or time. The Request seeks information whose relevance is not

17   proportional to the cost and effort of obtaining it. The Request seeks information

18   protected by attorney-client communication privilege and attorney work product

19   doctrine. And some of the items sought are also protected by contractual privacy

20   obligations and California Article I Constitutional privacy protections for

21   Responding Party and third parties.

22       Plaintiff stands on all objections above and cannot answer the request as

23   asked because, for just one example, it is seeks information not relevant to the

24   TCPA autodialed call elements 1) whether the calls were transmitted to a cell

25   phone—received is not an element—and, 2) whether they were transmitted by

26   autodialer, or the sole legally recognized affirmative defense, whether the sender

27   had prior express written consent. Documents are withheld on the basis of these

28

1    objections.

2

3    ***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A***
4    ***FURTHER RESPONSE AND PRODUCTION:***

5          Plaintiff confirmed during the parties' meet and confer discussions that to
6    the best of counsel's knowledge, only phone numbers assigned or owned by
7    Plaintiff were those discussed at Plaintiff's deposition.  Plaintiff's counsel agreed
8    to ask Plaintiff whether Plaintiff also used burner/temporary phones during this
9    time period.  As of the date that Defendant DJI exchanged its portion of this joint
10   motion, counsel for Plaintiff had not responded.  The phone numbers assigned to,
11   owned by, or used via a burner/temporary phone by Plaintiff are relevant for the
12   reasons set forth in Defendant DJI's argument as to Request for Production No. 1
13   above, and Defendant DJI refers to its argument as to Request for Production No.
14   1 above and incorporates that argument herein by this reference. Plaintiff is
15   obligated to respond to the best of his memory and after conducting a reasonable
16   search for responsive information and documents.

17         In addition to such incorporated material, Defendant DJI submits that the
18   requested information is not private and is not subject to the attorney-client
19   privilege or the attorney work product doctrine.

20         Moreover, the requested information would not be subject to some
21   contractual privacy obligation.  At the very least, if by Plaintiff's own account, it
22   is only "some" of the information that is subject to some contractual
23   confidentiality provision, then the remaining information should unquestionably
24   be provided.  Plaintiff should also be obligated to identify and explain with some
25   detail any contractual obligation he claims is applicable.

26   ///

27   ///

28

Case No. 17-cv-1127-WQH-KSC

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

*THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO*
*COMPEL A FURTHER RESPONSE AND PRODUCTION:*

The Putative Class refers the Court to its argument as to Request for Production No. 27 above and incorporates that argument herein by this reference.

**REQUEST FOR PRODUCTION NO. 55:**

DOCUMENTS evidencing each phone number relevant to any TCPA claim in any LAWSUIT in which a MOSER BUSINESS was a party from 2008-2018.

**RESPONSE TO REQUEST NO. 55:**

Responding Party objects that the Request is vague and ambiguous, overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged information. The request is vague and ambiguous in its terminology which is compounded by the improper attempt to define terms past their ordinary plain meaning. The Request is overbroad as to time and scope not being limited to the class period. The Request seeks information not relevant to TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. The request is unduly burdensome in seeking information that is equally available, irrelevant or of little relevance at significant cost to Responding Party in money and/or time. The Request seeks information whose relevance is not proportional to the cost and effort of obtaining it. The Request seeks information protected by attorney-client communication privilege and attorney work product doctrine. And some of the items sought are also protected by contractual privacy obligations and California Article I Constitutional privacy protections for Responding Party and third parties.

Plaintiff stands on all objections above and cannot answer the request as

1    asked because, for just one example, it is seeks information not relevant to the

2    TCPA autodialed call elements 1) whether the calls were transmitted to a cell

3    phone—received is not an element—and, 2) whether they were transmitted by

4    autodialer, or the sole legally recognized affirmative defense, whether the sender

5    had prior express written consent. Documents are withheld on the basis of these

6    objections.

7

8    **_DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A_**

9    **_FURTHER RESPONSE AND PRODUCTION:_**

10        Plaintiff confirmed during the parties' meet and confer discussions that, to

11   the best of counsel's knowledge, only phone numbers assigned or owned by

12   Plaintiff were those discussed at Plaintiff's deposition. Plaintiff's counsel agreed

13   to ask Plaintiff whether Plaintiff also used burner/temporary phones during this

14   time period. As of the date that Defendant DJI exchanged its portion of this joint

15   motion, counsel for Plaintiff had not responded. The phone numbers assigned to,

16   owned by, or used via a burner/temporary phone by Plaintiff are relevant for the

17   reasons set forth in Defendant DJI's argument as to Request for Production No. 1

18   above, and Defendant DJI refers to its argument as to Request for Production No.

19   1 above and incorporates that argument herein by this reference. Plaintiff is

20   obligated to respond to the best of his memory and after conducting a reasonable

21   search for responsive information and documents.

22        In addition to such incorporated material, Defendant DJI submits that the

23   requested information is not private and is not subject to the attorney-client

24   privilege or the attorney work product doctrine.

25        Moreover, the requested information would not be subject to some

26   contractual privacy obligation. At the very least, if by Plaintiff's own account, it

27   is only "some" of the information that is subject to some contractual

28

- 140 -                    Case No. 17-cv-1127-WQH-KSC

1  confidentiality provision, then the remaining information should unquestionably
2  be provided.  Plaintiff should also be obligated to identify and explain with some
3  detail any contractual obligation he claims is applicable.

4

5  ***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO***
6  ***COMPEL A FURTHER RESPONSE AND PRODUCTION:***

7       The Putative Class refers the Court to its argument as to Request for
8  Production No. 27 above and incorporates that argument herein by this reference.

9

10  **REQUEST FOR PRODUCTION NO. 56:**

11       DOCUMENTS RELATED TO each motion to certify a class action in any
12  LAWSUIT in which a MOSER claimed a violation of TCPA from 2008-2018.

13  **RESPONSE TO REQUEST NO. 56:**

14       Responding Party objects that the Request is vague and ambiguous,
15  overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged
16  information. The request is vague and ambiguous in its terminology which is
17  compounded by the improper attempt to define terms past their ordinary plain
18  meaning. The Request is overbroad as to time and scope not being limited to the
19  class period. The Request seeks information not relevant to TCPA autodialed call
20  elements 1) whether the calls were transmitted to a cell phone—received is not an
21  element—and, 2) whether they were transmitted by autodialer, or the sole legally
22  recognized affirmative defense, whether the sender had prior express written
23  consent. The request is unduly burdensome in seeking information that is equally
24  available, irrelevant or of little relevance at significant cost to Responding Party in
25  money and/or time. The Request seeks information whose relevance is not
26  proportional to the cost and effort of obtaining it. The Request seeks information
27  protected by attorney-client communication privilege and attorney work product

28

Case No. 17-cv-1127-WQH-KSC

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

doctrine. And some of the items sought are also protected by contractual privacy obligations and California Article I Constitutional privacy protections for Responding Party and third parties. Plaintiff stands on all objections above and cannot answer the request as asked because, for just one example, it is seeks information not relevant to the TCPA autodialed call elements 1) whether the calls were transmitted to a cell phone—received is not an element—and, 2) whether they were transmitted by autodialer, or the sole legally recognized affirmative defense, whether the sender had prior express written consent. Documents are withheld on the basis of these objections.

## *DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A FURTHER RESPONSE AND PRODUCTION:*

During the parties' meet and confer discussions, Plaintiff's counsel confirmed that this is Plaintiff's first lawsuit in which he seeks to act as a class representative. Plaintiff's counsel agreed to provide Defendant DJI with a supplemental or amended response to this request stating this information. Plaintiff's counsel also agreed to ask Plaintiff whether he has ever been a class member of a TCPA class action lawsuit. As of the date that Defendant DJI exchanged this portion of this joint motion, counsel for Plaintiff had not provided a supplemental response to this request or an answer regarding whether Plaintiff has ever been a class member in a TCPA class action suit.

Defendant DJI refers the Court to its argument as to Request for Production No. 1 above and incorporates that argument herein by this reference. In addition to such incorporated material, Defendant DJI submits that the requested information is not private and is not subject to the attorney-client privilege or the attorney work product doctrine as this request does not include any correspondence sent to or received from Plaintiff's attorneys.

1    Moreover, the requested information would not be subject to some

2    contractual privacy obligation. At the very least, if by Plaintiff's own account, it

3    is only "some" of the information that is subject to some contractual

4    confidentiality provision, then the remaining information should unquestionably

5    be provided. Plaintiff should also be obligated to identify and explain with some

6    detail any contractual obligation he claims is applicable.

7    Plaintiff should be obligated to provide Defendant DJI with a supplemental

8    or amended response to this request if Plaintiff has truly never served as a class

9    representative in a TCPA class action lawsuit. Plaintiff should also be obligated

10   to provide Defendant DJI with information and documentation concerning his

11   involvement as a class member in a TCPA class action as this information is also

12   unquestionably relevant to whether he is a professional or habitual TCPA litigant.

13

14   ***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO***

15   ***COMPEL A FURTHER RESPONSE AND PRODUCTION:***

16   At various points in this motion Defendant has included brief statements

17   and/or argument sections on requests where the parties reached agreement to

18   narrow and respond. We presume this is done out of an overabundance of caution

19   to preserve any dispute in the highly unlikely event the parties' agreements break

20   down. We are slightly concerned however at the phrasing which makes it seem as

21   if the Putative Class has not performed its obligations. All of these agreements

22   were entirely reciprocal with Defendant agreeing to a narrowing of the request and

23   Mr. Moser agreeing to a production or answer based on that narrowing. Defendant

24   has not yet sent amended requests to which Mr. Moser can send amended

25   responses. We do not presume this is bad faith or that there is any problem with

26   these agreements at this time. Defendant has been diligently busy on this lengthy

27   motion and other work in this case and we presume we will see the amended

28   requests in a reasonable time and we will likewise make our amended responses in

- 143 -                          Case No. 17-cv-1127-WQH-KSC

1  a reasonable time.  We include argument below out of the same abundance of

2  caution we assume Defendant was using.

3      Plaintiffs must politely expand Defendant's statement of the agreement of

4  the parties in regard to Requests 56 and 57.  Defendants agreed that they would

5  narrow the requests from documents relating to any class certification motion in

6  any case wherein Mr. Moser may have been a class member, to documents

7  relating to any class certification motion in any case wherein Mr. Moser sought to

8  be a class representative.  On the basis of that narrowing, Plaintiffs agreed to

9  amend their response to state no documents exist since this is Mr. Moser's first

10  lawsuit in which he will be nominated to act as a class representative.  As stated

11  above, Plaintiffs await the amended request and will, when served, produce the

12  amended response agreed upon.

13      To the request as stated, in order to preserve any rights needed, the

14  Putative Class refers the Court to its argument as to Request for Production No.

15  31 above and incorporates that argument herein by this reference.  The Putative

16  Class refers the Court to its argument as to Request for Production No. 34 above

17  as to the use of the exceptionally overbroad defined term "RELATED TO" and

18  incorporates that argument herein by this reference.

19

20  **REQUEST FOR PRODUCTION NO. 57:**

21      DOCUMENTS RELATED TO each motion to certify a class action in any

22  LAWSUIT in which a MOSER BUSINESS claimed a violation of TCPA from

23  2008-2018.

24  **RESPONSE TO REQUEST NO. 57:**

25      Responding Party objects that the Request is vague and ambiguous,

26  overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged

27  information. The request is vague and ambiguous in its terminology which is

28

- 144 -                Case No. 17-cv-1127-WQH-KSC

1  compounded by the improper attempt to define terms past their ordinary plain

2  meaning. The Request is overbroad as to time and scope not being limited to the

3  class period. The Request seeks information not relevant to TCPA autodialed call

4  elements 1) whether the calls were transmitted to a cell phone—received is not an

5  element—and, 2) whether they were transmitted by autodialer, or the sole legally

6  recognized affirmative defense, whether the sender had prior express written

7  consent. The request is unduly burdensome in seeking information that is equally

8  available, irrelevant or of little relevance at significant cost to Responding Party in

9  money and/or time. The Request seeks information whose relevance is not

10  proportional to the cost and effort of obtaining it. The Request seeks information

11  protected by attorney-client communication privilege and attorney work product

12  doctrine. And some of the items sought are also protected by contractual privacy

13  obligations and California Article I Constitutional privacy protections for

14  Responding Party and third parties.

15    Plaintiff stands on all objections above and cannot answer the request as

16  asked because, for just one example, it is seeks information not relevant to the

17  TCPA autodialed call elements 1) whether the calls were transmitted to a cell

18  phone—received is not an element—and, 2) whether they were transmitted by

19  autodialer, or the sole legally recognized affirmative defense, whether the sender

20  had prior express written consent. Documents are withheld on the basis of these

21  objections.

22

23  ***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A***

24  ***FURTHER RESPONSE AND PRODUCTION:***

25  During the parties' meet and confer discussions, Plaintiff's counsel confirmed

26  that this is Plaintiff's first lawsuit in which he seeks to act as a class

27  representative. Plaintiff's counsel agreed to provide Defendant DJI with a

28

- 145 -                    Case No. 17-cv-1127-WQH-KSC

1  supplemental or amended response to this request stating this information.
2  Plaintiff's counsel also agreed to ask Plaintiff whether he has ever been a class
3  member of a TCPA class action lawsuit. As of the date that Defendant DJI
4  exchanged this portion of this joint motion, counsel for Plaintiff had not provided
5  a supplemental response to this request or an answer regarding whether Plaintiff
6  has ever been a class member in a TCPA class action suit.

7        Defendant DJI refers the Court to its argument as to Request for
8  Production No. 1 above and incorporates that argument herein by this reference.
9  In addition to such incorporated material, Defendant DJI submits that the
10 requested information is not private and is not subject to the attorney-client
11 privilege or the attorney work product doctrine as this request does not include
12 any correspondence sent to or received from Plaintiff's attorneys.

13       Moreover, the requested information would not be subject to some
14 contractual privacy obligation. At the very least, if by Plaintiff's own account, it
15 is only "some" of the information that is subject to some contractual
16 confidentiality provision, then the remaining information should unquestionably
17 be provided. Plaintiff should also be obligated to identify and explain with some
18 detail any contractual obligation he claims is applicable.

19       Plaintiff should be obligated to provide Defendant DJI with a supplemental
20 or amended response to this request if Plaintiff has truly never served as a class
21 representative in a TCPA class action lawsuit. Plaintiff should also be obligated
22 to provide Defendant DJI with information and documentation concerning his
23 involvement as a class member in a TCPA class action as this information is also
24 unquestionably relevant to whether he is a professional or habitual TCPA litigant.
25 ///
26 ///
27 ///
28

- 146 -                    Case No. 17-cv-1127-WQH-KSC

1    *THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO*
2    *COMPEL A FURTHER RESPONSE AND PRODUCTION:*

3      The Putative Class refers the Court to its argument as to Request for
4   Production No. 56 above as to the use of the exceptionally overbroad defined
5   term "RELATED TO" and incorporates that argument herein by this reference.

6

7   **REQUEST FOR PRODUCTION NO. 58:**

8      MOSERS bank records for the period 2008-2018.

9   **RESPONSE TO REQUEST NO. 58:**

10      Responding Party objects that the Request is vague and ambiguous,
11   overbroad, irrelevant, unduly burdensome, not proportional, and seeks privileged
12   information. The request is vague and ambiguous in its terminology which is
13   compounded by the improper attempt to define terms past their ordinary plain
14   meaning. The Request is overbroad as to time and scope not being limited to the
15   class period. The Request seeks information not relevant to TCPA autodialed call
16   elements 1) whether the calls were transmitted to a cell phone—received is not an
17   element—and, 2) whether they were transmitted by autodialer, or the sole legally
18   recognized affirmative defense, whether the sender had prior express written
19   consent. The request is unduly burdensome in seeking information that is equally
20   available, irrelevant or of little relevance at significant cost to Responding Party in
21   money and/or time. The Request seeks information whose relevance is not
22   proportional to the cost and effort of obtaining it. The Request seeks information
23   protected by attorney-client communication privilege and attorney work product
24   doctrine. And some of the items sought are also protected by contractual privacy
25   obligations and California Article I Constitutional privacy protections for
26   Responding Party and third parties.

27      Plaintiff stands on all objections above and cannot answer the request as

28

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

1  asked because, for just one example, it is seeks information not relevant to the

2  TCPA autodialed call elements 1) whether the calls were transmitted to a cell

3  phone—received is not an element—and, 2) whether they were transmitted by

4  autodialer, or the sole legally recognized affirmative defense, whether the sender

5  had prior express written consent. Documents are withheld on the basis of these

6  objections.

7

8  ***DEFENDANT'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL A***

9  ***FURTHER RESPONSE AND PRODUCTION:***

10  Defendant DJI has narrowed the request to bank records for amounts

11  received from TCPA related settlements, lawsuits, judgments, and demands.

12  During the parties' meet and confer discussion, Plaintiff's counsel stated that he

13  would consider producing these records. As of the date that Defendant DJI

14  exchanged its portion of this joint motion, counsel for Plaintiff had not informed

15  Defendant DJI whether he would produce the documents.

16  Defendant DJI refers the Court to its argument as to Request for

17  Production No. 1 above and incorporates that argument herein by this reference.

18  In addition to such incorporated material, Defendant DJI submits that the

19  requested information is not private and is not subject to the attorney-client

20  privilege or the attorney work product doctrine.

21  Moreover, the requested information would not be subject to some

22  contractual privacy obligation. At the very least, if by Plaintiff's own account, it

23  is only "some" of the information that is subject to some contractual

24  confidentiality provision, then the remaining information should unquestionably

25  be provided. Plaintiff should also be obligated to identify and explain with some

26  detail any contractual obligation he claims is applicable. Plaintiff's earnings from

27  TCPA related litigation is relevant to whether he is a professional TCPA litigant.

28

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

1   Plaintiff's bank records concerning monies received from TCPA are
2   unquestionably relevant to whether Plaintiff is a professional or habitual TCPA
3   litigant.

4

5   ***THE PUTATIVE CLASS' ARGUMENT IN OPPOSTION TO MOTION TO***
6   ***COMPEL A FURTHER RESPONSE AND PRODUCTION:***

7   The Putative Class refers the Court to its argument as to Request for
8   Production No.'s 1 and 3 above and incorporates that argument herein by this
9   reference.

10

11   ## DEFENDANT DJI'S CONCLUSION

12   Defendant DJI respectfully requests that the Court order Plaintiff to
13   provide further responses and documents to the subject requests for production.
14   Such responses and documents are necessary for Defendant DJI to respond
15   effectively to any Plaintiff's motion to certify a putative TCPA class.

16

17   ## THE PUTATIVE CLASS' CONCLUSION

18
19   The Putative Class respectfully requests that the Court deny this motion in
20   its entirety since the single major issue is whether discovery regarding
     "professional plaintiff" is relevant or proportional even after the Ninth and Seventh
21   Circuits have held that there is no such defense available in TCPA cases like this.
22   such documents are irrelevant to any defense and therefore irrelevant to any class
23   factor such as commonality, typicality, or adequacy which is based on the
24   legitimate legally recognized claims or defense actually available in the case.
25

26   ///

27   ///

28

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

1

DATED:  October 19, 2018                    **NOSSAMAN LLP**

2

3                                                    By:   /s/ Stephen P. Wiman
                                                              Jennifer L. Meeker
4                                                             Stephen P. Wiman
                                                              Maya G. Hamouie
5                                                    Attorneys for Defendant Donisi Jax, Inc.

6

7

8

9    DATED: October 19, 2018                   **PRATO & REICHMAN, APC**

10
                                                     /s/Justin Prato, Esq.
11                                                   By: Justin Prato, Esq.
                                                     **Prato & Reichman, APC**
12                                                   Attorneys for Plaintiffs, Kenneth J. Moser
                                                     individually and on Behalf of All Others
13                                                   Similarly Situated

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO
DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document **JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF KENNETH J. MOSER** has been served on this date to all current and/or opposing counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery upon their appearance in this matter.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of October 2018 at Los Angeles, California.

Rachel Ortiz

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - TO COMPEL FURTHER RESPONSES TO DEFENDANT DONISI JAX, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC.
56683946.v1