

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH J. MOSER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH INSURANCE INNOVA-TIONS, INC., a Delaware corporation; et al.<br><br>Defendants. | Case No.: 17cv1127-WQH(KSC)<br><br>**ORDER GRANTING THE PARTIES' JOINT MOTION FOR A PROTECTIVE ORDER;**<br><br>**ORDER REQUIRING IMMEDIATE PRODUCTION OF ANY OUTSTANDING DISCOVERY AWAITING THE ENTRY OF THE PROTECTIVE ORDER**<br><br>[Doc. No. 75.] |

Before the Court is the parties' Joint Motion for a Protective Order to govern the exchange of confidential documents and information between the parties. [Doc. No. 75.] In this Joint Motion, the parties agree on the need for the Court to enter a confidentiality Protective Order that is based on the Model Protective Order made available to the public on the Court's website. However, they disagree as to whether it is necessary to add a paragraph proposed by plaintiff. Plaintiff believes it is necessary to add a paragraph from a Model Protective Order made available to the public by the Northern District of

1

California to prevent "overuse" of confidentiality designations by defendants. Defendants contend it is unnecessary to add plaintiff's proposed paragraph, because it is redundant and confusing. [Doc. No. 75, at pp. 2-5.]

For the reasons outlined more fully below, the Court finds that the parties' joint request to enter a confidentiality protective order must be GRANTED. [Doc. No. 75.] The Court will enter defendants' proposed Protective Order. In this Court's view, it is unnecessary to add the paragraph proposed by plaintiff.

## *Background*

Under defendants' proposed Protective Order, which is essentially the same as this Court's Model Protective Order, a party "may designate information as 'CONFIDENTIAL' only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party." [Doc. No. 75-1, at p. 4 (Exhibit 1).] Defendants' proposed Protective Order also provides that a party "may designate information as 'CONFIDENTIAL – FOR COUNSEL ONLY' only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information." [Doc. No. 75-1, at p. 4 (Exhibit 1).]

Plaintiff's proposed confidentiality Protective Order is mostly the same as defendants' proposed Protective Order, but it includes the following paragraph from a Model Protective Order made available to the public by the U.S. District Court for the Northern District of California:

> Exercise of Restraint and Care in Designating Material for Protection: Each party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted

> are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

[Doc. No. 75, at p. 3, 6; Doc. No. 75-2, at p. 4 (Exhibit 2).]

### *Discussion*

Under Federal Rule of Civil Procedure 26(c)(1), "[a] party or any person from whom discovery is sought may move for a protective order. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms . . . for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; . . . (G) ***requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way. . . .***" Fed.R.Civ.P. (c)(1) (emphasis added). "Among the goals furthered by protective orders is reducing conflict over discovery and facilitating the flow of information through discovery." 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2044.1 (3d ed.).

In the Joint Motion, plaintiff argues that the Court should enter his proposed Protective Order, which includes the above-quoted paragraph from the Northern District's Model Protective Order, to prevent defendants' "overuse" of the confidentiality designations that plaintiff believes would be permitted by defendants' proposed Protective Order. Plaintiff believes this additional paragraph will prevent "overuse" or "blanket mass or indiscriminate" use of confidentiality designations. [Doc. No. 75, at pp. 6-8.] According to plaintiff, defendants intend to designate "a broad swath of documents as confidential"

even though plaintiff believes this case "does not revolve around any highly protected information." [Doc. No. 75, at p. 6.] In plaintiff's view, defendants' ability to designate documents as "confidential" should be "very limited" to "highly protected information" that meets "exacting standards." [Doc. No. 75, at p. 7.] Otherwise, plaintiff believes numerous confidentiality designations "will hamper the parties in submitting relevant documents to the Court." [Doc. No. 75, at p. 6.] According to plaintiff, the "practical effect of designating material confidential under any protective order is to bar use in public filings without first having a designation dispute resolution, either informally or formally." [Doc. No. 75, at p. 6.] Plaintiff also believes disputes over confidentiality designations will "waste time and resources," because it will be necessary for him to "initiate a designation dispute process" in order to use documents designated "confidential" as "evidence" when filing motions. [Doc. No. 75, at pp. 6-7.] In short, plaintiff contends the addition of the above-quoted paragraph "better serves efficient and economical litigation by limiting the number of designation dispute resolutions that will have to be performed . . . ." [Doc. No. 75, at pp. 7-8.]

Defendants explain that plaintiff seeks to discover "broad categories" of documents and information they consider commercially sensitive. Because they operate in an "incredibly competitive environment," they believe competitors may obtain an unfair advantage if their confidential commercial information is produced in this case without any protection. [Doc. No. 75, at pp. 3-4.] Defendants believe plaintiff's proposed paragraph is redundant, unnecessary, and confusing. According to defendants, plaintiff's proposed paragraph "decreases the clarity that already exists within the Southern District Model Form with respect to the designation of information, and creates inconsistency and confusion as to the standard to be applied in the event of a dispute over the designation of information." [Doc. No. 75, at p. 5.] As a result, they argue there is no reason to depart from the Southern District's Model Protective Order. As worded, defendants believe their draft Protective Order, which allows confidential designations based on a "good faith

4

belief" standard, will more effectively promote resolution of the case "without imposing commercial harm on defendants." [Doc. No. 75, at p. 4.]

In this Court's view, plaintiff's concerns about defendants' potential "overuse" of confidentiality designations and "designation dispute resolutions" are overstated and appear to be based on misconceptions about: (1) the need for an overinclusive, blanket protective order to facilitate the exchange of confidential documents and information between the parties; and (2) the level of process necessary for using documents designated "confidential" as "evidence" when filing motions with the Court.

Blanket protective orders are meant to expedite "the flow of pretrial discovery materials" by extending "broad protection" to the parties without the need for a showing of good cause or compelling reasons as to any individual document. *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 790 (1st Cir. 1988). *See also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Thus, by their very nature, blanket protective orders are "overinclusive" and "peculiarly subject to later modification." *Pub. Citizen v. Liggett*, 858 F.2d at 790.

As noted above, the proposed Protective Orders submitted by both plaintiff and defendants require a party to have a "good faith belief" in order to designate any document as "confidential." [Doc. No. 75-1, at p. 4; Doc. No. 75-2, at pp. 3-4.] This "good faith belief" standard is consistent with the purpose of a blanket protective order governing the exchange of confidential documents and information between the parties.

As this Court reads the language of plaintiff's proposed paragraph and plaintiff's arguments in the Joint Motion, it is apparent that the proposed paragraph could be interpreted to require more than a "good faith basis" for designating documents "confidential." Therefore, in this Court's view, the apparent inconsistency and resulting confusion that could result from the addition of plaintiff's proposed paragraph has the potential to increase conflict over discovery. If defendants' ability to designate documents as "confidential" is "very limited" and must meet "exacting standards," as plaintiff

5

1 proposes [Doc. No. 75, at p. 7], defendants will be reluctant to produce any documents they
2 consider to be commercially sensitive. In other words, imposing "exacting standards" at
3 this stage of the litigation has the potential to defeat the purpose of a blanket protective
4 order that is specifically intended to expedite and facilitate the exchange of confidential
5 documents and information between the parties during the discovery process. As
6 defendants contend, an "exacting standard" fails to take account of defendants' desire and
7 ability to resolve the litigation while maintaining the confidentiality of sensitive
8 commercial information from its competitors.

9     Without more, the Court also has no reason to believe plaintiff would be
10 "hamper[ed]" [Doc. No. 75, at pp. 6-8] in any significant way by excessive process when
11 submitting documents designated by defendants as "confidential" for consideration by the
12 Court as "evidence" in connection with a motion. First, at the discovery stage of litigation,
13 the public does not have a strong or compelling interest in access to "documents produced
14 between private litigants." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir.
15 2010). Therefore, a "particularized showing" of "good cause" is enough to justify filing
16 documents under seal that are submitted in connection with a non-dispositive motion, such
17 a discovery motion or a motion to amend the scheduling order. *Kamakana v. City & Cty.*
18 *of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). "For good cause to exist, the party
19 seeking protection bears the burden of showing specific prejudice or harm will result if no
20 protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307
21 F.3d 1206, 1210–1211 (9th Cir. 2002).

22     To the extent it becomes necessary for plaintiff to submit documents as exhibits to a
23 non-dispositive motion that have been designated by the defendants as "confidential," all
24 that is required is a simple Motion to File Documents Under Seal which explains that the
25 request is being made because defendants designated the documents as "confidential."
26 Instructions for this process are available on the Court's website in a document entitled
27 User's Manual for Civil Sealed Documents for Attorneys. When documents designated
28 "confidential" are submitted as exhibits to a non-dispositive motion, the Court routinely

grants motions to file those documents under seal, unless there is reason to believe good cause to maintain confidentiality is lacking (*i.e.*, because the party who designated the document as "confidential" did not have a "good faith basis" for doing so as required under the Protective Order). *See, e.g., Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (stating as follows: "When a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality."). In any event, if plaintiff filed a motion in this case seeking to file documents designated by defendants as "confidential," and the Court had reason to question whether there was good cause to file those documents under seal, the burden would be on defendants, not plaintiff, to make a showing of good cause.

Second, when a dispositive matter is before the Court for consideration, there is controlling case law that acts to protect any interest the public *might* have in accessing litigation documents. To the extent parties seek to maintain the confidentiality of documents or information throughout an entire judicial proceeding, including the time of trial, a higher showing of "compelling reasons" is required. *See, e.g., Kamakana v. Honolulu*, 447 at 1180 (stating that "records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy. . . ."). As the parties seeking to maintain confidentiality, defendants would have the burden of establishing "compelling reasons" for filing documents designated "confidential" under seal. *Id.* at 1178-1181. More specifically, defendants would be required to "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-1179 (internal quotation omitted). *See also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-1138 (9th Cir. 2003).

/ / /

7

If plaintiff seeks to submit documents designated by defendants as "confidential" for consideration as "evidence" in connection with a dispositive matter (*e.g.*, a summary judgment motion), he would simply submit those documents with a Motion to File Documents Under Seal explaining that the request is being made because defendants designated the documents as "confidential." To the extent required by the District Court, it would be defendants' burden to establish compelling reasons to file those documents under seal. Accordingly, without more, the Court rejects plaintiff's contention that he will be "hamper[ed]" by defendants' confidentiality designations, because he would be required to "initiate a designation dispute process" in order to use documents designated "confidential" as "evidence" when filing motions. [Doc. No. 75, at pp. 6-8.]

In addition, the Court notes that defendants' proposed Protective Order includes a remedy in the event a non-designating party contends that a designating party designated documents or information as "confidential" without a "good faith belief" that "the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party." [Doc. No. 75-1, at p. 7.] In this regard, paragraph 13 of defendants' proposed Protective Order states as follows:

> 13. At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

[Doc. No. 75-1, at pp. 7-8.]

This remedy is a reasonable one under the circumstances, and the Court has no reason to believe that plaintiff or any other party would be materially "hamper[ed]" by

the process that is required under defendants' proposed Protective Order to challenge confidentiality designations that appear baseless. Accordingly, based on the facts and circumstances presented, the Court finds that the proposed Protective Order submitted by defendants is sufficient to protect the interests of all parties and to facilitate the exchange of confidential documents and information between the parties, so it is unnecessary for the Protective Order to include the additional paragraph proposed by plaintiff.

## *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED that the parties' joint request to enter a confidentiality Protective Order is GRANTED. [Doc. No. 75.] The Court will enter defendants' proposed Protective Order. To the extent any party has been withholding documents or information from production in response to another party's discovery requests while awaiting the entry of a confidentiality Protective Order, that party must produce any such documents or information ***no later than ten (10) days after this Order is entered***.

IT IS SO ORDERED.

Dated: October 25, 2018

Hon. Karen S. Crawford
United States Magistrate Judge