FILED

NOV 21 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KENNETH J. MOSER, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

HEALTH INSURANCE INNOVATIONS, INC., a Delaware corporation, et al.,

Defendants.

AND RELATED COUNTERCLAIMS.

Case No.: 17cv1127-WQH(KSC)

**ORDER RE JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE: PLAINTIFF'S INTERROGATORIES AND DOCUMENT REQUESTS TO DEFENDANT HEALTH INSURANCE INNOVATIONS, INC. ("HII")**

**[Doc. No. 84.]**

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute. [Doc. No. 84.] In the Joint Motion, plaintiff seeks an order compelling defendant Health Insurance Innovations, Inc. ("HII") to provide further, substantive responses to certain document requests and interrogatories. HII has objected to these written discovery requests on various grounds. [Doc. No. 84, at pp. 3-29.] For the reasons outlined more

fully below, the Court finds that plaintiff's request for an order compelling HII to provide further responses to certain interrogatories and document requests must be DENIED.

## ***Background***

### *I. The First Amended Complaint.*

The original class action Complaint was filed on June 5, 2017. [Doc. No. 1.] Plaintiff then filed a First Amended Complaint on June 7, 2017. [Doc. No. 3.] The First Amended Complaint includes two causes of action for violations of the Telephone Consumer Protection Act ("TCPA"). [Doc. No. 3, at pp. 29-31.] In the first cause of action, plaintiff alleges that defendants violated the TCPA by making multiple, unauthorized calls to his cellular telephone using an automatic dialing system or artificial, pre-recorded voice starting on January 28, 2015. [Doc. No. 3, at p. 30.] The second cause of action alleges that defendants violated the TCPA by making multiple, unauthorized telephone calls to plaintiff's residential telephone line using an artificial or pre-recorded voice to deliver a message beginning on January 28, 2015. [Doc. No. 3, at p. 31.]

According to the First Amended Complaint, defendant Health Insurance Innovations, Inc. (HII) is the "principle actor in a scheme to sell short term non-Affordable Care Act compliant medical insurance plans and other low quality insurance related services through fraud and deceit." [Doc. No. 3, at p. 5.] The scheme allegedly begins when agents under contract to HII make cold calls to consumers using an automatic dialing system and a pre-recorded message. During the pre-recorded message, the consumer can respond to prompts, such as "press 1." [Doc. No. 3, at p. 6.] The consumer will then be connected with a sales person "who will aggressively and deceitfully attempt to sell the [insurance] bundle." [Doc. No. 3, at pp. 6-7.] Although the First Amended Complaint explains that state regulators are involved in policing these practices, the autodialed/pre-recorded calls to cellular telephones and residential lines are also actionable because they violate the TCPA. [Doc. No. 3, at pp. 8-9.]

Plaintiff used a spreadsheet to make a log of all of the autodialed/pre-recorded sales calls he received and attached it as Exhibit 1 to the First Amended Complaint. The

spreadsheet shows the dates and times of the calls and the associated caller identification information. [Doc. No. 3, at p. 9.] The First Amended Complaint also includes a fairly detailed summary of the calls. For example, the First Amended Complaint alleges that plaintiff received fifteen autodialed, pre-recorded calls to his cellular telephones and his residential line from defendant Helping Hand during the period April 6, 2017 through May 10, 2017. [Doc. No. 3, at pp. 9-13.]

Plaintiff also alleges in the First Amended Complaint that he received thirty-two autodialed, pre-recorded calls from defendant Nationwide Health Advisors between April 6, 2017 and May 10, 2017. During at least one of these calls, plaintiff "feigned interest to determine the true identity of the caller" and was connected to a live sales representative. [Doc. No. 3, at p. 11.] He then "had to fake buying a policy since the caller would never identify his company. . . ." [Doc. No. 3, at p. 12.] After signing up for an insurance plan to determine the identity of the parties responsible for the autodialed calls, plaintiff received an e-mail from defendant HII. A copy of the e-mail is attached as Exhibit 6 to the First Amended Complaint. [Doc. No. 3, at pp. 18-19; Doc. No. 3-3, at pp. 1-2 (Exhibit 6).] Plaintiff believes he has been receiving calls from the defendants in violation of the TCPA since "early 2015," but he has not documented all of the calls, so some of the specific dates and times of calls are unknown without the aid of discovery. [Doc. No. 3, at p. 13.] On June 27, 2014, in a separate case, plaintiff sued defendants HII and Unified Life Insurance Company, but the action was later settled. [Doc. No. 3, at p. 19.] A copy of the settlement is attached as Exhibit 8 to the First Amended Complaint. [Doc. No. 3-8 (Exhibit 8).] The First Amended Complaint also alleges there are a number of outstanding "junk call complaints" against the defendants. [Doc. No. 3, at pp. 20-21.]

The class allegations section of the First Amended Complaint indicates that plaintiff plans to seek certification of two sub-classes of plaintiffs: (1) those who have received unauthorized, auto-dialed calls on their cellular telephones from defendants since January 28, 2015; and (2) those who have received unauthorized, auto-dialed calls on the residential telephone lines since January 28, 2015. [Doc. No. 3, at p. 25.]

## *II. Representations by HII.*

In the Joint Motion, defendant HII represents that it is "a third party administrator for health insurance and related products." [Doc. No. 84, at p. 3.] HII maintains its principal place of business in Florida and is incorporated in Delaware. [Doc. No. 84, at p. 4.] "HII is not a resident of California." [Doc. No. 84, at p. 4.] Prior to the filing of the parties' Joint Motion, plaintiff deposed two witnesses designated by HII pursuant to Federal Rule of Civil Procedure 30(b)(6) on the topics of compliance and "sales for Donisi Jax, Inc. and Helping Hand Health Group, Inc." [Doc. No. 84, at p. 9.]

## *Discussion*

## *I. Timeliness.*

The Scheduling Order filed in this case states that: "All discovery motions must be filed within 45 days of the service of an objection, answer, or response which become the the subject of dispute . . . ." [Doc. No. 66, at p. 2. *See also* Chambers' Rule V(A).] HII has represented that it responded to plaintiff's discovery requests on July 16, 2018. [Doc. No. 84-1, at p. 2.] As HII contends, the 45-day deadline expired on or about August 30, 2018. [Doc. No. 84, at p. 3.] The instant Joint Motion raising discovery disputes as to HII's responses was not filed until September 4, 2108, after the August 30, 2018 deadline. [Doc. No. 84.] Accordingly, the Court finds that plaintiff's request for an order compelling defendants to provide further responses to his discovery requests must be DENIED as untimely.

## *II. Meet and Confer Requirements.*

Chambers' Rule V(B) states as follows: "Counsel must meet and confer on all issues before contacting the Court. If counsel are located in the same district, the meet and confer must be in person. If counsel are located in different districts, then telephone or video conference may be used for meet and confer discussions. In no event will meet and confer letters, facsimiles or emails satisfy this requirement." Chambers' Rule V(B). Civil Local Rule 26.1(a) also states that: "The court will entertain no motion pursuant to [the discovery rules] unless counsel will have previously met and conferred concerning

all disputed issues. . . ." CivLR 26.1(a). In addition, Federal Rule 37(a)(1) requires any party filing a motion seeking an order compelling discovery to first meet and confer "in good faith. . . ." Fed.R.Civ.P. 37(a)(1).

The meet and confer requirements contemplate "an informal conference" in which the parties "present to each other the merits of their respective positions with the same specificity with which they would brief the discovery dispute." *Wilson v. Aargon Agency, Inc.*, 262 F.R.D. 561, 564 (D. Nev. 2010). To satisfy the meet and confer requirements, the moving party must "personally engage in two-way communication with the non-responding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention. The consultation obligation promotes a frank exchange between [the parties] to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought. To meet this obligation, parties must treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Cung Le v. Zuffa, LLC*, 321 F.R.D. 636, 647 (D. Nev. 2017) (internal citations and quotations omitted).

As noted above, HII responded to plaintiff's discovery requests on July 16, 2018. [Doc. No. 84-1, at p. 2.] Based on the Declaration submitted by plaintiff's counsel with the Joint Motion, a formal request to meet and confer was not made until August 20, 2018, just ten days before the meet and confer deadline was to expire on or about August 30, 2018. [Doc. No. 84, at p. 3; Doc. No. 84-3, at p. 2.] Counsel for plaintiff and HII each represented in a Declaration that they did meet and confer on August 27, 2018. [Doc. No. 84-1, at p. 2; Doc. No. 84-3, at p. 2.] Apparently, after counsel met and conferred on August 27, 2018, plaintiff's counsel sent defense counsel a letter that included a proposed stipulation to extend the 45-day deadline for filing the Joint Motion so that the parties could continue to meet and confer. According to plaintiff's counsel, however, HII's counsel did not execute the proposed stipulation or respond to the letter. Nor did the parties submit a proposed stipulation for an extension to the Court for

consideration. Nonetheless, plaintiff's counsel represented in a Declaration submitted in support of the Joint Motion that "meet and confer efforts continue." [Doc. No. 84-3, at p. 2.]

Next, HII represented in the Joint Motion that the parties met and conferred on August 26, 2018 [sic], but the discussion was limited by plaintiff's counsel to certain interrogatories and document requests. As a result, it appears that the parties have not met and conferred as to some of the disputed discovery requests included in the Joint Motion. [Doc. No. 84, at p. 3.] In addition, there are other indications in the instant Joint Motion that counsel did not "meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *Cung Le v. Zuffa, LLC*, 321 F.R.D. at 647.

Document Request No. 7, for example, seeks "[a]ll documents which evidence any recordings or other record[s] of conversation[s] between [HII] and any person related to the purchase of any insurance products from [various parties for the relevant time period]" [Doc. No. 84, at p. 18.] HII objected to this request, in part, because it raises "third-party privacy and HIPAA" issues. [Doc. No. 84, at p. 18.] In the Joint Motion, plaintiff argues that: "The HIPAA objection lacks sufficient specificity for plaintiff to determine what portions of the production would raise such issues, ***but indicated its willingness to defendant <u>to discuss</u> narrowing the request to avoid legitimate HIPAA issues***." [Doc. No. 84, at p. 19 (emphasis added).] Since the allegations in the First Amended Complaint relate to alleged telephone calls to consumers about the sale of medical insurance plans, the potential for third party privacy issues is evident on the face of the request. Although plaintiff expressed a willingness "to discuss" narrowing the request, there is nothing to explain ***<u>how</u>*** plaintiff believes the request could be narrowed to address third party privacy and HIPAA issues. As a result, HII could not provide a meaningful response to plaintiff's offer to narrow the scope of the request. It is therefore apparent that meet and confer efforts as to Document Request No. 7 are incomplete.

Based on the foregoing, this Court cannot conclude the parties satisfied the obligation to meet and confer about every disputed issue before filing their discovery

motion with the Court. There, the Court finds that plaintiff's request for an order compelling defendants to provide further responses to his discovery requests must be DENIED for failure to fully satisfy the meet and confer requirements.

***III. __Plaintiff's Discovery Requests__.***

Even if the parties' Joint Motion was timely filed and the parties satisfied the meet and confer requirements, the Court would deny plaintiff's request for an order compelling HII to provide further responses to the disputed discovery requests. First, as to some of the discovery requests included in the Joint Motion, there is no dispute for the Court to resolve at this time. For example, in response to Interrogatory No. 4, HII indicated it considered the information requested to be confidential but also stated that it would produce a responsive document once a confidentiality Protective Order was entered by the Court. [Doc. No. 84, at p. 10.] Recently, the Court resolved the parties' dispute over the terms of a confidentiality Protective Order [Doc. No. 99], and a Protective Order was entered. [Doc. No. 100.] Therefore, by the time this Order is entered, HII should have produced a document that is responsive to Interrogatory No. 4. [*See* Doc. No. 99, at p. 9 (requiring any party withholding documents or information from production in response to another party's discovery requests while awaiting the entry of a confidentiality Protective Order to produce any such documents or information within ten days).] As a result, there is no dispute for the Court to resolve as to plaintiff's Interrogatory No. 4, unless and until HII fails to produce a responsive document as agreed or if HII produces the document as agreed but it is non-responsive. For this same reason, there is also no dispute for the Court to resolve as to plaintiff's Request for Production No. 10. [Doc. No. 84, at pp. 20-22.]

Second, with the exception of Interrogatory No. 5 and Request for Production No. 5, all of the discovery requests at issue in the Joint Motion are objectionable for at least three reasons: (1) they are overly broad on their face; (2) they fail to meet the reasonable particularity standard in Federal Rule of Civil Procedure 34(b)(1)(A); and/or (3) they do not appear to seek documents and information that meet the relevance

standard of Federal Rule 26(b)(1). In this Court's view, HII responded to these requests to the extent possible under the circumstances. The Court also notes that the problems with these discovery requests are the same as or similar to those addressed by the Court in a prior Order re Joint Motion for Determination Discovery Dispute regarding interrogatories and document requests that plaintiff served on another defendant, Donisi Jax, Inc. [Doc. No. 101.] Without further efforts by plaintiff to narrow the scope of the requests at issue in the current Joint Motion and to explain the relevance of the documents and information being sought, it is simply not possible for HII or the Court to determine what documents and information should be produced in response to plaintiff's "sweeping," "all-encompassing" set of requests. *See, e.g.*, *Regan-Touhy v. Walgreen Co.*, 526 F.3d at 649-650 (10th Cir. 2008) (indicating that "sweeping requests" should be discouraged and that requests for production should be narrowly tailored "for production of the fewest documents possible"); *In re Asbestos Prod. Liab. Litig. (No. VI)*, 256 F.R.D. 151, 157 (E.D. Pa. 2009) (stating that "[a]ll-encompassing demands" do not meet the particularity standard of Rule 34(b)(1)(A)) and "do not allow a reasonable person to ascertain which documents" should be produced).

Although plaintiff attempted to narrow the scope of some of the requests at issue, there is much more work to be done in this regard, and many of the disputes raised in the Joint Motion could and should be resolved during continued meet and confer efforts. Particularly when a party stands on overly broad requests and does not make a reasonable attempt to narrow them or to adequately explain the need for such a broad range of documents and/or information, the Court will not "rewrite a party's discovery request[s] to obtain the optimum result for that party. That is counsel's job." *Medicinova Inc. v. Genzyme Corp.*, No. 14CV2513-L(KSC), 2017 WL 2829691, at 6 (S.D. Cal. June 29, 2017); *Bartolome v. City and County of Honolulu*, WL 2736016, at 14 (D. Hawaii 2008). *See also Kilby v. CVS Pharmacy, Inc.*, No. 09CV2051-MMA(KSC), 2017 WL 1424322, at 4 (S.D. Cal. Apr. 19, 2017); *Sanchez Ritchie v. Sempra Energy*, No. 10CV1513-CAB(KSC), 2015 WL 12914435, at 3 (S.D. Cal. Mar. 30, 2015).

Third, with few exceptions, the Court was unable to determine whether the discovery being sought in response to the requests at issue are relevant to class-related issues. Most of the discovery requests at issue appear to be related to issues other than class certification. While it is true that discovery is not bifurcated under the Scheduling Order in this case [Doc. No. 66, at p. 1-2], the focus of discovery at this stage of the litigation is class-related discovery, and plaintiff should have time to pursue the type of discovery at issue in the Joint Motion after class certification issues are resolved. However, plaintiff must do so with narrowly tailored requests.

***Conclusion***

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's request for an order compelling defendant Health Insurance Innovations, Inc. (HII) to provide further responses to interrogatories and document requests is DENIED as untimely and for failure to satisfy the meet and confer requirements. In addition, many of the discovery requests at issue are overly broad on their face; fail to meet the reasonable particularity standard in Federal Rule of Civil Procedure 34(b)(1)(A); and/or do not appear to seek documents and information that meet the relevance standard of Federal Rule 26(b)(1).

IT IS SO ORDERED.

Dated: November 20, 2018

Hon. Karen S. Crawford
United States Magistrate Judge