Christopher J. Reichman SBN 250485
Justin Prato SBN 246968
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-886-0252
Email: JustinP@prato-reichman.com

Attorneys for Plaintiff
and the Proposed Class

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH J. MOSER, individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br> vs.<br><br>HEALTH INSURANCE INNOVATIONS, INC., et. al.,<br><br>    Defendants. | Case No.: 17-cv-1127-WQH-KSC<br><br>**PLAINTIFF'S REPLY TO DEFENDANT DONISI JAX, INC. OPPOSITION TO MOTION FOR CLASS CERTIFICATION**<br><br>Honorable William Q. Hayes<br>Motion Date: January 7, 2019<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

## PRELIMINARY OBJECTION

Plaintiff objects to this separate opposition of Defendant Donisi Jax, Inc. ("Donisi") in its entirety since they already joined in Defendant Health Insurance

Innovations' ("HII") opposition. [Dckt. No. 123]. This is a just another attempt by Defendants here to expand the briefing limits impermissibly. L.R. 7.1(h). Plaintiff also objected to Defendant HII's improper expansion of the briefing by filing a motion to deny certification after Plaintiffs filed a motion to certify. [Dckt. No. 120]. Defendants collectively have more than tripled the briefing on this motion.

## I.  INTRODUCTION

This reply is filed by Plaintiff, Kenneth Moser, ("Plaintiff" or "Moser") in support of Plaintiff's Motion for Class Certification, and to refute the arguments presented by the Defendant Donisi Jax, Inc. ("Donisi") in its opposition brief.  For the reasons discussed in this motion and the briefing in Defendant HII's improper late-filed Motion to Deny Certification, the Court should certify a class.

## II.  ARGUMENT

A.  Plaintiff has met all of the elements under Rule 23(a) and (b)(3) and the only arguments raised here are to the Typicality and Commonality factors.

The arguments raised by Donisi in their separate opposition address only Typicality and Commonality, thereby waiving any individualized argument on the remaining elements of Rule 23[1]. As explained below, Donisi's argument does not raise any actual issues with Typicality or Commonality.

B.  There Is No Issue With Typicality As Moser Can Represent The Outbound Calls And May Have Received Them Anyway

---

[1] Donisi also joined with the Opposition of HII. To the extent Donisi' joindered briefing touches any other class factors, they are addressed in Plaintiffs' reply to HII's opposition.

Donisi's only argument as to typicality has to do with Donisi's in-house outbound calls as opposed to the calls they hired agents to make for them. There are two issues with Donisi's arguments: 1) even if Moser did not receive an outbound call from Donisi, Moser can still be the class representative for violations due to the outbound calls, and 2) there is evidence that Moser in fact did receive outbound calls directly from Donisi.

Donisi's hyper technical distinction between illegal calls made by their vendor agents, and their own in-house outbound calling does not defeat Typicality. The facts causing the class representatives injury does not need to be exactly the same as the class members. "'Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)(Hanon), *quoting*, *Weinberger v. Thornton*, 114 F.R.D. 599, 603 (S.D. Cal.1986). In this case the injury to all class members, including Moser, is violation of the Telephone Consumer Protection Act ("TCPA") due to the use of an auto-dialer and/or pre-recorded messages. It does not matter how Donisi is making the violative calls—whether by hiring unscrupulous agents, buy "leads" with no oversight, or calling with an auto-dialer their selves—it is still the same violation of the TCPA claimed by Mr. Moser and the class. Donisi's argument is not supported by law, and it is clear that Moser can represent class members suffering from Donisi's use of auto-dialer or prerecorded messages whether done in-house or by hired guns.

While unnecessary, Plaintiff would like to point out that there is also evidence that Moser was called by Donisi's internal out bound auto-dialer. In his declaration, Jaxthemier states that several CID numbers Moser attributes to Donisi are not phone numbers which belong to Donisi. [Declaration of Evan Jaxthemier, ("Jaxthemier Decl."), 5:19 (page:paragraph).] However, most CID numbers in junk calling are "spoofed" to make them appear to be local or from nearby area

codes to the victim's phone. Therefore just because a number appeared on the Caller ID, does not mean that it was the number used. Jaxthemier has not provided any documentation to support the ultimate issue of whether Donisi called Mr. Moser. They surely have phone records for their in-house calls and could provide them, but have not. Nor has Jaxthemier provided any of the reports or documents he relies on in his declaration. [See, e.g., Jaxthiemer Decl. 2:10 (discussing unproduced alleged call detail reports)]. Moser has call notes which identify Donisi's DBA "Nationwide Health Advisors" as the calling party. [Plaintiff's Motion To Certify, Moser Decl., Ex. 1 (see 4/27/17 call).

With the gaps in the facts, and the dispute as to what happened in Moser's notes and what Jaxthemier is saying but withholding evidence on, and the fact that it is unnecessary for Moser to have actually received any out-bound calls anyway, The court should find a that Typicality is met and should certify the class.

C.  Donisi has not provided any proof of any issues alleged for Commonality.

Donisi's final argument is that Moser's claim does not have common issues of fact and law for the entire class. Donisi's argument is not supported by the law. Donisi raises a wide range of supposed issues relating to Commonality including that an individualized inquiry will be needed for each and every call, and individualized inquiries for issues of agency liability. This is in fact not correct, and not supported by the record.

Donisi tries to raise agency as a defense in the same way a man charged with murder tries to escape by claiming he hired the deed done rather than doing it himself. Donisi claims that since they had a handful of hired guns do some of their dirty work for them and maybe they did it in slightly different ways, they can speculate about agency defenses to defeat certification. However, as Plaintiffs have consistently cited throughout all the speculative briefing, mere unsupported defensive speculation cannot defeat certification. *Bridging Communities Inc. v.*

*Top Flite Fin. Inc.*, 843 F.3d 1119, 1125 (6th Cir. 2016), cert. denied, ––– U.S. –––, 138 S.Ct. 80, 199 L.Ed.2d 25 (2017) ("We are unwilling to allow such 'speculation and surmise to tip the decisional scales in a class certification ruling"); *True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 932 (9th Cir. 2018); *Van Patten v. Vertical Fitness Group*, 847 F.3d 1033, 1044 (9th Cir. 2017); *Bee, Denning, Inc. v. Capital All. Grp.*, 310 F.R.D. 614, 629 (S.D. Cal. 2015); *Caldera v. American Medical Collection Agency*, 320 F.R.D. 513, 519 (C.D. Cal. 2017). In this case Donisi, nor any other defendant, has offered any actual proof to any of the speculative issues they raise as to individualized inquiries.

Here, the only evidence that Donisi offers concerning the third party live transfers is the self-serving uncorroborated word of Evan Jaxthemier, almost all of which is impermissible hearsay anyway. For example, Mr. Jaxtheimer uses the phrase, "It is my general understanding that Live Lead Transfers can occur in a couple of ways:" [Jaxthemier Decl. 9:30.] Jaxthemier then goes on to discuss in generalities his understanding of Live Lead Transfers. [Jaxthemier Decl. 8-11:28-31.] Never once does he offer any documents to prove anything he is saying, including in vendor contracts or invoices, or emails about telemarketing services he purchased. This is also curious since he made statements at his deposition that he could get documents from his vendors "easily". [Declaration of Justin Prato. of Prato in Support of Opposition to HII's Motion to Deny Class Certification, 2:8-10, Ex. 6 Deposition of Jaxthemier,57-58:11-16]. Also, Mr. Jaxthiemer speculates that some potential class members may have called in themselves and then were transferred to Donisi. However, there is no one example of specific vendor that Donisi actually contracted with that handled leads in this manner, and not an iota of evidence proffered to even vaguely indicate even one instance of this scenario actually happening. This is just one of many examples of how deficient in actual facts Mr. Jaxthiemer's declaration and Donisi's entire argument is.

Finally, as to the issue of mini-trials due to whether "Short Term Non-ACA-Compliant Medical Insurance Plans Managed By HII" were being sold, this is another minor issue that Donisi is trying to blow out of proportion. All calls initiated, transferred, or otherwise handled by Donisi have the potential to sell HII products. [Declaration of Justin Prato in Support of Reply to Donisi Opposition, ("Decl. Prato Reply") 2:3-5, Exhibit 19, Deposition of Michael Cugini ("Depo Cugini"),52-57:25-23.] Therefore all calls fit this category. Furthermore, even if this were an issue it is easily resolved since Donisi's representative testified that early in the call they decide which policy to pitch and log on to HII's online interface, which is unquestionably recorded. [Id.]. Additionally, any issue any court could find in this vein can also be dealt with by reference to the number of HII policies sold as a percentage and applying that to the calls. And, most importantly the test of commonality is not that all issues are common, just whether at least that a "single *significant* question of law or fact" is common. *Abdullah v. U.S. Sec. Assoc., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (quotation omitted and emphasis in original).

Based on the above, there is no real issue with Commonality supported by any actual fact or law. The court should find a that Commonality is met and should certify the class.

D. All Defendants' premature agency arguments are off point, and agency can be proven in this class.

In this case Donisi, as well as other defendants, make noise about how mini-trials will need to be used to determine liability of agents and therefore there is no commonality. This position is not only premature, but is off base to Plaintiff's arguments.

First, it is inappropriate for an inquiry into the merits of the case during the class certification stage. *See*, *Amgen, Inc. v. Conn. Ret. Plans & Trust Funds*, 133

S. Ct. 1184, 1194–95 (2013) ("A court, when asked to certify a class, is merely to decide a suitable method of adjudicating the case and should not 'turn class certification into a mini-trial' on the merits." ); *see also*, *Edwards v. First Am. Corp.*, 798 F.3d 1172, 1177 (9th Cir. 2015)1178, *quoting, Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983, n. 8 (9th Cir. 2011). Here all of the Defendants including Donisi are trying to make premature agency arguments, when full merits discovery has not even taken place in this case yet.

Second, Donisi only addresses one form of agency in its discussion, actual agency, and not any of the other forms of agency, all of which have been advanced by the Plaintiff in this case, including ratification and apparent authority. And while Plaintiff believes that actual agency or other forms of agency could be proven in this case, the simplest for class certification is apparent authority agency.

Under apparent authority, there will be vicarious liability when;
> "The principal's manifestations giving rise to apparent authority may consist of direct statements to the third person, directions to the agent to tell something to the third person, or the granting of permission to the agent to perform acts and conduct negotiations under circumstances which create in him a reputation of authority in the area which the agent acts and negotiates." *Hawaiian Paradise Park Corp. v. Friendly Broadcast Co*., 414 F.2d 750, 756 (9th Cir. 1969), *see also, N.L.R.B v. Donkin's Inn, Inc*., 532 F.2d 138, 140 (9th Cir. 1976) (quoting and applying this rule)[2].

In this case the evidence shows that any Live Lead Transfer is transferred directly to Donisi on the same phone call. [Decl. Prato Reply, 2:3-5, Exhibit 20, Depo

---

[2] Additionally apparent agency has even been found in circumstances where the agency acts in a way that is not in the master's interest. *See, In re ChinaCast Educ. Corp. Securities Litigation*, 809 F.3d 471, 476 (9th Cir. 2015) (apparent authority can be shown even where agent's actions act against master's interests), *quoting, Hollinger v. Titan Capital Corp*., 914 F.2d 1564, 1577 (9th Cir.1990); *see also*, Donald C. Langevoort, Agency Law Inside the Corporation: Problems of Candor and Knowledge, 71 U. Cin. L. Rev. 1187, 1214 (2003); W. Prosser, Law of Torts 467 (4th ed. 1971).

Cugini ].  Furthermore, the lead sales agent who initiated the call will usually ask questions about qualifications prior to transferring and then make a statement that the caller will be transferred, and a sales agent of Donisi would then take the call directly.  [Id].  Neither sales agent ever provides information to the caller that the previous person was not affiliated with Donisi.  [Id.].  And it is manifestly obvious from this all happening in the same call without such distinction being made that everyone wants the victim to believe they are all part of the same organization.  Clearly in this situation, the caller has the reasonable belief that they are being called by the same organization that is finalizing their request.  Apparent agency clearly would apply in this circumstance.

     Furthermore, Donisi claims all of the transfers to Moser were from HIC Leads.  [Jaxthemier Decl. 9:29].  Even if they provided any evidence to support this claim, they fail to point out that the previous owner of HIC Leads currently does business with Donisi's principals and is a partner with them in at least one other venture.  [See, Plaintiffs Motion Certify Class (Dckt. No. 103-22), Decl. of Prato, 5:29, Exhibit 15 (HIC Lead Network and Unity One Health corporate filings)].  This relationship certainly casts doubt on Jaxthemier's claim that his lead purchasing was arms length, and since this relates to the merits of the case further discovery on this relationship is necessary.  The same problem of not having reached merits discovery runs through all of Defendants arguments that try to shove merits-based agency issues into class certification.  [See, Dckt #102, Order Re: Joint Motion for Determination of Discovery Dispute (discussing class focus to discovery allowed so far)].  Based on the above there is no issue with Commonality, and therefore the class should be certified.

/ / /

## CONCLUSION

As argued in previous filings and as further supported by this reply all of the class factors under Rule 23(a) and (b) are met in this case. The unsupportable arguments made by Donisi do not change any of the arguments in favor of certification. For the reasons shown in our motion, and as stated in this reply, the Plaintiff's motion for certification should be granted.

DATED: December 31, 2018                    **PRATO & REICHMAN, APC**

<u>/s/Justin Prato, Esq.</u>
By: Justin Prato, Esq.
**Prato & Reichman, APC**
Attorneys for Plaintiff
KENNETH J. MOSER,
and the putative class.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing instrument as well as all attached documents were served upon all counsel of record in the above entitled and numbered cause on the date listed below.

\_\_X\_\_ Via ECF

Barton H. Hegeler    BartonHegeler@hegeler-anderson.com, msutton@hegeler-anderson.com, slusby@hegeler-anderson.com, stormanderson@hegeler-anderson.com

Chad R Fuller    chad.fuller@troutmansanders.com, annajane.zarndt@troutmansanders.com, justin.brandt@troutmansanders.com, lauren.harper@troutmansanders.com, lori.dawson@troutmansanders.com

Garry W. O'Donnell    garry.odonnell@gmlaw.com, jaye.keckeis@gmlaw.com

Dariel Abrahamy    Dariel.Abrahamy@gmlaw.com

Jennifer L. Meeker    jmeeker@nossaman.com, mshibata@nossaman.com

Robert S Crowder    rcrowder@tresslerllp.com, jpatterson@tresslerllp.com, LADocket@tresslerllp.com

Virgina Flynn    Virginia.Flynn@troutmansanders.com

DATED: December 31, 2017                **PRATO & REICHMAN, APC**

/s/Justin Prato, Esq.
By: Justin Prato, Esq.
**Prato & Reichman, APC**
Attorneys for Plaintiff
KENNETH J. MOSER
and the putative class.