UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH J. MOSER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH INSURANCE INNOVATIONS, INC. et al.,<br><br>Defendants. | No. 3:17-cv-1127-WQH-KSC<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is Plaintiff's Partial Objection to Magistrate's Order Concerning Discovery. (ECF No. 133).

## I. Background

On December 21, 2018, the United States Magistrate Judge issued the Order Re Joint Motion for Determination of Discovery Dispute Re: Document Requests and Interrogatories Served on Plaintiff by Defendant Health Insurance Innovations, Inc. (hereafter "Discovery Order") (ECF No. 118). Plaintiff objected to Interrogatories 12 and 23, and Request for Production 39, which sought certain information regarding past TCPA lawsuits Plaintiff has filed and settled. The Discovery Order overruled Plaintiff's objections, finding:

> Although evidence of a party's involvement in prior litigation may not be admissible at trial to show litigiousness, evidence of a party's prior acts in the course

1

3:17-cv-1127-WQH-KSC

of prior litigation may be admissible if relevant to other disputed issues such as motive, state of mind, and credibility. *See, e.g.*, *Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 495-496 (7th Cir. 1998); (concluding in an employment discrimination case that evidence obtained from other lawsuits the plaintiff filed against prior employers was inadmissible to show litigiousness but was admissible on issues of motive, mental state, and credibility); *Outley v. City of New York*, 837 F.2d 587, 591-595 (2d Cir. 1988) (concluding inconsistent statements made by the plaintiff in prior lawsuits were properly admitted as impeachment evidence but evidence of the plaintiff's prior litigation history to show litigiousness was prejudicial because the case turned on the plaintiff's credibility). *But see D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1039-1040 (9th Cir. 2008) (stating that courts considering cases involving alleged violations of the Americans with Disabilities Act "must be particularly cautious about affirming credibility determinations that rely on a plaintiff's past ADA litigation" because these cases are typically pursued by a small group of professional plaintiffs "who view themselves as champions of the disabled"). *See also Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 256 (S.D. Ind. 2002); *Travers v. Travenol Labs., Inc.*, 94 F.R.D. 92, 93–94 (N.D. Ill. 1982).

In this Court's view, HII has adequately identified the relevance of the types of documents and information it seeks in response to Interrogatory Nos. 10, 12, and 23 and Document Request Nos. 36, 37, and 39. Contrary to plaintiff's assumption, HII does not simply seek information about his prior involvement in TCPA or similar matters in order to discredit him as a professional plaintiff or litigious person. Rather, HII seeks the information in an attempt to uncover evidence on matters of credibility. Despite his burden to do so, plaintiff has not adequately supported his argument that HII seeks information that is irrelevant in response to Interrogatory Nos. 10, 12, and 23 and Document Request Nos. 36, 37, and 39.

*Id.* at 29–30.

On January 11, 2019, Plaintiff filed the Partial Objection to Magistrate's Order Concerning Discovery. (ECF No. 133). On January 23, 2019, Defendant filed a Response. (ECF No. 135). On January 30, 2019, Plaintiff filed a Reply. (ECF No. 136).

## II. Contentions

Plaintiff contends that the Discovery Order "is erroneous as to the very limited issue of ordering the production of private confidential settlement agreements and communications and that the value does not outweigh he [sic] considerable burden." *Id.* at 2. Plaintiff asserts that "responding would be extremely burdensome compared to the relevance and value of the responses." *Id.* at 3.

Defendant contends that Plaintiff's objections are untimely and that Plaintiff "has failed to articulate any timely or compelling reason" to overturn the Discovery Order. (ECF No. 135 at 2). Defendant contends that the Discovery Order correctly overruled Plaintiff's objections because Plaintiff's credibility is a "central issue" material to both his individual claims and his ability to adequately represent a class. *Id.* at 3, 8.

## III. Legal Standard

A district court judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court" with a limited number of exceptions. 28 U.S.C. § 636(b)(1)(A). "A judge may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* Rule 72(a) of the Federal Rules of Civil Procedure states,

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not

> timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

Matters concerning discovery generally are considered nondispositive of the litigation and reviewed under the clearly erroneous standard. *See, e.g.*, *FDIC v. Fidelity & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000) ("The 'clearly erroneous' standard applies to the magistrate judge's factual determinations and discretionary decision made in connection with non-dispositive pretrial discovery matters."). "Review under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993) (quotation omitted); *see also Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010).

### IV. Ruling of the Court

The Discovery Order was issued on December 21, 2018. Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, Plaintiff had fourteen days, or until January 4, 2019, to file objections to the Discovery Order. Plaintiff's objections were filed on January 11, 2019. Plaintiff's objections are untimely. The Court will consider Plaintiff's untimely objections, however, because the disclosure of settlement agreements could implicate the interests of third parties who did not have an opportunity to object.

Under Rule 26 of the Federal Rules of Civil Procedure, a defendant is entitled to discovery regarding any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Plaintiff seeks to certify and represent a class of plaintiffs asserting claims against Defendant. Defendant seeks information regarding past settlements because it may lead to admissible information relevant to Plaintiff's motive, state of mind,

or credibility. The interrogatories in question require Plaintiff to "identify and describe" all communications Plaintiff has sent to other parties complaining of TCPA violations, the amounts of any monetary settlements Plaintiff has received, and the identities of parties with whom Plaintiff has settled. (ECF No. 133 at 2–3). By overruling Plaintiff's objection, the Magistrate Judge necessarily found that Defendant's request was proportional to the needs of this case. The Court has reviewed Plaintiff's briefing and does not have a "definite and firm conviction" that the Magistrate Judge's determination was mistaken. *See Concrete Pipe & Prod.*, 508 U.S. at 623. Plaintiff's objection is overruled.

To the extent that Interrogatory 23 and Request for Production 39 require Plaintiff to disclose settlement agreements that contain a confidentiality provision, Plaintiff must produce such settlement agreements to the Magistrate Judge *in camera* for a determination of what, if any, procedures are necessary to allow third parties to assert any privacy rights they may have under the agreements. Plaintiff shall produce all other information not subject to a confidentiality provision forthwith.

### V. Conclusion

IT IS HEREBY ORDERED that Plaintiff's Partial Objection to Magistrate's Order Concerning Discovery (ECF No. 133) is OVERRULED. Plaintiff must produce any settlement agreements containing a confidentiality provision to the Magistrate Judge *in camera* for a determination of what, if any, procedures are necessary to allow third parties to assert any privacy rights they may have under the agreements. Plaintiff shall produce all other information not subject to a confidentiality provision forthwith.

Dated: April 11, 2019

Hon. William Q. Hayes
United States District Court