FILED
JUL 08 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH J. MOSER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH INSURANCE INNOVATIONS, INC., a Delaware corporation, et al.,<br><br>Defendants. | Case No.: 17cv1127-WQH(KSC)<br><br>**ORDER RE IN CAMERA REVIEW OF SETTLEMENT AGREEMENTS; PROTECTIVE ORDER** |

Before the Court for *in camera* review are copies of Settlement Agreements containing confidentiality clauses that plaintiff executed in other litigation involving alleged violations of the Telephone Consumer Protection Act (TCPA). In an Order filed on December 21, 2018, plaintiff was ordered to identify other TCPA claims or lawsuits "settled or resolved in his favor, along with the amounts of any monetary settlements received and the identities of any parties who paid any settlement amounts." [Doc. No. 118, at pp. 28, 36, referring to Interrogatory No. 23.] Based on privacy objections plaintiff made on behalf of non-parties to this action, these Settlement Agreements were submitted for *in camera* review at the direction of the District Court for "a determination of what, if

1

any, procedures are necessary to allow third parties to assert any privacy rights they may have under the agreements." [Doc. No. 140, at p. 5.] For the reasons outlined more fully below, this Court finds that procedures to allow non-parties to object prior to disclosure of information in the Settlement Agreements to defendants in this case are not necessary or required under the circumstances. Any privacy rights of non-parties in other cases can be adequately addressed by a Rule 26(c)(1) protective order in this case and the confidentiality Protective Order that is already in place in the action. [Doc. No. 100.]

## *Background*

The First Amended Complaint in this case includes two causes of action against the defendants for violations of the TCPA. [Doc. No. 3, at pp. 29-31.] Generally, plaintiff alleges defendants violated the TCPA by making multiple, unauthorized calls to his cellular and residential telephones using an automatic dialing system or artificial, pre-recorded voice. [Doc. No. 3, at pp. 30-31.] The First Amended Complaint was filed as a class action on behalf of two sub-classes of potential plaintiffs who received similar unauthorized telephone calls from defendants at any time from January 28, 2015 to the present. [Doc. No. 3, at p. 5.]

## *Discussion*

### *I. Procedural History Leading to the In Camera Review.*

Defendant Health Insurance Innovations, Inc. (HII) served plaintiff with discovery requests, including Interrogatory Nos. 10 and 23, which requested identification of other TCPA lawsuits in which plaintiff was a party, as well as any such cases plaintiff settled or resolved in his favor; the amounts of any monetary settlements he received; and the identities of any parties who paid any settlement amounts. [Doc. No. 87, at pp. 29, 35.] Defendant HII appropriately requested this information from plaintiff because it is relevant to matters of credibility and whether plaintiff can adequately represent the interests of the proposed class. [Doc. No. 118, at pp. 28-31.] Plaintiff responded to Interrogatory Nos. 10 and 23 with a list of unsupported, boilerplate objections and did not provide defendant HII with any substantive responses. [Doc. No. 87, at pp. 29-30; 35-

2

36.] One of these unsupported, boilerplate objections was that the information sought was "protected by contractual privacy obligations." [Doc. No. 87, at pp. 30, 36.]

Defendant HII's discovery requests to plaintiff also included Document Request No. 39, which seeks production of deposition transcripts from other TCPA cases in which plaintiff was the deponent and testified about the TCPA, autodialing, auto-dialers, pre-recorded messages or Do Not Call Lists. [Doc. No. 87, at p. 55.] Plaintiff also responded to this request with a list of unsupported, boilerplate objections. One of these objections was that "some of the items sought are also protected by contractual privacy obligations." [Doc. No. 87, at p. 56.]

Thereafter, the parties filed a Joint Motion for Determination of Discovery Dispute for the Court's consideration. [Doc. No. 87.] In this Joint Motion, defendant HII requested an order compelling plaintiff to provide substantive responses to Interrogatory Nos. 10 and 23 and to produce documents in response to Document Request No. 39. Again, plaintiff objected on various grounds but did not submit anything in support of its contention that the information requested was "protected by contractual privacy obligations." [Doc. No. 87, at pp. 31, 36, 56-57.] In an Order filed on December 21, 2018 resolving the discovery disputes between plaintiff and defendant HII, plaintiff was ordered to provide full and complete responses to defendant HII's Interrogatory Nos. 10 and 23 and to produce deposition transcripts in response to Document Request No. 39. [Doc. No. 118, at pp. 30-31, 36.]

In response to the Court's December 21, 2018 Order [Doc. No. 118], plaintiff filed Objections with the District Court [Doc. No. 133]. Plaintiff's objections included an argument that he should not be required to disclose Settlement Agreements from other TCPA cases in response to Interrogatory Nos. 10 and 23, if the Settlement Agreements in those cases include a confidentiality provision, unless there is some procedure for the other parties in these cases to assert their rights to privacy. [Doc. No. 133, at pp. 3-8.] As to Document Request No. 39, plaintiff contends he should not be required to produce a responsive deposition transcript, because it is "covered under a confidentiality provision

3

17cv1127-WQH(KSC)

in the settlement[]" of a case entitled *Moser v. American Pacific Mortgage Corp.*, San Diego Superior Court Case No. 37-2014-21690-CU-BT-CTL. [Doc. No. 133, at p. 2 n.1.] However, plaintiff did not submit a copy of the Settlement Agreement in this case for *in camera* review as proof that the responsive deposition transcript is covered by a confidentiality provision.

In addition, the Court considered two other Joint Motions that raised similar discovery disputes between defendant Donisi Jax, Inc. and plaintiff. [Doc. Nos. 97 and 98.] In response to various discovery requests, defendant Donisi Jax, Inc. sought disclosure of documents and information from other TCPA lawsuits in which plaintiff was a party, including settlement amounts and "all documents evidencing any settlement" of other TCPA cases filed by plaintiff. [Doc. No. 142, at p. 11; Doc. No. 98, at p. 35.] In addition, defendant Donisi Jax, Inc. requested production of deposition transcripts from other TCPA cases filed by plaintiff. [Doc. No. 142, at p. 11.] Essentially, the Court ordered plaintiff to disclose the same information and produce the same documents from other TCPA litigation that were previously ordered produced to defendant HII in the Court's December 21, 2018 Order [Doc. No. 118], plus some additional documents and information requested by defendant Donisi Jax, Inc. that had not already been produced to defendant HII. [Doc. No. 142, at pp. 10-17.]

With respect to the discovery dispute between defendant HII and plaintiff, the District Court overruled plaintiff's objections to this Court's December 21, 2018 Order. [Doc. No. 140, at pp. 1-5.] However, the District Court directed plaintiff to produce any settlement agreements containing confidentiality provisions to this Court for an *in camera* review to determine "what, if any, procedures are necessary to allow third parties to assert any privacy rights they may have under the agreements." [Doc. No. 140, at p. 5.] Pursuant to the District Court's direction, plaintiff submitted a stack of settlement agreements for *in camera* review.

///

///

4

## II. *Scope of Discovery.*

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(1).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (A) forbidding the disclosure or discovery; . . . (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of the disclosure or discovery to certain matters; . . . (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way. . . ." Fed.R.Civ.P. 26(c)(1)(A)-(G).

## II. *In Camera Review.*

Plaintiff represents that "nearly all the various settlement agreements resolving [plaintiff's] other TCPA cases have confidentiality *clauses requiring notice* be given if a Court requires disclosure, and those third parties should have some sort of procedure to assert their privacy rights if they wish to do so." [Doc. No. 133, at pp. 3, 5 (emphasis added).] In plaintiff's view, the Court should set a "timeline to allow for objection" by third parties and "some procedure if they wish to assert their privacy rights." [Doc. No. 133, at p. 5.] However, plaintiff has not presented, and this Court was unable to locate, any controlling authority or evidence to support plaintiff's contention that the Court *must* use a notice and objection procedure before the Settlement Agreements submitted for *in camera* review can be disclosed to defendants.

/ / /

After eliminating duplicate copies, the Court reviewed 35 settlement agreements that were submitted by plaintiff for *in camera* review. Pursuant to this review, the Court makes the following findings:

1. Contrary to plaintiff's contention, the Court was unable to locate any "clauses requiring notice" to non-parties in the event one of the parties is ordered to disclose any of the contents of the agreements.

2. Most of the Settlement Agreements submitted for *in camera* review are between plaintiff and a business or businesses, but a few of the parties to the agreements are individuals.

3. Most of the Settlement Agreements submitted for *in camera* review do have a confidentiality provision. However, with only two exceptions identified below in Nos. 4 and 5, these Settlement Agreements expressly allow for disclosure under certain circumstances. Although the wording is slightly different in some agreements, they generally indicate that the parties can disclose the contents of the agreements "to the extent compelled to do so by the law" or "pursuant to lawful subpoena." In other words, these parties expressly anticipated that the confidential terms could be disclosed in the future pursuant to a lawful subpoena or court order. [Doc. No. 133, at p. 3.]

4. One of the Settlement Agreements does not include an exception to the confidentiality requirement but does include a forfeiture clause. If plaintiff discloses the terms of this agreement, he could be required to forfeit the amount of the settlement and be liable to the other parties for costs and attorney's fees to enforce this provision. For identification purposes without disclosing any confidential information, this agreement was executed by the parties on or about April 17, 2015.

5. One of the Settlement Agreements does not include a confidentiality provision. The non-parties to this agreement include individuals and a business. For identification purposes, this agreement was executed by the parties on August 31, 2010.

6. Plaintiff has not presented any evidence indicating that any Court issued a specific protective order or a sealing order requiring the parties to maintain the

6

confidentiality of the settlement agreements at issue. Some of the agreements do not reference a specific lawsuit. Lawsuits identified in the agreements were either filed in San Diego Superior Court or in the Southern District of California. At least two of the agreements clearly indicate they only pertain to potential litigation. As a result, this Court can only conclude that all the confidentiality provisions were privately stipulated between the parties without a Court order. If a Court did issue a protective order obligating the parties to maintain the confidentiality of the terms of a settlement agreement or filed the settlement agreement under seal, there is Ninth Circuit precedent indicating that a non-party seeking access to the agreement would have to first intervene in that action to request modification of the protective order. *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1354-1356 (9th Cir. 2013); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130-1134 (9th Cir. 2003); *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1209-1213 (9th Cir. 2002). Under these circumstances, the Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." *Foltz*, 331 F.3d at 1131.

7. As noted above, plaintiff also claimed that one deposition transcript responsive to Document Request No. 39 in a case entitled *Moser v. American Pacific Mortgage Corp.*, San Diego Superior Court Case No. 37-2014-21690-CU-BT-CTL. [Doc. No. 133, at p. 2 n.1] could not be produced because it is covered by a confidentiality provision in a Settlement Agreement. [Doc. No. 133, at p. 2 n.1.] The Settlement Agreements submitted for *in camera* review do not appear to relate to this case and no other evidence was submitted to support the confidentiality claim. Therefore, plaintiff's confidentiality claim as to this deposition transcript is unsupported, and there does not appear to be any reason to withhold it from production.

### III. *Privacy and Confidentiality Considerations.*

Federal Courts have typically found that a settlement agreement "is discoverable despite a confidential designation, especially when there is a protective order in place to prevent unauthorized disclosure." *Thermal Design, Inc. v. Guardian Building Products,*

270 F.R.D. 437, 438 (E.D. Wis. 2010), citing *Board of Trustees of the Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008) (collecting cases). "[A] protective order can strike the appropriate balance between the need for the information and the privacy [and confidentiality] concerns" of third parties. *Putnam v. Eli Lilly and Co.*, 508 F.Supp.2d 812, 814-815 (C.D. Cal. 2007).

Although parties to litigation can "agree that they would not *voluntarily* disclose any information" related to a settlement, disclosure would be authorized without a breach of the agreement if a third party has "a legal right of access." *Gotham v. Health Grades, LP v. Health Grades, Inc.*, 580 F.3d at 665-666 (7th Cir. 2009); *Peskoff v. Faber*, 233 F.R.D. 207, 209 (D.C. 2006). If this were not the case, parties to litigation would be able to "buy the silence of witnesses with a settlement agreement when the facts of one controversy are relevant to another." *Green v. Cosby*, 314 F.R.D. 164, 171 (E.D. Pa. 2016). *See also Gotham Holdings, LP v. Health Grades, Inc.*, 580 F.3d at 665, citing *Baxter Int'l Inc. v. Abbott Laboratories*, 297 F.3d 544, 545-546 (7th Cir. 2002) (stating as follows: "even if [a confidentiality] agreement[s] had purported to block disclosure [under any circumstances], such a provision would be ineffectual. Contracts bind only the parties. No one can 'agree' with someone else that a stranger's resort to discovery under the Federal Rules of Civil Procedure will be cut off. . . . [Generally,] a person's desire for confidentiality is not honored in litigation. Trade secrets, privileges, and statutes or rules requiring confidentiality must be respected . . . , but litigants' preference for secrecy does not create a legal bar to disclosure.").

The Settlement Agreements submitted for *in camera* review each include a single piece of financial information – the amounts paid to settle the claims. Although there is no complete bar to discovery, "financial information is protected by the right to privacy under California law and these privacy rights are generally recognized in federal court." *E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 395 (E.D. Cal. 2009). If the balance of interests weighs in favor of production, any privacy concerns can be addressed with a protective order. *Id.*

8

Article I, Section 1 of the California Constitution contains "an explicit guarantee of the right of 'privacy.'" *Am. Acad. of Pediatrics v. Lungren*, 16 Cal. 4th 307, 326 (Cal. 1997). "The constitutional right of privacy does not provide absolute protection. . . . [Citation omitted.] [C]ourts must balance the right of civil litigants to discover relevant facts against the privacy interests of persons subject to discovery. [Citation omitted.]" *SCC Acquisitions, Inc. v. Superior Court*, 243 Cal. App. 4th 741, 754 (Cal. App. 2015) (internal quotations omitted).

"[C]orporations do not have a right of privacy protected by the California Constitution. Article I, section 1 of the California Constitution protects the privacy rights of 'people' only. . . . [Citations omitted.] While corporations do have a right to privacy, it is not a constitutional right. The corporate right to privacy is a lesser right than that held by human beings and is not considered a fundamental right. [Citation omitted.]" *SCC Acquisitions, Inc. v. Superior Court*, 243 Cal. App. 4th at 755–756. To determine whether a non-party corporation's right to privacy would be infringed by a request to produce financial and other records, California courts essentially apply the same analysis required under Federal Rule of Civil Procedure 26(b)(1) – they balance the relevance and importance of the documents being requested against the corporation's interest in privacy or confidentiality. *Id.*

When there are privacy implications to an individual, California statutory law requires notice and an opportunity to object under some circumstances. Under California Code of Civil Procedure Section 1985.3, for example, a party to a lawsuit who serves a subpoena *duces tecum* seeking disclosure of "personal records" of a "consumer" that are "maintained by any 'witness'" must provide the consumer with a notice and opportunity to object. Cal. Code Civ. Proc. § 1985.3(a)(1). A "consumer" is defined as "any individual, partnership of five or fewer persons, association or trust. . . ." Cal. Code Civ. Proc. § 1985.3(a)(2). For purposes of Section 1985.3, "personal records" of a "consumer" include documents, other writings, or electronically stored information, that is maintained by a "witness" (*i.e.*, a health care professional, state or national bank or

credit union, brokerage firm, attorney, or accountant). Cal. Code. Civ. Proc. §§ 1985.3(a)(1). Notice and an opportunity to object are also required when production of an individual's "employment records" are being sought in a subpoena *duces tecum* by a party to a civil action or proceeding. Cal. Code Civ. Proc. §§1985.6(a)(f).

Here, most of the parties to the Settlement Agreements, other than plaintiff, are corporations or limited liability companies and therefore do not fit the definition of a "consumer." Cal. Code Civ. Proc. §1985.3(a)(2). In addition, the Settlement Agreements are not being sought from a non-party witness by way of a subpoena *duces tecum*. Rather, defendants have requested information from plaintiff that is included in records presumably maintained in plaintiff's possession, custody, or control.

The California Supreme Court has also concluded that notice and an opportunity to object are appropriate in the context of class actions or other representative litigation, such as a suit under the Private Attorneys General Act (PAGA), to address the "minimal privacy interests" involved when the named plaintiff in such an action seeks contact information for other potential class members, percipient witnesses, or other individuals potentially affected by the outcome of the action. *Williams v. Superior Court*, 3 Cal.5th 531, 538-555 (Cal. 2017); *Pioneer Electronics (USA) v. Superior Court*, 40 Cal.4th 360, 363-374 (Cal. 2007).[1] These California Supreme Court cases do not appear to require notice and an opportunity to object in every instance where the right to privacy may be implicated by a Court order to produce documents during a lawsuit. In this regard, the California Supreme Court in *Pioneer Electronics* stated as follows: "Protective

---

[1] Discovery of contact information is not "particularly sensitive," because it does not involve disclosure of "one's personal medical history or current medical condition nor details regarding one's personal finances or other financial information. . . ." *Pioneer Electronics*, 40 Cal.4th at 372. Nor does it reveal "personal or business secrets, intimate activities, or similar private information" or present a "threat to intrude into anyone's personal life." *Id.* at 373. "[O]bvious invasions of interests fundamental to personal autonomy must be supported by a compelling interest." *Williams v. Superior Court*, 3 Cal.5th at 557.

measures, safeguards and other alternatives may minimize the privacy intrusion. 'For example, if intrusion is limited and confidential information is carefully shielded from disclosure except to those who have a legitimate need to know, privacy concerns are assuaged.' [Citation omitted.]" *Pioneer Electronics*, 40 Cal.4th at 371.

Under the circumstances presented, this Court concludes as follows: First, it would be too burdensome to require plaintiff to produce the one settlement agreement executed on April 17, 2015 that includes a confidentiality clause and a forfeiture clause. To produce this agreement without potentially serious consequences, plaintiff would first have to pursue a modification of the agreement. Standing alone, this specific agreement may include some relevant information. However, without more, this single agreement is not important enough to require plaintiff to pursue a modification. Enough information about plaintiff's credibility and ability to adequately represent the interests of the class can be gleaned from the information included in the other agreements that plaintiff will be required to disclose, as outlined below.

Second, the parties to all other Settlement Agreements submitted for *in camera* review have diminished expectations of privacy under the circumstances, because the agreements either do not include a confidentiality clause (*i.e.*, the agreement mentioned above that was executed on August 31, 2010) or include an exception to the confidentiality clause if there is a lawful subpoena or court order. As to the agreements that include an exception to the confidentiality clause when there is a lawful subpoena or court order, it is apparent that the parties anticipated the agreements might someday become relevant and discoverable in another action.

Third, to the extent the parties have any privacy or confidentiality interests under the circumstances, they can be adequately addressed by an appropriate protective order in this case. Under the Court's authority to issue a protective order under Rule 26(c)(1), the Court finds there is good cause to safeguard the names of any individuals to the Settlement Agreements other than plaintiff. As noted above, individuals have a more significant right to privacy of their financial information than business entities. The

names of these individuals are not relevant or important and do not need to be included in the information disclosed to defendants so that any privacy interest they may have is protected.

Fourth, plaintiff entered into most of the Settlement Agreements with business entities, including corporations and limited liability companies. As outlined above, these business entities have a limited right to privacy given the financial information and confidentiality clauses included in all but one of these agreements. In addition, the Settlement Agreements that include confidentiality clauses provide an exception if there is a lawful subpoena or court order. As a result, any privacy interests are diminished under the circumstances described herein. As noted above, this Court has already balanced the competing interests under Rule 26(b)(1) and concluded that the information requested by defendants in these Settlement Agreements is relevant and important to the issues of credibility and plaintiff's ability to adequately represent the interests of the proposed class.

Fifth, a Protective Order is already in place in this action to facilitate the exchange of confidential information between the parties. [Doc. No. 100.] To protect any privacy interests, the responsive information in the Settlement Agreements can be disclosed pursuant to the terms of the confidentiality Protective Order. Because of the privacy and confidentiality interests outlined above and in the Settlement Agreements, there is good cause for disclosure of these agreements with the highest level of protection permitted under the Protective Order. In other words, the information disclosed from the Settlement Agreements can be designated "CONFIDENTIAL – FOR COUNSEL ONLY." [Doc. No. 100, at pp. 3-4.] "Information designated 'CONFIDENTIAL – FOR COUNSEL ONLY' must be viewed only by counsel . . . of the receiving party, and by independent experts" who are pre-approved by the producing party or by permission of the Court. [Doc. No. 100, at p. 5.] The Protective Order also includes other terms to ensure that confidential information remains confidential. For example, the Protective Order states that confidential information "must not be used for any other purpose other

12

17cv1127-WQH(KSC)

than in connection with this litigation" and must be returned to the producing party "[u]pon final termination of this action. . . ." [Doc. No. 100, at pp. 5, 8.] In this Court's view, the terms of Protective Order are more than adequate to safeguard the privacy and confidentiality the parties agreed to when they entered into these settlement agreements.

### *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff is not required to disclose any information included in the Settlement Agreement executed on April 17, 2015 that contains a confidentiality clause and a forfeiture clause, because it would be too burdensome to require plaintiff to suffer a forfeiture or to seek modification of the agreement to avoid a forfeiture.

2. As to all other Settlement Agreements submitted for *in camera* review, there is "good cause" under Federal Rule of Civil Procedure 26(c) to issue a Protective Order to safeguard any privacy interests that individual parties, other than plaintiff, may have in maintaining the confidentiality of the financial information in these Settlement Agreements. Regardless of whether these agreements include a confidentiality provision, individuals have a limited right to privacy of their financial information under California law. Therefore, the names of these individuals need not be disclosed to defendants and must be redacted from any copies of Settlement Agreements produced to defendants.

3. Since the identities of individuals will not be disclosed, notice and an opportunity to object is not necessary under the circumstances to protect individual financial privacy interests.

4. As to the non-party businesses named in the Settlement Agreements, their privacy interests can be adequately protected by disclosing the requested information, including the names of the business(es), subject to the confidentiality Protective Order in this case under the designation of "CONFIDENTIAL – FOR COUNSEL ONLY." [Doc. No. 100.]

5. Except as outlined above, plaintiff must disclose all information responsive to HII's Interrogatory Nos. 10 and 23 as required in the Court's Order of December 21,

2018 [Doc. No. 118]. As outlined in the Court's Order of May 28, 2019, this information must also be disclosed to defendant Donisi Jax, Inc. in response to Interrogatory Nos. 2, 3, 4, 5, 6, and 11. [Doc. No. 142, at pp. 11-17, 50.] Good cause appearing, this information shall be disclosed subject to the confidentiality Protective Order in this case under the designation "CONFIDENTIAL – FOR COUNSEL ONLY." [Doc. No. 100.] Although this information was requested in interrogatories, plaintiff has the option under Federal Rule of Civil Procedure 33(d) to produce copies of the Settlement Agreements with the names of any individuals redacted. If plaintiff does not want to produce the Settlement Agreements with the names of individuals redacted, he may simply provide the requested information in usable list form as amended responses to the above-referenced interrogatories.

6. To the extent he has not already done so, plaintiff must produce the deposition transcript in *Moser v. American Pacific Mortgage Corp.*, San Diego Superior Court Case No. 37-2014-21690-CU-BT-CTL, that is responsive to Document Request No. 39. If the transcript is designated "confidential," plaintiff may produce it subject to the confidentiality Protective Order in this case under the designation "CONFIDENTIAL – FOR COUNSEL ONLY." [Doc. No. 100.]

7. Plaintiff shall comply with this Order by producing the above-referenced information to defendants ***no later than July 22, 2019***.

IT IS SO ORDERED.

Dated: July 8, 2019

Hon. Karen S. Crawford
United States Magistrate Judge