

**FILED**

Sep 01 2021

**CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**
BY       s/ AKR          DEPUTY

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 01 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| KENNETH J. MOSER, individually and on Behalf of All Others Similarly Situated, | No. 19-56224 |
| Plaintiff - Appellee, | D.C. No. 3:17-cv-01127-WQH-KSC |
| v. | U.S. District Court for Southern California, San Diego |
| BENEFYTT, INC. and NATIONAL CONGRESS OF EMPLOYERS, INC., a Delaware Corporation, | **MANDATE** |
| Defendants - Appellants, | |
| and | |
| UNIFIED LIFE INSURANCE COMPANY, INC., a Texas Corporation; et al., | |
| Defendants. | |

The judgment of this Court, entered August 10, 2021, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule

41(a) of the Federal Rules of Appellate Procedure.

The parties shall bear their own costs.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Rhonda Roberts
Deputy Clerk
Ninth Circuit Rule 27-7

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH J. MOSER, individually and on Behalf of All Others Similarly Situated, *Plaintiff-Appellee*, | No. 19-56224 D.C. No. 3:17-cv-01127-WQH-KSC |
| v. | |
| BENEFYTT, INC.; NATIONAL CONGRESS OF EMPLOYERS, INC., a Delaware Corporation, *Defendants-Appellants*, | OPINION |
| and | |
| UNIFIED LIFE INSURANCE COMPANY, INC., a Texas Corporation; COMPANION LIFE INSURANCE COMPANY, a South Carolina Corporation; DONISI JAX, INC., AKA Nationwide Health Advisors, a Florida Corporation; CHARLES DONISI, an individual; EVAN JAXTHEIMER, an individual; HELPING HAND HEALTH GROUP, INC., a Florida Corporation; ANTHONY MARESCA, an individual; MATTHEW HERMAN, an individual, *Defendants.* | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted May 13, 2021
Pasadena, California

Filed August 10, 2021

Before:  Jay S. Bybee and Daniel A. Bress, Circuit Judges,
and Kathleen Cardone,[*] District Judge.

Opinion by Judge Bress;
Dissent by Judge Cardone

---

**SUMMARY**[**]

---

**Class Certification**

The panel vacated the district court's order certifying two nationwide classes in an action under the Telephone Consumer Protection Act, and remanded.

Kenneth Moser, a resident of California, sued Benefytt Technologies, Inc., formerly known as Health Insurance Innovations, Inc. ("HII"), alleging that HII was responsible for unwanted sales calls that violated the TCPA.  HII was

---

[*] The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

incorporated in Delaware and represented that its principal place of business was Florida. There was no dispute that the district court had specific personal jurisdiction over Moser's own claims against HII. Moser asked the district court to certify two nationwide classes, and HII argued that the district court could not do so because it lacked personal jurisdiction over the claims of non-California plaintiffs under *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773 (2017) (Due Process Clause prohibited California state court from exercising specific personal jurisdiction over non-resident plaintiffs' claims in a mass action against a non-resident company). The district court concluded that HII had waived its personal jurisdiction defense by not raising it at the motion to dismiss stage, and the district court certified the classes. The court of appeals granted HII leave to appeal the class certification order under Fed. R. Civ. P. 23(f).

Explaining that its conclusion was consistent with that of the Fifth and Seventh Circuits, and citing *BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532 (2021), the panel held that it had jurisdiction under Rule 23(f) to review the personal jurisdiction and waiver issues that formed part of the district court's class certification decision.

Agreeing with the Fifth and D.C. Circuits, the panel held that the district court erred in concluding that HII waived its personal jurisdiction objection to class certification by failing to assert the defense at the Rule 12 motion to dismiss stage. The panel held that, at the motion to dismiss stage, lack of personal jurisdiction over unnamed, non-resident putative class members was not an "available" Rule 12(b) defense. The panel therefore vacated the class certification order, leaving it to the district court on remand to address the merits of HII's *Bristol-Myers* objection to class certification.

Dissenting, District Judge Cardone wrote that the majority acted contrary to law in holding that Rule 23(f) conferred appellate jurisdiction over an exercise of personal jurisdiction.

## COUNSEL

Anne M. Voigts (argued), King & Spalding LLP, Palo Alto, California; Matthew V.H. Noller, King & Spalding LLP, Sacramento, California; David L. Balser, Zachary A. McEntyre, and Danielle Chattin, King & Spalding LLP, Atlanta, Georgia; for Defendants-Appellants.

Matthew W.H. Wessler (argued), Gupta Wessler PLLC, Washington, D.C.; Neil K. Sawhney, Gupta Wessler PLLC, San Francisco, California; Jeffrey B. Cereghino, Ram Olson Cereghino & Kopczynski LLP, San Francisco, California; Christopher J. Reichman and Justin Prato, Prato & Reichman APC, San Diego, California; for Plaintiff-Appellee.

Nicole A. Saharsky, Andrew J. Pincus, Archis A. Parasharami, and Daniel E. Jones, Mayer Brown LLP, Washington, D.C.; Steven P. Lehotsky and Jonathan D. Urick, U.S. Chamber Litigation Center, Washington, D.C.; for Amicus Curiae Chamber of Commerce of the United States of America.

## OPINION

BRESS, Circuit Judge:

We principally consider whether a defendant waived any objection under *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017), to the district court's certification of nationwide classes because the defendant did not file a motion to dismiss the claims of non-resident putative class members for lack of personal jurisdiction.

I

Kenneth Moser filed this putative nationwide class action in federal court in California against Benefytt Technologies, Inc., formerly known as Health Insurance Innovations, Inc. ("HII"), alleging that HII was responsible for unwanted sales calls that violated the Telephone Consumer Protection Act of 1991.  *See* 47 U.S.C. § 227(b)(1)(A)–(B).  Moser is a resident of California.  HII is incorporated in Delaware and represents that its principal place of business is Florida.  Moser sued other defendants too (including appellant National Congress of Employers, Inc.), but they are not relevant here.

The district court denied HII's motion to dismiss and ruled that HII's motion to strike certain class allegations was premature.  HII did not move to dismiss Moser's claims for lack of personal jurisdiction.  There is no dispute that the district court had specific personal jurisdiction over Moser's own claims against HII, which "arise out of or relate to" HII's contacts with California.  *See, e.g.*, *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026 (2021) (citation omitted).

Subsequently, Moser asked the district court to certify two nationwide classes under Federal Rule of Civil Procedure 23. In response, HII argued (among other things) that the district court could not certify classes of that scope because the district court lacked personal jurisdiction over the claims of non-California plaintiffs under *Bristol-Myers*, 137 S. Ct. 1773.

In *Bristol-Myers*, the Supreme Court held that the Fourteenth Amendment's Due Process Clause prohibited a California state court from exercising specific personal jurisdiction over nonresident plaintiffs' claims in a mass action against a non-resident company. *Id.* at 1781. That some plaintiffs were injured in California, the Supreme Court held, "does not allow the State to assert specific jurisdiction over the nonresidents' claims," "even when third parties (here, the plaintiffs who reside in California) can bring claims similar to those brought by the nonresidents." *Id.* *Bristol-Myers* did not address whether its approach would apply to a class action in federal court. *See id.* at 1789 n.4 (Sotomayor, J., dissenting). But in opposing class certification, HII argued that it did.

The district court did not address HII's *Bristol-Myers* argument on the merits. Instead, it concluded that under Federal Rule of Civil Procedure 12(h)(1), HII had waived its personal jurisdiction defense by not raising it at the motion to dismiss stage, given that the Supreme Court had decided *Bristol-Myers* approximately one month before HII filed its Rule 12 motion. After finding that Rule 23's requirements were otherwise met, the district court certified two nationwide classes. We then granted HII leave to appeal the class certification order. *See* 28 U.S.C. § 1292(e); Fed. R. Civ. P. 23(f).

II

A

Although the parties' sophisticated class action counsel all agree we have jurisdiction over the *Bristol-Myers*-related issues, we have an independent obligation to confirm this. *Snodgrass v. Provident Life & Acc. Ins. Co.*, 147 F.3d 1163, 1165 (9th Cir. 1998). We conclude we have jurisdiction under Rule 23(f) to review the personal jurisdiction and waiver issues that form part of the district court's class certification decision.

Rule 23(f) provides that "[a] court of appeals may permit an appeal from an order granting or denying class-action certification under this rule." In this case, HII maintained that nationwide classes could not be certified because the district court lacked personal jurisdiction over the claims of non-California class members. The personal jurisdiction and waiver questions thus go directly to the scope of the classes that the district court certified. And they were part of the district court's class certification order, which we granted HII leave to appeal. *See* 16 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3931.1 (3d ed. Apr. 2021 Update) (explaining that "[a]nything that properly enters the determination whether to certify a class is bound up with the order," which a court of appeals may then review under Rule 23(f)).

We can break this down further and the result is the same. If the district court lacked personal jurisdiction over non-California plaintiffs, that presents obvious reasons why, under the Rule 23 requirements, certification of a *nationwide* class would be improper. For example, if the district court could not even entertain claims from non-California class members and grant them relief, for a nationwide class

common questions would not "predominate over any questions affecting only individual members," and Moser's claims would not be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3), (b)(3). The personal jurisdiction and waiver questions are thus not ancillary to class certification, but central to the nationwide classes that the district court certified and, again, part of the very class certification decision we permitted HII to appeal.

Our conclusion as to the scope of our review is consistent with that of the Fifth and Seventh Circuits, which both reviewed personal jurisdiction questions under *Bristol-Myers* as part of Rule 23(f) appeals. *See Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 248–49 & n.7 (5th Cir. 2020) (reviewing as part of a Rule 23(f) appeal an analogous waiver ruling and noting that the court could have also reviewed whether *Bristol-Myers* applied to class actions in federal court); *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 443–44 (7th Cir. 2020) (reviewing under Rule 23(f) a district court order striking nationwide class allegations under *Bristol-Myers*).

The Supreme Court's recent decision in *BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532 (2021), also supports our ability to review the personal jurisdiction issues that are part and parcel of the district court's class certification order. In *BP*, the Supreme Court considered the scope of appealable issues under 28 U.S.C. § 1447(d), which provides that "an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal." *BP* held that this provision gave the court of appeals jurisdiction to review all the defendant's grounds for removal and not just those made under sections 1442 or 1443. 141 S. Ct. at 1537–40.

*BP* explained that, like interlocutory appeals under 28 U.S.C. § 1292(b), "'[b]ecause it is the . . . *order* that is appealable,' a court of appeals 'may address any issue fairly included within' it." *Id.* at 1540 (quoting *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996) (alterations omitted)).  That reasoning tracks our conclusion that when reviewing the class certification "order" under Rule 23(f), we have jurisdiction to review the district court's resolution of the *Bristol-Myers* issue, which formed part of the class certification decision and affected whether nationwide classes could be certified.

The dissent's contrary analysis turns on an apparent misunderstanding of how the personal jurisdiction issues bear on, and form part of, the district court's class certification decision.  The dissent notes that "denials of motions to dismiss for lack of personal jurisdiction are not ordinarily reviewable on interlocutory appeal," and then proceeds to assert that we lack jurisdiction to address "the resolution" of HII's supposedly "separate Rule 12 motion," which the dissent alternatively describes as "the district court's personal jurisdiction order under Rule 12(b)(2)."

The problem with the dissent's analysis is that there was no Rule 12 motion to dismiss non-resident class members for lack of personal jurisdiction, nor did the district court resolve such a motion.  HII's argument is that under *Bristol-Myers*, the district court could not certify nationwide classes consistent with Rule 23.  The dissent says Rule 23(f) "appeals are limited to those issues that bear on the soundness of the class certification decision."  (quotations omitted).  That test is clearly met here.

Cases such as *Poulos v. Caesars World, Inc.*, 379 F.3d 654 (9th Cir. 2004), are thus entirely inapposite.  In *Poulos*, the district court denied class certification and we granted

the plaintiffs permission to appeal that order under Rule 23(f).  *Id.* at 659.  The defendants then claimed that under the doctrine of "pendent appellate jurisdiction," we could also review as part of the Rule 23(f) appeal an earlier district court order—issued years before the class certification decision—denying certain defendants' motion to dismiss for lack of personal jurisdiction.  *Id.* at 658–59, 671–72.  We held that we could not review the denial of the motion to dismiss because it was not "inextricably intertwined" with the later class certification decision.  *Id.* at 672.  (The Tenth Circuit's decision in *CGC Holding Co. v. Broad & Cassel*, 773 F.3d 1076, 1098–99 (10th Cir. 2014), also involved the issue of pendent appellate jurisdiction in analogous circumstances.)

Quite plainly, the doctrine of "pendent appellate jurisdiction" does not come into play here because we are not being asked to review anything "pendent" to the class certification decision, but simply the class certification decision itself.  The dissent claims that "the district court's denial of the motion to dismiss did not functionally grant class certification."  But again, we are not reviewing the denial of a motion to dismiss or a "functional" grant of class certification.  Over HII's *Bristol-Myers* objection, the district court did certify two nationwide classes, which we then permitted HII leave to appeal.

We thus decline the dissent's invitation to create an unprecedented limitation on our jurisdiction under Rule 23(f), which would also create a split with both the Fifth Circuit (*Cruson*) and the Seventh Circuit (*Mussat*).[1]  We

---

[1] Contrary to the dissent's suggestion, the D.C. Circuit in *Molock v. Whole Foods Market Group*, 952 F.3d 293 (D.C. Cir. 2020), did not reach a different conclusion on the scope of Rule 23(f) appeals.  Indeed,

therefore proceed to the district court's determination that
defendants waived any *Bristol-Myers*-based objection to
class certification.

## B

We hold that the district court erred in concluding that
HII waived its personal jurisdiction objection to class
certification by failing to assert the defense at the Rule 12
stage.  Federal Rule of Civil Procedure 12(b)(2) allows a
defendant to move to dismiss for lack of personal
jurisdiction.  As relevant here, under Rule 12(h)(1)(A) a
party "waives any defense" under Rule 12(b)(2) by
"omitting it from a motion in the circumstances described in
Rule 12(g)(2)."  Rule 12(g)(2), in turn, provides that "a party
that makes a motion under this rule must not make another
motion under this rule raising a defense or objection that was
*available* to the party but omitted from its earlier motion."
(emphasis added).

The question here is whether, at the motion to dismiss
stage, it was an "available" Rule 12(b) defense that the
district court lacked personal jurisdiction over unnamed,
non-resident putative class members.  The answer is no.  We
have explained that "[t]he essence" of Rule 12(g) and 12(h)
is that "a party 'who by motion invites the court to pass upon
a threshold defense should bring forward all the specified
defenses [personal jurisdiction, improper venue, insufficient
process, or insufficient service] he then has and thus allow
the court to do a reasonably complete job.'" *Am. Ass'n of
Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107
(9th Cir. 2000), *as amended on denial of reh'g* (Nov. 1,

---

*Molock* was not a Rule 23(f) appeal at all.  *See id.* at 295 (noting the court
had jurisdiction under 28 U.S.C. 1292(b)).

2000) (quoting Fed. R. Civ. P. 12 advisory committee's note, 1966 Amendment, subdivision (h)).  We have also explained that "a class action, when filed, includes only the claims of the named plaintiff."  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 940 (9th Cir. 2001).

Putting these points together shows that HII did not have "available" a Rule 12(b)(2) personal jurisdiction defense to the claims of unnamed putative class members who were not yet parties to the case.  To conclude otherwise would be to endorse "the novel and surely erroneous argument that a nonnamed class member is a party to the class-action litigation *before the class is certified*."  *Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011) (quoting *Devlin v. Scardelletti*, 536 U.S. 1, 16 n.1 (2002) (Scalia, J., dissenting)); *see also* A. Benjamin Spencer, *Out of the Quandary: Personal Jurisdiction Over Absent Class Member Claims Explained*, 39 Rev. Litig. 31, 38 (2019) ("No Supreme Court case regards absent class members as parties joined in the action filed by a putative class representative.  . . . It necessarily follows that when determining whether there is personal jurisdiction over the defendant with respect to claims asserted by the named plaintiffs in a *putative* class action, the only claims to be assessed by the court are those of the class representatives."); *id.* at 49 ("[A] defendant's failure to seek the dismissal of the claims of absent members of a putative class in conformity with the consolidation and forfeiture principles imposed by Rule 12(h) *will not constitute a waiver of the personal jurisdiction defense* for those claims.").  HII could not have moved to dismiss on personal jurisdiction grounds the claims of putative class members who were not then before the court, nor was HII required to seek dismissal of hypothetical future plaintiffs.

The Fifth and D.C. Circuits agree.  In *Cruson*, the district court likewise concluded that a defendant waived the right to bring a *Bristol-Myers*-based personal jurisdiction challenge to the claims of unnamed non-resident class members because the defendant did not raise this challenge in its motion to dismiss.  954 F.3d at 248.  The Fifth Circuit held that this was error.  *Id.* at 249–51.

As the Fifth Circuit explained, "[a] defense is not 'available' under Rule 12(g)(2)" if "its legal basis did not then exist" or "if the defense would have been futile."  *Id.* at 250 (quotations and alterations omitted).  Because putative class members are not before the court at the Rule 12 stage, "at that time, a personal jurisdiction objection respecting merely putative class members was not 'available.'"  *Id.*  As a result, "[a]lthough *Bristol-Myers* provided new legal support for [the defendant's] objection, the Supreme Court's decision did not make the objection 'available.' Certification did."  *Id.* at 251.

The D.C. Circuit reasoned similarly in *Molock v. Whole Foods Market Group*, 952 F.3d 293 (D.C. Cir. 2020), which also involved a *Bristol-Myers*-based challenge to non-resident class members.  In *Molock*, the district court denied a defendant's motion to dismiss non-resident putative class members under *Bristol-Myers* and then certified its order for interlocutory appeal.  *Id.* at 295.

The D.C. Circuit did not reach whether *Bristol-Myers* applied to class actions, instead concluding that the defendant's motion to dismiss should have been denied as premature.  *Id.* at 296.  That was because putative class members "are *always* treated as nonparties" and "become parties to an action—and thus subject to dismissal—only after class certification."  *Id.* at 297–98; *see also id.* at 298 ("It is class certification that brings unnamed class members

into the action and triggers due process limitations on a court's exercise of personal jurisdiction over their claims."). "Motions to dismiss nonparties for lack of personal jurisdiction," the D.C. Circuit held, "are thus premature." *Id.* And if such a motion was premature, it was not "available" to HII at the motion to dismiss stage.

Moser responds that HII had to raise its personal jurisdiction defense because it had "reasonable notice" of a *Bristol-Myers*-based objection when it moved to dismiss. Essentially, Moser argues that the Federal Rules required HII to raise this defense in its motion to dismiss even if the district court could not address the objection at that time. But we have never held that a defendant must raise such premature objections in a Rule 12 motion. Here, there were no claims the district court could have dismissed on personal jurisdiction grounds when it decided HII's motion to dismiss because Moser was the only plaintiff and there was specific personal jurisdiction over his claims against HII.[2]

---

[2] While HII could have moved to strike Moser's class allegations under Rule 12(f) or Rule 23 based on Moser seeking to represent non-California residents, HII did not have to do so (and the district court denied HII's motion to strike as premature anyway).

For its part, the dissent maintains that "a personal jurisdiction challenge like HII's can *only* be raised by motion under Rule 12." (emphasis in original) (quotations and alterations omitted).  That is incorrect.  As we have explained, and as the dissent seemingly agrees, HII could not have moved to dismiss putative class members at the outset of this case because they were not then parties.  By the logic of the dissenting opinion, however, the district court could not even consider in the Rule 23 analysis whether it would lack personal jurisdiction over (by HII's argument) almost everyone in the putative nationwide class. Instead, the district court would be required artificially to ignore that issue, certify a nationwide class (if otherwise proper), and only then

Because it found the issue waived, the district court did not address the merits of HII's *Bristol-Myers* objection to class certification. Although HII asks us to resolve that issue now, like the Fifth Circuit in *Cruson*, we leave that matter for the district court on remand. *See Cruson*, 954 F.3d at 249 n.7. This case involves allegations that HII was responsible for a network of agents that made unlawful telephone calls to persons across the country. The district court can determine in the first instance whether consideration of the *Bristol-Myers* argument will require additional record development, including as to HII's and its alleged agents' contacts with California. And because the permissible scope of the certified class (and record) may change, we do not reach HII's other arguments on why class certification under Rule 23 was otherwise improper.

\*  \*  \*

We vacate the class certification order and remand this case to the district court for proceedings consistent with this decision.

**VACATED AND REMANDED.**

---

receive from HII the inevitable Rule 12 motion to dismiss the claims of nearly every plaintiff in the class just certified. "[P]ersonal jurisdiction entails a court's power over the parties before it." *Molock*, 952 F.3d at 298 (quotations omitted). Nothing in the Federal Rules somehow requires a district court to assert its power over the claims of putative class members in the face of a class action defendant's personal jurisdiction objection *to class certification*. And nothing in the Federal Rules prevents that objection to a plaintiff's request *for class certification* from being interposed at the Rule 23 stage, as part of Rule 23 proceedings, as HII sought to do here.

CARDONE, District Judge, dissenting:

For the first time, a panel of this Court holds that Federal Rule of Civil Procedure 23(f) confers appellate jurisdiction over an exercise of personal jurisdiction.  Because I believe that holding is contrary to law, I respectfully dissent.

 "[D]enials of motions to dismiss for lack of personal jurisdiction are not ordinarily reviewable on interlocutory appeal."  *al-Kidd v. Ashcroft*, 580 F.3d 949, 957 (9th Cir. 2009), *rev'd on other grounds*, 563 U.S. 731 (2011).  As this Court has explained, "federal courts of appeals are courts of limited jurisdiction, and Congress has not seen fit to give this court the general power to review district courts' exercise of personal jurisdiction before a final judgment."  *Id.* at 980.

Rule 23(f) is no exception to that rule.  Rather, "the only question properly before us [under Rule 23(f) is] whether the district court's [resolution] of the . . . motion for class certification was an abuse of discretion."  *See Stockwell v. City & Cty. of San Francisco*, 749 F.3d 1107, 1113 (9th Cir. 2014).  Thus, "[i]n a Rule 23(f) appeal, an appellate court must limit its review to whether the district court correctly selected and applied Rule 23's criteria."  *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 956–57 (9th Cir. 2009) (cleaned up) (quoting *Parra v. Bashas', Inc.*, 536 F.3d 975, 977 (9th Cir. 2008)).[1]

---

[1] *See also Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1053 (9th Cir. 2015) ("In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974))); *Stockwell*, 749 F.3d at 1113 ("As the exception to the final judgment rule created by Rule 23(f) applies *only* to class certification

Personal jurisdiction over putative class members is not one of those criteria. *See Poulos v. Caesars World, Inc.*, 379 F.3d 654, 670 (9th Cir. 2004) ("Class certification hinges on the well known factors from Rule 23—namely, whether there is numerosity, typicality, commonality, adequacy of representation, predominance, and superiority."). Nor does the resolution of that separate Rule 12 motion have any bearing on whether the district court correctly granted a Rule 23 motion for class certification. *See id.* at 672 ("[T]he personal jurisdiction issue and class certification decision involve the application of different standards," and "are only tangentially related."); *see also CGC Holding Co., LLC v. Broad & Cassel*, 773 F.3d 1076, 1098–99 (10th Cir. 2014) ("Quite clearly, the question [of personal jurisdiction] is beyond the scope of a traditional Rule 23(f) review . . . ."). In short, the district court's personal jurisdiction order under Rule 12(b)(2) was not "an order granting or denying class-action certification under [Rule 23]." *See* Fed. R. Civ. P. 23(f).

Thus, I would hold that we lack jurisdiction to review that order.

---

decisions, merits inquiries unrelated to certification exceed our limited Rule 23(f) jurisdiction, as well as the needs of Rule 23(a)–(b)."); *In re Lorazepam & Clorazepate Antitrust Litig.*, 289 F.3d 98, 106 (D.C. Cir. 2002) ("Rule 23(f) interlocutory review is limited to . . . . whether the proposed class satisfies the prerequisites of Rule 23."); 2 McLaughlin on Class Actions § 7:1 (17th ed. Oct. 2020 Update) ("The Advisory Committee Note also clarifies that '[n]o other type of Rule 23 order is covered by this provision,' so that rulings that may affect class proceedings but do not actually grant or deny certification ordinarily cannot be reviewed as part of a Rule 23(f) appeal unless they touch directly upon the suitability of a case for class treatment."); *id.* § 7:1 n.65 (listing cases).

The majority cites no Ninth Circuit authority to support its assertions otherwise. It suggests, for example, "that there was no Rule 12 motion to dismiss non-resident class members for lack of personal jurisdiction, nor did the district court resolve such a motion." But a personal jurisdiction challenge like HII's can *only* be raised "by motion under [Rule 12]." *See* Fed. R. Civ. P. 12(h)(1)(B). As the district court correctly observed, such challenges "are expressly waived unless a defendant timely asserts the defense in a motion to dismiss or in a responsive pleading." (citing, *inter alia*, Fed. R. Civ. P. 12(h)(1)). That is why the district court treated HII's personal jurisdiction objection as a "threshold matter" under Rule 12, rather than analyzing it under Rule 23. And it is likely why HII raised it in the facts section of its opposition to class certification, rather than in its analysis of the "quintessential elements for certifying a class action." But the majority's own analysis is perhaps most telling: if there was no Rule 12 motion, its discussion of availability under Rule 12(g)(2)—which applies only to Rule 12 motions—would be superfluous. *See* Fed. R. Civ. P. 12(g)(2) (providing that "a party that makes a motion under [Rule 12] must not make another *motion under this rule* raising a defense or objection that was available" (emphasis added)).[2]

---

[2] The majority also attempts to recast HII's Rule 12(b)(2) challenge as a Rule 23 challenge to predominance and typicality. But the parties' "sophisticated class action counsel" never raised that argument, and the district court never considered it. Because it was "not developed in the opening brief or the court below," it is waived. *See Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1204 n.5 (9th Cir. 2021) (citing *Lopez v. Pac. Mar. Ass'n*, 657 F.3d 762, 766–67 (9th Cir. 2011)); *see also Nuelsen v. Sorensen*, 293 F.2d 454, 462 (9th Cir. 1961) (observing "general rule that an appellate court will not consider sua sponte arguments not presented or urged by the litigants"). And even if it was not waived, the majority

The majority argues that HII's personal jurisdiction challenge went "directly to the scope of the classes that the district court certified." But that argument is undermined by its holding that such a challenge was not even "available" until *after* certification. As the majority points out, putative class members "become parties to an action—and thus subject to dismissal—only after class certification." (quoting *Molock v. Whole Foods Market Grp.*, 952 F.3d 293, 298 (D.C. Cir. 2020)). That is, certification "is 'logically antecedent' to whether the court has authority to exercise personal jurisdiction over [the putative class]." *Molock*, 952 F.3d at 299 (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 612 (1997) (explaining that certification issues were "logically antecedent to the existence of any Article III issues")). But if class certification thus "precedes the question of personal jurisdiction," *id.*, then HII's personal jurisdiction challenge could not, by definition, affect the scope of the classes certified.

It does not matter that HII argued otherwise below. *See, e.g.*, *Nguyen v. Nissan N. Am., Inc.*, 932 F.3d 811, 822 n.8 (9th Cir. 2019) (refusing to review "grounds in the record" that were not relevant to class certification, even though defendant argued they were); *see also In re Lorazepam & Clorazepate Antitrust Litig.*, 289 F.3d 98, 107 (D.C. Cir. 2002) ("[Defendant's] effort to recast its Rule 12(b)(6) arguments as a challenge to class certification . . . is to no avail."). To hold differently would allow parties to "turn this

---

cites no cases suggesting personal jurisdiction is relevant to a Rule 23 factor, and I am aware of none. *See Poulos*, 379 F.3d at 672 (explaining that personal jurisdiction and class certification "involve the application of different standards"); *see also Bell v. Brockett*, 922 F.3d 502, 512 n.5 (4th Cir. 2019) (listing typicality and commonality as separate issues from the "possible absence of personal jurisdiction of absent class members").

focused interlocutory appeal of a class certification [order] into a 'multi-issue interlocutory appeal ticket.'" *Poulos*, 379 F.3d at 669 (quoting *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 50 (1995)); *see also CGC Holding*, 773 F.3d at 1098 (refusing to review personal jurisdiction order even where parties stipulated to Rule 23(f) jurisdiction because "Rule 23 does not permit a party to shoehorn every decision that went against it into its petition for interlocutory review"); *In re Lorazepam*, 289 F.3d at 107 (refusing to review issue that might "dispose of the class as a whole," but that was "unrelated to the Rule 23 requirements," because "review of such issues would expand Rule 23(f) interlocutory review to include review of any question raised in a motion to dismiss that may potentially dispose of a lawsuit as to the class as a whole").

Nor does it matter that the district court rejected the Rule 12(b)(2) motion in the same document as the class certification order.  On interlocutory appeal, we do not have "jurisdiction over every claim or defense addressed by the district court's order." *Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1093 (9th Cir. 2007) (discussing collateral order review); *see also Puente Arizona v. Arpaio*, 821 F.3d 1098, 1102–03, 1108–10 (9th Cir. 2016) (refusing to review Rule 12(b)(6) ruling made in "same order" over which court had jurisdiction).   As Judge Posner has explained, even where a ruling is "laid out in the district court's class certification order, Rule 23(f) appeals are limited to those issues" that "bear on the soundness of the class certification decision." *DeKeyser v. Thyssenkrupp Waupaca, Inc.*, 860 F.3d 918, 922 (7th Cir. 2017) (cleaned up) (refusing to review order severing and transferring sub-classes that was contained in same document as class certification order because it did not bear on Rule 23 requirements); *see In re Visa Check/MasterMoney Antitrust*

*Litig.*, 280 F.3d 124, 132 n.4 (2d Cir. 2001) (holding that court lacked Rule 23(f) jurisdiction over order refusing to strike expert report submitted in support of class certification, even though it was contained in the same "order" granting class certification) *abrogated on other grounds by In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24 (2d Cir. 2006).

The majority's reliance on *BP* is misplaced.  *See BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532 (2021).  That case concerned the scope of 28 U.S.C. § 1447(d), which provides for interlocutory review of "an order remanding a case," but does not define the bounds of that phrase.  *Id.* at 1537.  Here, by contrast, Rule 23 defines the bounds of an "order granting or denying class-action certification *under this rule*."  Fed. R. Civ. P. 23(f) (emphasis added).  Specifically, Rule 23(c)(1) provides that a "Certification Order" is a court's "determin[ation] by order whether to certify the action as a class action."  Fed. R. Civ. P. 23(c)(1).  That "determination," in turn, "depends in each case on satisfaction of the terms of subdivision (a) and the relevant provisions of subdivision (b)."  Advisory Committee Notes to Rule 23, subsection (c); *see also* Fed. R. Civ. P. 23(b) ("A class action may be maintained if Rule 23(a) is satisfied and if" Rule 23(b) is satisfied).  That is why this Court has held time and again that in a Rule 23(f) appeal, the "only question properly before us [is] . . . the motion for class certification," *see Stockwell*, 749 F.3d at 1113, and that we must therefore "limit [our] review to whether the district court correctly selected and applied Rule 23's criteria," *In re Wells Fargo*, 571 F.3d at 956–57.  That is, Congress has expressly limited our review in that way.  *BP*'s abstract interpretation of an entirely different statute that lacks similar constraints should not apply here.

The majority's reliance on *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 443–44 (7th Cir. 2020), and *Cruson v. Jackson National Life Insurance Co.*, 954 F.3d 240, 248–49 & n.7 (5th Cir. 2020), fares no better.  *Mussat* turned on the rule that "an order striking class allegation[s] is functionally equivalent to an order denying class certification."  953 F.3d at 444 (quoting *Microsoft v. Baker*, 137 S. Ct. 1702, 1711 n.7 (2017)); *see also Bates v. Bankers Life & Cas. Co.*, 848 F.3d 1236, 1238 (9th Cir. 2017) (same).  But that rule does not work in reverse: *denying* a motion to strike class allegations is not the "functional equivalent" of *granting* class certification, and no court has ever held as much.  By the same token, the district court's denial of the motion to dismiss did not functionally grant class certification and is therefore not reviewable under *Mussat*'s reasoning.

In *Cruson*, the Fifth Circuit did not expressly consider whether it had jurisdiction over the waiver issue.  This may have been due to precedent peculiar to that circuit, *see United States ex rel. Simoneaux v. E.I. duPont de Nemours & Co.*, 843 F.3d 1033, 1042 (5th Cir. 2016) (asserting § 1292(b) jurisdiction over issue "that was raised in the district court and [that] the parties presented . . . in their appellate briefs"); *but see Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290, 294 (5th Cir. 2001) (explaining that "under Rule 23(f), a party may appeal only the issue of class certification; no other issues may be raised"), or simply an oversight.

Whatever the case may be, *Cruson* simply cannot be squared with the binding precedent discussed above.  Nor can it be squared with the D.C. Circuit's holding in *Molock*, which I find to be the more persuasive authority: class certification is "logically antecedent" to, and therefore a separate issue from, personal jurisdiction.

To be clear, the foregoing should not be taken as disagreement with the majority's well-reasoned analysis of the waiver issue.  I simply do not believe that Rule 23(f) permits us to perform that analysis here.  Because we also lack pendent jurisdiction, *see Poulos*, 379 F.3d at 671–72 (holding that we lacked pendent jurisdiction over a district court's exercise of personal jurisdiction in a Rule 23(f) appeal), and because "the district court properly selected and applied Rule 23's criteria," *see In re Wells Fargo*, 571 F.3d at 956–57, I respectfully dissent.