UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH J. MOSER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH INSURANCE INNOVATIONS, INC., a Delaware corporation; NATIONAL CONGRESS OF EMPLOYERS, INC., a Delaware corporation; COMPANION LIFE INSURANCE COMPANY, a South Carolina corporation; DONISI JAX, INC., a Florida corporation also known as Nationwide Health Advisors; HELPING HAND HEALTH GROUP, INC., a Florida corporation; ANTHONY MARESCA, an individual; and MATTHEW HERMAN, an individual,<br><br>Defendants. | Case No.: 17-cv-1127-WQH-KSC<br><br>**ORDER** |

HAYES, Judge:

    On December 3, 2018, Plaintiff Kenneth J. Moser filed a Motion for Class Certification. (ECF No. 3). On August 7, 2019, the Court issued an Order granting the Motion for Class Certification. (ECF No. 145). The Court declined to consider Defendant

1

Health Insurance Innovations' ("HII") argument that the Court "cannot exercise specific jurisdiction over a non-resident defendant with respect to non-resident class claims" pursuant to *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017). (*Id.* at 8). The Court determined that "HII waived its personal jurisdiction challenge," because HII did not raise the challenge in a pre-answer motion. (*Id.* at 9). The Court further determined that Plaintiff met the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure and certified two nationwide subclasses.

Defendants HII and National Congress of Employers, Inc. ("NCE") appealed. On September 1, 2021, the Court of Appeals for the Ninth Circuit issued an Opinion vacating this Court's class certification Order and remanding. (ECF No. 171 at 4-25; *Moser v. Benefytt, Inc,*, 8 F.4th 872 (9th Cir. 2021)). The Ninth Circuit stated:

> We hold that the district court erred in concluding that HII waived its personal jurisdiction objection to class certification by failing to assert the defense at the Rule 12 stage.
> . . .
> Because it found the issue waived, the district court did not address the merits of HII's *Bristol-Myers* objection to class certification. Although HII asks us to resolve that issue now, . . . we leave that matter for the district court on remand. . . . And because the permissible scope of the certified class (and record) may change, we do not reach HII's other arguments on why class certification under Rule 23 was otherwise improper.
>
> We vacate the class certification order and remand this case to the district court for proceedings consistent with this decision.

(ECF No. 171 at 13, 17). The mandate was issued on September 1, 2021.

On November 17, 2021, the parties filed status reports. (ECF Nos. 175, 176). Plaintiff requests that the Court allow supplemental briefing "solely" on "the application of *Bristol-Myers*." (ECF No. 175 at 1-2). Plaintiff contends that "[a]ll of the remaining issued related to class certification that were previously ruled on should still apply," because "[t]he Ninth Circuit's ruling did not touch the Rule 23 class factors in any way." (*Id.* at 2). Defendants Donisi Jax, Inc., HII, Companion Life Insurance Company Inc., and

NCE (collectively, "Defendants") request that the Court issue a briefing schedule for any renewed motion for class certification. Defendants contend that "there is no certified class in this case," and "[i]f Plaintiff chooses to seek class certification again, he has the burden to establish that his proposed class meets the requirement of [Rule 23]." (ECF No. 176 at 4). The Ninth Circuit has vacated this Court's class certification Order.

IT IS HEREBY ORDERED that Plaintiff shall file any motion for class certification on or before January 14, 2022. Defendants shall file any opposition to the motion for class certification on or before February 28, 2022. Plaintiff shall file any reply on or before March 30, 2022. Any motion for class certification will be without oral argument, unless otherwise ordered by the Court.

Dated: November 19, 2021

Hon. William Q. Hayes
United States District Court